# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: LENOVO ADWARE LITIGATION    MDL No. 2624

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiff in an action pending in the Eastern District of North Carolina moves under 28 U.S.C. § 1407 to centralize this litigation in that district or, in the alternative, the Northern District of California. The litigation consists of the four actions listed on Schedule A.[1]

All responding parties support centralization, but there is some disagreement concerning an appropriate transferee district. Plaintiffs in a potential tag-along action (*Wood*) in the Eastern District of North Carolina support selection of that district. Plaintiff in a potential tag-along action (*Wilson*) in the Southern District of Florida argues for selection of that district.[2] Plaintiffs in twenty other actions – the three other constituent actions and seventeen potential tag-alongs – support selection of the Northern District of California, as do common defendants Lenovo (United States), Inc., and Superfish, Inc.

On the basis of the papers filed and the hearing session held, we find that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions – all of which are putative nationwide class actions – share factual questions arising from allegations that the Superfish software installed in various models of Lenovo notebook computers made the computers highly vulnerable to cyberattacks, thus placing users' private information and data at risk. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

---

[*] Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] The Panel has been informed of 24 additional related federal actions. Those actions and any other related federal actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] At oral argument, counsel for the *Wilson* plaintiff stated that plaintiff now supports selection of either the Northern District of California or the Eastern District of North Carolina.

After weighing the relevant factors, we select the Northern District of California as the transferee district for this litigation. Superfish is headquartered and has its only United States office in the district, and thus relevant documents and witnesses will be found there. In addition, both Lenovo and Superfish support selection of that district, as do a majority of plaintiffs. The Honorable Ronald M. Whyte, to whom we assign this litigation, is a veteran transferee judge, and we are confident that he will steer the proceedings on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California, and, with the consent of that court, assigned to the Honorable Ronald M. Whyte for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell     Charles R. Breyer
Lewis A. Kaplan     Ellen Segal Huvelle
R. David Proctor     Catherine D. Perry

IN RE: LENOVO ADWARE LITIGATION                                    MDL No. 2624

## SCHEDULE A

<u>Northern District of California</u>

STERLING INTERNATIONAL CONSULTING GROUP v. LENOVO (UNITED
    STATES), INC., ET AL., C.A. No. 5:15-00807
HUNTER v. LENOVO (UNITED STATES), INC., ET AL., C.A. No. 5:15-00819

<u>Southern District of California</u>

BENNETT v. LENOVO (UNITED STATES), INC., ET AL., C.A. No. 3:15-00368

<u>Eastern District of North Carolina</u>

PICK v. LENOVO (UNITED STATES), INC., ET AL., C.A. No. 5:15-00068