JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

DANIEL C. GIRARD (SBN 114826)
dcg@girardgibbs.com
AMANDA M. STEINER (SBN 190047)
as@girardgibbs.com
ELIZABETH A. KRAMER (SBN 293029)
eak@girardgibbs.com
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

PHILIP L. GREGORY (SBN 95217)
pgregory@cpmlegal.com
STEVEN N. WILLIAMS (SBN 175489)
swilliams@cpmlegal.com
MATTHEW K. EDLING (SBN 250940)
medling@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Proposed Interim Class Counsel and Attorneys for Plaintiffs*
*Sterling International Consulting Group, Rhonda Estrella,*
*Sonia Ferezan, John Whittle, Alan Woyt, and JGX, Inc. d/b/a Lefty O'Doul's*

[Additional Counsel Appear on Signature Pages]

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NORTHERN CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE: LENOVO ADWARE LITIGATION | Case:  MDL No. 2624 |
| This Document Relates to: All Actions | THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT |
| | Date: July 17, 2015<br>Time: 9:00 a.m.<br>Courtroom: 6, 4th Floor<br>Judge: Hon. Ronald M. Whyte |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 17, 2015, at 9:00 a.m. or as soon thereafter as this matter may be heard before the Honorable Ronald M. Whyte of the United States District Court, Northern District of California, Courtroom 6, 280 South 1st Street, San Jose, California, plaintiffs in the *Sterling, Estrella, JGX, Inc., Hall, Martini, Johnson, Simonoff, Wood, Ravencamp, Schultz, Cullifer, Khazak, Bennett, Wu, Phillips, Levenhagen, Hayden, Foster* and *Thweatt* actions (collectively, the "Sterling Plaintiffs") will and hereby do move the court for an order appointing the law firms of Pritzker Levine LLP (counsel for Sterling), Girard Gibbs LLP (counsel for Estrella), and Cotchett, Pitre & McCarthy LLP (counsel for JGX, Inc.) (collectively, the "Sterling Plaintiffs' Counsel") to serve as interim counsel for the proposed class.

The Sterling Plaintiffs bring this motion under Federal Rule of Civil Procedure 23(g).  Cotchett Pitre, Girard Gibbs, and Pritzker Levine (i) have devoted considerable effort to organizing the litigation and identifying and investigating potential claims, (ii) have extensive experience handling complex class actions and the types of claims asserted in the litigation, (iii) are knowledgeable of the applicable law, and (iv) have the resources to efficiently and effectively prosecute this case on behalf of the proposed class.  Additionally, Cotchett Pitre, Girard Gibbs, and Pritzker Levine have developed a proposed case management plan tailored to this litigation, and enjoy broad support from most of the plaintiffs in the litigation because of their experience in comparable litigation and the leadership they have demonstrated to date.

The Sterling Plaintiffs' motion is based on this notice, the accompanying memorandum of points and authorities, the declarations of Jonathan K. Levine, Daniel C. Girard and Matthew K. Edling, and attached exhibits, and any additional argument and evidence the Court may consider at the hearing.

**TABLE OF CONTENTS**

STATEMENT OF ISSUE TO BE DECIDED ........................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

I.      INTRODUCTION .................................................................................................... 1

II.     BACKGROUND ...................................................................................................... 1

        A.      Plaintiffs' Allegations ................................................................................. 1

        B.      Procedural History ...................................................................................... 2

III.    ARGUMENT ........................................................................................................... 3

        A.      The Court Should Appoint The Sterling Plaintiffs' Counsel To Serve As Interim Class Counsel .................................................................................... 3

                1.      The Work Done by Counsel ............................................................ 4

                2.      Counsel's Experience ...................................................................... 5

                        a.      Cotchett Pitre's Experience ................................................ 5

                        b.      Girard Gibbs's Experience ................................................. 8

                        c.      Pritzker Levine's Experience ........................................... 11

                3.      Counsel's Knowledge of the Applicable Law ............................... 13

                4.      The Resources Counsel Will Commit to Representing the Class ........................ 14

        B.      A Three Firm Co-Lead Structure Is Appropriate In This MDL Litigation and Has The Support of the Majority of Plaintiffs ...................................... 15

        C.      Proposed Case Management Plan ............................................................. 16

IV.     CONCLUSION ...................................................................................................... 17

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*Klein v. King*
    132 F.R.D. 525, 529 (1990) ........................................................................................... 16

*Levitte v. Google, Inc.*
    2009 WL 482252 (N.D. Cal. Feb. 25, 2009) ................................................................. 3

**Rules**

Fed. R. Civ. P. 1 ....................................................................................................................... 17

Fed. R. Civ. P. 23 ....................................................................................................... 1, 3, 5, 13

Fed. R. Civ. P.30 ...................................................................................................................... 16

**Statutes**

18 U.S.C. § 1030, *et seq.* .......................................................................................................... 4

18 U.S.C. § 2701, *et seq.* .......................................................................................................... 4

**Other Authorities**

*Manual for Complex Litig.* § 21.11 (4th ed. 2004) ........................................................... 3, 16

*Manual for Complex Litig.* § 31.31 (4th ed. 2004) ............................................................... 15

ii

**STATEMENT OF ISSUE TO BE DECIDED**

Should the Court appoint Cotchett Pitre, Girard Gibbs and Pritzker Levine to serve as interim class counsel under Federal Rule of Civil Procedure 23(g)?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Sterling Plaintiffs, representing 84 of the 104 plaintiffs in 19 of the 27 actions that are now part of this MDL litigation, request that the Court appoint three firms, Cotchett Pitre, Girard Gibbs, and Pritzker Levine, to serve as interim counsel for the proposed class in this consolidated litigation under Federal Rule of Civil Procedure 23(g).  The three firms have capably represented the proposed class from the inception of the litigation, investigating and developing potential claims, working with experts to confirm public reports and admissions about the software at issue, coordinating with other counsel, and positioning the litigation to proceed efficiently once organized.  The firms have many years of experience prosecuting complex class actions, have successfully litigated the types of claims asserted in this case, and have the resources necessary to vigorously prosecute the case and protect the interests of the class.  The firms also enjoy the support of most of the plaintiffs and their counsel in the litigation.

**II.    BACKGROUND**

**A.    Plaintiffs' Allegations**

In August or September 2014, defendant Lenovo Group Ltd. began preinstalling a software program designed by Superfish called VisualDiscovery on at least 43 different Lenovo notebook computer models sold to consumers in the United States and elsewhere.  Lenovo Group Ltd. is a Hong Kong corporation with its principal place of business in Beijing, China.  The notebook computer models at issue in the litigation were manufactured and the Superfish program was preinstalled in those notebook computers at Lenovo's manufacturing facilities in Asia or Central America.  The Superfish program itself was developed, sold and operated by defendant Superfish Inc., a software company headquartered in Palo Alto, California.

Plaintiffs allege that the Superfish program is spyware that, once installed by Lenovo, allowed Superfish to intercept, monitor and alter computer users' internet activities and search the results from its Palo Alto headquarters.  The installation of the program by Lenovo and the operation of the program

1

by Superfish was not disclosed to computer users. The program was hidden within the computer's operating system to impede detection. The idea was for Superfish to surreptitiously capture and ultimately "monetize" the computer owner's private online activity and search behavior by selling the data collected from unwitting Lenovo users to third parties. Lenovo agreed to install the software on its computers and conceal the installation from its customers in exchange for a cut of the proceeds received by Superfish. The Superfish program creates performance problems for users, often loading automatically at startup, wasting memory, creating potential conflicts with other applications, and slowing down the computer's general functions.

The Superfish program jeopardizes security for anyone accessing the internet on an affected computer because it breaks the computer's otherwise secure encryption keys and replaces them with Superfish's own unsecure common keys. Lenovo admits that the Superfish program creates a significant security risk for any notebook computer on which it was preinstalled. The U.S. Department of Homeland Security has advised consumers who purchased a Lenovo notebook computer with the Superfish program preinstalled to remove the program immediately because it exposes the computer to cyberattacks, even if the computer is running anti-virus and firewall protection programs. As one computer expert noted, it is "quite possibly the single worst thing I have seen a manufacturer do to its customer base . . . I cannot overstate how evil this is."[1] Another expert observed, "When Lenovo preinstalled Superfish adware on its laptops, it betrayed its customers and sold out their security."[2]

**B.     Procedural History**

The first action filed against defendants was the *Bennett* action, filed in the Southern District of California on February 19, 2015. The second-filed case was the *Sterling* action, which was filed by the Pritzker Levine firm on February 23, and was the first action filed in the Northern District of California. Between February 23 and April 15, 2015, 25 additional actions were filed in district courts around the country, including 16 in the Northern District of California.

On February 25, 2015, a motion to transfer the Lenovo actions to the Eastern District of North Carolina for consolidated pretrial proceedings was filed with the JPML. At the time responses to the motion were due there were 21 actions pending. Sterling Counsel took the lead in coordinating among

---

[1] Marc Rogers, *Lenovo Install Adware On Customer Laptops and Compromises ALL SSL.*
[2] *Id.*

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

1    plaintiffs' counsel, and plaintiffs in 19 of the 21 actions, representing all of the actions then on file

2    outside of the Eastern District of North Carolina, filed a single response to the MDL motion,

3    advocating for the litigation to be transferred to the Northern District of California. Defendants also

4    requested transfer to the Northern District of California. On June 8, 2015, the JPML consolidated all of

5    the actions and transferred them to this Court.

6          Defendants' time to respond to the complaints has been stayed in all of the actions pending

7    transfer by the JPML and the filing of a consolidated amended complaint by plaintiffs. No discovery

8    has been conducted in any of the actions.

9    **III.    ARGUMENT**

10         **A.    The Court Should Appoint The Sterling Plaintiffs' Counsel To Serve As Interim
             Class Counsel**

11

12         Federal Rule of Civil Procedure 23(g) authorizes courts to "designate interim counsel to act on

13   behalf of a putative class before determining whether to certify the actions as a class action." Fed. R.

14   Civ. P. 23(g)(3); *see also Levitte v. Google, Inc.*, Nos. C 08-03369 et al., 2009 WL 482252, at *2

15   (N.D. Cal. Feb. 25, 2009). The designation of interim counsel "clarifies responsibility for protecting

16   the interests of the class during precertification activities, such as making and responding to motions,

17   conducting any necessary discovery, moving for class certification, and negotiating settlement."

18   *Manual for Complex Litig.* § 21.11 (4th ed. 2004). Courts appointing interim class counsel consider

19   the following factors:

20              (i.)    the work counsel has done in identifying or investigating potential claims in the

21                      action;

22              (ii.)   counsel's experience in handling class actions, other complex litigation, and the

23                      types of claims asserted in the action;

24              (iii.)  counsel's knowledge of the applicable law; and

25              (iv.)   the resources counsel will commit to representing the class.

26   Fed. R. Civ. P. 23(g)(1)(A); *see also Levitte*, 2009 WL 482252, at *2. Courts may also consider "any

27   other matter pertinent to counsels' ability to fairly and adequately represent the interests of the class."

28   Fed. R. Civ. P. 23(g)(1)(B).

1            1.       **The Work Done by Counsel**

2            Before filing their respective complaints, Cotchett Pitre, Girard Gibbs, and Pritzker Levine

3    investigated the underlying conduct and the potential legal claims. Pritzker Levine drafted one of the

4    earliest complaints, and worked closely with its client, a technology consulting company, to develop the

5    factual allegations and legal claims asserted in the complaint, and to ensure their accuracy.  Pritzker

6    Levine was the first firm to identify a jurisdictional basis to name Lenovo Group Limited, the Hong

7    Kong parent of Lenovo (US), as a defendant and the first firm to assert claims under the Computer

8    Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*., and the Stored Communications Act, 18 U.S.C. § 2701,

9    *et seq.*

10           In their work investigating the case and drafting a complaint, Cotchett Pitre met with industry

11   consultants about the Superfish program's underlying technology, analyzed the results of virus scan

12   programs like the McAfee PUP detection and ODS logs on affected computers, and analyzed the

13   remedial fixes that Lenovo had implemented or proposed to implement.  Cotchett Pitre also

14   interviewed Lenovo computer owners to understand the risks and harm associated with Superfish's

15   interception and scanning of private content.

16           Girard Gibbs independently investigated the facts and researched the potential claims the firm

17   included in its 43-page complaint filed on behalf of the firm's clients, Rhonda Estrella, Sonia Ferezan,

18   John Whittle, and Alan Woyt.  Before filing its complaint, Girard Gibbs retained a digital forensic

19   investigative company to image and verify the existence of the Superfish program on its client's

20   computer, execute the SuperFish Removal Utility provided by Lenovo, and deploy advanced antivirus

21   software to ensure that the program had been removed.  The experts documented their findings in a

22   report and included screenshots of the verification and removal processes.  Girard Gibbs also

23   consulted with the experts on technical issues surrounding the operation of the Superfish spyware and

24   the accuracy of a list Lenovo published on February 20, 2015[3] of the makes and models of affected

25   computers. Sterling Plaintiffs' Counsel also met with a computer expert over the course of several

26   days to understand the so called "man-in the middle" attack whereby hackers can view a user's

27   browsing history, including secure sites and encoded passwords.  The expert also provided an opinion

28   _____
[3] Superfish Vulnerability, available at http://support.lenovo.com/us/en/product_security/superfish (last visited June 19, 2015).

4

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

1    on the efficacy of Lenovo's software removal tools, and an opinion on Lenovo's conduct as compared

2    to industry-standard security practices.

3            Once the litigation commenced, Sterling Plaintiffs' Counsel worked together with the majority of

4    plaintiffs' counsel in the litigation to organize and coordinate the litigation, advocate for transfer of the

5    litigation to this Court, investigate the facts, and research legal theories for an anticipated consolidated

6    amended complaint.  The three firms have conferred with defense counsel and other plaintiffs' counsel

7    in later filed actions to organize the cases, and have taken the lead in filing motions and stipulations

8    relating all of the subsequently-filed actions to the *Sterling* action.  The firms also took the lead in

9    drafting a joint opposition to the motion filed before the JPML to transfer the litigation to the Eastern

10   District of North Carolina, and argued at the MDL hearing in support of consolidation of the cases and

11   transfer to this District.  The memorandum filed with the JPML supporting transfer to this District was

12   joined by plaintiffs in 19 of 21 actions that were pending at the time, and subsequently had the support

13   of plaintiffs in three later filed actions.  All of this work was performed for the benefit of class members

14   on a consensus basis without duplication of effort or the need for judicial intervention.

15                    **2.      Counsel's Experience**

16           The second Rule 23(g) factor also supports appointment of the Sterling Plaintiffs' Counsel as

17   interim class counsel.  The three firms have extensive experience in litigating consumer protection and

18   privacy cases, have achieved significant relief for class members through settlement and trial, and have

19   served in leadership positions in consumer protection and privacy class actions throughout the country.

20                    **a.      Cotchett Pitre's Experience**

21           Cotchett Pitre has substantial experience litigating and trying class actions and has been

22   acknowledged for handling cases efficiently and effectively.  This is one reason large institutional

23   investors, such as the California State Teachers' Retirement System and The Regents of the University

24   of California, have selected Cotchett Pitre as counsel in some of their most important cases.

25           Cotchett Pitre works to resolve cases efficiently before trial.  However, if the firm cannot reach a

26   settlement that is in the best interests of its clients, it will proceed to trial.  Just in the last few years,

27   Cotchett Pitre has successfully brought to trial two class action cases.  In 2011 in *In re Homestore.com,*

28   *Inc. Securities Litig.*, 01-cv-11115 (C.D. Cal.), Cotchett Pitre tried one of only 15 class cases ever tried

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

1    under the Private Securities Litigation Reform Act.  The jury returned a verdict of $64,695,945 million

2    on behalf of the class.  In *Massoyan v. HL Leasing, Inc.*¸ Case No. 09-CECG 01839 (Fresno Cty. Super.

3    Ct.), Cotchett Pitre was unable to settle a class action on terms acceptable to the class, and in 2011 tried

4    the case to a jury verdict of $151.7 million.  In addition, in 2013 Cotchett Pitre secured a $1.15 billion

5    judgment against the lead paint industry after a two-month trial in Santa Clara Superior Court.   The

6    Lead Paint case was the result of 13 years of litigation, including multiple trips to the California Court of

7    Appeal and the Supreme Court of California, and stands as the only successful trial against the lead paint

8    industry for creating a public nuisance threatening the health and well-being of children.

9         The *National Law Journal* has reported that the firm and its members are regarded by both

10   plaintiff and defense attorneys as some of the foremost trial lawyers in the nation.  Cotchett Pitre is

11   routinely named to the *National Law Journal*'s "Litigation Boutiques Hot List" and the "Plaintiffs' Hot

12   List."  Recently, the *National Law Journal* named Cotchett Pitre to its inaugural list of Elite Trial

13   Lawyers.  The *Daily Journal*, California's leading legal publication, has named Cotchett Pitre one of the

14   top law firms in Northern California—the only plaintiffs' class action firm so named.  The attorneys

15   Cotchett Pitre will bring to this litigation are introduced below.

16        Cotchett Pitre Partner Philip L. Gregory has over thirty-five years of experience litigating

17   complex class actions.  Most recently, he served as lead co-counsel in *Neil, et al., v. Zell, et al.*, United

18   States District Court for the Northern District of Illinois, Eastern Division, Case No. 08-cv-06833,

19   before the Hon. Rebecca R. Pallmeyer, an employment class action arising out of the 2007 leveraged

20   buy-out of Tribune Company, and as Plaintiffs' Liaison Counsel in *In re Apple Computer, Inc.,*

21   *Derivative Litigation,* United States District Court for the Northern District of California, Master File

22   No. C-06-4128-JF, before the Hon. Jeremy Fogel.  Mr. Gregory currently serves and has also served as

23   primary counsel for plaintiffs in numerous multi-plaintiff actions in state and federal courts in

24   California.

25        Cotchett Pitre Partner Steven N. Williams has over seventeen years of experience litigating

26   consumer, antitrust, and securities class actions.  Mr. Williams serves or has served as lead or co-counsel

27   in several nationwide and state class actions, including *In Re Capacitors Antitrust Litigation*, 14-MD-

28   03264 (N.D. Cal.) (Donato, J.); *In re Static Random Access Memory*, Case No. M 07-1819 (Wilken, J.);

6

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

*In re Automotive Parts Antitrust Litig.*, 12-MD-02311 (E.D. Mich.); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, Case No. M 06-1793 (N.D. Cal.) (Breyer, J.); *In re International Air Transportation Surcharge Antitrust Litig.*, 06-cv-1793 (N.D. Cal.) (Breyer, J.); *Kopies, Inc., v. Eastman Kodak Co.*, 94-0524 (N.D. Cal.) (Armstrong, J.), and *In re iPod Cases*, JCCP No. 4355 (Cal. Sup. Ct., San Mateo County) (misrepresentations concerning battery life of early generation iPods). Mr. Williams has also played a leading role in natural gas antitrust litigation in state and federal courts in California. Additionally, Mr. Williams serves as Consumers Union of United States, Inc.'s (publisher of Consumer Reports) chief outside counsel and has represented it in defense of defamation/product disparagement actions brought by Suzuki, Isuzu, and Sharper Image. In each of these actions, the manufacturers sought to silence Consumers Union and inhibit its free speech right to warn consumers of dangerous and ineffective products. In each action Cotchett Pitre was successful in vindicating Consumers Union's free speech rights. Cotchett Pitre's accomplishments in the Suzuki and Isuzu cases resulted in Mr. Williams being a Trial Lawyers for Public Justice Trial Lawyer of the Year Finalist in 2000.

Cotchett Pitre Partner Matthew K. Edling has nearly eight years litigating complex class actions and has served as lead or co-counsel in several nationwide class actions. Most recently, Mr. Edling served as co-lead counsel in *Shephard v. Lowe's, HIW, Inc.*, 12-cv-03893 (N.D. Cal.) (White, J.); *In re BP Securities Litigation*, MDL No. 10-md-2185 (S.D. Tex.); and *In re Lehman Bros. Sec. and ERISA Litig.*, 09-md-02017 (SDNY)) (liaison counsel). Additionally, Mr. Edling currently serves as lead or co-lead counsel in multiple class actions in state and federal courts in California as well as primary counsel in multiparty actions throughout the country. Mr. Edling has multiparty trial experience. Most recently, he recovered nearly $6 million for retail investors after a six week arbitration (*Kim v. Pacific West Financial Group, Pacific West Securities Inc.* (FINRA Case No. 10-05466)) and several million dollars in a bad faith insurance coverage arbitration for the policy holder and creditor assignees (*Illinois Union Insurance Company, Endurance American Specialty Insurance Company v. Pacific West Securities Inc.*, ICDR Case No. 50 195 T 00143 12, AAA Case No. 13 195 00425 12). Mr. Edling has been previously named by The Recorder as one of the top fifty California attorneys with under ten years of practice and has been named among the highest class of attorneys for professional ethics and legal skills with an *AV-*

7

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

*Preeminent* rating by Martindale Hubbell. Cotchett Pitre's firm resume is attached as **Exhibit A** to the Edling Declaration.

### b. Girard Gibbs's Experience

Girard Gibbs is a national litigation firm dedicated to serving plaintiffs in class actions and aggregate litigation. The firm was founded in 1995 and has successfully prosecuted class actions involving shareholder rights, securities, antitrust, consumer, privacy, employment, and civil rights laws in courts throughout the United States. Girard Gibbs was distinguished as a Tier 1 law firm for plaintiffs' mass tort and securities litigation in the 2013-2015 "Best Law Firms" lists, an annual survey published in the *U.S. News & World Report's Money Issue*. The *National Law Journal* named Girard Gibbs to its elite "Plaintiffs' Hot List" for 2012, a selection of top U.S. plaintiffs' firms recognized for wins in high-profile cases. Many of the firm's attorneys have been selected as Northern California Super Lawyers and Rising Stars. The firm has repeatedly been appointed to leadership positions in federal and state courts throughout the United States.

Daniel Girard has successfully represented plaintiffs in class actions and other complex litigation for more than 25 years and has been recognized by his peers and the judiciary for professional excellence. He was named in *The Best Lawyers in America* (2012-2015) for his work in class action litigation, has been consistently honored as a *Northern California Super Lawyer* (2007-2015), and has also earned the distinction of being included among the "Top 100 Super Lawyers" in Northern California. He has been named among the highest class of attorneys for professional ethics and legal skills with an *AV-Preeminent* rating by Martindale Hubbell.

Mr. Girard was appointed to the United States Judicial Conference Advisory Committee on Civil Rules in 2004, and reappointed in 2007. He is a member of the American Law Institute and serves as a member of the Consultative Group for the ALI's Principles of the Law, Data Privacy project. The project aims to create a set of Fair Information Practice Principles that will bring greater order and consistency to privacy law and provide guidance to courts and legislatures. Mr. Girard frequently speaks on class action topics, contributes to legal publications, appears on news programs, and serves as a guest lecturer at several law schools.

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

Amanda Steiner is a partner at Girard Gibbs and has more than 15 years of experience in the prosecution of complex litigation and class actions. Ms. Steiner specializes in legal writing at the trial court and appellate levels, and has served as the lead brief writer for many of the firm's successful securities and consumer cases. Ms. Steiner was selected for inclusion in *Northern California Super Lawyers* (2012 - 2015), and was named to the Top 50 Women Lawyers of Northern California. She is a member of the Legal Writing Institute and the American Bar Association's Appellate Practice Committee, and is a Fellow of the American Bar Foundation.

Girard Gibbs is well qualified to represent the proposed class of Lenovo PC users in this privacy case because of the firm's extensive experience in privacy litigation. The firm is currently litigating the following privacy cases:

- *In re Yahoo! Mail Litigation*, N.D. Cal. Case No. 5:13-cv-4980-LHK. Girard Gibbs currently serves as co-lead counsel for a class of non-Yahoo Mail users who allege that Yahoo illegally intercepts their email to Yahoo Mail users and extracts and uses the content in violation of state and federal data privacy laws. The court recently granted the plaintiffs' motion for class certification.

- *In re Adobe Systems, Inc. Privacy Litigation*, N.D. Cal. Case No. 5:13-cv-05226-LHK. Girard Gibbs was appointed to serve as lead counsel in this consumer privacy class action in which the plaintiffs allege that Adobe Systems failed to adequately protect its customers' data in connection with a data breach.

- *In re Target Corp. Customer Data Security Breach Litigation*, D. Minn. Case No. 0:14-md-02522-PAM, 2014 WL 7192478 (Dec. 18, 2014). Girard Gibbs currently serves on the steering committee, representing customers whose personal and financial information was compromised in a breach of Target's point-of-sale systems in late 2013. The court recently granted the plaintiffs' motion for preliminary approval of a proposed settlement that will provide class members with cash recoveries under a simplified claim procedure.

- *In re The Home Depot, Inc, Customer Data Security Breach Litigation*, N.D. Ga. Case No. 1:14-md-02583-TWT. Girard Gibbs currently serves as a member of the Executive Committee, representing Home Depot customers across the country whose credit and debit

9

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

card information was compromised in a data breach that Home Depot disclosed in September 2014.

- *Corona v. Sony Pictures Entertainment, Inc.*, C.D. Cal. Case No. 2:14-cv-09600-RGK. Girard Gibbs was appointed to serve as interim co-lead counsel for a proposed class of current and former Sony Pictures Entertainment employees after a massive data breach resulted in the public disclosure of employees' sensitive personal and financial information. The court recently denied in large part Sony Pictures Entertainment's motion to dismiss.

In addition, Girard Gibbs has successfully litigated and resolved the following privacy cases:

- *In re Sony BMG CD Technologies Litigation*, S.D.N.Y. Case No. 1:05-cv-09575-NRB. Girard Gibbs served as co-lead counsel for a class of consumers who alleged that Sony BMG incorporated "Digital Rights Management" software into its music CDs, rendering the consumers' computers vulnerable to viruses and spyware.  The firm negotiated a settlement that required Sony BMG to promptly recall all affected CDs, provide "clean" CDs in exchange, and provided several other benefits to consumers.

- *Whitaker v. Health Net of California, Inc.,* E.D. Cal. Case No. 2:11-cv-00910-KJM-DAD, and *Shurtleff v. Health Net of California, Inc*., Sacramento County Superior Court Case No. 34-2012-00121600-CU-CL.  Girard Gibbs served as co-lead counsel in this consumer privacy case alleging that Health Net, a large HMO, violated California law when it negligently lost the personal, account, and medical information of 2.2 million subscribers in connection with a data breach in 2011.  In 2014, the court granted approval of a settlement that provided class members with credit monitoring, established a $2 million fund to reimburse consumers for related identity theft incidents, and instituted upgrades to and monitoring of Health Net's information security protocols.

- *Smith v. Regents of the Univ. of California, San Francisco*, Alameda County Superior Court Case No. RG-08-410004.  Girard Gibbs represented a patient who alleged that UCSF's disclosure of its patients' medical data to outside vendors violated California medical privacy law.  The court approved a stipulated permanent injunction that stopped UCSF from engaging in the conduct plaintiff complained of and required UCSF to institute updated

privacy procedures and training for staff.  The court found that "plaintiff Smith ha[d] achieved a substantial benefit to the entire class and the public at large."

- *Beringer v. Certegy Check Services, Inc.*, M.D. Fla. Case No. 8:07-CV-01657-SDMMSS. Girard Gibbs served as a member of the plaintiffs' executive committee representing a class of millions of consumers whose personal financial records were stolen by a Certegy employee, who resold the data to a third party for marketing purposes.  In 2008, the court approved a class settlement that provided for one year of free credit monitoring and identity theft insurance, two years of free bank monitoring, and cash reimbursement for identity theft losses, check replacement costs, and credit monitoring costs.

- *In re Countrywide Financial Corp. Customer Data Security Breach Litigation*, W.D. Ky. Case No. 3:08-MD-01988.  Girard Gibbs served as a member of the plaintiffs' executive committee representing a class of millions of customers and potential customers of Countrywide whose personal information was stolen by a former Countrywide employee and then sold to other mortgage lenders.  The class settlement provided for up to three years of free credit monitoring, reimbursement of any out-of-pocket expenses incurred by class members as a result of the theft of their information, and reimbursement of up to $50,000 per class member for identity theft losses.

Through its service as counsel in the above actions, Girard Gibbs is already well versed in the intricacies of complex information security litigation.  Girard Gibbs's firm resume is attached as **Exhibit A** to the Girard Declaration.

### c. Pritzker Levine's Experience

Pritzker Levine is a law firm focused on complex class action and individual litigation nationwide.  The firm's attorneys have successfully represented corporate clients, public entities, pension funds, small businesses, nonprofit groups, labor unions, whistleblowers and injured persons in cases involving antitrust violations, securities fraud and derivative claims, financial wrongdoing, commercial disputes, consumer protection, privacy and first amendment issues, and employment law. Four of the firm's attorneys have been selected as Northern California Super Lawyers or Rising Stars.

11

1    Jonathan Levine has more than 26 years of litigation experience representing classes and

2 individual clients in consumer cases, privacy cases, business and securities cases. He has been

3 repeatedly recognized by his peers as a "Northern California Super Lawyer" and is a frequent speaker on

4 discovery issues, complex litigation and securities and consumer fraud. Mr. Levine is a member of the

5 Executive Committee of the Business Section of the Alameda County Bar Association and a member of

6 the Antitrust and Unfair Competition Law Section of the State Bar of California.

7    Elizabeth Pritzker has more than 25 years of litigation experience representing classes and

8 individual clients in consumer cases, privacy cases, business and antitrust cases and First Amendment

9 litigation. She has been repeatedly recognized by her peers as a "Northern California Super Lawyer"

10 and been named to the Northern California "Top 50 Women Lawyers" list. Ms. Pritzker is a member of

11 the Executive Committee of the Antitrust and Unfair Competition Law Section of the State Bar of

12 California and is on the Board of Governors of the Consumer Attorneys of California. She is a frequent

13 speaker on class actions, complex litigation and related topics.

14    Pritzker Levine's attorneys have significant experience representing plaintiffs in consumer

15 privacy and consumer protection litigation. Mr. Levine served as a member of the Plaintiffs' Executive

16 Committee in *Beringer v. Certegy Check Services, Inc.*, Case No. 8:07-cv-1657-SDM (M.D. Fla.),

17 representing a nationwide class of consumers whose financial records were stolen by a company

18 employee and then resold to a third party marketer. He similarly served as a member of the Plaintiffs'

19 Executive Committee in *In re Countrywide Financial Corp. Data Security Breach Litigation*, Case No.

20 3:08-MD-1988 (W.D. Ky.), representing a nationwide class of customers and potential customers of

21 Countrywide whose personal information was stolen by a former employee and then sold to competing

22 mortgage lenders. Mr. Levine has also served as lead counsel in a number of consumer protection cases,

23 including *In re Providian Credit Card Cases*, JCCP No. 4085 (Cal. Sup. Ct., San Francisco County)

24 (unauthorized credit card charges and fees), and three cases on behalf owners of timeshare programs

25 challenging unauthorized charges, new restrictions on use and corporate governance matters. *See

26 Berrien v. New Raintree Resorts, International, LLC*, Case No. 4:10-cv-3125-CW (N.D. Cal.); *Wixon v.

27 Wyndham Resort Development Corp.*, Case No. C:07-2361-JSW (N.D. Cal.); *Benedict v. Diamond

28 Resorts Corp.*, Case No. 1:12-cv-183-DE (D. Hawaii).

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

Ms. Pritzker serves as a member of the Plaintiffs' Executive Committee in *Halpain v. Adobe Systems, Inc.*, Case No. 5:13-cv-5226-LHK (N.D. Cal.), representing a proposed class of software purchasers and users in litigation against Adobe Systems for damages arising from a 2013 security breach of Adobe's servers in California.  Ms. Pritzker served as co-lead counsel in *In re Sony BMG CD Technologies Litigation*, Case No. 1:05-cv-9575-NRB (S.D.N.Y.), representing a nationwide class of consumers alleging deceptive conduct in the design, manufacture and sale of music CDs with digital rights management software containing security flaws and limiting the use of the CDs.  The case resulted in a nationwide recall of the affected CDs, cash and other compensation for consumers, and injunctive relief.  Ms. Pritzker also has served as lead or class counsel in a number of consumer protection cases, including a co-lead class counsel appointment in *In re GIB LLC Cases*, JCCP No. 4657 (Cal. Sup. Ct., Los Angeles County) (mislabeling of hair products as "formaldehyde-free"), a lead counsel position in *Gathron v. Chrysler Group, LLC*, Case No. 3:13-cv-5922 (N.D. Cal.) (auto defect case), and a co-lead class counsel appointment *In re iPod Cases*, JCCP No. 4355 (Cal. Sup. Ct., San Mateo County) (misrepresentations concerning battery life of early generation iPods).  Pritzker Levine's firm resume is attached as **Exhibit A** to the Levine Declaration.

### 3. Counsel's Knowledge of the Applicable Law

The third 23(g) factor supports appointment of the Sterling Plaintiffs' Counsel as well.  Each of the three firms has earned a national reputation for excellence and success in complex consumer litigation.  The firms have a strong background in consumer protection and privacy law as well as a demonstrated ability to manage fact and expert discovery, and to successfully litigate class certification motions and substantive pretrial motions. The firms have the requisite knowledge of the applicable substantive law, and are well suited to navigate the procedural challenges that arise in complex litigation.

Cotchett Pitre has successfully prosecuted consumer class actions for decades and its attorneys are some of the founding members of two organizations dedicated to protecting the rights of consumers to obtain justice – the Consumer Attorneys of California (including two of the most recent past presidents) and Public Justice.  Additionally on matters of privacy, Cotchett Pitre represented journalists whose phone records were scrutinized by Hewlett Packard through a spying technique called pretexting.

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

1   This privacy invasion led to an investigation by the Congressional Committee on Energy and
2   Commerce, state and federal criminal charges, and spurred Congress to pass the Telephone Records and
3   Privacy Protection Act of 2006, which specifically prohibited pretexting.  Cotchett Pitre's clients
4   resolved their claims prior to filing.
5           Girard Gibbs has developed a sophisticated understanding of the legal and factual issues that are
6   central to privacy and consumer protection cases through its prior experience in litigating cases asserting
7   some of the same claims that are asserted in this case, including violations of the California Unfair
8   Competition Law, the California Invasion of Privacy Act, the Electronic Communications Privacy Act,
9   and the Computer Fraud and Abuse Act.  Girard Gibbs also has a strong background in class action
10  practice and procedure because of its role as class counsel in numerous cases across the country and Mr.
11  Girard's service on the United States Judicial Conference Advisory Committee on Civil Rules.
12          Pritzker Levine has developed a thorough understanding of privacy and consumer protection law
13  and class action procedure through its litigation and leadership of a number of complex class action
14  cases involving privacy and consumer protection issues.  Ms. Pritzker is on the Board of Governors of
15  the Consumer Attorneys of California, and both Ms. Pritzker and Mr. Levine have extensive experience
16  litigating many of the same claims that are asserted in this case.  Indeed, attorneys from all three firms
17  are members of committees and organizations that regularly address consumer protection and privacy
18  law and policy, giving them expertise in these areas and ensuring that they stay abreast of new
19  developments.
20          **4.       The Resources Counsel Will Commit to Representing the Class**
21          The Sterling Plaintiffs' Counsel have the resources necessary to lead this litigation.  The firms
22  have sufficient numbers of attorneys and other professionals to staff this case, and they have
23  successfully managed complex, resource-intensive cases in the past.   The firms have invested in the
24  technology support necessary to handle complex matters, and each has designated a primary team of
25  attorneys who will bring their unique skills and experience to representing the proposed class.  The
26  firms routinely advance the costs of litigation and have demonstrated an ability and willingness to
27  dedicate substantial resources to vigorously prosecute the claims of proposed class members.
28

14

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

The three firms are prepared to commit the resources necessary to prosecute this case to a successful conclusion.  The proposed leadership structure is ideally suited to the particular circumstances of this litigation, which will require a team of dedicated lawyers with sufficient resources to prosecute this litigation against sophisticated defendants located in Asia and the United States.  The firms are well established, reputable, and have demonstrated that they are capable of handling the challenges of this litigation and committing the necessary resources to effectively represent the proposed class.

**B.    A Three Firm Co-Lead Structure Is Appropriate In This MDL Litigation and Has The Support of the Majority of Plaintiffs**

This consolidated MDL litigation includes 27 separate actions originally filed in nine different judicial districts.  There are over 100 plaintiffs from 33 different states, who have asserted, collectively, a wide variety of federal and state statutory claims, and numerous common law claims arising under a number of different state laws.  The four defendants are located in California and North Carolina and in Hong Kong and Beijing.  Based on the facts known to date and defendants' representations concerning the likely location of relevant documents and witnesses, discovery may need to be taken in all of these locations. Courts overseeing similarly complex litigation have appointed multiple firms to serve jointly as co-lead class counsel.  *See Manual for Complex Litig.* § 31.31 (4th ed. 2004). Appointment of three firms to serve as interim class counsel is appropriate given the particular facts of this case.

The Sterling Plaintiffs' Counsel are committed to litigating the case efficiently and economically.  The attorneys from each firm who will be responsible for the litigation intend to use their experience and background in similar cases to streamline the litigation.  The three firms are well-versed in using case management strategies to focus litigation.  If appointed, the firms intend to submit a timekeeping and cost reporting protocol for approval by the Court that will require all plaintiffs' counsel to maintain a daily record of their time and expenses incurred in connection with this litigation and provide monthly reports for review by interim class counsel (and the Court if requested).

The majority of plaintiffs support this motion.  The three-firm structure proposed by the Sterling Plaintiffs' Counsel has the support of 84 of the 104 plaintiffs in 19 of the 27 actions pending in eight of

15

1    the nine judicial districts in which the actions were originally filed.  This includes plaintiffs from 31 of
2    the 33 states and represents an extremely broad, nationwide level of support.

3          **C.**      **Proposed Case Management Plan**

4          Considering the high cost of defending this litigation, and Lenovo's admission that it exercised
5    poor judgment in agreeing to install spyware on its own customers' computers, this case may lend itself
6    to early settlement discussions.  At the same time, courts and commentators have recognized the need
7    for class counsel to negotiate without undue settlement pressure and from an adequate base of
8    information.  *See Manual for Complex Litig.* § 21.11 (4th ed. 2004) (instructing that courts should
9    designate interim lead or class counsel because doing so "clarifies responsibility for protecting the
10   interests of the class during precertification activities …such as negotiating settlement).

11         Subject to Court approval and in consultation with defense counsel, the Sterling Plaintiffs
12   believe that the parties should consider a phased discovery plan in which "the purpose of the first stage
13   will be to get as efficiently on the table as possible the core information that the parties need in order to
14   value the case sensibly for settlement purposes."  *Klein v. King*, 132 F.R.D. 525, 529 (1990) (Brazil,
15   Mag. J.).  This first stage would involve document production, a limited number of depositions, and
16   possibly presentations from the defendants that will "shed the most light on the most important facts."
17   *Id.*  The relevant topics for this first phase of discovery would include  Lenovo's agreement to pre-load
18   Superfish software on its computers, the desired effect of the software, the impact on consumers,
19   numbers of affected computers, internal data relating to consumers' exposure to cyber-attacks as a
20   result of the Superfish software, Lenovo's investigation into and knowledge of the security concerns,
21   Lenovo's proposed and enacted remedial fixes, compensation that Lenovo received or hoped to receive
22   for delivering its customer base, applicable insurance, and damages sustained by consumers.
23   Depositions, if needed, would start with Rule 30(b)(6) witnesses who could testify about these core
24   topics.

25         If the parties do not negotiate a settlement after completing this focused discovery, the next
26   phase would be devoted to any obstacles to settlement.  If the parties remain unable to resolve the case,
27   they would then proceed to complete any discovery needed for class certification, dispositive motion
28   practice, and trial.  This phased discovery approach has been adopted by respected jurists in this and

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

other districts around the country.  *See, e.g.,* Standing Discovery Order of Hon. Paul W. Grimm, attached as **Exhibit B** to the Edling Declaration.

A phased approach to discovery would allow the parties to focus initially on the central disputed issues in the case so that they can develop an understanding of the strengths and weakness of their positions and determine whether a fair and adequate settlement can be negotiated for the class at an early stage.  If not, the parties can advance to broader discovery and periodically revisit settlement as appropriate.  This procedure will ensure that the interests of the proposed class members are best served by prioritizing the exchange of information to promote an early and efficient resolution of the case. Even if the parties do not negotiate an early settlement, a phased approach could help streamline the proceedings, minimize unnecessary and costly motion practice, and promote "the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.

## IV.    CONCLUSION

The Sterling Plaintiffs respectfully request that the Court appoint Cotchett Pitre, Girard Gibbs, and Pritzker Levine to serve as interim co-lead class counsel in this litigation.

Dated:  June 23, 2015                               **PRITZKER LEVINE LLP**


_____*/s/ Jonathan K. Levine*_____

Jonathan K. Levine (SBN 220289)
Elizabeth C. Pritzker (SBN 146267)
180 Grand Avenue, Suite 1390
Oakland, California 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
jkl@pritkzkerlevine.com
ecp@pritzkerlevine.com

Proposed Interim Class Counsel and Attorneys for Plaintiff in *Sterling v. Lenovo (United States) Inc., et al.* (N.D. Cal.)


**GIRARD GIBBS LLP**

17

1

*/s/ Daniel C. Girard*

2    Daniel C. Girard (SBN 114826)

3    Elizabeth A. Kramer (SBN 293029)
601 California Street, Suite 1400

4    San Francisco, CA 94104
Telephone:  (415) 981-4800

5    Facsimile:  (415) 981-4846
dcg@girardgibbs.com

6    eak@girardgibbs.com

7

8    Proposed Interim Class Counsel and Attorneys for Plaintiffs in *Estrella, et al. v. Lenovo (United*

9    *States) Inc., et al.* (N.D. Cal.)

10    **COTCHETT, PITRE & McCARTHY, LLP**

11    */s/ Matthew K. Edling*

12    Philip L. Gregory (SBN 95217)

13    Steven N. Williams (SBN 175489)
Matthew K. Edling (SBN 250940)

14    San Francisco Airport Office Center

15    840 Malcolm Road, Suite 200
Burlingame, CA 94010

16    Telephone: (650) 697-6000
Facsimile: (650) 697-0577

17    pgregory@cpmlegal.com

18    swilliams@cpmlegal.com
medling@cpmlegal.com

19

20    Proposed Interim Class Counsel and Attorneys for Plaintiff in *JGX, Inc. v. Lenovo Group Limited, et*

21    *al.* (N.D. Cal.)

22    **KAPLAN FOX & KILSHEIMER LLP**

23    Laurence D. King (SBN 206423)
Linda Fong (SBN 124232)

24    350 Sansome Street, Suite 400
San Francisco, CA 94104

25    Telephone:  (415) 772-4700
Facsimile:   (415) 772-4707

26

27    Attorneys for Plaintiffs in *Hall, et al. v. Lenovo (United States) Inc., et al.* (N.D. Cal.)

28    **COHELAN KHOURY & SINGER**

18

Timothy D. Cohelan (SBN 060827)
J. Jason Hill (SBN 179630)
605 C Street, Suite 200
San Diego, California 92101
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

Attorneys for Plaintiffs in *Martini v. Lenovo (United States) Inc., et al.* (N.D. Cal.)

**GREEN & NOBLIN, P.C.**
Robert S. Green (SBN 136183)
700 Larkspur Landing Circle, Suite 275
Larkspur, CA 94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710

**FEDERMAN & SHERWOOD**
William Federman
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone:  (405) 235-1560
Facsimile:  (405(239-2112

Attorneys for Plaintiffs in *Johnson v. Lenovo (United States) Inc., et al.* (N.D. Cal.) and in *Thweatt v. Lenovo (United States) Inc., et al.* (W.D. Wash.)

**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
Todd M. Schneider (SBN 158253)
Mark T. Johnson (SBN 076904)
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

**BERGER & MONTAGUE, P.C.**
Shanon J. Carson
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Facsimile:  (215) 875-4604

19

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

1

2

Attorneys for Plaintiff in *Simonoff v. Lenovo (United States) Inc., et al.* (N.D. Cal.)

3    **WEITZ & LUXENBERG, P.C.**
     Christopher B. Dalbey (SBN 285562)
4    Robin L. Greenwald
     James J. Bilsborrow
5    700 Broadway
     New York, NY 10003
6    Telephone: (212) 558-5500
     Facsimile: (212) 344-5461
7    1880 Century Park East, Suite 700
     Los Angeles, CA 90067
8    Telephone:  (310) 247-0921
     Facsimile:  (310) 786-9927
9

10

11   Attorneys for Plaintiffs in *Wood, et al. v. Lenovo (United States) Inc., et al.* (N.D. Cal.) and in
     *Phillips et al. v. Lenovo (United States) Inc., et al.*
12   (E.D.N.Y.)

13

14   **STUEVE SIEGEL HANSON LLP**
     Jason S. Hartley (SBN 192514)
15   550 West C Street, Suite 1750
     San Diego, CA 92101
16   Telephone:  (619) 400-5822
     Facsimile:  (619) 400-5832
17

18   Norman E. Siegel
     Barrett J. Vahle
19   460 Nichols Road, Suite 200
     Kansas City, MO 64112
20   Telephone: (816) 714-7100
     Facsimile:  (816) 714-7101
21

22   Attorneys for Plaintiffs in *Ravencamp v. Lenovo (United States) Inc., et al.* (N.D. Cal.)
23

24   **SAVERI & SAVERI, INC.**
     Cadio Zirpoli (SBN 179108)
25   Carl N. Hammarskjold (SBN 280961)
     706 Sansome Street
26   San Francisco, CA 94111
     Telephone:  (415) 217-6810
27   Facsimile:  (415) 217-6813

28

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

Attorneys for Plaintiffs in *Schultz v. Lenovo Group Limited, et al.* (N.D. Cal.)

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone:  (213) 785-2610
Facsimile:  (213) 226-4684

Phillip Kim
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone:  (212) 686-1060

**THE HINTON LAW FIRM**
Christopher S. Hinton, Esq.
275 Madison Ave., 34th Fl.
New York, New York 10016
Telephone: (646) 723-3377
Facsimile: (914) 530-2954

Attorneys for Plaintiffs in *Cullifer et al. v. Superfish, Inc., et al.* (N.D. Cal.)

**CONSUMER LAW PRACTICE OF DANIEL T. LEBEL**
Daniel T. LeBel (SBN 246169)
3 Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone:  (415) 513-1414
Facsimile:  (415) 563-7848

Attorneys for Plaintiff in *Khazak  v. Superfish, Inc., et al.* (N.D. Cal.)

**LAW OFFICES OF ALEX SCHACK**
Alexander M. Schack (SBN 99126)
Natasha Naraghi (SBN 284711)
16870 West Bernardo Drive, Suite 400
San Diego, California 92127
Telephone: (858) 485-6535
Facsimile: (858) 485-0608

**SPRETER LEGAL SERVICES, APC**
Geoffrey J. Spreter (SBN 257707)

21

601 3rd Street
Coronado, California 92118
Telephone: (619) 865-7986

**ADLER LAW GROUP, APLC**
E. Elliot Adler (SBN 229030)
402 W. Broadway, Suite 860
San Diego, California 92101
Telephone: (619) 531-8700
Facsimile: (619) 342-9600

Attorneys for Plaintiff in *Bennett v. Lenovo (United States) Inc., et al.* (S.D. Cal.)

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
Steve D. Larson
Mark A. Friel
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**ABINGTON COLE + ELLERY**
Cornelius P. Dukelow
320 S. Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
Telephone & Facsimile: (918) 588-3400

Attorneys for Plaintiffs in *Levenhagen v. Lenovo (United States) Inc., et al.* (D. Or.)

**KRISLOV & ASSOCIATES, LTD.**
Clinton A. Krislov
Ken Goldstein
John Orellana
Civic Opera Building
20 North Wacker Drive
Chicago, IL 60606
Telephone:  (312) 606-0500
Facsimile:  (312) 606-0207

Attorneys for Plaintiffs in *Hayden v. Lenovo, Inc., et al.* (N.D. Ill.)

**THE WERNER LAW FIRM**

22

Matthew Q. Wetherington
Adam L. Hoipkemier
2142 Vista Dale Court
Atlanta, GA 30084
Telephone:  (770) 837-3428
Facsimile:  (855) 873-2090

Attorneys for Plaintiffs in *Wu, et al. v. Lenovo (United States) Inc., et al.* (E.D.N.C.)

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW

## ATTESTATION

I, Jonathan K. Levine, am the ECF user whose ID and password are being used to file this document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that all other signatories listed have concurred in this filing.

/s/ Jonathan K. Levine_____
Jonathan K. Levine

THE STERLING PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL, AND MEMORANDUM IN SUPPORT
CASE NO.: 5:15-MD-02624-RMW