Joseph R. Saveri (State Bar No. 130064)
Kevin E. Rayhill (State Bar No. 267496)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com
krayhill@saverilawfirm.com

Daniel R. Karon (*pro hac vice* pending)
Beau D. Hollowell (*pro hac vice* pending)
Karon LLC
700 W. Saint Clair Ave.
Cleveland, OH 44113
Telephone:  (216) 551-9175
Facsimile:   (216) 241-8175
dkaron@karonllc.com
bhollowell@karonllc.com

Vincent J. Esades (*pro hac vice* pending)
James W. Anderson (*pro hac vice* pending)
HEINS MILLS & OLSON PLC
310 Clifton Ave.
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile:   (612) 338-4692
vesades@heinsmills.com
janderson@heinsmills.com

*Attorneys for Individual and Representative Plaintiff*
*Ross M. Babbitt*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **ROSS M. BABBITT, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Lenovo (United States), Inc. and Superfish, Inc.,**<br><br>**Defendants.** | **Case No. 5:15-cv-01712-RMW**<br><br>**NOTICE AND MOTION OF PLAINTIFF ROSS M. BABBITT TO APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(G); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: July 17, 2015<br>Time: 9:00 a.m.<br>Courtroom: 6, 4th Floor |

| | |
|---|---|
| **STERLING INTERNATIONAL CONSULTING GROUP,** on behalf of itself and all others similarly situated,<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**LENOVO (UNITED STATES) INC., LENOVO GROUP LIMITED, and SUPERFISH, INC.,**<br><br>        **Defendants.** | **Case No. 5:15-cv-00807-RMW** |
| **DAVID HUNTER, individually, and on behalf of all others similarly situated,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**LENOVO (UNITED STATES), INC., a Delaware corporation, and SUPERFISH, INC., a Delaware corporation,**<br><br>        **Defendants.** | **Case No. 5:15- cv-00819-RMW** |
| **CHRISTOPHER HALL, MATTHEW KELSO, MICHAEL MORICI, JAYNE COSTANZO, RYAN BAUMGARTNER, LAURA BURNS, THOMAS CARNEY, BEATRIZ DAVIS, DENNIS HASTY, WENDY DURAN and GABE DURAN, individually, and on behalf of all others similarly situated,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**LENOVO (UNITED STATES), INC., LENOVO GROUP LIMITED and SUPERFISH, INC.,**<br><br>        **Defendants.** | **Case No. 5:15-cv-00964-RMW** |

| | |
|---|---|
| **RHONDA ESTRELLA, SONIA FEREZAN, JOHN WHITTLE, and ALAN WOYT on behalf of themselves and all others similarly situated,** | **Case No. 5:15-cv-01044-RMW** |
| **Plaintiffs,** | |
| **v.** | |
| **LENOVO (UNITED STATES), INC. and SUPERFISH, INC.,** | |
| **Defendants.** | |
| **KEN MARTINI, individually and on behalf of all others similarly situated,** | **Case No. 5:15-cv-01069-RMW** |
| **Plaintiff,** | |
| **v.** | |
| **LENOVO (UNITED STATES), INC. and SUPERFISH, INC.,** | |
| **Defendants.** | |
| **JGX, INC. D/B/A LEFTY O'DOUL'S, individually and on behalf of a class of those similarly situated,** | **Case No. 5:15-cv-01113-RMW** |
| **Plaintiff,** | |
| **v.** | |
| **LENOVO GROUP LIMITED, LENOVO (UNITED STATES), INC., and SUPERFISH, INC.** | |
| **Defendants.** | |
| **STANLEY D. JOHNSON, individually and on behalf of all others similarly situated,** | **Case No. 5:15-cv-01122-RMW** |
| **Plaintiff,** | |
| **v.** | |
| **LENOVO (UNITED STATES), INC., LENOVO GROUP LIMITED, and SUPERFISH, INC.,** | |
| **Defendants.** | |

|   |   |
|---|---|
| 1 | **MICHAEL SIMONOFF, individually and on behalf of all others similarly situated,** |
| 2 | |
| 3 | Plaintiff, |
| 4 | v. |
| 5 | **LENOVO (UNITED STATES), INC., and SUPERFISH, INC.,** |
| 6 | Defendants. |

Case No. 5:15-cv-01166-RMW

**RUSSELL WOOD and THOMAS WILSON, individually and on behalf of all others similarly situated,**

Plaintiffs,

v.

**LENOVO (UNITED STATES), INC., LENOVO HOLDING COMPANY, INC., LENOVO GROUP LIMITED, and SUPERFISH, INC.,**

Defendants.

Case No. 5:15-cv-01166-RMW

**MICHELLE BEHREN and MARY JANE BARBOSA, individually and on behalf of all others similarly situated,**

Plaintiffs,

v.

**LENOVO (UNITED STATES) INC. and SUPERFISH INC.,**

Defendants.

Case No. 5:15-cv-01177-RMW

**ROBERT RAVENCAMP, on behalf of Himself and all others similarly situated,**

Plaintiff,

v.

**LENOVO (UNITED STATES), INC. and SUPERFISH, INC.,**

Defendants.

Case No. 5:15-cv-01206-RMW

1
2

**SUSAN WEBSTER SCHULTZ, on behalf of herself and all others similarly situated,**

**Case No. 5:15-cv-01270-RMW**

3

                 **Plaintiff,**

4

       **v.**

5
6

**LENOVO GROUP LIMITED, LENOVO (UNITED STATES) INC. and SUPERFISH INC.,**

7

                **Defendants.**

8

**THOMAS KIM, individually, and on behalf of all others similarly situated,**

**Case No. 5:15-cv-01432-RMW**

9

                 **Plaintiff,**

10

       **v.**

11
12

**LENOVO (UNITED STATES), INC., a Delaware corporation, and SUPERFISH, INC., a Delaware corporation,**

13

                **Defendants.**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| 1 | **BILL CULLIFER, LIZ EDWARDS, DOUGLAS** | **Case No.: 5:15-cv-01496-RMW** |
| | **IRWIN, JOSEPH GUERRA, AUSTIN** |
| 2 | **ARDMAN, HANK BAUMER, THOMAS** |
| | **BEHRENDT, ALLAN BOGH, RICHARD** |
| 3 | **BROOKS, JILL CAZAUBON, JENNIFER** |

| Line | Content | Case |
|---|---|---|
| 1 | **BILL CULLIFER, LIZ EDWARDS, DOUGLAS IRWIN, JOSEPH GUERRA, AUSTIN** | **Case No.: 5:15-cv-01496-RMW** |
| 2 | **ARDMAN, HANK BAUMER, THOMAS BEHRENDT, ALLAN BOGH, RICHARD** | |
| 3 | **BROOKS, JILL CAZAUBON, JENNIFER COLE, LAUREN DANNHEIM, JENNIFER** | |
| 4 | **DAVIS, EDWARD DRESSEL, CHRISTOPHER DUNN, DONALD GEARHART, KENG GEE,** | |
| 5 | **BRIAN GUTTERMAN, HEATHER HARE, JOSE HIDALGO, NEERAJ KALRA, RYAN** | |
| 6 | **KEMPER, JIM KOPPS, RAJKUMAR KOTHAPA , MICHELE LARGE , ARUL** | |
| 7 | **LOUIS, THOMAS LUCAS, TOM MILLER, ERIC MORETTI, TREVOR MURDOCK,** | |
| 8 | **TRAVIS PALMER, ELIZABETH PRATT, ROBERT QAKISH, TINA RICHMAN,** | |
| 9 | **CANDACE ROSE, DANIELLE ROUGIER, RAY SCHMALZER, ZESHAN SHEIKH,** | |
| 10 | **CHRIS SHOUTS, ALICE SPALITTA, ZACHARY STEIN, CONNIE SUPERNAULT,** | |
| 11 | **RUSS TAKLE, NATE TALLEY, NIKOLAS THERIOT, ARIELLA VASQUEZ, KATE** | |
| 12 | **WOODS, KYLE YOUNGS, AND LIANGFANG ZHAO, INDIVIDUALLY AND ON BEHALF** | |
| 13 | **OF ALL OTHERS SIMILARLY SITUATED,** | |
| 14 | Plaintiffs, | |
| 15 | v. | |
| 16 | **SUPERFISH, INC., and LENOVO (UNITED STATES), INC.** | |
| 17 | Defendants. | |
| 18 | | |
| 19 | **DIMITRIY KHAZAK, individually, and on behalf of all others similarly situated,** | **Case No. 5:15-cv-01665-RMW** |
| 20 | Plaintiff, | |
| 21 | v. | |
| 22 | **SUPERFISH, INC., LENOVO (UNITED STATES), INC., and LENOVO GROUP LIMITED,** | |
| 23 | | |
| 24 | Defendants. | |
| 25 | | |

# TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION AND MOTION.................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................1

I.   INTRODUCTION ..................................................................................1

II.  BACKGROUND ................................................................................. 2

III. ARGUMENT ........................................................................................3

  A.  The Court Should Appoint Interim Class Counsel Before Class Certification...................3

  B.  The Joseph Saveri Law Firm is Eminently Qualified to Be Interim Class Counsel ........... 4

  C.  The Joseph Saveri Law Firm has Performed Extensive Investigation, Research and Analysis of This Case ..................... 6

  D.  Joseph Saveri Should Be Appointed Chair of the Interim Class Counsel Executive Committee ....................7

    1.  The Leadership Structure Should Be Small to Ensure the Action is Pursued in an Efficient and Cost-Effective Manner.....................7

    2.  Karon LLC Would Provide an Excellent Complement to the Joseph Saveri Law Firm on the Interim Class Counsel Executive Committee. ...................7

  E.  Proposed Interim Class Counsel Have Substantial Experience in Leading the Prosecution of Class Actions.................... 8

  F.  Proposed Interim Class Counsel Have the Requisite Knowledge and Expertise to Prosecute this complex Class Action ..................... 9

  G.  Proposed Interim Class Counsel Will Commit the Time, Staffing and Monetary Resources Necessary to Prosecute this Action .................... 9

  H.  Plaintiff Ross M. Babbitt Purchased His Computer Directly From Lenovo, Giving him a Strong Strategic Advantage as Lead Plaintiff.....................10

IV. CONCLUSION ................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Air Cargo Shipping Services Antitrust Litig.,* 240 F.R.D. 56 (E.D.N.Y. 2006) ................................ 3, 7

*In re Brand Name Prescription Drugs Antitrust Litig.* (N.D. Ill. 1994) ........................................................ 7

*In re Carbon Black Antitrust Litig.,* Case No. 1:03-cv-10191-DPW, MDL NO. 1543 (D. Mass. Nov. 10, 2003) ............................................................................................................................ 7

*In re Foundry Resins Antitrust Litig.,* 242 F.R.D. 393 (S.D. Ohio 2007) .................................................. 7

*In re Polyester Staple Antitrust Litig.,* Case No. 3:03-cv-01516-RLV, MDL No. 1516 (W.D.N.C. June 16, 2003) ................................................................................................................ 7

*Parkinson v. Hyundai Motor Am.*, 2006 U.S. Dist. LEXIS 59055 (C.D. Cal. Aug. 7, 2006) ...................... 4

*Unruh v. Truck Ins. Exch.*, 7 Cal. 3d 616 (1972) .................................................................................. 6-7

## Statutes

18 U.S.C. § 2511 .................................................................................................................................... 2

18 U.S.C. § 1030 .................................................................................................................................... 2

18 U.S.C. 1961. ................................................................................................................................. 2, 6

## Rules

Federal Rule of Civil Procedure 23(g) ............................................................................................ *Passim*

## Treatises

Manual for Complex Litigation § 21.11 4th ed. (2006) .......................................................................... 1

Manual for Complex Litigation § 21.27 4th ed. (2006) .......................................................................... 4

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 9:00 a.m. on July 17, 2015, or as soon thereafter as the matter may be heard by the Court, at the courtroom of the Honorable Ronald M. Whyte, Courtroom 6, 4th Floor, United States District Court, 280 South 1st Street, San Jose, CA 95113, Plaintiff Ross M. Babbitt ("Plaintiff"), will and hereby does move the Court for an Order pursuant to Fed. R. Civ. P. 23(g) appointing Interim Class Counsel for the Plaintiff Class in the above-captioned actions ("Motion"). Plaintiff's Motion requests the Court order the following:

(1) the appointment of Joseph R. Saveri of the Joseph Saveri Law Firm, Inc. as Plaintiffs' Interim Class Counsel;

(2) alternatively, the establishment of a Plaintiffs' Interim Class Counsel Executive Committee consisting of Mr. Saveri and Daniel R. Karon of Karon LLC; and

(3) the appointment of Joseph R. Saveri as Chair of the Plaintiffs' Interim Class Counsel Executive Committee.

The Motion consists of this Notice and Motion, the following memorandum of points and authorities in support of the Motion, the concurrently filed Declaration of Joseph R. Saveri and Exhibits A and B attached thereto, the concurrently filed [Proposed] Order, as well as any other papers and argument submitted to the Court before or at hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Pursuant to Fed. R. Civ. P. 23(g), Plaintiff Ross M. Babbitt ("Plaintiff") moves for an Order appointing Joseph R. Saveri of the Joseph Saveri Law Firm, Inc. ("Joseph Saveri Law Firm") Interim Class Counsel for the Plaintiffs in the above-captioned actions (the "Lenovo Actions").

Consistent with Rule 23(g) and sound principles of case management, the Court should appoint interim leadership for the plaintiffs at this juncture. *See* MANUAL FOR COMPLEX LITIG. 4th ed. (2006) (the "Manual"), § 21.11 at 246.[1] Appointing Mr. Saveri to the leadership structure will ensure this complex litigation proceeds at once without further delay. Appointment of leadership for the plaintiffs is a necessary prerequisite for Plaintiff's counsel to work with counsel for defendants on basic case management issues, for the negotiation of pretrial orders and to provide the structure for communication with the Court on behalf of the class and all plaintiffs.

Alternatively, Plaintiff moves for the appointment of a Plaintiffs' Interim Class Counsel Executive Committee ("Executive Committee") consisting of  Joseph R. Saveri of the Joseph Saveri Law Firm, Inc., and Daniel R. Karon of Karon LLC. Plaintiff also moves for the approval of Joseph R. Saveri as Chair of this Executive Committee. Plaintiff submits that appointment of a liaison counsel is not needed here given that Mr. Saveri is located in San Francisco and can perform the tasks traditionally associated with liaison counsel.

The leadership slate and structure proposed by Plaintiff in its Motion demonstrate that proposed Interim Class Counsel—both collectively and individually—possess the requisite expertise, credentials and judgment to lead the Lenovo Actions. Further, as the materials submitted in support of the motion show, proposed Interim Class Counsel can be counted on to dedicate the time and resources required of Interim Class Counsel under Rule 23(g). Among other things, counsel conducted extensive research

---

[1] "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement. In cases involving overlapping, duplicative, or competing suits in other federal courts or in state courts, the lawyers may stipulate to the appointment of a lead interim counsel and a steering committee to act for the proposed class. Such a stipulation leaves the court with the tasks of determining that the chosen counsel is adequate to serve as interim class counsel and making a formal order of appointment." *Id.*

and investigation prior to filing their Complaint in this action. Counsel's expertise in the law and extensive research and analysis resulted in claims which are unique to the Babbitt Complaint, including two claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and several unique state law claims not pleaded in any other cases on file. As addressed below, the Plaintiff Class will be represented by counsel with superior leadership, expertise and the substantive knowledge necessary to prosecute these claims on behalf of the class. Proposed Lead Counsel have a track record of success in prosecuting complex cases similar to these actions going back over 25 years. They are leading members of the private plaintiffs' bar and have contributed to the advancement of class action jurisdiction.

As the proposal satisfies Rule 23(g) and accomplishes its purposes, Plaintiff respectfully requests that the Court grant his Motion to Appoint Interim Class Counsel and to enter the [Proposed] Order submitted with this Motion.

## II.      Background

On April 15, 2015, Plaintiff Ross M. Babbitt filed a Class Action Complaint ("Complaint") against Lenovo and Superfish ("Defendants") on behalf of himself and a nationwide class of plaintiffs (the "Plaintiff Class") who purchased Lenovo computers containing Superfish adware between January 1, 2015 and the present. As alleged in the Complaint, the Superfish adware embedded in these computers' operating systems functioned by replacing ads that would normally appear in websites the user visits with targeted ads placed by clients of Superfish. The advertisers paid Superfish for this service, and Superfish paid Lenovo for access to its computers. But the adware operated in a way that made the users' computers extremely vulnerable to attack by hackers, thereby harming the members of the Plaintiff Class. All of this activity, the vulnerabilities it created, and the harm it caused were concealed from Plaintiffs.

Once the problems with the affected Lenovo computers came to light, Plaintiff retained counsel with a track record of success in this district. Counsel investigated the facts and the applicable law and filed the Complaint in this action. The Complaint asserts a number of causes of action under federal and state law, including violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. 1961 *et seq.*), the Computer Fraud and Abuse Act (18 U.S.C. § 1030, *et seq.*), and 18 U.S.C. § 2511

(Interception and disclosure of wire, oral, or electronic communications), as well as several state law claims, including civil conspiracy and other claims. Plaintiff seeks monetary damages, injunctive relief, pre- and post-judgment interest, attorneys' fees and costs, and other equitable remedies. Following proceedings before the Judicial Panel on Multidistrict Litigation ("JPML"), all cases arising from this particular set of facts which were not already assigned to this Court were transferred to this Court by order of the JPML on June 8, 2015.

Ross M. Babbitt purchased his Lenovo computer directly from Lenovo.com. Under the Terms and Conditions of his purchase, the agreement is governed by the laws of New York State. This is significant because naming Mr. Babbitt Lead Plaintiff will resolve any predominance issues regarding choice of law, whereas other plaintiffs' claims may be subject to state consumer laws of limited scope and applicability.

Plaintiff now moves the Court for an order permitting these cases to proceed efficiently and expeditiously under the leadership structure proposed herein.

## III.   Argument

### A.   The Court Should Appoint Interim Class Counsel Before Class Certification

Under Rule 23(g)(3), a court has discretion whether to appoint class counsel before class certification.[2] In cases where "multiple overlapping and duplicative class actions" are pending, interim class counsel designation is "probably essential for efficient case management." *In re Air Cargo Shipping Services Antitrust Litig.,* 240 F.R.D. 56, 57 (E.D.N.Y. 2006). A court considering the appointment of class counsel must consider the following criteria: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The focus in appointing lead counsel should be on the best interest of the parties and the court. In determining an appropriate leadership, the Manual urges the court to ensure that designated

---

[2] A court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Id.*

counsel fairly represent the various interests in the litigation. Manual § 21.27 at 278. *See* Fed. R. Civ. P 23(g)(4).[3]

### B.     The Joseph Saveri Law Firm is Eminently Qualified to Be Interim Class Counsel

The Joseph Saveri Law Firm and its attorneys have extensive class action experience and have successfully litigated some of the most complex class actions in the last two decades. The firm's litigation experience—as discussed below as well as in the Firm Resume attached as Exhibit A to the concurrently filed Declaration of Joseph R. Saveri—amply demonstrates that The Joseph Saveri Law Firm has extensive knowledge of the relevant law, the resources for effective representation of the Plaintiff Class and proven ability to reach superior results for parties injured by abusive and illegal practices.

Since its founding in 2012, the Joseph Saveri Law Firm has quickly developed a track record of successful advocacy through prosecuting complex civil cases and class actions in federal and state courts throughout the United States on behalf of its clients. Over the last three years, courts have appointed the Joseph Saveri Law Firm to leadership positions in a number of cases in this district and in federal courts across the United States, as well as in California state courts, including:

- *In re Titanium Dioxide Antitrust Litigation*, **Case No. 10-cv-00318-RDB (D. Md.):** Joseph Saveri Law Firm served as Co-Lead Counsel with Gold Bennett, representing a class of direct purchasers of titanium dioxide who alleged price-fixing. Mr. Saveri was responsible for all phases of the litigation and trial preparation. The case settled on the day before trial was to start, and yielded settlements totaling $163.5 million.

- *In re High-Tech Employee Antitrust Litigation*, **Case No. ll-CV-2509 (N.D. Cal.)**: Mr. Saveri currently serves as one of the Lead Counsel, and his tireless prosecution of this on the case has been profiled throughout the traditional and Internet media (Wall Street Journal, New York Times, Wired, CBS News, etc.) over the last four years. Mr. Saveri investigated and initiated the litigation and has been responsible for all phases of the litigation, which names as defendants many of the most powerful companies in Silicon Valley. In 2013, three of the smaller defendants settled for $20 million. The remaining defendants have agreed to a $415 million settlement, for which final approval is currently being sought from the court..

---

[3] While neither Rule 23(g) nor the Advisory Committee Notes explicitly set forth the standards to be applied in choosing *interim* class counsel, courts have held that the same factors that apply in choosing class counsel upon class certification apply in choosing interim class counsel. *See Air Cargo,* 240 F.R.D. at 57 ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."); *Parkinson v. Hyundai Motor Am.,* No. CV06-345AHS (MLGX), 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably the same factors apply, however.").

- ***In re Cipro Cases I and II***, **JCCP Nos. 4154 and 4220 (Cal.):** Mr. Saveri serves as one of the Lead Counsel in the cases pending in the California state courts, which involve state law antitrust claims against pharmaceutical drug companies that entered a reverse payment settlement for the blockbuster antibiotic Cipro. Mr. Saveri has been responsible for all phases of the litigation, including researching the claims, drafting the complaint, briefing successful motions on the pleadings, creating a discovery plan, organizing discovery, successfully briefing and arguing motions for class certification at the trial court and in the court of appeals, developing expert testimony and taking and defending expert depositions, and briefing the appeal to the California Supreme Court. Prior to the U.S. Supreme Court's decision in *FTC v. Actavis*, 570 U.S. _, 133 S. Ct. 2223 (2013), the parties reached a settlement with Bayer Corporation totaling $74 million. The litigation continues against the generic drug manufacturing defendants. On May 7, 2015, the California Supreme Court held in a unanimous decision that "Parties illegally restrain trade when they privately agree to substitute consensual monopoly in place of potential competition." The Court rejected the "scope-of-the-patent" test applied by the lower courts, and instead pronounced a "structured rule of reason" test to determine the legality of pay-for-delay settlements under California's Cartwright Act. *In re Cipro Cases I & II*, 61 Cal. 4th 116, 160 (2015).

- ***In re Lidoderm Antitrust Litigation***, Mr. Saveri serves as Court-appointed Liaison Counsel for the Indirect Purchaser Plaintiffs which involve state law claims against pharmaceutical drug companies that entered a reverse payment settlement for the local anaesthetic drug Lidoderm.

Joseph R. Saveri, the firm's founder, has more than 25 years of professional and leadership experience prosecuting class action claims on behalf of businesses, entrepreneurs, individuals, consumers, and public officials. In 1992, Mr. Saveri joined the plaintiffs' firm that would eventually become Lieff, Cabraser, Heimann & Bernstein ("Lieff"). During his 20 years at Lieff, Mr. Saveri founded and chaired the firm's Antitrust and Intellectual Property Practice Group, and this award-winning practice group—which he led until leaving Lieff in 2012 to open the Joseph Saveri Law Firm—generated settlements of over $4 billion through prosecuting various landmark antitrust class actions. Representative matters during Mr. Saveri's practice with Lieff include the following:

- ***In re TFT-LCD (Flat Panel) Antitrust Litigation***, **MDL 1827 (N.D. Cal.):** Under Mr. Saveri's direction, Lieff was appointed Co-Lead Counsel on behalf of the direct purchaser class. On Lieff's behalf and until he left to form his own firm, Mr. Saveri directed and managed the day-to-day operation of the litigation, including all phases of discovery prior to commencement of the trial. Mr. Saveri developed the direct purchaser class' strategy to conduct document and deposition discovery directed a multiple defendant entities that spanned the globe and concerned tens of millions of pages of documents, a significant portion of which was composed in languages other than English.

- ***Meijer Laboratories v. Abbot Laboratories***, **Case No. C. 07-5985 CW (N.D. Cal.):** Mr. Saveri was chosen as one of the lead trial attorneys in this antitrust action alleging monopolization claims against Abbott Laboratories in connection with the anti-HIV drug, Norvir. Following jury selection, the case settled for $52 million.

- ***De Beers Antitrust Litigation:*** In this multifaceted multijurisdictional litigation, Mr. Saveri represented indirect purchasers challenging De Beers SA, the global diamond company, for

monopolizing the rough diamond trade. Mr. Saveri participated in negotiating a settlement that ultimately provided $295 million to purchasers of diamonds and diamond jewelry (including $130 million to consumers), as well as a historic injunction prohibiting De Beers from monopolizing the world rough diamonds supply and fixing polished diamond prices.

Mr. Saveri has served the Court as a Lawyer's Representative during the years 2010–2013. Mr. Saveri participated with Magistrate Judge LaPorte and Magistrate Judge Ryu in creating the Court's E-Discovery (ESI) Guidelines (*see* E-Discovery (ESI) Guidelines, available at http://www.cand.uscourts.gov/eDiscoveryGuidelines). Mr. Saveri participated in the committee which created the Court's Expedited Trial Program (*see* General Order 64, available at www.cand.uscourts.gov/filelibrary/791/GO64.pdf ). Mr. Saveri regularly speaks on the subjects of complex litigation, class actions, electronic discovery and antitrust litigation.

Mr. Saveri is known for a leadership style which is fair, open-minded and decisive. He has worked with many of the other firms who have filed complaints in this action and is widely respected among them.[4] These qualities, taken together with his vast experience and expertise in successfully prosecuting class actions make Mr. Saveri a strong candidate for Interim Class counsel.

### C. The Joseph Saveri Law Firm has Performed Extensive Investigation, Research and Analysis of This Case

While this case is at its outset and has not substantially advanced, the Joseph Saveri Law Firm's development and advancement of this case goes beyond that of other firms. After conducting a thorough investigation of the facts of this case, the Joseph Saveri Law Firm performed an in-depth analysis of Defendants' actions that resulted several claims which are unique to the Babbitt Complaint. For example, the Babbitt Complaint is the only complaint that alleges violations of the federal Racketeer Influenced and Corrupt Organizations Act based on two separate predicate acts. Babbitt Complaint, ¶¶ 136-156. In an appropriate case, the statute provides a powerful remedy and potential for redress. The investigation and pleading of such a claim evidences the Joseph Saveri Law Firm's deeper understanding of the applicable law and aggressive prosecution of the Plaintiff's rights. The Babbitt

---

[4] See e.g., *In re Capacitors Antitrust Litigation*, Case No 4:14-cv-03264-JD (N.D. Cal.), in which Mr. Saveri is Interim Lead Counsel for the Direct Purchaser Plaintiffs and is working with many of the firms who have filed complaints in this action.

Complaint also contains an allegation of civil conspiracy under California law (*see Unruh v. Truck Ins. Exch.*, 7 Cal. 3d 616, 631 (1972)), once again demonstrating this Firm's thoughtful and aggressive approach to this case. The Complaint also contains claims based on New York State law, which—as discussed above—has strategic advantages for the Class.

> **D.   Joseph Saveri Should Be Appointed Chair of the Interim Class Counsel Executive Committee**

Should the Court decide that multiple firms should be appointed to an Interim Class Counsel Executive Committee, Mr. Saveri should be appointed Chair of the committee. As discussed above, Mr. Saveri has the experience, the knowledge, the resources, and the leadership style to make an effective leader of an Interim Class Counsel Executive Committee. And he is well-known and widely respected among the other firms.

> **1.   The Leadership Structure Should Be Small to Ensure the Action is Pursued in an Efficient and Cost-Effective Manner**

Though it is common in complex cases such as this to appoint more than one firm Interim Class Counsel,[5] a leadership committee which is too large "runs the risk of both inefficiency and unnecessary expense." *In re Air Cargo Antitrust Litig.,* 240 F.R.D. 56, 58 (E.D.N.Y. 2006). Particularly given the fact there are two defendants, the leadership structure should be kept small in keeping with the goal of "achieving efficiency and economy without jeopardizing fairness to the parties." *Id.* A committee consisting of two or perhaps three firms is more than adequate to manage this case effectively.

> **2.   Karon LLC Would Provide an Excellent Complement to the Joseph Saveri Law Firm on the Interim Class Counsel Executive Committee**

Daniel R. Karon has been a class action attorney specializing in consumer fraud and antitrust for over twenty years. Mr. Karon has held leadership positions in many large, complex class actions. His case portfolio has included some of the biggest class actions in recent years, including *LCD-TFT Indirect Purchaser Antitrust Litigation*, *Vitamins Direct Purchaser Antitrust Litigation*, and *NASDAQ Market-*

---

[5] *See, e.g., In re Foundry Resins Antitrust Litig.,* 242 F.R.D. 393, 408 (S.D. Ohio 2007); *In re Air Cargo Antitrust Litig.,* 240 F.R.D. 56, 58-59 (E.D.N.Y. 2006); *In re Polyester Staple Antitrust Litig.,* Case No. 3:03-cv-01516-RLV, MDL No. 1516 (W.D.N.C. June 16, 2003); *In re Carbon Black Antitrust Litig.,* Case No. 1:03-cv-10191-DPW, MDL No. 1543 (D. Mass. Nov. 10, 2003).

*Makers Antitrust Litigation*. These three cases alone produced settlements in excess of $4 billion. Mr. Karon has held leadership positions in many large and complex class actions, including:

>***Schwartz v. Alltel Corp.*, Case No. CV-01-453730 (Court of Common Pleas, Cuyahoga County).** Mr. Karon served as lead counsel in this class action on behalf cell phone customers who purchased calling plans at a rate that was guaranteed not to change "for life," only to told four months later that prices had gone up. The action alleging breach of contract, fraudulent inducement and other violations resulted in a settlement/judgment of $44 million.

>***Pressure Sensitive Labelstock Antitrust Litigation*, Case No. 3:03-MDL-1556 (M.D. Penn.).** Mr. Karon served as class-certification co-chair in this class action, which resulted in a settlement of $44.5 million.

>***EPDM Antitrust Litigation*, Case No. CV-01-453730 (D. Conn.).** Mr. Karon served as briefing co-chair in this class action, which resulted in a settlement of $99.3 million.

>***Bulk Graphite Antitrust Litigation*, Case No. 02-6030 (WHW) (D.N.J.).** Mr. Karon served as discovery co-chair in this class action, which resulted in a settlement in excess of the single damages amount.

Through his work in these large and complicated class actions, Mr. Karon has earned a well-deserved reputation as a team player and a smart, aggressive litigator. He has developed relationships based on trust and mutual respect with many nationally known firms, including several who have filed complaints in this action. He is an effective leader who is able to get results, as reflected in the cases cited above and in Mr. Karon's attached CV.

Mr. Karon has taught class-action law as an adjunct professor of law at the Cleveland-Marshall College of Law at Cleveland State University. He has lectured on class action law at Columbia Law School, Vanderbilt Law School, Notre Dame Law School, Benjamin N. Cardozo School of Law at Yeshiva University, and the Michael E. Moritz College of Law at The Ohio State University, among others. He is the author of over 20 law-review and bar-journal articles, and is a frequent speaker and panelist on class action issues. Indeed, Mr. Karon currently chairs the ABA National Institute on Class Actions, which is generally considered to be nation's leading class-action CLE.

### E.     Proposed Interim Class Counsel Have Substantial Experience in Leading the Prosecution of Class Actions

Rule 23(g)(1)(A)(ii) directs the Court to consider proposed class counsel's experience "in handling class actions, other complex litigation, and the types of claims asserted in the [present] action." As set forth above and in the firm profiles attached as Exhibits A and B to the Declaration of

Joseph R. Saveri, Proposed Interim Class Counsel have decades of substantial experience prosecuting complex class action litigation on behalf of a wide variety of plaintiffs.

**F.      Proposed Interim Class Counsel Have the Requisite Knowledge and Expertise to Prosecute this Complex Class Action**

Rule 23(g)(1)(A)(iii) directs the Court to consider "counsel's knowledge of the applicable law" in the present case. This consideration is quite important in the context of a complex class action—such as the present one—alleging violations of federal and state law.

The Proposed Interim Class Counsel are well-versed in complex litigation and prosecuting class actions in particular. Indeed, a significant amount of the Proposed Interim Class Counsel's overall respective caseloads and practices is dedicated to prosecuting both federal and state class actions throughout the nation, and their successes in these cases have significantly advanced the law. *See* Saveri Decl., Exs. A and B.

**G.      Proposed Interim Class Counsel Will Commit the Time, Staffing and Monetary Resources Necessary to Prosecute this Action**

Proposed Interim Class Counsel have more than sufficient time and monetary resources, as well as the necessary roster of talented attorneys and capable professional staff, to litigate the Direct Purchaser Plaintiff Class' claims efficiently and aggressively and to pursue all necessary avenues of discovery both domestically and abroad. *See* Saveri Decl., Exs. A and B. Indeed, the structure of leadership proposed in this Motion provides the class significant benefits in prosecuting its claims. While each of the firms is more than capable on its own to serve as interim class counsel, there is an evident strength in their pooling of resources. This case will likely require the expenditure of millions of dollars in expenses and attorney time. Together, Proposed Interim Class Counsel compose a leadership structure with the ability to direct and coordinate a broad team of attorneys not only from their own firms, but also from other associated firms located across the country, to advance the Lenovo Class Action, while at the same time ensuring that the action progresses in the most efficient and professional manner.

### H.      Plaintiff Ross M. Babbitt Purchased His Computer Directly From Lenovo, Giving him a Strong Strategic Advantage as Lead Plaintiff

Mr. Babbitt purchased his computer directly from Lenovo on October 31, 2015. Accordingly, his purchase was subject to Lenovo's Terms and Conditions, which include a choice-of-law clause requiring application of New York State law nationwide.

While Rule 23(g) emphasizes counsel's qualifications when considering leadership, inextricably intertwined in this consideration is the strength and viability of counsel's client and this client's ability to withstand procedural challenges under the other parts of Rule 23, particularly Rule 23(b)(3), which, as is commonly known, is the basis upon which most consumer class-action cases fail certification.

Babbitt is in a uniquely strong position with respect to Rule 23(b)(3)'s legal predominance requirement – a position that does not seem to exist among any of the other counsel's clients. In particular, Babbitt purchased his Lenovo laptop from www.lenovo.com, not at retail (such as from Best Buy, Wal-Mart or elsewhere). As part of Babbitt's online purchase, Lenovo required him to agree to a choice-of-law clause that insists on the application of New York law nationwide. *See* Lenovo's mandatory online Terms & Conditions, Saveri Decl., Exhibit C, ¶ 7.6. This clause therefore obviates the need to consider other states' laws on behalf of the various states' class representatives when considering Lenovo's liability since, as Lenovo requires, New York law applies to everyone. Relatedly, to the extent class representatives do not exist for certain states where Lenovo's victims reside, Lenovo's requirement that Babbitt use New York law allows him to pursue claims for victims in these other states, too, thereby avoiding the need to include class representatives from all 50 states. This is a major class-certification advantage that only Babbitt provides and that the class deserves to leverage.[6]

---

[6] While the foregoing class-certification consideration only applies to Lenovo, the present belief is that Superfish is not nearly as financially viable as Lenovo; plus, Lenovo likely has the ability to withstand any eventual settlement or verdict.

## IV.    Conclusion

For the forgoing reasons, Plaintiff respectfully submits that the Court should appoint as Interim Class Counsel Joseph R. Saveri of the Joseph Saveri Law Firm. Alternatively, the Court could create an Interim Class Counsel Executive Committee consisting of the Joseph Saveri Law Firm and Karon LLC, as outlined above and as set forth in the concurrently filed [Proposed] Order.

Dated: June 23, 2015                         JOSEPH SAVERI LAW FIRM, INC.

By:        _/s/ Joseph R. Saveri_
                Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Kevin E. Rayhill (State Bar No. 267496)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
jsaveri@saverilawfirm.com
krayhill@saverilawfirm.com

By:        _/s/ Daniel R. Karon_
                Daniel R. Karon

Daniel R. Karon (*pro hac vice* pending)
Beau D. Hollowell (*pro hac vice* pending)
KARON LLC
700 W. Saint Clair Ave.
Cleveland, OH 44113
Telephone:  (216) 622-1851
Facsimile:   (216) 241-8175
dkaron@karonllc.com
bhollowell@karonllc.com

NOTICE, MOTION AND MPA ISO MOTION FOR LEAD COUNSEL

Vincent J. Esades (*pro hac vice* pending)
James W. Anderson (*pro hac vice* pending)
HEINS MILLS & OLSON PLC
310 Clifton Ave.
Minneapolis, MN 55403
Telephone: (612) 338-4605
Facsimile:  (612) 338-4692
vesades@heinsmills.com
janderson@heinsmills.com

Derek G. Howard (State Bar No. 118082)
HOWARD LAW FIRM
42 Miller Ave.
Mill Valley, CA 94941
Telephone: (415) 432-7192
derek@dhowlaw.com

*Attorneys for Individual and Representative
Plaintiff Ross M. Babbitt*

Pursuant to Local Rule 5.1(i)(3), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 23, 2015                    By:    */s/ Joseph R. Saveri*