1   ROBBINS GELLER RUDMAN
        & DOWD LLP
2   PATRICK J. COUGHLIN (111070)
3   CARMEN A. MEDICI (248417)
    655 West Broadway, Suite 1900
4   San Diego, CA  92101
    Telephone:  619/231-1058
5   619/685-6920 (fax)
    patc@rgrdlaw.com
6   cmedici@rgrdlaw.com
            – and –
7   SHAWN A. WILLIAMS (213113)
8   Post Montgomery Center
    One Montgomery Street, Suite 1800
9   San Francisco, CA  94104
    Telephone:  415/288-4545
10  415/288-4534 (fax)
11  shawnw@rgrdlaw.com

12  Attorneys for Plaintiff Lukas Pick

13  [Additional counsel appear on signature page.]

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16  In re LENOVO ADWARE LITIGATION      )   Case No. 5:15-md-02624-RMW
                                        )
17                                      )   PLAINTIFFS' JOINT RESPONSE IN
    This Document Relates To:           )   SUPPORT OF MOTION FOR THE
18                                      )   APPOINTMENT OF INTERIM CO-LEAD
        ALL ACTIONS.                    )   CLASS COUNSEL
19                                      )
                                            Date:       July 17, 2015
20                                          Time:       9:00 a.m.
                                            Courtroom:  6 - 4th Floor
21                                          Judge:      Hon. Ronald M. Whyte

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   BRIEF FACTUAL AND PROCEDURAL BACKGROUND ...........................................2

III.  ARGUMENT .........................................................................................................3

IV.  THE COMPETING FIRMS' MOTIONS DEMONSTRATE THAT ROBBINS GELLER AND EDELSON ARE THE MOST EXPERIENCED AND KNOWLEDGEABLE REGARDING CONSUMER TECHNOLOGY AND PRIVACY CLASS ACTIONS, SUCH AS THE CONSOLIDATED ACTIONS .............4

     A.    Robbins Geller and Edelson Have Substantial (and Superior) Experience Litigating Consumer Privacy and Technology Class Actions of Similar Size and Scope ...........................................................................................4

     B.    The Competing Firms' Motions Demonstrate that While They Have Experience in Class Actions Generally, They Lack Comparable Experience in Privacy and Technology Class Actions ...........................................6

V.   THE SUBSTANTIVE WORK PERFORMED TO DATE CONFIRMS THAT ROBBINS GELLER AND EDELSON OFFER THE ONLY UNIQUE CAPABILITIES TO ENHANCE THE STRENGTH OF THE CLASS'S CLAIMS .................................................................................................................7

     A.    The *Hunter* and *Pick* Complaints Demonstrate Robbins Geller and Edelson's Expertise in Privacy Class Actions ..........................................8

     B.    By Contrast, the Complaints Filed by the Competing Firms Show that They Simply Chased the News, and, to the Extent They Performed Any Independent Pre-Suit Investigation, Those Investigations Added No Value Beyond Mere Confirmation of News Reports ..........................................9

          1.    The *Sterling*, *JGX* and *Estrella* Complaints Largely Rehash News Reports and Press Releases, While Copying the *Hunter* Complaint Where Additional Detail Is Needed ................................9

          2.    The *Wood* and *Babbitt* Complaints ...........................................11

     C.    The Work Performed to Date Shows that Robbins Geller and Edelson Have a Superior Understanding of the Factual and Legal Issues, Allowing Them to Proceed Most Efficiently, Especially Relative to the Competing Firms ..........................................................................................................11

VI.  CONCLUSION ....................................................................................................14

1049418_1

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW

- i -

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**CASES**

4

*Crocker v. KV Pharm. Co.*,
 No. 4:09-CV-198 (CEJ), 2009 WL 1297684

5

 (E.D. Mo. May 7, 2009)................................................................6

6

*Four in One Co., Inc. v. SK Foods, L.P.*,
 No. 2:08-cv-03017-MCE-EFB, 2009 WL 747160

7

 (E.D. Cal. Mar. 20, 2009) ...........................................................4, 5

8

*Galicki v. New Jersey*,
 No. 14-cv-169 (JLL), 2014 WL 4979499

9

 (D.N.J. Oct. 6, 2014)..................................................................7

10

*In re Quintus Sec. Litig.*,
 148 F. Supp. 2d 967 (N.D. Cal. 2001) ................................................7

11

12

*In re Sensa Weight Loss Litig.*,
 No. 11-CV-1650-YGR, 2012 U.S. Dist. LEXIS 28178

13

 (N.D. Cal. Mar. 2, 2012)..............................................................3

14

*In re Wachovia Corp. Erisa Litig.*,
 No. 08 Civ. 5320 (NRB), 2008 WL 5459852

15

 (S.D.N.Y. Dec. 29, 2008) .............................................................4

16

*Kehoe v. Fid. Fed. Bank & Trust*,
 421 F.3d 1209 (11th Cir. 2005) ....................................................4, 5, 6

17

18

*Resnick v. AvMed, Inc.*,
 693 F.3d 1317 (11th Cir. 2012) ......................................................5

19

*Satterfield v. Simon & Schuster, Inc.*,
 569 F.3d 946 (9th Cir. 2009) .........................................................5

20

21

*United States v. Boeckman*,
 No. 93-56325, 1994 U.S. App. LEXIS 23282

22

 (9th Cir. Aug. 25, 1994)...............................................................9

23

*White v. Experian Info. Solutions*,
 993 F. Supp. 2d 1154 (C.D. Cal. 2014), *amended*,

24

 2014 U.S. Dist. LEXIS 61433 (C.D. Cal. May 1, 2014) ...............................3

25

26

27

28

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW      - ii -

1

2                                                                                    **Page**

3

**STATUTES, RULES AND REGULATIONS**

4

Federal Rules of Civil Procedure
5          Rule 23(g) ...................................................................................................1, 12
6          Rule 23(g)(1)(A) ..............................................................................................3
           Rule 23(g)(2) ....................................................................................................3
7          Rule 23(g)(3) ....................................................................................................3

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW

I.      INTRODUCTION

The case underlying the competing motions for appointment of interim class counsel is a massive consumer class action that lies at the intersection of highly advanced computer and internet technologies and cutting edge consumer privacy jurisprudence. The putative class is nationwide and exceptionally large. Four sets of counsel seek the Court's appointment under Rule 23(g) of the Federal Rules of Civil Procedure.

Of the four competing motions, one is brought by two law firms that have successfully resolved more of the country's cutting edge privacy and technology related class actions than any others. Those firms, Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Edelson PC ("Edelson") (collectively, the "Firms"), have not only helped shape the law in these emerging practice areas, they have achieved significant monetary compensation for aggrieved consumers, a notable distinction from other firms that seek appointment here. The lawyers in the Robbins Geller and Edelson team not only have the most success representing consumers in privacy and technology cases, but have litigated – through class, merits, and expert discovery, through class certification, to settlement, and to trial – some of the largest and most complex class actions in history, including groundbreaking class actions involving novel privacy and technology issues.

The competing motions also demonstrate that Robbins Geller and Edelson have conducted the most thorough pre-filing and ongoing investigation – the results of which appeared for the first time in the *Pick* and *Hunter* complaints filed by Robbins Geller and Edelson, respectively. Indeed – and confirming Robbins Geller and Edelson's status as leaders in the field – these new allegations led one of the Competing Firms (Cotchett, Pitre & McCarthy LLP ("Cotchett")) to copy no fewer than **nine** paragraphs from the *Hunter* complaint.

And, the Firms have demonstrated an efficient and inclusive approach to the prosecution of these cases. With respect to efficiency, Robbins Geller and Edelson are the only firms seeking lead that attempted to avoid duplicative procedural work prior to consolidation, and instead secured a mutual exchange of relevant information with defendants, agreements on various discovery issues, and an agreement to proceed with an early mediation. They also attempted to include other firms

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW

1    seeking lead appointments in that process – offering to share the information obtained and the results

2    of their own investigations, and extending invitations to participate as equals in any early mediation.

3         For the reasons more fully set forth in their opening motion and herein, given their

4    unmatched experience in privacy and technology related lawsuits, their unparalleled record of

5    results, and their demonstrated commitment to this case, Robbins Geller and Edelson respectfully

6    request the Court's appointment as Interim Co-Lead Class Counsel.

7    **II.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND**

8         As previously detailed, the Consolidated Actions arose from a 2014 partnership between

9    defendants to pre-install Superfish's Visual Discovery software (the "Software") on millions of

10   Lenovo's consumer-oriented computers.  Dkt. No. 6-2, Ex. 3, ¶15 (*Hunter* Complaint).  That

11   partnership, and the installation of Superfish's software, resulted in defendants' interception and

12   monitoring of millions of consumers' online activities, as well as defendants' injection of

13   advertisements into consumers' Internet browsing sessions.  *Id.*, ¶15.

14        Following the public disclosure of the defendants' use of the Software and beginning on

15   February 20, 2015, 28 putative class actions (collectively, "Actions") were filed in 9 District Courts

16   throughout the country. Within five days of the first complaint being filed, Robbins Geller filed a

17   motion before the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate and transfer the

18   Actions for coordinated pretrial proceedings. After full briefing on the motion, on June 8, 2015, the

19   JPML consolidated and transferred the Actions to this Court.  *Sterling* Dkt. No. 38.

20        On June 18, 2015, all plaintiffs stipulated to a schedule regarding the filing and briefing on

21   any motions for the appointment of interim class counsel in the Consolidated Actions.  *See Sterling*

22   Dkt. Nos. 39, 40.  Following that schedule, on June 23, 2015, plaintiffs' counsel in seven of the

23   Consolidated Actions moved to be appointed interim class counsel as follows:

24        1.    **The *Pick* and *Hunter* Actions**:  Robbins Geller and Edelson.

25        2.    **The *Sterling*, *JGX* and *Estrella* Actions**:  Pritzker Levine LLP ("Pritzker
          Levine"); Cotchett; and Girard Gibbs LLP ("Girard Gibbs").

26

27        3.    **The *Wood* Action**:  Block & Leviton, LLP ("Block & Leviton") and Van
          Laningham Duncan PLLC ("Van Laningham").

28

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW                                    - 2 -

1        4.      **The *Babbitt* Action**:   Joseph Saveri Law Firm, Inc. ("Saveri firm").[1]

2        Per the Court's June 24, 2015 Initial Case Management Order, the foregoing plaintiffs'

3   counsel have met and conferred regarding, *inter alia*, the procedure for appointment interim class

4   counsel in the Consolidated Actions (as previously stipulated) and the responsibilities of interim

5   class counsel once appointed. *See Sterling* Dkt. No. 41.

6   **III.    ARGUMENT**

7        "Rule 23(g)(3) grants the Court authority to appoint pre-certification 'interim' class

8   counsel . . . 'if necessary to protect the interests of the putative class,'" prior to certification. *White*

9   *v. Experian Info. Solutions*, 993 F. Supp. 2d 1154, 1169 (C.D. Cal. 2014), *amended*, 2014 U.S. Dist.

10  LEXIS 61433 (C.D. Cal. May 1, 2014) (citations omitted).  In selecting interim class counsel, Rule

11  23(g)(2) requires the appointment of counsel "'best able to represent the interests of the class.'" *Id.*

12  at 1169-70.  Thus, courts typically consider:

13        1.      the work counsel has done in identifying or investigating potential claims in
                  the action;

14

15        2.      counsel's experience in handling class actions, other complex litigation, and
                  the types of claims asserted in the action;

16        3.      counsel's knowledge of the applicable law; and

17        4.      the resources that counsel will commit to representing the class.

18  Fed. R. Civ. P. 23(g)(1)(A); *see also In re Sensa Weight Loss Litig.*, No. 11-CV-1650-YGR, 2012

19  U.S. Dist. LEXIS 28178, at *4-*5 (N.D. Cal. Mar. 2, 2012).

20        As explained in *Pick* and *Hunter's* opening motion, Robbins Geller and Edelson are the best

21  suited of all proposed interim class counsel to represent the Class. Robbins Geller and Edelson have

22  the most relevant experience and have obtained superior results in similar actions.  As a result,

23  Robbins Geller and Edelson were able to perform the most detailed and intensive pre-suit

24  investigations of any of the firms – as reflected in their complaints, which provide far greater detail

25  than the other 26 complaints.  Accordingly, and as set out in greater detail below, Robbins Geller

26  and Edelson should be appointed Interim Co-Lead Class Counsel.

27
28
[1]    The Pritzker Levine; Cotchett; Girard Gibbs; Block & Leviton; Van Laningham; and Saveri firm are collectively referred to herein as the "Competing Firms" and individually, "Competing Firm."

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW                                          - 3 -

**IV.    THE COMPETING FIRMS' MOTIONS DEMONSTRATE THAT ROBBINS GELLER AND EDELSON ARE THE MOST EXPERIENCED AND KNOWLEDGEABLE REGARDING CONSUMER TECHNOLOGY AND PRIVACY CLASS ACTIONS, SUCH AS THE CONSOLIDATED ACTIONS**

While all of the competing motions for interim class counsel appointment are impressive, it is clear that Robbins Geller and Edelson offer an unrivalled combination of resources and experience in privacy and technology class actions such as this. And while class-action experience is key to any leadership analysis, in high-profile multidistrict litigation like this, it is common for all firms involved to be generally successful. Thus, where multiple "firms proposed as co-lead counsel are . . . well qualified [generally]," courts regularly appoint as interim lead the firm or firms that "stand out from the rest with regard to qualifications particularly applicable to [the] case." *Four in One Co., Inc. v. SK Foods, L.P.*, No. 2:08-cv-03017-MCE-EFB, 2009 WL 747160, at *3 (E.D. Cal. Mar. 20, 2009); *see also In re Wachovia Corp. Erisa Litig.*, No. 08 Civ. 5320 (NRB), 2008 WL 5459852, at *1 (S.D.N.Y. Dec. 29, 2008) (noting that "[w]hile [one proposed lead firm was] certainly an experienced firm in the securities class action arena, they did not present as extensive a history in the ERISA context as [the firm appointed lead]").

Here, while several of the Competing Firms are experienced in plaintiffs' class action work generally, none have the significant experience in privacy and technology class actions offered by Robbins Geller and Edelson, and none have obtained the exceptional results such as those obtained by Robbins Geller and Edelson.

**A.    Robbins Geller and Edelson Have Substantial (and Superior) Experience Litigating Consumer Privacy and Technology Class Actions of Similar Size and Scope**

As detailed in their moving papers, Robbins Geller and Edelson have been at the forefront of consumer privacy and technology class actions for years. Robbins Geller, for instance, has been lead counsel in two of the largest privacy class actions to date, *Kehoe v. Fid. Fed. Bank & Trust*, 421 F.3d 1209 (11th Cir. 2005),[2] and *In re Trans Union Corp. Privacy Litig.*, MDL No. 1350 (N.D. Ill.),

---

[2]    *Kehoe* involved a bank's violation of the federal Driver's Privacy Protection Act ("DPPA") by purchasing the personal driver's licence information of over 500,000 Florida residents. Following summary judgment in favor of the bank on the ground that the DPPA required proof of actual damages in order to be entitled to statutory damages, the Eleventh Circuit reversed in a seminal

1  which settled for $50 million and $75 million, respectively. Robbins Geller was also co-lead counsel

2  in *In re Sony Gaming Networks & Consumer Data Sec. Breach Litig.*, MDL No. 2258 (S.D. Cal.),

3  which involved 65 consolidated class actions, eventually resulted in a class settlement valued at over

4  $15 million.

5       Edelson, for its part, is recognized as a "pioneer[] in the electronic privacy class action field,

6  having litigated some of the largest consumer class actions in the country on this issue." *In re*

7  *Facebook Privacy Litig.*, No. 10-cv-2389, Dkt. No. 69, at 5 (N.D. Cal. Dec. 10, 2010).  Edelson has

8  been involved in a variety of groundbreaking data privacy and security class actions, having obtained

9  some of the largest settlements and seminal decisions in the field.  *See, e.g.*, *Satterfield v. Simon &*

10  *Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (holding that Telephone Consumer Protection Act

11  applies to text messages sent to cellular telephones, and directly leading to Edelson recovering well

12  over $100 million for consumers through dozens of settlements in similar cases); *Resnick v. AvMed,*

13  *Inc.*, 693 F.3d 1317 (11th Cir. 2012) (holding that data breach victim stated cause of action for unjust

14  enrichment arising from insurer's failure to deliver privacy protections, independent of any incidence

15  of actual identity theft).  Particularly relevant here, Edelson was class counsel in *Harris v. comScore*,

16  No. 11-cv-5807 (N.D. Ill.), a class action where – much like here – a leading online data analytics

17  company allegedly installed spyware on consumers' computers and accessed and intercepted

18  computer files and online communications without consent. After certifying a class of approximately

19  10 million consumers (believed to be the largest damages class adversarially certified in any privacy

20  case to date), Edelson negotiated a $14 million, non-reversionary settlement that paid claiming class

21  members nearly $600 each.

22       Without question, Robbins Geller and Edelson "stand out from the rest with regard to

23  qualifications particularly applicable to this case," and are more than fit to act as interim co-lead

24  class counsel in this case.  *Four in One Co.*, 2009 WL 747160, at *3.

25

26

---

27  privacy law decision, concluding that "[a] plaintiff need not prove actual damages to recover
   liquidated damages for a violation of the DPPA." *Id.* at 1217.  Robbins Geller settled the *Kehoe*

28  action for $50 million after full briefing on class certification.

1049418_1

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW                                    - 5 -

1

**B.     The Competing Firms' Motions Demonstrate that While They Have Experience in Class Actions Generally, They Lack Comparable Experience in Privacy and Technology Class Actions**

2

3      By contrast, while the Competing Firms have track records of bringing class actions,

4    generally, none have the demonstrated experience in consumer privacy cases necessary to most

5    effectively prosecute this action on behalf of the Class.

6          For instance, while Block & Leviton; Pritzker Levine; Cotchett; and Saveri firm all have

7    experience in class actions generally, none have identified any relevant or analogous consumer

8    privacy or technology class actions that they have prosecuted.[3]  When compared to Robbins Geller

9    and Edelson, then, those firms fall short. *See Crocker v. KV Pharm. Co.*, No. 4:09-CV-198 (CEJ),

10   2009 WL 1297684, at *2 (E.D. Mo. May 7, 2009) (finding firm's lack of experience in the particular

11   type of suit at issue, when contrasted with competing firm, dispositive in lead counsel analysis).

12         Girard Gibbs does describe some experience in plaintiffs' privacy class actions; however, the

13   results it obtained contrast sharply with those achieved by Robbins Geller and Edelson. While

14   Robbins Geller and Edelson have collectively recovered hundreds of millions in cash payments for

15   consumers in privacy class actions, Girard Gibbs's privacy cases have resulted in paltry recoveries,

16   at best.  For example, in support of its leadership motion, the two HMO data breach cases cited by

17   Girard Gibbs resulted only in class members receiving credit monitoring and being eligible for a

18   class distribution *only if they were able to show identity theft damages*. *Whitaker v. Health Net of*

19   *California, Inc.*, No. 11-cv-910 (E.D. Cal.); *Shurtleff v. Health Net of California*, No. 34-2012-

20   00121600-CU-CL (Sac. Cnty. Sup. Ct.).  By contrast, Robbins Geller has recovered cash for victims

21   of privacy breaches, even without a requisite showing of identity theft.  *See In re Sony Gaming*

22   *Networks*, MDL No. 2258; *Trans Union Privacy*, MDL No. 1350 (N.D. Ill.); *Kehoe*, No. 03-80593-

23   CIV-HURLEY/LYNCH (S.D. Fla.).  Likewise, Edelson has, on two separate occasions, negotiated

24   data breach settlements where class members have been entitled to cash payments regardless of

25   whether they suffered any identity theft, on the theory that they did not receive the full value of the

26   services they paid for (*i.e.*, private and secure services).  *See Resnick v. AvMed, Inc.*, No. 10-cv-

27

28

---

[3]    The Saveri firm, for its part, is a very successful ***antitrust*** firm, as highlighted by their resumes and cited successes. But this is not an antitrust case.

1049418_1

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW                                    - 6 -

1   24513 (S.D. Fla.) (cash payment of up to $30 per claiming class member without showing of identity

2   theft); *In re LinkedIn User Privacy Litig.*, No. 12-cv-3088 (N.D. Cal.) (providing for approximately

3   $15 per claiming class member without showing of identity theft). Thus, while Girard Gibbs may

4   have knowledge of the applicable fields of law, its results obtained fall far short of the standard set

5   by Robbins Geller and Edelson.  *See In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 981 (N.D. Cal.

6   2001) (noting that the "acid test for any plaintiff firm is its ability to produce a superior recovery").

7        Finally, with due respect, Van Laningham (co-counsel with Block & Leviton) not only lacks

8   experience in the privacy and technology class action field, it does not appear to have experience

9   prosecuting class actions at all, much less trying them to a jury.[4]  Absent such experience, the Van

10  Laningham firm cannot be the best option for representing the proposed class.  *See Galicki v. New*

11  *Jersey*, No. 14-cv-169 (JLL), 2014 WL 4979499, at *2 (D.N.J. Oct. 6, 2014) (denying firm's motion

12  to be appointed as lead where "the Court note[d] that [it was] highly experienced – and successful –

13  in representing plaintiffs in a variety of personal injury matters," but "there [was] no indication from

14  the papers submitted that said law firm ha[d] any experience in instituting and/or litigating class

15  actions or mass tort claims").

16  **V.   THE SUBSTANTIVE WORK PERFORMED TO DATE CONFIRMS**
     **THAT ROBBINS GELLER AND EDELSON OFFER THE ONLY UNIQUE**

17   **CAPABILITIES TO ENHANCE THE STRENGTH OF THE CLASS'S**
     **CLAIMS**

18        As a result of their substantial experience in privacy and technology class actions, Robbins

19  Geller and Edelson already demonstrated the value they add to this litigation. That is, through their

20  detailed investigative efforts to date, along with their promotion of efficiencies for all parties and the

21  Court, Robbins Geller and Edelson have shown that their continued leadership of the Consolidated

22  Actions will deliver superior results.  *See In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184,

23  186 (S.D.N.Y. 2008) (awarding lead counsel position to firms that "expended substantially more

24

25

26  ───────────────
     [4]    As noted in their opening motion, Robbins Geller attorneys tried to verdict a multi-billion dollar
27  securities fraud class action in the Northern District of Illinois, *Jaffe v. Household Int'l, Inc.*, No. 02-
     C-5893 (N.D. Ill.).  Recently, the Seventh Circuit remanded on very narrow grounds, and Robbins
28  Geller is currently gearing up for a second, albeit more limited trial.

1    effort and resources" to their investigation "and obtained more substantial and more valuable and

2    reliable information").

3        A.    **The *Hunter* and *Pick* Complaints Demonstrate Robbins Geller and Edelson's Expertise in Privacy Class Actions**

4

5        Rather than simply relying on news reports and press releases, the *Pick* and *Hunter*

6    complaints both include detailed allegations demonstrating not only the depth of their attorneys' pre-

7    suit investigations, but also the extent of their understanding of the key factual and legal issues

8    involved.  While other firms were content to recite merely "what happened," Robbins Geller and

9    Edelson went far beyond that, discussing the critical questions of "why" and "how" the privacy and

10   security breach happened.  For instance, *Pick*'s counsel at Robbins Geller, upon discovery of

11   Lenovo's operation of the  Software, provided detailed and thorough allegations in their complaint

12   concerning the means by which the Software operated and infected computers.  Dkt. No. 6-2, Ex. 4,

13   ¶¶15-29 (*Pick* Complaint).  Whereas other firms were content with rote recitation of news articles

14   and press releases, *Pick*'s investigation started at the foundation of internet security, and then

15   gradually worked up to the explanation of how the Software undermined that security.

16       Likewise, *Hunter*'s counsel at Edelson performed an extensive technical analysis of the

17   Software at issue, allowing for the allegation of facts going above and beyond those included in

18   media reports. For instance, by performing a network protocol analysis of the web traffic to and from

19   a Lenovo laptop infected with the Software, Edelson revealed that the Software utilized third-party

20   Komodia's Redirector application to intercept communications through its so-called transparent

21   "local proxy" feature.  Dkt. No. 6-2, Ex. 3, ¶27 (*Hunter* Complaint).  Moreover, *Hunter*'s

22   investigation showed that the Software was designed to leave behind the Superfish Root Certificate,

23   even after the Software was uninstalled. *Id.*, ¶24; *see also* Gregg Keizer, *More lawyers swoop down*

24   *on Lenovo, Superfish with class-action lawsuits in hand*, Computerworld (Feb. 24, 2015) (*available*

25   *at* http://www.computerworld.com/article/2888453/more-lawyers-swoop-down-on-lenovo-superfish-

26   with-class-action-lawsuits-in-hand.html) (contrasting *Hunter* and *Sterling* complaints, and noting

27   that "[o]f the two . . . , *Hunter*'s was the more interesting as it relied not only on press reports about

28

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW         - 8 -

1  Superfish's vulnerability and Lenovo's actions both before and after last week's explosion of

2  information, but also dug a bit deeper and offered insights into the adware's operation").

3      Taken as a whole, Robbins Geller and Edelson's extensive privacy class action experience,

4  along with their intensive investigations into the facts underlying their clients' complaints,

5  demonstrate that they can and will continue to add exceptional value to this litigation.[5]

6      **B.**    **By Contrast, the Complaints Filed by the Competing Firms Show that**
    **They Simply Chased the News, and, to the Extent They Performed**

7      **Any Independent Pre-Suit Investigation, Those Investigations Added**
    **No Value Beyond Mere Confirmation of News Reports**

8      By contrast, the complaints filed by the Competing Firms – *Sterling*, *JGX*, and *Estrella* by

9

10  Pritzker Levine, Cotchett, and Girard Gibbs, respectively; *Wood* by Leviton & Block and Van

Laningham; and *Babbitt* by the Saveri firm – simply parrot news reports and press releases regarding

11  Lenovo's conduct, at best; and at worst, they actually copy (at times, word-for-word) the allegations

12  in the *Hunter* complaint filed by Edelson.

13      **1.**    **The *Sterling*, *JGX* and *Estrella* Complaints Largely Rehash**

14      **News Reports and Press Releases, While Copying the *Hunter***
    **Complaint Where Additional Detail Is Needed**

15      The *Sterling* and *Estrella* complaints, like many of the 28 complaints filed against

16

17  defendants, draw their operative facts from news reports and Lenovo press releases, with their

investigations seemingly functioning only to confirm media reports.  *See* Dkt. No. 5 at 4-5.  The *JGX*

18  complaint, filed by the Cotchett firm, is largely rooted in the same quotes from news reports and

19

20     5   Robbins Geller and Edelson's team will include, *inter alia*, Robbins Geller's Patrick Coughlin,
one of the most experienced and successful litigators in the country, and certainly in the state of

21  California.  Coughlin developed his trial skills as an Assistant United States Attorney in the District of
Columbia and the Southern District of California, handling dozens of felony cases and countless

22  misdemeanors, ranging from white-collar fraud to serious armed felonies.  *See, e.g.*, United *States v.
Brown*, No. 850342 (D.D.C.) (a seven month long RICO trial, one of the largest RICO cases ever

23  brought by the government); *United States v. Boeckman*, No. 93-56325, 1994 U.S. App. LEXIS
23282 (9th Cir. Aug. 25, 1994) (one of the first federal murder-for-hire prosecutions).  Upon moving

24  into private practice, Coughlin has enjoyed continuous and substantial success.  Coughlin served as
lead counsel in the country's biggest securities case, Enron, where he recovered $7.3 billion, and as

25  plaintiffs' counsel in the Joe Camel cigarette ad case, where he helped secure a $12.5 billion
judgment for the cities and counties of California.  *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. H-01-

26  3624 (S.D. Tex.).  Coughlin has also litigated to trial countless other cases, and recently recovered the
largest civil antitrust lawsuit ever, recovering billions for class members.  *See In re Payment Card

27  Interchange Fee & Merchant Discount Antitrust Litig.*, No. 05-MD-1720 (E.D.N.Y.).  No other
movant can match this level of experience and guarantee the same quality of advocacy on behalf of

28  the putative class.

1    press releases, but goes a step further and copies (verbatim in some places, and nearly so in others)

2    no fewer than **nine paragraphs** from the *Hunter* complaint, which was prepared and filed by

3    Edelson two weeks prior.[6]  Likewise, the *Sterling* complaint has, at most, two paragraphs that

4    attempted to show an understanding of the underlying facts that were not gleaned directly from the

5    (commonly cited) articles published the day that the Software was widely revealed.  *Sterling* Dkt.

6    No. 1, ¶¶27-28 (*Sterling* Complaint).  Otherwise, the complaint merely consolidated the news.

7

---

8    [6]   For instance, despite its assertions that it "met with industry consultants" and performed a detailed investigation, the Cotchett firm's JGX complaint cribs *Hunter's* characterization of "electronic storage" under the ECPA, noting that it "includes communications in intermediate

9    storage that have not yet been delivered to their intended recipient."  *JGX* Dkt. No. 1, ¶ 66 (*JGX* Complaint); Dkt. No. 6-2, Ex. 3, ¶68 (*Hunter* Complaint).  This unattributed copying continues in

10    the ensuing paragraphs.  *Compare*, for example:

11

12       •   Defendants accessed facilities through which electronic communication services are provided via the Superfish Software. Specifically, Plaintiff's and the Class' computers provide electronic communications services that include operating as

13         printer servers and wireless networking providers (*e.g.*, with Bluetooth or Wi-Fi), among others. *JGX* Dkt. No. 1, ¶68 (*JGX* Complaint).

14   *with*

15

16       •   Defendants accessed facilities through which electronic communications services are provided through their Superfish Surveillance Software. Specifically, Plaintiff's and

17         the Class's computers provide electronic communications services that include operating as printer servers and wireless networking providers (*e.g.*, with Bluetooth

18         or WiFi), amongst others. Dkt. No. 6-2, Ex. 3, ¶71(*Hunter* Complaint);

19   *and*

20       •   Modern web applications communicate in near real time over the Internet, meaning that when Plaintiff and the Class access such web applications by visiting webpages,

21         their Internet browsers act as portals to facilities that provide electronic communications services, such as electronic bulletin boards, electronic mail servers,

22         and computer server centers.  *JGX* Dkt. No. 1, ¶69 (*JGX* Complaint).

23   *with*

24       •   Modern web applications communicate in near real-time over the internet, meaning that when Plaintiff and the Class access such web applications by visiting web pages,

25         their internet browsers act as portals to the facilities that provide electronic

26         communications services, such as electronic bulletin boards, electronic mail servers, and computer server centers.  Dkt. No. 6-2, Ex. 3, ¶72 (*Hunter* Complaint).

27

28   *Compare* also *JGX* Dkt. No. 1, ¶¶66, 70-75 (*JGX* Complaint) *with* Dkt. No. 6-2, Ex. 3, ¶¶ 68, 73-78 (*Hunter* Complaint).

1049418_1

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW      - 10 -

1    Thus, while the *Sterling* and *Estrella* plaintiffs characterize their complaints as reflecting the

2    results of their independent investigations, there is, as discussed above, little evidence to support that

3    characterization. And while they claim that the *JGX* complaint was the result of "me[eting] with

4    industry consultants about the Superfish program's underlying technology," and "analyz[ing] the

5    results of virus scan programs like the McAfee PUP detection and ODS logs on affected computers,"

6    in reality, the *JGX* complaint is "the result of" a cut-and-paste of Edelson's work-product. Dkt. No.

7    5 at 4. Indeed, that complaint – in light of its copying of the *Hunter* complaint – reflects Edelson's

8    investigation more than any investigation conducted by Cotchett or any of the other Competing

9    Firms.

10                    **2.      The *Wood* and *Babbitt* Complaints**

11    The *Wood* and *Babbitt* complaints – filed approximately two weeks, and two months,

12    respectively, after the first complaint in the Consolidated Actions – much like the *Sterling* and

13    *Estrella* complaints, rely wholeheartedly on news reports and Lenovo's press releases. *See Wood*

14    Dkt. No. 1 (*Wood* Complaint); *Babbitt* Dkt. No. 1 (*Babbitt* Complaint). The complaints do not

15    appear to include **any** allegations derived from an independent pre-suit investigation, nor do the

16    *Babbitt* or *Wood* plaintiffs' motion to appoint interim class counsel claim that any such investigation

17    took place. *See* Dkt. Nos. 3, 7.

18    **C.      The Work Performed to Date Shows that Robbins Geller and Edelson**
        **Have a Superior Understanding of the Factual and Legal Issues,**
19      **Allowing Them to Proceed Most Efficiently, Especially Relative to the**
        **Competing Firms**

20

21    As explained in their opening motion, since the filing of their complaints, Robbins Geller and

22    Edelson have continued to work diligently to advance the interests of the Class and to promote

23    efficiencies in the litigation where possible. These efforts have included, *inter alia*, early

24    informational exchanges with defendants, offering to share with the Competing Firms the substance

25    of their own investigations and their discussions with defendants, securing defendants' agreement to

26    proceed with an early mediation, consulting with leading industry groups and experts, such as the

27    Electronic Frontier Foundation, and efforts to coordinate the (previously distinct) actions to avoid

28

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW                                    - 11 -

duplication.  *See* Dkt. No. 6 at 5-8.  By contrast, the Competing Firms' efforts have largely been inefficient, ineffectual, or purely political.

For instance, counsel for the *Sterling*, *JGX* and *Estrella* plaintiffs tout the fact that their counsel "took the lead in drafting a joint opposition to the motion filed before the JPML to transfer the litigation to the Eastern District of North Carolina," in addition to moving to relate subsequently filed actions to *Sterling*, and "conferr[ing] with defense counsel and other plaintiffs' counsel."  Dkt. No. 5 at 5.  What they fail to mention, however, is that they:

1.  Refused to stipulate to a stay of the Consolidated Actions pending the Panel's decision on consolidation and transfer (a stay that was ultimately granted, over the *Sterling* plaintiffs' objection (*see Sterling* Dkt. No. 37)).  That, despite purportedly seeking to avoid duplication of effort or the need for judicial intervention, (*id.*) and Robbins Geller's and Edelson's requests that they do so in order to secure defendants' agreement to an early production of certain relevant information;

2.  Refused to engage in any preliminary discussions regarding early resolution, let alone an early mediation, despite defendants' desire to engage in early mediation, Robbins Geller and Edelson inviting them to participate as equals, and despite Robbins Geller and Edelson deferring to their selection of mediator and scheduling of mediation;

3.  Refused to take Robbins Geller and Edelson up on their offers to share the results of their internal investigations, or their discussions and informational exchanges with the defendants; and

4.  Failed to otherwise substantively advance the litigation – *e.g.*, by obtaining relevant information from defendants.

Thus, when viewed as a whole, counsel for the *Sterling*, *JGX* and *Estrella* plaintiffs have actually worked against the efficient advancement of the litigation to the benefit of the Class.[7]

Likewise, the *Wood* plaintiffs' counsel have taken a "more is better" approach to motion practice thus far, having fully briefed a motion for a preliminary injunction and for expedited

---

[7]  The *Sterling* plaintiffs understandably choose to focus less on past successes in privacy/technology class actions and more on which copy-cat filers "support" their proposed leadership.  But Rule 23(g) and cases applying it describe the factors to be considered in appointing interim class counsel, and claiming popular votes of other lawyers is not one of them.  In any event, each movant, including Robbins Geller and Edelson, certainly have the support of many non-movants.  Given that the Sterling group raised the issue, it is worth noting that it double-counts the so-called "support" of some attorneys.  *See, e.g.*, *Johnson v. Lenovo and Thweatt v. Lenovo* (both filed by Federman & Sherwood as counsel for plaintiff; both supporting the Sterling group); *Phillips v. Lenovo* and *Wood v. Lenovo* (N.D. Cal.) (both filed by Weitz & Luxenberg, P.C. as counsel for plaintiff; both supporting the Sterling group).

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW

1   discovery in the Eastern District of North Carolina despite knowing that it was all-but-certain that

2   the *Wood* action would be consolidated with the other actions pending against Lenovo and

3   transferred to the Northern District.  Moreover, while the *Wood* plaintiffs repeatedly state in their

4   motion that Lenovo's delivery of an "Important Security Message" to some users was directly

5   caused by their preliminary injunction motion, they present no evidence of causation and ignore

6   wholesale Lenovo's potential pre-existing legal obligation to provide notice and public scrutiny

7   calling for a response.[8]

8        Finally, counsel in the *Babbitt* matter (Saveri firm) make no effort to argue that they have

9   performed any beneficial work for the Class since filing. Instead, they simply argue that they bring a

10  "strategic advantage" to the table, (Dkt. No. 7 at 10), by virtue of their client having agreed to a New

11  York choice of law clause.  *Id.* at 3, 10.  However, not only does the Saveri firm offer no basis for its

12  conclusion that such a clause would apply New York law to all absent class members (indeed, it

13  acknowledges as much by pleading claims under other states' laws), it also ignores the fact that any

14  "strategic advantage" offered by the clause could be achieved regardless through the use of separate

15  state classes and subclasses.

16        Taken as a whole, then, it is apparent that Robbins Geller and Edelson – largely as a result of

17  their substantial experience in similar cases – have not only created the most value for the Class to

18  date, but will also operate in the most efficient manner of the proposed lead firms.

19

20

21

22

23

---

24  [8]    Lenovo explicitly denied any link between the preliminary injunction motion and Lenovo's
    security message, and likewise noted that nearly every "admission" touted by the *Wood* plaintiffs

25  was already publicly available knowledge.  *See Wood* Dkt. 16 at 4.  That the *Wood* plaintiffs claimed
    responsibility for the release of already-available facts may be more indicative of, if anything,

26  insufficient pre-suit investigation.  *See also* Seth Rosenblatt, *Lenovo's Superfish security snafu blows
    up in its face*, CNet (Feb. 20, 2015), *available at* http://www.cnet.com/news/superfish-torments-

27  lenovo-owners-with-more-than-adware/; Dan Goodin, *Two weeks on, Superfish debacle still causing
    pain for some Lenovo customers*, CNet (Mar. 6, 2015), *available at* http://arstechnica.com/security/

28  2015/03/two-weeks-on-superfish-debacle-still-causing-pain-for-some-lenovo-customers/.

## VI.    CONCLUSION

For the foregoing reasons and as explained their opening motion, plaintiffs in the *Pick* and *Hunter* actions respectfully request that the Court appoint their counsel, Robbins Geller Rudman & Dowd LLP and Edelson PC, as interim co-lead class counsel in the Consolidated Actions, and award any such other relief it deems reasonable and just.

DATED:  July 7, 2015                                      Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                         PATRICK J. COUGHLIN
                                         CARMEN A. MEDICI


                                                    s/ Carmen A. Medici
                                         CARMEN A. MEDICI

                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/685-6920 (fax)

                                         ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                         SHAWN A. WILLIAMS
                                         Post Montgomery Center
                                         One Montgomery Street, Suite 1800
                                         San Francisco, CA  94104
                                         Telephone:  415/288-4545
                                         415/288-4534 (fax)

DATED:  July 7, 2015                     ROBBINS GELLER RUDMAN
                                            & DOWD LLP
                                         PAUL J. GELLER
                                         STUART A. DAVIDSON
                                         MARK J. DEARMAN


                                                    s/ Mark J. Dearman
                                         MARK J. DEARMAN

                                         120 East Palmetto Park Road, Suite 500
                                         Boca Raton, FL  33432
                                         Telephone:  561/750-3000
                                         561/750-3364 (fax)

                                         Attorneys for Plaintiff Lukas Pick

1049418_1

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW                          - 14 -

1 | DATED: July 7, 2015

EDELSON PC
JAY EDELSON
RAFEY S. BALABANIAN
BENJAMIN H. RICHMAN


s/ Jay Edelson
JAY EDELSON

350 North LaSalle Street, 13th Floor
Chicago, Illinois  60654
Telephone:  312-589-6370
(312) 589-6378 (fax)

Attorneys for Plaintiff David Hunter

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to the United States District Court for the Northern District of California's Civil L.R. 5-1(1)(3), Carmen A. Medici attests that concurrence in the filing of this document has been obtained.

DATED: July 7, 2015

s/ Carmen A. Medici
CARMEN A. MEDICI

PLAINTIFFS' JOINT RESPONSE IN SUPPORT OF MOTION FOR THE APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW

- 15

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on July 7, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

     I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 7, 2015.

    s/ Carmen A. Medici        
CARMEN A. MEDICI

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:     cmedici@rgrdlaw.com

**Mailing Information for a Case 5:15-md-02624-RMW In Re: Lenovo Adware Litigation**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rafey S. Balabanian**
  rbalabanian@edelson.com

- **Raymond M. Bennett**
  rbennett@wcsr.com

- **James Jackson Bilsborrow**
  jbilsborrow@weitzlux.com

- **Robert W. Bishop**
  firm@bishoplegal.net

- **Dhamian A. Blue**
  dab@bluestephens.com

- **Howard Mitchell Bushman**
  hbushman@harkeclasby.com

- **Clifford A Cantor**
  cacantor@comcast.net

- **Rodger R. Cole**
  rcole@fenwick.com,vpieretti@fenwick.com

- **Christopher Dalbey**
  cdalbey@weitzlux.com

- **Alan W. Duncan**
  aduncan@vldlitigation.com

- **Jay Edelson**
  jedelson@edelson.com

- **Matthew Kendall Edling**
  medling@cpmlegal.com,rbarghi@cpmlegal.com,obacigalupi@cpmlegal.com,jacosta@cpmlegal.com

- **Sarah Clasby Engel**
  sengel@harkeclasby.com

- **Joel A. Fleming**
  joel@blockesq.com

- **Mark A. Friel**
  mfriel@stollberne.com,aarnold@stollberne.com

- **John S. Friend**
  louisvillelaw22@gmail.com

- **Robin L. Greenwald**
  rgreenwald@weitzlux.com

- **Philip Lawrence Gregory**
  pgregory@cpmlegal.com,anorsby@cpmlegal.com,cartigapurcell@cpmlegal.com,mbrown@cpmlegal.com

- **Lance August Harke**
  lharke@harkeclasby.com

- **Shireen Hormozdi**
  shireen@norcrosslawfirm.com

- **Tyler Z. Korus**
  tyler@bishoplegal.net

- **Betsy Cook Lanzen**
  blanzen@wcsr.com

- **James Dominick Larry**
  nlarry@edelson.com,cdore@edelson.com

- **Steve Douglas Larson**
  slarson@stollberne.com,aarnold@stollberne.com

- **Samuel Lasser**
  samlasser@hotmail.com

- **Jonathan Krasne Levine**
  jkl@pritzkerlevine.com,bc@pritzkerlevine.com

- **Jason M. Leviton**
  jleviton@cmht.com

- **Frank Mari**
  fmari@bellroperlaw.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com,E_File_SD@rgrdlaw.com,MDearman@rgrdlaw.com

- **Amir Cheyenne Missaghi**
  amissaghi@edelson.com

- **Adam M. Moskowitz**
  AMM@kttlaw.com

- **Natasha Azadeh Naraghi**
  natashanaraghi@amslawoffice.com,joanbennett@amslawoffice.com

- **Robert J Neary**
  rn@kttlaw.com

- **Tyler Griffin Newby**
  tnewby@fenwick.com,pnichols@fenwick.com

- **Elizabeth Cheryl Pritzker**
  ecp@pritzkerlevine.com,jkl@pritzkerlevine.com,bc@pritzkerlevine.com,sy@pritzkerlevine.com

- **Annasara Guzzo Purcell**
  apurcell@fenwick.com,dsheppard@fenwick.com

- **Amanda G. Ray**
  aray@wcsr.com

- **Kevin E. Rayhill**
  krayhill@saverilawfirm.com

- **Benjamin Harris Richman**
  brichman@edelson.com

- **Michael J. Roper**
  mroper@bellroperlaw.com

- **Stephen McDaniel Russell , Jr**
  srussell@vldlitigation.com

- **Joseph R. Saveri**
  jsaveri@saverilawfirm.com,cforthuber@saverilawfirm.com,gsaveri@saverilawfirm.com,dclevenger@saverilawfirm.com,plall@saverilawfirm.com

- **Hayden J. Silver , III**
  jsilver@wcsr.com

- **Daniel James Stephenson**
  dan.stephenson@klgates.com,carolyn.orphey@klgates.com

- **Elizabeth Tran**
  etran@cpmlegal.com

- **Lesley Elizabeth Weaver**
  lweaver@blockesq.com

- **Matthew Sinclair Weiler**
  mweiler@saverilawfirm.com

- **Steven Noel Williams**
  swilliams@cpmlegal.com,rgaa@cpmlegal.com,jverducci@cpmlegal.com,jlein@cpmlegal.com,azapala@cpmlegal.com,mcaylao@cpmlegal.com,ebott@cpmlegal.com,etran@cpmlegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)