JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

DANIEL C. GIRARD (SBN 114826)
dcg@girardgibbs.com
AMANDA M. STEINER (SBN 190047)
as@girardgibbs.com
ELIZABETH A. KRAMER (SBN 293029)
eak@girardgibbs.com
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

PHILIP L. GREGORY (SBN 95217)
pgregory@cpmlegal.com
STEVEN N. WILLIAMS (SBN 175489)
swilliams@cpmlegal.com
MATTHEW K. EDLING (SBN 250940)
medling@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Proposed Interim Class Counsel and Attorneys for Plaintiffs
Sterling International Consulting Group, Rhonda Estrella,
Sonia Ferezan, John Whittle, Alan Woyt, and JGX, Inc. d/b/a Lefty O'Doul's*

[Additional Counsel Appear on Signature Pages]

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NORTHERN CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE: LENOVO ADWARE LITIGATION<br><br>This Document Relates to All Cases | Case No. 5:15-md-02624-RMW<br><br>THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL<br><br>Date: July 17, 2015<br>Time: 9:00 a.m.<br>Courtroom: 6, 4th Floor<br>Judge: Hon. Ronald M. Whyte |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Table of Contents

I.      INTRODUCTION ...............................................................................................1

II.     ARGUMENT .....................................................................................................2

        A.      Willingness and Ability to Commit to a Time Consuming Project .................................2

        B.      Ability to Work Cooperatively ........................................................................2

        C.      Qualifications and Knowledge of Subject Matter .............................................................3

        D.      No Movant Has Done More To Investigate The Case And Advance The Interests Of The Class Than The Sterling Plaintiffs and Their Counsel ...............................................6

        E.      Sterling Plaintiffs' Counsel Are Best Qualified to Manage This Litigation In A  Cost-Effective Manner .........................................................................................10

III.    CONCLUSION....................................................................................................12

1

## Table of Authorities

2

**Cases**

3

*In re Air Cargo Shipping Servs. Antitrust Litig.*
   240 F.R.D. 56 (E.D.N.Y. 2006) ........................................................................................2

4

*Klein v. King*
   132 F.R.D. 525 (N.D. Cal. 1990) ....................................................................................10

5

6

*Smith v. State Farm Mut. Auto. Ins. Co.*
   301 F.R.D. 284 (N.D. Ill. 2014) ........................................................................................3

7

8

**Other Authorities**

9

*Manual for Complex Litig.* § 21.11 (4th ed. 2004) ...............................................................10

10

**Rules**

11

12

Fed. R. Civ. Proc. 23(g)(1)(A) .............................................................................................6

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

1   **I.      INTRODUCTION**

2         The Sterling Plaintiffs, with the support of the great majority of plaintiffs and counsel who make

3   up this MDL litigation, have moved for appointment of Cotchett, Pitre, & McCarthy LLP, Girard Gibbs

4   LLP, and Pritzker Levine LLP as interim co-lead class counsel.  *See* Dkt. No. 5.[1]  Three other competing

5   motions were filed.  *See* Dkt. Nos. 3, 6 and 14.  Without question, moving counsel are all capable and

6   accomplished advocates.  But the Sterling Plaintiffs' Counsel have the combination of skills and

7   experience that best qualify them to represent the interests of the class.

8         The Court's June 26, 2015 Case Management Order sets forth the principal criteria that the Court

9   will apply to appoint lead counsel:

10        a.  willingness and availability to commit to a time-consuming project;

11        b.  ability to work cooperatively with others;

12        c.  qualifications, including experience in managing complex litigation and knowledge of the
              subject matter;

13        d.  efforts in researching and investigating the claims before the court;

14        e.  resources that can be contributed to the litigation; and

15        f.  ability to maintain reasonable fees and expenses.

16  Dkt. No. 8 at 7.  Application of these six factors, which include the criteria provided under Fed. R. Civ.

17  P. 23(g), support appointment of the Sterling Plaintiffs' Counsel.[2]  Certain of these requirements -

18  willingness and availability, general experience in managing complex litigation, and resources - are

19  likely fulfilled by each of the counsel seeking appointment, simply by virtue of the experience level of

20  the firms competing for a leadership position in this MDL.  The Sterling Plaintiffs respectfully submit

21  that the remaining criteria distinguish their counsel as the best choice for appointment because (1)

22  Sterling Plaintiffs' Counsel are the only movants to have demonstrated their ability to work

23  cooperatively with the other plaintiffs involved in the MDL, as well as the defendants, (2) they are

24  exceptionally experienced and well qualified to prepare and try a consumer protection case in this

25  _____

26  [1]  The facts discussed in this brief are supported by the declarations of Jonathan K. Levine , Daniel C.
     Girard, and Matthew K. Edling in support of the Sterling Plaintiffs' motion for appointment of interim
27  class counsel, Dkt. Nos. 5-1, 5-2, and 5-3.
    [2]  The Sterling Plaintiffs' Counsel complied with the Case Management Order's requirement to meet
28  and confer with other movants regarding appointment of class counsel, but were unable to resolve the
     issue informally.

1

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

district, (3) they have developed a thorough knowledge of the underlying facts of this case and the potential legal claims, positioning them to move the litigation forward in a measured and efficient manner, and (4) Sterling Plaintiffs' Counsel are in a superior position, based on their experience in similar cases and their location in this District, to maintain reasonable fees and expenses throughout the course of the litigation.

The Sterling Plaintiffs therefore request that the Court deny the motions by the Pick Plaintiffs (to appoint Robbins Geller Rudman & Dowd LLP and Edelson PC), Plaintiff Babbitt (to appoint the Joseph Saveri Law Firm, Inc.), and the Wood Plaintiffs (to appoint Van Laningham Duncan PLLC and Block & Leviton LLP), and grant their motion to appoint Cotchett Pitre, Girard Gibbs, and Pritzker Levine as interim co-lead class counsel.

## II.    ARGUMENT

### A.    Willingness and Ability to Commit to a Time Consuming Project

As detailed in the Sterling Plaintiffs' opening papers, Sterling Plaintiffs' Counsel have the resources and ability to litigate this case.  The firms have been actively involved in the case since its inception and have assembled a primary team of attorneys who will bring specific skills and experience to prosecuting class claims.  The firms regularly advance the cost of litigation, are well established, reputable, and have a successful track record of managing complex, resource-intensive cases.  *See generally*, Dkt. Nos. 5-1, 5-2, and 5-3 (declarations in support of Sterling Plaintiffs' motion for appointment of interim class counsel).

Sterling Plaintiffs' Counsels' qualifications are discussed in more detail in Section C. below.

### B.    Ability to Work Cooperatively

The other counsel seeking appointment may well have the willingness and ability to commit to a time consuming project.  But only the Sterling Plaintiffs' Counsel have demonstrated their ability to work cooperatively with the other plaintiffs and the defendants involved in this MDL, which weighs in favor of their appointment.  *See e.g. In re Air Cargo Shipping Servs. Antitrust Litig.,* 240 F.R.D. 56, 58 (E.D.N.Y. 2006) ("that large numbers of experienced counsel are satisfied to be represented" by the applicants for class counsel is a "measure of the respect they command and the confidence of their peers that they will serve well in the role"); *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 290

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

(N.D. Ill. 2014) (appointing interim counsel who had a "demonstrated ability to work cooperatively with additional counsel" and noting that the majority of additional counsel supported the appointment). The great majority of plaintiffs (84 of the 104 plaintiffs in 19 of the 27 actions) support Sterling Plaintiffs' Counsels' appointment. This support reflects Sterling Plaintiffs' Counsels' early and continuing coordination with the other plaintiffs to share resources and streamline efforts.

Sterling Plaintiffs' Counsel have worked with the other plaintiffs' counsel to (1) investigate facts and research legal theories for an anticipated amended complaint, (2) file motions and stipulations to relate subsequently-filed cases to the *Sterling* action, (3) file a joint opposition to defendants' motion to stay, and (4) reach a consensus on advocating for transfer to this Court, including drafting a joint opposition to the motion to transfer the litigation to the Eastern District of North Carolina, and arguing before the JPML. The Sterling Plaintiffs' Counsel were successful in this coordination because they have many years of experience in complex litigation, have worked cooperatively with most of the firms appearing in the case, and have dealt openly and in good faith with other plaintiffs' counsel.

Sterling Plaintiffs' Counsel have distinguished themselves in this matter and in other complex cases by developing and maintaining productive working relationships with other firms, and their efforts in this case have earned them broad support. By contrast, the other movants' counsel have each garnered little or no support among the plaintiffs for their appointment as interim class counsel because they either have failed to advance the litigation for the benefit of the class or have engaged in conduct that was contrary to the consensus reached by the plaintiffs' group or never shared with the group in the first instance.

## C.   Qualifications and Knowledge of Subject Matter

The Sterling Plaintiffs' Counsel are experienced in complex litigation, and specifically in litigating privacy and consumer protections claims against emerging technology companies. *See generally*, Dkt. Nos. 5-1, 5-2, and 5-3 (declarations in support of Sterling Plaintiffs' motion for appointment of interim class counsel). Their experience is superior to that of competing counsel.

The Cotchett firm and the attorneys who will litigate this action have extensive consumer class action litigation and trial experience, including actions which have asserted some of the same claims at issue here – California Unfair Competition Law, the California Invasion of Privacy Act, and the

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

Computer Fraud and Abuse Act.  The firm and the attorneys who will primarily be responsible for this action frequently practice before the federal courts of this District and have led or currently lead MDL class actions on behalf consumers harmed by technology companies nationally and within this District. *See generally*, Dkt. No. 5-3. The National Law Journal named Cotchett Pitre to its inaugural list of Elite Trial Lawyers. The Daily Journal, California's leading legal publication, has named Cotchett Pitre one of the top law firms in Northern California—the only plaintiffs' class action firm so named.  Further, Cotchett Pitre attorneys, including those who will be primarily responsible for this action (Steven Williams and Matthew Edling), have received awards for their successful trial representation of consumers from the leading consumer organizations nationally (Public Justice) and in California (Consumer Attorneys of California).

Girard Gibbs LLP will staff this matter with attorneys who are up to speed on the cutting edge issues in privacy litigation and complex litigation.  Daniel Girard currently serves as lead counsel in *In re Yahoo! Mail Litigation*, N.D. Cal. Case No. 5:13-cv-4980-LHK, and serves as a member of the leadership team in several pending privacy cases, including *In re Target Corp. Customer Data Security Breach Litigation*, D. Minn. Case No. 0:14-md-02522-PAM, *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, N.D. Ga. Case No. 1:14-md-02583-TWT, and *Corona v. Sony Pictures Entertainment, Inc.,* C.D. Cal. Case No. 2:14-cv-09600-RGK.  He was recently retained by the largest federal employee union to bring an action arising out of the recent breach of computer systems maintained by the Office of Personnel Management, *American Federation of Government Employees, AFL-CIO v. Office of Personnel Management*, D.D.C. Case No. 1:15-cv-01015-ABJ.  He is familiar with judicial expectations for managing complex litigation from his past service on the United States Judicial Conference Advisory Committee on Civil Rules and current service as a member of the Advisory Council of the Duke Law School Bench-Bar Academy Distinguished Lawyers' Series. Amanda Steiner has over 15 years of experience representing consumers in class action litigation and is thoroughly familiar with Ninth Circuit law in consumer and data privacy class actions, having had primary responsibility for briefing motions to dismiss and motions for class certification in several pending matters, including the Yahoo! and Sony cases.  Girard Gibbs' associates are also well qualified to assist in this matter, given their experience in cases like Target, Home Depot, Yahoo! and Sony.

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

1    Pritzker Levine partners Jonathan Levine and Elizabeth Pritzker both have more than 25 years of

2    litigation experience representing plaintiffs in complex class actions and regularly practice before the

3    federal courts of this District.  Both attorneys have served in leadership positions in numerous privacy

4    and consumer cases, including *Beringer v. Certegy Check Services, Inc.*, Case No. 8:07-cv-1657-SDM

5    (M.D. Fla.), *In re Countrywide Financial Corp. Data Security Breach Litigation*, Case No. 3:08-MD-

6    1988 (W.D. Ky.), *In re Providian Credit Card Cases*, JCCP No. 4085 (Cal. Sup. Ct., San Francisco

7    County), *In re Adobe Systems Inc. Privacy Litigation*, Case No. 5:13-cv-05226-LHK, *In re Sony BMG

8    CD Technologies Litigation*, Case No. 1:05-cv-9575-NRB (S.D.N.Y.), and *In re iPod Cases*, JCCP No.

9    4355 (Cal. Sup. Ct. San Mateo County).

10    While competing counsel are all dedicated and accomplished advocates, no firm or combination

11    of firms brings the same depth and breadth of experience to this matter as Sterling Plaintiffs' Counsel.

12    The Saveri firm is unquestionably experienced in antitrust matters but lacks any particular expertise in

13    consumer and privacy cases.  Similarly, the Block Leviton firm is recognized for its expertise in

14    securities and corporate transactional litigation but appears to have no experience in consumer

15    protection cases in the technology field, much less in privacy litigation.   The Van Laningham Duncan

16    firm's expertise appears to be in personal injury and air crash litigation.

17    While Robbins Geller is known for its securities litigation practice, the firm's consumer and

18    privacy experience is at best equal to that of Sterling Plaintiffs' Counsel. *Compare* Dkt. No. 6-2 at 13-

19    14, 30-31 (Robins Geller firm resume) *with* Dkt. Nos. 5-1 at 12-16, 5-2 at 22-26, 5-3 at 10-13 (firm

20    resumes of Sterling Plaintiffs' Counsel).  While the Edelson firm has dedicated its practice to suing

21    technology companies, the firm lacks the complex case management experience that Sterling Plaintiffs'

22    Counsel bring to this case, as well as the support of its peers.

23    In contrast, Sterling Plaintiffs' Counsel have decades of experience in federal court litigation,

24    consumer class actions and practice in this District.  They have timely experience in confronting the

25    project management challenges presented by multi-district privacy litigation and the strategies for

26    successfully pleading and certifying consumer privacy claims.  They have demonstrated that expertise

27    by coordinating this litigation and they are well positioned to move these proceedings forward in an

28    efficient and cost effective manner.

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

**D.     No Movant Has Done More to Investigate The Case and Advance the Interests of the Class than The Sterling Plaintiffs and Their Counsel**

One of the criteria for selection of interim class counsel set forth in both Rule 23(g)(1)(A) and the Case Management Order is the work done by counsel to identify and investigate potential claims in the action and to advance the interests of the class.  The Sterling Plaintiffs set forth in their motion and supporting declarations the work done by Cotchett Pitre, Girard Gibbs and Pritzker Levine to investigate the case and advance the interests of the class.  *See* Dkt. Nos. 5 at 4-5 (Memo. of Law); 5-1 at ¶¶ 3-5 (Levine Decl.); 5-2 at ¶ 3 (Girard Decl.); 5-3 at ¶¶ 3-4 (Edling Decl.).  Notably, once the actions were filed all of the work done by these three firms was carried out where possible on a consensus basis and with the support of the vast majority of the plaintiffs in the litigation.

Plaintiff in the *Babbitt* action does not identify any work done by his counsel (the Joseph Saveri Law Firm and supporting counsel) either to identify or investigate potential claims in the action or to advance the interests of the class.  The Court may presume that Babbitt's counsel have no evidence to support this criterion, and it unlikely that there is any since the *Babbitt* action was the last of the 27 actions filed, almost two months after the *Sterling* action.

Plaintiffs in the *Wood* action point to the preliminary injunction motion and motion to expedite discovery that they filed while their case was pending in the Eastern District of North Carolina as evidence of work their counsel (Van Laningham Duncan and Block Leviton) have done to advance the interests of the class.  Both motions were briefed, but never ruled on by the court in North Carolina.[3] The Wood Plaintiffs never consulted with any of the other plaintiffs in the litigation before the motions were filed, and there has been no support for the Wood Plaintiffs' strategy from plaintiffs' counsel when they learned, after the fact, that the motions had been filed.

The Wood Plaintiffs' contention that their motions benefitted anyone is without merit.  They argue that even though the motions were never decided, the class still benefitted from disclosures Lenovo made in is opposition brief and from a notice Lenovo provided electronically to its customers

---

[3]  As a result of the MDL transfer, the motions are now off calendar and may only be renoticed by further order of this Court.  *See* Case Management Order, Dkt. No. 8 at 8.

6

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

after the preliminary injunction motion was filed.  But the disclosures the Wood Plaintiffs point to were already made elsewhere.  For example, the Wood Plaintiffs say Lenovo admitted the original version of the Superfish program "employed a self-signed root certificate with a private key that was stored on the device and protected only by a simple password."  *See* Dkt. No. 3-1 at 4 (*Wood* Memo. of Law).  That information was not new; in fact it was alleged in the *Sterling* complaint (and many other complaints as well) filed weeks earlier.  *See* Case No. 5:15-cv-0807, Dkt. No. 1 at ¶¶ 5-6, 32-33 (*Sterling* Complaint). And Lenovo did not give electronic notice to its customers in response to the preliminary injunction motion.   Lenovo had decided to give the notice in question before the preliminary injunction motion was filed and the timing is purely coincidental.  *See* Dkt. No. 16 at 4 (Lenovo's Response).

The Pick Plaintiffs claim that their counsel (Robbins Geller and Edelson) have done significant work identifying and investigating potential claims in the action and advancing the interests of the class. The Pick Plaintiffs assert, without support, that other firms were content to rely on press reports before filing, but only their counsel "took time to ensure not only that press reports regarding Lenovo and Superfish's conduct were accurate, but also to uncover further details substantiating their clients' allegations that Defendants unlawfully intercepted their communications."  *See* Dkt. No. 6 at 5 (*Pick* Memo. of Law).

The first public disclosures that prompted the lawsuits were made on February 19, 2015.  The *Hunter* complaint was filed by Edelson four days later, on February 23, two hours after the *Sterling* complaint was filed.  *Pick* was filed the next day, February 24.  The three complaints are substantially similar and the *Sterling* complaint is not only longer, but more detailed and more comprehensive than the others.  Whatever it is that the Pick Plaintiffs' counsel did in that four day period, there is no indication it was superior to what plaintiffs' counsel in *Sterling* were doing at the same time.  Moreover, the *Estrella* complaint filed by Girard Gibbs on March 5 is substantially more detailed and comprehensive than any previous complaint, reflecting the firm's independent research and analysis of the facts and law.  The *JGX* complaint filed by Cotchett Pitre on March 10 is equally detailed and includes additional factual allegations related to the technology that defendants employed to intercept internet communications.

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

The Pick Plaintiffs also are incorrect in suggesting that they alone conducted a pre-filing investigation that went beyond reading press releases. Cotchett Pitre worked with an industry consultant, Girard Gibbs worked with a forensic computer expert and Pritzker Levine worked with its client, a computer technology consulting company, to investigate and prepare their respective complaints. *See* Dkt. Nos. 5 at 4 (Memo. of Law); 5-1 at ¶ 3 (Levine Decl.); 5-2 at ¶ 3 (Girard Decl.); 5-3 at ¶ 3 (Edling Decl.). This work and other independent pre-filing investigation is reflected in the complaints filed by the three firms. For example, the complaint filed by Cotchett Pitre identifies exactly how, when and by what means Superfish adware intercepted consumer information and the resulting impact on consumers. *See* Case No. 5:15-cv-01113, Dkt. No. 1 at ¶¶ 30-33, 39 (*JGX* Complaint). The *Estrella* complaint filed by Girard Gibbs traces Lenovo's history of including "bloatware" packages on its machines, identifies the amount Lenovo was paid to preinstall the Superfish adware on certain of its PCs, details Superfish's background and its executives' history of questionable judgment in privacy matters, and provides a detailed explanation of how Superfish's adware works and made plaintiffs' computers vulnerable to attack. *See* Case No. 3:15-cv-01044, Dkt. No. 1 at ¶¶ 26-27, 32-34, 51-61 (*Estrella* Complaint).

The Pick Plaintiffs devote a good deal of their brief to extolling the work done by their counsel to advance the interests of the class once their complaints were filed. The Pick Plaintiffs focus on three activities: (1) work done by their counsel to coordinate the actions and advance the litigation for all plaintiffs; (2) information and discovery exchanged with defendants that benefitted plaintiffs in all of the actions; and (3) attempting to arrange an early mediation with defendants. These claims are exaggerated at best and none of these activities meaningfully advanced the interests of the class.

With respect to coordinating the litigation, the Pick Plaintiffs say they organized initial conferences among plaintiffs' counsel to discuss the MDL motion, evidence preservation issues and discovery protocols, and other methods to advance the litigation. In truth, the Pick Plaintiffs' counsel, among others, proposed calls to discuss evidence preservation issues and discovery protocols. The Pick Plaintiffs' counsel never proposed or circulated any work product to any other plaintiffs' firm on either topic. On the contrary, Pick Plaintiffs' counsel used the calls to advocate for strategies that garnered scant support, including centralization in the Eastern District of North Carolina as the transferee court

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

before the JPML (supported by only two firms) and a voluntary stay of all of the proceedings.  *See* Dkt No. 6 at 8.  When these strategies met with no support from other counsel, the Pick Plaintiffs stopped participating in group calls.

The Sterling Plaintiffs' Counsel continued to communicate regularly with the majority of the firms to ensure that decisions were made on a consensus basis where possible and that all plaintiffs had the opportunity to join in any pleadings and stipulations.  For example, the Sterling Plaintiffs negotiated a joint opposition to defendants' motion to stay the proceedings, supported by 12 of the 16 cases then pending before this Court and 7 of the 10 cases then pending in other judicial districts.  *See* Case No. 5:15-cv-0807, Dkt. No. 31 (Joint Opp. To Stay Motion).  Ultimately all of the stipulations and motions to relate cases filed in this District were filed by the Sterling Plaintiffs' Counsel, as was the joint opposition to the JPML transfer motion and the joint opposition to defendants' motion to stay.

The Pick Plaintiffs also point to a meeting with defendants' counsel, during which they claim to have exchanged information and discovery with and obtained various agreements from defendants. There are a number of problems with this assertion.  Defendants held a single one-hour meeting at the request of the Pick Plaintiffs' counsel, and "no agreements were reached."  Dkt. No. 16 at 4-5 (Lenovo's Response).  The Pick Plaintiffs' counsel never disclosed to any of the other plaintiffs that they had solicited a meeting with defendants, and if the Pick Plaintiffs did in fact obtain information from defendants, it was never provided to any other plaintiffs' counsel.  Nothing about these side-dealings advanced the interests of the class.

The Pick Plaintiffs also claim their attempt to broker an early mediation advanced the interest of the class.  Sterling Plaintiffs disagree.  The approach advocated by the Pick Plaintiffs – negotiation within a compressed time frame, with competing cases at the table, with no leadership appointment in place, and without access to formal or informal discovery – has proven unworkable in other cases and is hardly calculated to elicit the support of other counsel.[4]  The Sterling Plaintiffs' approach of deferring settlement discussions until leadership has been appointed and an orderly settlement process can take

---

[4]  Defendants, in moving for a stay, affirmatively sought to avoid any case advancement prior to the appointment of interim class counsel ("[e]ngaging in discussions related to an ADR process, early settlement, a case schedule and a discovery plan before the consolidation and transfer of the actions is illogical, risks inconsistencies, and inflicts undue and unnecessary burdens on the parties and the Court").  *See* Case No. 5:15-cv-0807, Dkt. No. 34 at 1 (Defs.' Reply on Motion to Stay).

9

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

place under court supervision was and remains the most effective way of streamlining the proceedings, minimizing unnecessary and costly motion practice, and allowing negotiation to occur without undue settlement pressure and based on adequate information. *See Manual for Complex Litig.* § 21.11 (4th ed. 2004) (instructing that courts should designate interim lead or class counsel because doing so "clarifies responsibility for protecting the interests of the class during precertification activities …such as negotiating settlement).

Accordingly, in their opening papers, the Sterling Plaintiffs proposed a case management plan that targets discovery of core facts, the goal being ". . . to get as efficiently on the table as possible the core information that the parties need in order to value the case sensibly for settlement purposes." Dkt. No. 5 at 16 (quoting *Klein v. King*, 132 F.R.D. 525, 529 (N.D. Cal. 1990) (Brazil, Mag. J.)).  If the parties do not negotiate a settlement after core discovery is complete, the case management plan provides for the scope of discovery to expand in phases, with the parties periodically revisiting whether settlement is appropriate for the just and efficient resolution of the case. *Id.* at 16-17.  The "core discovery" approach has been successfully employed by the Sterling Plaintiffs' counsel in other actions and adopted by respected jurists in this and other districts around the country. *See, e.g.,* Dkt No. 5-3, Ex. B.  Regardless of whether this action is a low damages dispute as Lenovo urges, a phased discovery approach allows the parties to determine whether a fair and adequate settlement can be negotiated for the class at an early stage.  Lenovo's interest in cost-containment will be better served by implementing the measured approach recommended by Sterling Plaintiffs' counsel than rushing into early settlement discussions without an adequate record.

### E.   Sterling Plaintiffs' Counsel Are Best Qualified to Manage This Litigation In A Cost-Effective Manner

Cotchett Pitre, Girard Gibbs and Pritzker Levine have worked collaboratively in the past and demonstrated their ability to work cooperatively and cost effectively "in the trenches."  For example, Girard Gibbs and Cotchett Pitre jointly represented the California Teachers' Retirement System in a sharply disputed "opt-out" securities action that resulted in a $45 million recovery. *CalSTRS v. Qwest Communications*, *et al.* Case No. 415546 (Cal. Sup. Ct., San Francisco County).  The two firms also served as co-lead counsel in a widely followed class action brought on behalf of Apple IPod purchasers.

10

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

*In re iPod Cases*, JCCP No. 4355 (Cal. Sup. Ct., San Mateo County).  Jonathan Levine (who was a partner of Girard Gibbs from 2003 to 2014) participated in the Qwest litigation and Elizabeth Pritzker (who was a principal with Cotchett Pitre from 2001 to 2005 and a partner with Girard Gibbs from 2005 to 2013) participated in both the Qwest and iPod actions.  Girard Gibbs and Cotchett also worked cooperatively on behalf of securities investors in the highly complex *In re Lehman Brothers Equity/Debt Securities Litigation*, Case No. 08-civ-5523 (S.D.N.Y. 2008), with Daniel Girard of Girard Gibbs serving as a member of the Executive Committee and Matthew Edling of Cotchett Pitre serving as liaison counsel for individual plaintiffs.  Girard Gibbs and Pritzker Levine are also currently working together on the *In re Adobe Systems Inc. Privacy Litigation*, Case No. 5:13-cv-05226-LHK, pending before Judge Koh.  There can be no dispute that the firms have proven their ability to work together and to successfully manage complex litigation.  Additionally, while the Sterling Plaintiffs' Counsel described in this motion have significant knowledge and experience directly related to the facts of this case, the firms will assign work among themselves and delegate to junior and mid-level associates as appropriate so that the litigation is cost effective for the class.

Cotchett Pitre, Girard Gibbs, and Pritzker Levine are headquartered in this District.  As such, the three firms, as co-lead counsel, are in a superior position to any other movant or group of movants to efficiently manage the litigation.  These efficiencies will inure to the benefit of the class, which will not have to pay additional expenses to fly lawyers in for meet and confer sessions, document review sessions, depositions, meetings and court hearings.  Cotchett Pitre, Girard Gibbs, and Pritzker Levine can manage the litigation without incurring unnecessary travel expenses, expenses that will be borne by the class if this Court approves a lead counsel that is based outside this District.

Lenovo expresses the concern in its Response, that it will face a "plethora of claims" asserted in the various complaints and expresses the hope that lead counsel will streamline the case when a consolidated amended complaint is filed.  *See* Dkt. No. 16 at 5.  Sterling Plaintiffs agree that lead counsel will need to adopt a common sense, cost-effective approach to pleading the case in light of the claims at issue and potential recoveries.  The Sterling Plaintiffs' Counsel are most suited to that task for two reasons.  First, as discussed above, no other movant has as much experience with and knowledge of the federal, state and common law consumer and privacy claims as Sterling Plaintiffs' Counsel.  Second,

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

because the Sterling Plaintiffs' Counsel have been working cooperatively with most of the plaintiffs and firms that have asserted all of these claims, it will be easier for them to evaluate each claim and decide whether the claim should be pursued in the consolidated amended complaint.

## III.   CONCLUSION

For all of the foregoing reasons, the Court should deny the motions by the Pick Plaintiffs, Plaintiff Babbitt and the Wood Plaintiffs, and grant the Sterling Plaintiffs' motion to appoint Cotchett Pitre, Girard Gibbs and Pritzker Levine as interim co-lead class counsel.


Dated:      July 7, 2015                                    **PRITZKER LEVINE LLP**


                                                            */s/ Jonathan K. Levine*

                                                            Jonathan K. Levine (SBN 220289)
                                                            Elizabeth C. Pritzker (SBN 146267)
                                                            180 Grand Avenue, Suite 1390
                                                            Oakland, California 94612
                                                            Telephone: (415) 692-0772
                                                            Facsimile: (415) 366-6110
                                                            jkl@pritkzkerlevine.com
                                                            ecp@pritzkerlevine.com

                                                            Proposed Interim Class Counsel and Attorneys for Plaintiff in *Sterling v. Lenovo (United States) Inc., et al.* (N.D. Cal.)


                                                            **GIRARD GIBBS LLP**


                                                            */s/ Daniel C. Girard*

                                                            Daniel C. Girard (SBN 114826)
                                                            Amanda M. Steiner (SBN 190047)
                                                            Elizabeth A. Kramer (SBN 293029)
                                                            601 California Street, Suite 1400
                                                            San Francisco, CA 94104
                                                            Telephone:  (415) 981-4800
                                                            Facsimile:  (415) 981-4846
                                                            dcg@girardgibbs.com
                                                            as@girardgibbs.com
                                                            eak@girardgibbs.com

12

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

1  Proposed Interim Class Counsel and Attorneys for
Plaintiffs in *Estrella, et al. v. Lenovo (United
2  States) Inc., et al.* (N.D. Cal.)

3  **COTCHETT, PITRE & McCARTHY, LLP**

4  */s/ Matthew K. Edling*

5

6  Philip L. Gregory (SBN 95217)
Steven N. Williams (SBN 175489)
7  Matthew K. Edling (SBN 250940)
San Francisco Airport Office Center
8  840 Malcolm Road, Suite 200
Burlingame, CA 94010
9  Telephone: (650) 697-6000
10  Facsimile: (650) 697-0577
pgregory@cpmlegal.com
11  swilliams@cpmlegal.com
medling@cpmlegal.com
12

13  Proposed Interim Class Counsel and Attorneys for
Plaintiff in *JGX, Inc. v. Lenovo Group Limited, et
14  al.* (N.D. Cal.)

15

16  **KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
17  Linda Fong (SBN 124232)
350 Sansome Street, Suite 400
18  San Francisco, CA 94104
Telephone:  (415) 772-4700
19  Facsimile:   (415) 772-4707

20  Attorneys for Plaintiffs in *Hall, et al. v. Lenovo
(United States) Inc., et al.* (N.D. Cal.)
21

22  **COHELAN KHOURY & SINGER**
Timothy D. Cohelan (SBN 060827)
23  J. Jason Hill (SBN 179630)
605 C Street, Suite 200
24  San Diego, California 92101
Telephone: (619) 595-3001
25  Facsimile: (619) 595-3000
26

27  Attorneys for Plaintiffs in *Martini v. Lenovo
(United States) Inc., et al.* (N.D. Cal.)
28

**GREEN & NOBLIN, P.C.**

13

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Robert S. Green (SBN 136183)
700 Larkspur Landing Circle, Suite 275
Larkspur, CA 94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710

**FEDERMAN & SHERWOOD**
William Federman
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone:  (405) 235-1560
Facsimile:  (405(239-2112

Attorneys for Plaintiffs in *Johnson v. Lenovo
(United States) Inc., et al.* (N.D. Cal.) and in
*Thweatt v. Lenovo (United States) Inc., et al.* (W.D.
Wash.)

**BERGER & MONTAGUE, P.C.**
Shanon J. Carson
Arthur Stock
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Facsimile:  (215) 875-4604

Attorneys for Plaintiff in *Simonoff v. Lenovo
(United States) Inc., et al.* (N.D. Cal.)

**WEITZ & LUXENBERG, P.C.**
Christopher B. Dalbey (SBN 285562)
Robin L. Greenwald
James J. Bilsborrow
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461
1880 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone:  (310) 247-0921
Facsimile:  (310) 786-9927

Attorneys for Plaintiffs in *Wood, et al. v. Lenovo
(United States) Inc., et al.* (N.D. Cal.) and in
*Phillips et al. v. Lenovo (United States) Inc., et al.*
(E.D.N.Y.)

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

1

2   **STUEVE SIEGEL HANSON LLP**
    Jason S. Hartley (SBN 192514)
3   550 West C Street, Suite 1750
    San Diego, CA 92101
4   Telephone:  (619) 400-5822
    Facsimile:  (619) 400-5832
5

6   Norman E. Siegel
    Barrett J. Vahle
7   460 Nichols Road, Suite 200
    Kansas City, MO 64112
8   Telephone: (816) 714-7100
    Facsimile:  (816) 714-7101
9

10  Attorneys for Plaintiffs in *Ravencamp v. Lenovo*
    *(United States) Inc., et al.* (N.D. Cal.)
11

12  **SAVERI & SAVERI, INC.**
    Cadio Zirpoli (SBN 179108)
13  Carl N. Hammarskjold (SBN 280961)
    706 Sansome Street
14  San Francisco, CA 94111
    Telephone:  (415) 217-6810
15  Facsimile:  (415) 217-6813

16
    Attorneys for Plaintiffs in *Schultz v. Lenovo Group*
17  *Limited, et al.* (N.D. Cal.)

18
    **THE ROSEN LAW FIRM, P.A.**
19  Laurence M. Rosen (SBN 219683)
    355 South Grand Avenue, Suite 2450
20  Los Angeles, CA 90071
    Telephone:  (213) 785-2610
21  Facsimile:  (213) 226-4684

22
    Phillip Kim
23  275 Madison Avenue, 34th Floor
    New York, NY 10016
24  Telephone:  (212) 686-1060

25

26
    **THE HINTON LAW FIRM**
27  Christopher S. Hinton, Esq.
    275 Madison Ave., 34th Fl.
28  New York, New York 10016

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

Telephone: (646) 723-3377
Facsimile: (914) 530-2954

Attorneys for Plaintiffs in *Cullifer et al. v. Superfish, Inc., et al.* (N.D. Cal.)

**CONSUMER LAW PRACTICE OF DANIEL T. LEBEL**
Daniel T. LeBel (SBN 246169)
3 Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone:  (415) 513-1414
Facsimile:  (415) 563-7848

Attorneys for Plaintiff in *Khazak  v. Superfish, Inc., et al.* (N.D. Cal.)

**LAW OFFICES OF ALEX SCHACK**
Alexander M. Schack (SBN 99126)
Natasha Naraghi (SBN 284711)
16870 West Bernardo Drive, Suite 400
San Diego, California 92127
Telephone: (858) 485-6535
Facsimile: (858) 485-0608

**SPRETER LEGAL SERVICES, APC**
Geoffrey J. Spreter (SBN 257707)
601 3rd Street
Coronado, California 92118
Telephone: (619) 865-7986

**ADLER LAW GROUP, APLC**
E. Elliot Adler (SBN 229030)
402 W. Broadway, Suite 860
San Diego, California 92101
Telephone: (619) 531-8700
Facsimile: (619) 342-9600
Attorneys for Plaintiff in *Bennett v. Lenovo (United States) Inc., et al.* (S.D. Cal.)

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
Steve D. Larson
Mark A. Friel
209 S.W. Oak Street, Suite 500

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**ABINGTON COLE + ELLERY**
Cornelius P. Dukelow
320 S. Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
Telephone & Facsimile: (918) 588-3400

Attorneys for Plaintiffs in *Levenhagen v. Lenovo (United States) Inc., et al.* (D. Or.)

**KRISLOV & ASSOCIATES, LTD.**
Clinton A. Krislov
Ken Goldstein
John Orellana
Civic Opera Building
20 North Wacker Drive
Chicago, IL 60606
Telephone:  (312) 606-0500
Facsimile:  (312) 606-0207

Attorneys for Plaintiffs in *Hayden v. Lenovo, Inc., et al.* (N.D. Ill.)

**THE WERNER LAW FIRM**
Matthew Q. Wetherington
Adam L. Hoipkemier
2142 Vista Dale Court
Atlanta, GA 30084
Telephone:  (770) 837-3428
Facsimile:  (855) 873-2090

Attorneys for Plaintiffs in *Wu, et al. v. Lenovo (United States) Inc., et al.* (E.D.N.C.)

17

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

1

## ATTESTATION

2      I, Jonathan K. Levine, am the ECF user whose ID and password are being used to file

3  this document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that all other

4  signatories listed have concurred in this filing.

5

6                                              */s/ Jonathan K. Levine*_____
                                              Jonathan K. Levine
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE STERLING PLAINTIFFS' RESPONSIVE MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW