JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

| | |
|---|---|
| DANIEL C. GIRARD (SBN 114826) | PHILIP L. GREGORY (SBN 95217) |
| dcg@girardgibbs.com | pgregory@cpmlegal.com |
| AMANDA M. STEINER (SBN 190047) | STEVEN N. WILLIAMS (SBN 175489) |
| as@girardgibbs.com | swilliams@cpmlegal.com |
| ELIZABETH A. KRAMER (SBN 293029) | MATTHEW K. EDLING (SBN 250940) |
| eak@girardgibbs.com | medling@cpmlegal.com |
| GIRARD GIBBS LLP | COTCHETT, PITRE & McCARTHY, LLP |
| 601 California Street, Suite 1400 | San Francisco Airport Office Center |
| San Francisco, CA 94104 | 840 Malcolm Road, Suite 200 |
| Telephone: (415) 981-4800 | Burlingame, CA 94010 |
| Facsimile: (415) 981-4846 | Telephone: (650) 697-6000 |
| | Facsimile: (650) 697-0577 |

*Proposed Interim Class Counsel and Attorneys for Plaintiffs*
*Sterling International Consulting Group, Rhonda Estrella,*
*Sonia Ferezan, John Whittle, Alan Woyt, and JGX, Inc. d/b/a Lefty O'Doul's*

[Additional Counsel Appear on Signature Pages]

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NORTHERN CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: LENOVO ADWARE LITIGATION | Case No. 5:15-md-02624-RMW |
| This Document Relates to All Cases | THE STERLING PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL |
| | Date: July 17, 2015<br>Time: 9:00 a.m.<br>Courtroom: 6, 4th Floor<br>Judge: Hon. Ronald M. Whyte |

## I. INTRODUCTION

Four competing motions for appointment of interim lead counsel have been filed in this MDL litigation and there have now been two rounds of briefing. Each movant has had a full and fair opportunity to present the qualifications of its proposed counsel and to demonstrate how its counsel satisfy the six criteria that the Court will apply to select lead counsel. Each of the four movants agrees that all proposed counsel have the willingness, availability and resources to commit to the litigation. Each movant also agrees that all proposed counsel generally are experienced in managing complex litigation. There is disagreement among some movants as to whose proposed counsel is the most knowledgeable and experienced with respect to the consumer protection and privacy claims at issue in this litigation. There also is disagreement among some movants as to whose proposed counsel has done the most to research and investigate the claims and advance the interests of the class.

The Sterling Plaintiffs submit that the Court need not attempt the difficult task of determining which movant's proposed counsel has the most experience or did the most to advance the interests of the class. Only Sterling Plaintiffs' Counsel satisfy all six criteria set out by the Court, including most notably, the ability to work cooperatively with other firms and develop a concrete plan to litigate the case in a manner that will maintain reasonable fees and expenses. As the only movant that has satisfied all six of the Court's criteria, the Sterling Plaintiffs' motion to appoint Cotchett, Pitre, & McCarthy LLP, Girard Gibbs LLP, and Pritzker Levine LLP as interim co-lead class counsel should be granted and the competing motions filed by the Pick, Wood and Babbitt plaintiffs should be denied.

## II. ARGUMENT

Each of the four movants has now had two opportunities to demonstrate that its proposed counsel satisfy the six principal criteria set forth in the Court's June 26, 2015 Case Management Order that the Court will apply to select lead counsel for plaintiffs in the litigation. *See* Dkt. No. 8 at p.7. As discussed below, only the Sterling Plaintiffs have satisfied all six criteria.

### A. The Sterling Plaintiffs' Motion

In their motion and response, the Sterling Plaintiffs demonstrated their counsels' willingness, availability and resources to commit to the litigation and significant experience managing complex litigation. None of the other movants challenge this showing. The Sterling Plaintiffs also documented

1

THE STERLING PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

their counsels' extensive knowledge and experience with respect to the consumer protection and privacy claims that are at issue in this litigation, in addition to all of the work done by Sterling Plaintiffs' Counsel to research and investigate the claims and advance the interests of the class.  While the Pick Plaintiffs claim that their counsel have even more experience with respect to privacy cases, and the Pick and Wood Plaintiffs claim that their counsel also did extensive work researching and investigating the claims and advancing the interests of the class, none of the movants deny that Sterling Plaintiffs' Counsel have significant experience with respect to the consumer protection and privacy claims that are at issue in this litigation, and have worked to research and investigate the claims and advance the interests of the class.[1]

The only criterion left is the ability to maintain reasonable fees and expenses.  In their motion, the Sterling Plaintiffs demonstrated that they alone satisfy this criteria in three different ways.  First, because Sterling Plaintiffs' Counsel are based in this District, the class will not have to pay for the time and expense to fly lawyers in for hearings, depositions and meetings.  Other than Mr. Saveri (counsel for Babbitt), the lead lawyers for the Pick and Wood plaintiffs reside elsewhere.  The Pick Plaintiffs' lead counsel are in San Diego, Boca Raton and Chicago, and the Wood Plaintiffs' lead counsel are in Boston and Greensboro, North Carolina.  Second, because Sterling Plaintiffs' Counsel regularly practice in this District, they are fully familiar with the local rules and practices of this Court, an efficiency that will also redound to the benefit of the class.  Third, and most important, Sterling Plaintiffs' Counsel proposed a specific case management plan that would allow the litigation to be prosecuted in an efficient manner that will reduce unnecessary and expensive motion practice.  None of the other movants even referenced a case management plan and none have disputed the Sterling Plaintiffs' ability to maintain reasonable fees and expenses.

### B. The Pick Plaintiffs' Motion

The Pick Plaintiffs seek to have Robbins Geller Rudman & Dowd LLP and Edelson PC appointed as co-lead counsel for the class.  The Pick Plaintiffs' motion should be denied because they

---

[1] The Pick Plaintiffs contend that their counsel are more experienced with respect to privacy law, but they are silent as to the consumer protection claims that are equally important in this litigation.  And that is because no movant's counsel have as much experience successfully litigating consumer protection class actions as Sterling Plaintiffs' Counsel.

2

have failed to satisfy two of the six lead counsel criteria. In particular, the Pick Plaintiffs have made no showing that their counsel (i) have worked cooperatively with the other plaintiffs' firms in this litigation, or (ii) have a plan to maintain reasonable fees and expenses.

The Pick Plaintiffs, in their motion, tout the ability of their counsel to work with each other, and behind the scenes with defendants, but they are silent about their counsels' ability to work with any of the other plaintiffs' firms in the litigation, and for good reason. As discussed in the Sterling Plaintiffs' motion and response, the Pick Plaintiffs' counsel, like the Wood Plaintiffs' counsel discussed below, proposed or implemented strategies that elicited virtually no support from other plaintiffs' counsel. The Pick Plaintiffs' counsel filed an MDL transfer motion advocating for the Eastern District of North Carolina without conferring with any other plaintiffs' counsel about this strategy. They then implored other counsel to stay their cases voluntarily, while at the same time setting up an undisclosed meeting with defendants' counsel to obtain discovery and information – a point that defendants dispute, but even if true, such discovery or information was never shared with any other plaintiffs' firms. And they tried to engage defendants in pre-centralization settlement discussions without the benefit of discovery and contrary to the better judgment of other plaintiffs' counsel. This is hardly a record demonstrating the ability to work cooperatively with other plaintiffs' counsel.[2]

The Pick Plaintiffs state generally that they will maintain reasonable fees and expenses. In their opening brief, the Pick Plaintiffs claim they will "maximize efficiency," by having a streamlined structure, but they never say how they will litigate the case in a manner that will maintain reasonable fees and expenses.[3] Nor do the Pick Plaintiffs explain why it would be beneficial or cost effective for the class to have lawyers in San Diego, Boca Raton and Chicago, when the case is in San Jose and equally qualified firms are located nearby. In their response, the Pick Plaintiffs simply state that because they know the facts and the law the best, this will allow them to proceed most efficiently. Sterling Plaintiffs dispute the accuracy of this statement, but even if it was true, the Pick Plaintiffs never explain how they will do this.

---

[2] The Pick Plaintiffs had another opportunity to satisfy this criteria in their response, but did not do so.

[3] The streamlined structure the Pick Plaintiffs reference in their motion is little different from the structure proposed by either the Sterling Plaintiffs or the Wood Plaintiffs.

### C. The Wood Plaintiffs' Motion

The Wood Plaintiffs seek to have Van Laningham Duncan PLLC and Block & Leviton LLP appointed as co-lead counsel for the class. The Wood Plaintiffs' motion should be denied because they have failed to satisfy at least two of the six lead counsel criteria.[4] In particular, the Wood Plaintiffs have made no showing that their counsel (i) have worked cooperatively with the other plaintiffs' firms, and (ii) have any knowledge of or experience with the consumer protection and privacy claims that are at issue. The Wood Plaintiffs talk at length in their response about how their counsel have worked cooperatively with a number of the other movants' counsel in other cases. *See* Dkt. No. 20 at pp. 10-11. But this case has now been pending for almost five months, and what is noticeably absent from the Wood Plaintiffs' response is any showing that their counsel have worked cooperatively with any other firms in this litigation. To the contrary, as explained in the Sterling Plaintiffs' response, the Wood Plaintiffs' counsel chose a "go-it-alone" strategy that has found no support from any other plaintiffs' firm in the litigation. *See* Dkt. No. 21 at p. 6.

The Wood Plaintiffs attempt to defend their inability to attract the support of other counsel by suggesting that such support is a bad thing. They say that the appointment of lead counsel should not be a popularity contest and that deferring to a popular vote can encourage counsel to award titles and fabricated assignments. *See* Dkt. No. 20 at pp. 9-10. True, although if it were simply a popular vote, the Sterling Plaintiffs would win, since they have by far the most support among all of the movants. But this argument by the Wood Plaintiffs misses the point. The reason the Sterling Plaintiffs have so much support is not because their counsel are popular or have promised to award titles and work assignments, but because they have worked cooperatively for the past five months with most of the other firms to organize and advance the litigation. These efforts satisfy three of the six criteria for appointment of lead counsel (ability to work cooperatively, experience managing complex litigation and work done to move the case forward).

---

[4] In their motion, the Wood Plaintiffs point to their preliminary injunction motion as evidence of work done by their counsel to advance the interests of the class. Lenovo's response disposes of the Wood Plaintiffs' contention. *See* Dkt. No. 16 at p. 4. Because the Wood Plaintiffs have failed to meet other criteria, their motion can be denied, and no extended discussion of the merits of the Wood Plaintiffs' injunction motion is needed.

4

And in any event, the support of other counsel for the Sterling Plaintiffs' motion has been hard-earned, not "bought" through the promise of any titles or assignments. Sterling Plaintiffs' Counsel have not made any agreements, formal or otherwise, with any of the firms supporting their motion. There have been no "conferences" and no "lunches." There are no fee deals, no promises of titles, committee or work assignments, and no "vote-trading across cases." Simply put, none of the "problematic practices" the Wood Plaintiffs allude to in their response occurred here or will occur if the Sterling Plaintiffs' motion is granted.

### D. Plaintiff Babbitt's Motion

Plaintiff Babbitt seeks to have the Joseph Saveri Law Firm, Inc. appointed lead counsel for the class.[5] The Babbitt motion should be denied because Mr. Babbitt has failed to satisfy four of the six lead counsel criteria. In particular, Mr. Babbitt has made no showing that his counsel (i) has worked cooperatively with the other plaintiffs' firms in this litigation, (ii) has any knowledge of or experience with the consumer protection and privacy claims that are at issue in this litigation, (iii) has done anything at all to advance the interests of the class in the litigation, and (iv) has a plan to maintain reasonable fees and expenses.

Even in the absence of the foregoing criteria, Mr. Babbitt still contends that his counsel should be appointed lead because he purchased his computer directly from Lenovo and only his counsel asserted a RICO claim with two predicate acts and claims under New York law. These contentions reflect a lack of familiarity with the litigation and should disqualify the Babbitt motion from any further consideration. The *Wood* complaint, filed more than two months earlier than the *Babbitt* complaint, asserts a RICO claim with multiple predicate acts. At least three complaints filed months earlier than the *Babbitt* complaint assert multiple claims under New York law. And, to the extent it matters, Mr. Babbitt was the very last plaintiff to file his case and appear in the litigation, but certainly not the first to have purchased his computer directly from Lenovo.

//
//

---

[5] Babbitt did not file any response to the competing motions filed by the Sterling, Pick and Wood plaintiffs.

## III. CONCLUSION

For all of the foregoing reasons, the Court should grant the Sterling Plaintiffs' motion to appoint Cotchett Pitre, Girard Gibbs and Pritzker Levine as interim co-lead class counsel and deny the motions by the Pick Plaintiffs, Plaintiff Babbitt and the Wood Plaintiffs.

Dated: July 13, 2015

**PRITZKER LEVINE LLP**

*/s/ Jonathan K. Levine*

Jonathan K. Levine (SBN 220289)
Elizabeth C. Pritzker (SBN 146267)
180 Grand Avenue, Suite 1390
Oakland, California 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
jkl@pritkzkerlevine.com
ecp@pritzkerlevine.com

Proposed Interim Class Counsel and Attorneys for Plaintiff in *Sterling v. Lenovo (United States) Inc., et al.* (N.D. Cal.)

**GIRARD GIBBS LLP**

*/s/ Daniel C. Girard*

Daniel C. Girard (SBN 114826)
Amanda M. Steiner (SBN 190047)
Elizabeth A. Kramer (SBN 293029)
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dcg@girardgibbs.com
as@girardgibbs.com
eak@girardgibbs.com

Proposed Interim Class Counsel and Attorneys for Plaintiffs in *Estrella, et al. v. Lenovo (United States) Inc., et al.* (N.D. Cal.)

6

THE STERLING PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

**COTCHETT, PITRE & McCARTHY, LLP**

*/s/ Matthew K. Edling*

Philip L. Gregory (SBN 95217)
Steven N. Williams (SBN 175489)
Matthew K. Edling (SBN 250940)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
pgregory@cpmlegal.com
swilliams@cpmlegal.com
medling@cpmlegal.com

Proposed Interim Class Counsel and Attorneys for Plaintiff in *JGX, Inc. v. Lenovo Group Limited, et al.* (N.D. Cal.)

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Linda Fong (SBN 124232)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  (415) 772-4700
Facsimile:   (415) 772-4707

Attorneys for Plaintiffs in *Hall, et al. v. Lenovo (United States) Inc., et al.* (N.D. Cal.)

**COHELAN KHOURY & SINGER**
Timothy D. Cohelan (SBN 060827)
J. Jason Hill (SBN 179630)
605 C Street, Suite 200
San Diego, California 92101
Telephone: (619) 595-3001
Facsimile: (619) 595-3000

Attorneys for Plaintiffs in *Martini v. Lenovo (United States) Inc., et al.* (N.D. Cal.)

**GREEN & NOBLIN, P.C.**
Robert S. Green (SBN 136183)
700 Larkspur Landing Circle, Suite 275
Larkspur, CA 94939
Telephone:  (415) 477-6700

THE STERLING PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

Facsimile: (415) 477-6710

**FEDERMAN & SHERWOOD**
William Federman
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405(239-2112

Attorneys for Plaintiffs in *Johnson v. Lenovo (United States) Inc., et al.* (N.D. Cal.) and in *Thweatt v. Lenovo (United States) Inc., et al.* (W.D. Wash.)

**BERGER & MONTAGUE, P.C.**
Shanon J. Carson
Arthur Stock
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Facsimile: (215) 875-4604

Attorneys for Plaintiff in *Simonoff v. Lenovo (United States) Inc., et al.* (N.D. Cal.)

**WEITZ & LUXENBERG, P.C.**
Christopher B. Dalbey (SBN 285562)
Robin L. Greenwald
James J. Bilsborrow
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461
1880 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 247-0921
Facsimile: (310) 786-9927

Attorneys for Plaintiffs in *Wood, et al. v. Lenovo (United States) Inc., et al.* (N.D. Cal.) and in *Phillips et al. v. Lenovo (United States) Inc., et al.* (E.D.N.Y.)

**STUEVE SIEGEL HANSON LLP**
Jason S. Hartley (SBN 192514)
550 West C Street, Suite 1750

San Diego, CA 92101
Telephone:  (619) 400-5822
Facsimile:  (619) 400-5832

Norman E. Siegel
Barrett J. Vahle
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile:  (816) 714-7101

Attorneys for Plaintiffs in *Ravencamp v. Lenovo (United States) Inc., et al.* (N.D. Cal.)

**SAVERI & SAVERI, INC.**
Cadio Zirpoli (SBN 179108)
Carl N. Hammarskjold (SBN 280961)
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

Attorneys for Plaintiffs in *Schultz v. Lenovo Group Limited, et al.* (N.D. Cal.)

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone:  (213) 785-2610
Facsimile:  (213) 226-4684

Phillip Kim
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone:  (212) 686-1060

**THE HINTON LAW FIRM**
Christopher S. Hinton, Esq.
275 Madison Ave., 34th Fl.
New York, New York 10016
Telephone: (646) 723-3377
Facsimile: (914) 530-2954

9

THE STERLING PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

Attorneys for Plaintiffs in *Cullifer et al. v. Superfish, Inc., et al.* (N.D. Cal.)

**CONSUMER LAW PRACTICE OF DANIEL T. LEBEL**
Daniel T. LeBel (SBN 246169)
3 Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone: (415) 513-1414
Facsimile: (415) 563-7848

Attorneys for Plaintiff in *Khazak v. Superfish, Inc., et al.* (N.D. Cal.)

**LAW OFFICES OF ALEX SCHACK**
Alexander M. Schack (SBN 99126)
Natasha Naraghi (SBN 284711)
16870 West Bernardo Drive, Suite 400
San Diego, California 92127
Telephone: (858) 485-6535
Facsimile: (858) 485-0608

**SPRETER LEGAL SERVICES, APC**
Geoffrey J. Spreter (SBN 257707)
601 3rd Street
Coronado, California 92118
Telephone: (619) 865-7986

**ADLER LAW GROUP, APLC**
E. Elliot Adler (SBN 229030)
402 W. Broadway, Suite 860
San Diego, California 92101
Telephone: (619) 531-8700
Facsimile: (619) 342-9600
Attorneys for Plaintiff in *Bennett v. Lenovo (United States) Inc., et al.* (S.D. Cal.)

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
Steve D. Larson
Mark A. Friel
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

THE STERLING PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
CASE NO.: 5:15-MD-02624-RMW

**ABINGTON COLE + ELLERY**
Cornelius P. Dukelow
320 S. Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
Telephone & Facsimile: (918) 588-3400

Attorneys for Plaintiffs in *Levenhagen v. Lenovo (United States) Inc., et al.* (D. Or.)

**KRISLOV & ASSOCIATES, LTD.**
Clinton A. Krislov
Ken Goldstein
John Orellana
Civic Opera Building
20 North Wacker Drive
Chicago, IL 60606
Telephone:  (312) 606-0500
Facsimile:  (312) 606-0207

Attorneys for Plaintiffs in *Hayden v. Lenovo, Inc., et al.* (N.D. Ill.)

**THE WERNER LAW FIRM**
Matthew Q. Wetherington
Adam L. Hoipkemier
2142 Vista Dale Court
Atlanta, GA 30084
Telephone:  (770) 837-3428
Facsimile:  (855) 873-2090

Attorneys for Plaintiffs in *Wu, et al. v. Lenovo (United States) Inc., et al.* (E.D.N.C.)

**ATTESTATION**

I, Jonathan K. Levine, am the ECF user whose ID and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all other signatories listed have concurred in this filing.

*/s/ Jonathan K. Levine*
Jonathan K. Levine