1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  PATRICK J. COUGHLIN (111070)
   CARMEN A. MEDICI (248417)
3  655 West Broadway, Suite 1900
4  San Diego, CA  92101
   Telephone:  619/231-1058
5  619/685-6920 (fax)
   patc@rgrdlaw.com
6  cmedici@rgrdlaw.com
         – and –
7  SHAWN A. WILLIAMS (213113)
8  Post Montgomery Center
   One Montgomery Street, Suite 1800
9  San Francisco, CA  94104
   Telephone:  415/288-4545
10 415/288-4534 (fax)
   shawnw@rgrdlaw.com
11
12 Attorneys for Plaintiff Lukas Pick

13                       UNITED STATES DISTRICT COURT

14                      NORTHERN DISTRICT OF CALIFORNIA

15 | In re LENOVO ADWARE LITIGATION | ) | Case No. 5:15-md-02624-RMW
   |                                 | ) |
16 |                                 | ) | PLAINTIFFS JOINT REPLY IN SUPPORT
   | This Document Relates To:       | ) | OF MOTION FOR THE APPOINTMENT OF
17 |                                 | ) | INTERIM CO-LEAD CLASS COUNSEL
   |     ALL ACTIONS.                | ) |
18 |                                 | ) | Date:       July 17, 2015
                                           Time:       9:00 a.m.
19                                         Courtroom:  6 - 4th Floor
                                           Judge:      Hon. Ronald M. Whyte
20

21

22

23

24

25

26

27

28

1052255_1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ROBBINS GELLER AND EDELSON HAVE SUPERIOR EXPERIENCE AND SUCCESS IN PRIVACY AND DATA BREACH CASES ................................................2

III. ROBBINS GELLER AND EDELSON ARE THE ONLY FIRMS TO MEANINGFULLY ADVANCE THE INTERESTS OF THE CLASS .............................6

    A. Robbins Geller and Edelson Conducted the Most Thorough Investigation of the Case, and Will Continue to Litigate the Case Efficiently and Diligently .....................................................................................................................6

    B. The Wood Movants' Attempt at a Preliminary Injunction Did Not Advance the Interests of the Class .........................................................................8

    C. The Sterling Movants Failed to Act in the Best Interests of the Class by Undermining Attempts at an Early Resolution of the Litigation ..............................9

IV. REGARDLESS OF HOW THEY CHARACTERIZE IT, THE STERLING MOVANTS CRAFTING A SUPPORTING COALITION OF FIRMS DOES NOT MERIT LEADERSHIP APPOINTMENT ...............................................................10

V. CONCLUSION......................................................................................................................11

1052255_1

PLAINTIFFS JOINT REPLY IN SUPPORT OF MOTION FOR THE APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW - i -

# TABLE OF AUTHORITIES

**Page**

**CASES**

*In re Jiffy Lube Int'l Text Spam Litig.*,
    847 F. Supp. 2d 1253 (S.D. Cal. 2012) ................................................................................. 5

*White v. Experian Info. Sols.*,
    993 F. Supp. 2d 1154 (C.D. Cal.), *amended*,
    2014 U.S. Dist. LEXIS 61433 (C.D. Cal. May 1, 2014) ........................................................ 9

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 23(g) ........................................................................................................................ 1, 10

1052255_1

PLAINTIFFS JOINT REPLY IN SUPPORT OF MOTION FOR THE APPOINTMENT OF INTERIM
CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW                                                                                    - ii -

## I. INTRODUCTION

Of the four groups seeking to be appointed as Interim Class Counsel, the group led by Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Edelson P.C. ("Edelson"), should be appointed above the others for several reasons.[1] First, Robbins Geller and Edelson have more experience in privacy law, and have achieved more success for consumers in privacy and data breach litigation, than every other movant. The class deserves the benefit of this experience. Second, it is the only group that has consistently demonstrated a desire to protect the interests of the putative class, and have not, unlike others, wasted unnecessary time and resources or, for selfish reasons, stymied any chance to determine if resolution at this stage of the litigation was in the best interests of the Class, an option Defendants were willing to explore. The class deserves to be represented by firms dedicated to them and them only. Third, a cursory review of the complaints filed in this MDL provides great insight into which firms have performed the most thorough factual and legal investigation in this case.

Movants Sterling and Wood have both endeavored to distinguish themselves in an effort to secure their chosen counsel's appointment as Interim Class Counsel, but some of the distinctions cited require some charitable – if not imaginative – interpretations in order to justify favorable treatment. Neither Wood's futile attempts at a preliminary injunction nor Sterling's popularity contest warrant consideration in appointing Interim Class Counsel, and as such the Rule 23(g) factors clearly support the appointment of Robbins Geller and Edelson as Interim Class Counsel. Moreover, and as set forth in Robbins Geller and Edelson's Response, some of the Sterling Movants copied no fewer than ***nine paragraphs*** from Hunter's complaint, describing Lenovo and Superfish's conduct. Dkt. No. 18 (Hunter/Pick Response) at 10. Leaders draft, followers copy. The Complaints demonstrate which movants fall into each category.

---

[1] The Babbitt Movants failed to file a response and it is unclear whether they are still seeking appointment. In any event, their lack of relevant experience highlighted in the Response (Dkt. No. 18 at 6) and utter lack of action taken for the benefit of the class remain as fatal impediments to their leadership bid.

1052255_1

PLAINTIFFS JOINT REPLY IN SUPPORT OF MOTION FOR THE APPOINTMENT OF INTERIM
CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW                                                                - 1 -

## II. ROBBINS GELLER AND EDELSON HAVE SUPERIOR EXPERIENCE AND SUCCESS IN PRIVACY AND DATA BREACH CASES

No movant disputes both Robbins Geller's and Edelson's bona fides in prosecuting class actions, with proven records of experience, knowledge, and results. Nor could they. Indeed, the lawyers at Robbins Geller and Edelson have decades of experience litigating – and, perhaps most importantly, *trying*, some of the largest, most complex class actions in the United States, and having recovered more than $45 billion for millions of class members and shaped the law controlling this case through the litigation of the largest, most complex, and groundbreaking privacy and technology class actions.

To that end, each competing firm has recognized Robbins Geller and Edelson's adequacy to lead the Consolidated Actions here. For instance, the Sterling Movants laud Robbins Geller's leading securities class action practice, and Edelson's pioneering technology and privacy practice. Dkt. No. 21 (Sterling Response) at 5. Likewise, the Wood Movants readily acknowledge Robbins Geller and Edelson's qualifications to lead this litigation. Dkt. No. 20 (Wood Response) at 10-11. And counsel for the plaintiff in the *Foster* action,[2] while not seeking a lead appointment themselves, has voluntarily submitted an unsolicited response brief urging the Court to appoint Robbins Geller and Edelson as lead interim class counsel in light of their combined expertise and "demonstrated track record of success in consumer privacy litigation of this magnitude." Dkt. No. 19 at 1.[3]

Despite this widely recognized and unrivaled level of experience, two of the groups of Competing Firms still maintain that Robbins Geller and Edelson are ill-equipped to handle litigation of this type and scope (despite both having done so in the past).[4] For their part, the Sterling Movants argue that Robbins Geller's experience in privacy class actions is "at best equal to that of Sterling

---

[2] *Foster v. Lenovo (United States), Inc.*, No. 15-cv-2787 (N.D. Cal.).

[3] It bares emphasizing the critical importance and distinguishing impact of Robbins Geller's actual class action *trial* experience, which in and of itself provides exceptional benefits to the class. Indeed, a defendant's knowledge that they could actually face a jury trial of a large class action will assist tremendously in securing the best possible settlement for the class.

[4] One Competing Firm, the Saveri firm, representing the plaintiff in the *Babbitt* action, did not file a response brief.

1  Plaintiffs' Counsel," (Dkt. No. 21 at 5), and that Edelson lacks complex case management
2  experience. Neither assertion is true.

3  First, while the Sterling Movants contend that Robbins Geller's consumer and privacy
4  experience is "at best equal to that of Sterling Plaintiffs' Counsel," (Dkt. No. 21 at 5), even a cursory
5  review of the relevant firm resumes belies that contention. By way of example, Robbins Geller has
6  settled privacy class actions for $75 million,[5] $50 million,[6] and $15 million,[7] each of which resulted
7  in direct cash recovery for class members. By contrast, none of the Sterling Plaintiffs' Counsel can
8  point to any privacy settlement with a guaranteed automatic cash component. Dkt. No. 5 (Sterling
9  Motion) at 5-13.[8] Thus, the Sterling Movants' assertion that they have privacy experience equal to
10 Robbins Geller's flatters themselves, and ignores the fact that no Competing Firm can point to
11 Robbins Geller's demonstrated results – and hundreds of millions of dollars in recoveries – in
12 privacy class actions. *See* Dkt. No. 6 (Hunter/Pick Motion) at 10; Dkt. No. 18 (Hunter/Pick
13 Response) Response at 4-5.

14 Some of Robbins Geller's other successes on behalf of consumers include:

15 - **HMO Emergency Services Compensation Litigation**. After convincing a Florida appeals court to recognize an implied private right of action for Florida emergency physicians against HMOs, Robbins Geller achieved settlements in several of these cases, resulting in tens of millions of dollars in both past damages and future reimbursement rates for the provider class. *Merkle v. Health Options, Inc.*, 940 So. 2d 1190 (Fla. 4th DCA 2006).

- **Dannon Activia® Litigation**. Robbins Geller attorneys secured the largest ever settlement for a false advertising case involving a food product whereby Dannon agreed to modify its advertising and establish a fund of up to $45 million to compensate consumers for their purchases of Activia® and DanActive®. *Gemelas v. Dannon Co., Inc.*, No. 08-cv-00236 (N.D. Ohio).

---

[5] *See In re Trans Union Corp. Privacy Litig.*, MDL No. 1350 (N.D. Ill.).

[6] *Kehoe v. Fid. Fed. Bank & Trust*, 421 F.3d 1209 (11th Cir 2005).

[7] *In re: Sony Gaming Networks and Computer Data Security Breach Litig.*, MDL No. 2258 (S.D. Cal.).

[8] Instead, the overwhelming majority of the Sterling Plaintiffs' Counsel's privacy settlements with cash components required a showing of actual identity theft as a prerequisite to any cash recovery. Dkt. No. 5 at 9-11.

- **Mattel Lead Paint Toys Litigation**. Robbins Geller reached a landmark settlement for millions of dollars in refunds and lead testing reimbursements, as well as important testing requirements to ensure that Mattel's toys are safe for consumers in the future. *In re Mattel, Inc. Toy Lead Paint Prods. Liab. Litig.*, No. 2:07-ml-01897-DSF-AJW (C.D. Cal.).

- **Visa and MasterCard Fees Litigation**. Robbins Geller won one of the largest consumer-protection verdicts ever awarded in the United States, recovering $800 million in cardholder losses, representing 100% of the alleged damages plus 2% interest and key reforms in one of the largest consumer verdicts ever awarded. *Schwartz v. Visa Int'l*, No. 822404-4 (Cal. Super. Ct. Alameda Cty.).

- **Tenet Healthcare Cases**. Robbins Geller settled this action which alleged a fraudulent scheme of corporate misconduct, resulting in Tenet changing its practices and making refunds to patients. *In re Tenet Healthcare Cases II*, JCCP No. 4289 (Cal. Super. Ct. Los Angeles Cnty.).

- **Life Scan Product Liability Action**. Robbins Geller achieved a $45 million cash settlement for deceptive marketing and sale of a defective blood-glucose monitoring system for diabetics. *In re Lifescan, Inc. Consumer Litig.*, No. CV-98-20321-JF (N.D. Cal. Mar. 18, 2002).

- **Joe Camel Litigation**. Robbins Geller secured a $12.5 billion recovery for the cities and counties of California in the landmark 1998 state settlement with the tobacco companies and helped end the Joe Camel ad campaign, a cartoon ad campaign that targeted children. *Mangini v. R.J. Reynolds Tobacco Co.*, No. 939359 (Cal. Super. Ct., San Francisco Cnty.)..[9]

- **NHL Concussion Injury Litigation**. Robbins Geller is also currently serving as co-lead counsel in *In re Nat'l Hockey League Players' Concussion Injury Litig.*, MDL No. 14-2551 (D. Minn), a complex class action on behalf of former professional hockey players arising from the NHL's failing to protect or warn its players regarding the serious short- and long-term dangers of head injuries suffered on the ice.

Second, the Sterling Movants' attack on Edelson's supposed lack of case management experience – notably made without any factual or record support – is also without merit. Indeed, that argument ignores that Edelson and its attorneys have been appointed interim lead or co-lead class counsel in scores of complex multidistrict cases involving some of the very same consumer technology and privacy issues in question here and consumer issues, generally; that they regularly litigate cases involving multiple parties, competing plaintiffs' groups, millions of pages of

---

[9] Robbins Geller attorneys have also achieved large cash recoveries in a number of insurance related consumer litigations. *In re Metro. Life Ins. Co. Sales Practices, Litig.*, No. 96-179 (W.D. Pa.) ($1.9 billion recovery); *In re Mfrs. Life Ins. Co. Premium Litig.*, MDL No. 1109 (S.D. Cal.) ($550 million recovery); *McNeil v. Am. Gen. Life Ins. Co.*, No. 3-99-1157 (M.D. Tenn.) ($234 million recovery in racial discrimination case).

1052255_1

PLAINTIFFS JOINT REPLY IN SUPPORT OF MOTION FOR THE APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW - 4 -

documents, and complex source code production and review; and that they have even led cases involving parties, evidence and claims spread across the globe. *See, e.g.*, *In re LinkedIn User Privacy Litig.*, No. 12-cv-3088 (Dkt. No. 40) (N.D. Cal. Aug. 29, 2012) (appointing Edelson as lead class counsel of four consolidated data breach cases, and holding that his firm is "experienced in class action litigation and, in particular, in class action litigation involving technology and privacy . . . [and had] taken a leadership role among counsel for the other plaintiffs"); *In re Netflix Privacy Litig.*, No. 11- cv-00379-EJD (Dkt. No. 59) (N.D. Cal. Aug. 12, 2011) (appointing Edelson as lead counsel of six consolidated class actions and holding that his firm's "significant and particularly specialized expertise in electronic privacy litigation and class actions, renders them superior to represent the putative class"); *In re Advocate Data Breach Litig.*, No. 2013-CH-20390 (Del. Ch., Cook Cnty, Ill.) (appointing Edelson co-lead of nine consolidated healthcare data breach class actions, which were being prosecuted by twelve law firms); *In re: JP Morgan Chase Bank Home Equity Line of Credit Litig.*, No. 10-cv-03647 (Dkt. No. 37) (N.D. Ill. July 16, 2010) (appointing Edelson as co-lead counsel of MDL involving nine class actions from seven different federal district courts); *In re Jiffy Lube Int'l Text Spam Litig.*, 847 F. Supp. 2d 1253 (S.D. Cal. 2012) (appointing Edelson co-lead counsel and finally approving $35 million text spam settlement); *Birchmeier v. Caribbean Cruise Line, Inc.*, No. 12-cv-04069 (Dkt. No. 100) (N.D. Ill. April 17, 2013) (appointing Edelson as co-lead counsel of three consolidated cases in Telephone Consumer Protection Act case); *In re Pet Food Prod. Liab. Litig.*, No. 07-2867 (NLH) (D.N.J.) (Edelson appointed as co-lead counsel of nationwide actions arising out of alleged contamination of pet food). Necessarily, the prosecution of those actions has allowed Edelson to gain and demonstrate its complex case management experience.

In *Harris v. comScore*, No. 11-cv-5807 (N.D. Ill.) – the case most analogous to the instant litigation – Edelson investigated a leading online analytics provider's use of software to intercept and monitor consumers' online activities and then litigated their clients' claims through adversarial class certification and the close of fact discovery, reviewing millions of pages of documents, conducting dozens of depositions (including expert discovery and depositions), litigating dozens of discovery disputes, and briefing and arguing numerous dispositive motions. *Id.* As a result of those

1 efforts, Edelson obtained a $14 million class-wide settlement that paid claiming class members
2 nearly $600 each. *Id.*

3 Thus, the Sterling Movants' assertions that Robbins Geller lacks privacy experience and
4 Edelson lacks complex case management experience are simply inaccurate. As explained above,
5 Robbins Geller's privacy experience and successes dwarf those of the Sterling Movants,[10] while
6 Edelson has a demonstrated record of leading complex class actions – especially in the privacy and
7 technology fields. Thus, the scales are tipped decidedly in favor of appointing Robbins Geller and
8 Edelson as interim class counsel.

### III. ROBBINS GELLER AND EDELSON ARE THE ONLY FIRMS TO MEANINGFULLY ADVANCE THE INTERESTS OF THE CLASS

In their moving papers, each movant extolled the caliber of their investigation and understanding, as well as their efforts on behalf of the putative class thus far. A closer review of the record here, however, leaves no doubt that Robbins Geller and Edelson are unparalleled in their efforts (and the substantive progress they have made).

#### A. Robbins Geller and Edelson Conducted the Most Thorough Investigation of the Case, and Will Continue to Litigate the Case Efficiently and Diligently

Starting at the beginning, and as detailed further in their opening motion, Robbins Geller and Edelson conducted a far-reaching technical investigation prior to filing their respective complaints. *See* Dkt. No. 6 at 5-7. For its part, Robbins Geller investigated not only the mechanism and technology underlying the Superfish software, but also the business relationship between Superfish and Lenovo. *Id.* Likewise, Edelson conducted a detailed forensic analysis of the Superfish software's operation, Superfish's relationship to Komodia, and the implications of that relationship. *Id.* And, of course, if any doubt existed as to the value of that investigation, it was erased by the Cotchett firm's decision to copy no fewer than ***nine paragraphs*** from the Hunter complaint. Dkt. No. 18 at 9-10.

---

[10] Robbins Geller and Edelson also have far more experience than the Wood Movants, who both have fine resumes, but have, respectfully, little to no experience representing consumers in privacy or technology class action matters. A review of the briefs submitted in support of their motion makes this conclusion clear.

1        Further, since filing Robbins Geller has obtained – by consulting with the Electronic Frontier Foundation (the "EFF") – access to some of the most experienced and dedicated advocates for electronic rights and privacy in the country, as the EFF is the preeminent opponent of the wanton privacy abuses that Lenovo and Superfish allegedly engaged in. And, by consulting with the EFF, Robbins Geller can share knowledge and strategies with EFF attorneys that have been involved in at least 58 electronic privacy cases. Electronic Frontier Foundation, *All EFF's Legal Cases*, *available at* https://www.eff.org/cases (last visited July 13, 2015). No other movant can claim anything approaching this level of value, which is likely why none of the competing movants has addressed the issue.[11]

        Likewise, Edelson has the unique asset of an in-house team of computer experts and investigators that allowed them to craft the most technologically detailed complaint filed in the Consolidated Actions. On an ongoing basis, this will also enable Edelson to reduce expert costs and the burden of discovery as the case progresses. The Sterling movants appear to tacitly acknowledge Edelson's investigative prowess, given that (again) the Cotchett firm's *JGX* complaint copied large portions of Edelson's complaint word-for-word, despite attributing much of their supposed factual research to inquiries with "industry consultants." *See* Dkt. No. 18 at 10.[12] Finally, the Sterling Movants do not even attempt to defend the caliber of the *Sterling* complaint, as it is broadly lacking in citations, sources, or details.

        Accordingly, Robbins Geller's and Edelson's investigatory efforts also set them apart from the Competing Movants and further support the appropriateness of their appointment as interim co-lead counsel.

---

[11] The *Estrella* complaint does, however, acknowledge the EFF as the "leading nonprofit organization defending civil liberties in the digital world." *Estrella* Dkt. No. 1, ¶54 (*Estrella* Complaint).

[12] To be sure, though Robbins Geller and Edelson have maintained an open dialogue and cooperation with other plaintiffs, and offered to share valuable insights, Edelson did not share their in-house technology experts – or "industry consultants" – with Cotchett when Cotchett cribbed sections of Edelson's complaint. Indeed, the Sterling Movants never once took Robbins Geller and Edelson up on their offers to share the results of their own internal investigations.

### B. The Wood Movants' Attempt at a Preliminary Injunction Did Not Advance the Interests of the Class

The Wood Movants have made much ado about their attempts at a preliminary injunction, citing to it frequently in their motion and response as the primary justification for their appointment to leadership. *See* Dkt. Nos. 3 (Wood Motion), 20 (Wood Response). Upon closer scrutiny, however, this argument fails to justify appointment of the Wood Movants as interim class counsel.

First and foremost, the Wood Movants' motivation in aggressively pursuing their failed attempt at a preliminary injunction before consolidation is suspect. While claiming devotion to the best interests of the Class, the Wood Movants pursued their activities unilaterally and without any discussion with other plaintiffs. Though nearly every other plaintiff was engaged in mutual discussion and planning, the Wood Movants acted alone in determining that the preliminary injunction was necessary to "protect" the interests of the class. This unilateral conduct raises two possible hypotheses as to the Wood Movants' motivation: either the Wood Movants thought that this injunction was in the best interests of the Class and cooperation or communication with other plaintiffs was somehow detrimental to these interests (but we should take on faith that they would start acting cooperatively if appointed Interim Class Counsel), or, these actions were motivated primarily by the desire to demonstrate some form of procedural advancement beyond other movants in the interests of obtaining leadership. The latter theory is certainly more compelling given the state of the Interim Class Counsel briefing.

By contrast and as detailed in their previous briefing, Robbins Geller and Edelson worked with the Defendants to understand the factual circumstances surrounding the use of the Superfish software, whether it continued in use and (if so) how it was affecting putative class members, and any efforts by the Defendants to notify class members of the alleged issues with the software and potential remedies for the same. *See* Dkt. Nos. 6 & 18. Further, while the Wood Movants have emphasized the success and import of their preliminary injunction activities in seeking leadership, these claimed achievements are dubious at best. Though they argue that their motion was the impetus for Lenovo distributing an electronic security message to its customers, Lenovo has explicitly denied any link between the preliminary injunction motion and the security message. Dkt.

No. 16 at 4. And though they have claimed that, *inter alia*, the fact that Superfish Adware "employed a self-signed root certificate with a private key that was stored on the device and protected only by a simple password" were new discoveries that Lenovo was "forced to disclose," (Dkt. No. 3 at 4), that information was already publicly available months before and cited in Movant Pick's complaint (Dkt. No. 6-2, Ex. 4 (*Pick* Complaint), ¶34) among other places.

The ultimate conclusion of the Wood Movants' preliminary injunction motion was that nothing happened to benefit the Class, yet the Wood Movants spent considerable time and money "spinning their wheels" while ineffectually briefing their injunction and attempting to evade the stay pending consolidation.[13] When viewed in the totality, the Wood Movants' futile pursuit of an injunction does not merit consideration in appointment of Interim Class Counsel. And, as explained above, it hardly evidences knowledge of privacy and technology law superior to that of Robbins Geller and Edelson, much less evidence that they are capable of achieving results in such litigation like that achieved by Robbins Geller and Edelson.

### C.  The Sterling Movants Failed to Act in the Best Interests of the Class by Undermining Attempts at an Early Resolution of the Litigation

When appointing Interim Class Counsel, "[a]ny attorney acting on behalf of the class 'must act in the best interests of the class as a whole.'" *White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1169 (C.D. Cal.), *amended*, 2014 U.S. Dist. LEXIS 61433 (C.D. Cal. May 1, 2014). Thus, when evaluating various prospective movants for leadership, particular weight should be placed on conduct that is contrary to the best interests of the class.

Here, after initial meetings and phone calls between Robbins Geller and Edelson with their counsel, Defendants expressed interest in examining the potential for early resolution of the case,

---

[13] While the Wood Movants also make much of their supposedly lower billing rates, their argument that the Class will benefit from those rates fails for three reasons. First, it ignores the fact that it has already spent substantial and unnecessary time on the preliminary injunction motion. Second, it ignores the possibility that Edelson and Robbins Geller will, by virtue of their substantial experience in the field, be able to assign a higher percentage of work to their associates than the Wood Movants would, thereby undercutting any supposed cost savings. And third, the Wood Movants misstate Edelson's associates' hourly billing rates, by relying on a single attorneys' fee petition that included only two associates (both in their third year of practice). Dkt. No. 20 at 6-7. As other fee petitions have shown, Edelson's associates bill at rates as low as $295 per hour. *See, e.g., Harris*, No. 11-cv-5807 (Dkt. No. 358) at 14–15 (N.D. Ill. Aug. 20, 2014); *In re Netflix Privacy Litig.*, No. 11-cv-379 (Dkt. No. 191), ¶ 69 (N.D. Cal. Oct. 31, 2012).

1 including an early exchange of information and proceeding with an early mediation. In light of this, 2 Robbins Geller and Edelson worked together with the *Sterling* movants, ***as equals***, to arrange an 3 early mediation with Defendants to streamline the proceedings, simplify the disputed issues, obtain 4 certain cooperative shared discovery, and potentially establish a framework for resolving the case. 5 After the Sterling Movants ***chose the venue*** for mediation, ***the time*** of the mediation, and ***the*** 6 ***mediator himself*** (the Hon. Edward Infante (ret.)), all without any objections by Robbins Geller or 7 Edelson, they then secretly sent a letter to Defendants expressing righteous indignation at the 8 proposed "secret" mediation. Regardless of the stated-motives for the abrupt about-face, this 9 conduct could not conceivably have been beneficial to the interests of the class.

10 With no apparent sense of irony, the Sterling Movants currently justify their decision to 11 abandon the mediation by the need to "minimiz[e] unnecessary and costly motion practice, and 12 allowing negotiation to occur without undue settlement pressure and based on adequate 13 information." Dkt. No. 21 (Sterling Response) at 10. The Sterling Movants, however, previously 14 advocated against a stay of the case pending consolidation, because "much can be accomplished" to 15 "advance the litigation" if they alone were permitted to discuss with Defendants: "(1) jurisdiction 16 and service; (2) anticipated legal issues and motions; (3) initial disclosures and identification of 17 topics on which discovery might be needed; (4) the Northern District's Guidelines for the Discovery 18 of ESI; (5) any suggested changes to discovery permitted by the Federal Rules; and (6) case 19 scheduling." *Sterling* Dkt. 31 at 4. It seems, then, that the Sterling Movants' actions were not rooted 20 in any true concern regarding the burden of additional motion practice or the benefits from quick 21 action, but instead simply positioning for leadership.

22 **IV.  REGARDLESS OF HOW THEY CHARACTERIZE IT, THE STERLING MOVANTS CRAFTING A SUPPORTING COALITION OF FIRMS DOES**
23 **NOT MERIT LEADERSHIP APPOINTMENT**

24 Though perhaps creative, the Sterling Movants' efforts to expand the clearly enumerated 25 Rule 23(g) factors to encompass popularity contests should not be rewarded. In their response the 26 Sterling Movants point to the fact that a majority of law firms support their appointment as Interim 27 Class Counsel, and then boldly the Sterling Movants' attempt to turn appointment of leadership into

28

1  a rote popularity contest.  The Court should instead appoint the most qualified firms to represent the

2  Class as Interim Class Counsel – Robbins Geller and Edelson.

3  **V.      CONCLUSION**

4        Though other movants may have experience prosecuting class actions, Robbins Geller and Edelson combine to bring investigative resources, technical understanding, and a wealth of experience that cannot be matched by any of the other movants.  This is highlighted by the past successes of Robbins Geller and Edelson, with their unmatched records of attaining large cash awards in privacy and data breach class actions for all class members.  This is highlighted by the thorough and well-crafted complaints filed by Hunter and Pick which showcased heightened levels of investigation and understanding.  And finally, this is highlighted by Robbins Geller and Edelson continuing to pursue real benefits for the Class, while other movants either expend effort pursuing ineffective tactics or actively preventing progress. For all of the reasons identified here, and in the previous Motion for the Appointment of Co-Lead Class Counsel and subsequent Response, this court should appoint Robbins Geller and Edelson as Interim Class Counsel.

DATED:  July 13, 2015

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
CARMEN A. MEDICI


        s/ Carmen A. Medici
        CARMEN A. MEDICI

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/685-6920 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

1052255_1

PLAINTIFFS JOINT REPLY IN SUPPORT OF MOTION FOR THE APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW - 11 -

| | | |
|---|---|---|
| DATED: July 13, 2015 | | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>PAUL J. GELLER<br>STUART A. DAVIDSON<br>MARK J. DEARMAN |

s/ Mark J. Dearman
MARK J. DEARMAN

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

Attorneys for Plaintiff Lukas Pick

DATED:  July 13, 2015                         EDELSON PC
                                              JAY EDELSON
                                              RAFEY S. BALABANIAN
                                              BENJAMIN H. RICHMAN

s/ Jay Edelson
JAY EDELSON

350 North LaSalle Street, 13th Floor
Chicago, Illinois  60654
Telephone:  312-589-6370
(312) 589-6378 (fax)

Attorneys for Plaintiff David Hunter

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Northern District of California's Civil L.R. 5-1(1)(3), Carmen A. Medici attests that concurrence in the filing of this document has been obtained.

DATED:  July 13, 2015                                    s/ Carmen A. Medici
                                                         CARMEN A. MEDICI

1052255_1

PLAINTIFFS JOINT REPLY IN SUPPORT OF MOTION FOR THE APPOINTMENT OF INTERIM
CO-LEAD CLASS COUNSEL - 5:15-md-02624-RMW                                    - 12 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 13, 2015.

      s/ Carmen A. Medici
      Carmen A. Medici

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:      cmedici@rgrdlaw.com

1052255_1

**Mailing Information for a Case 5:15-md-02624-RMW In Re: Lenovo Adware Litigation**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mona Amini**
  mona@kazlg.com

- **Rafey S. Balabanian**
  rbalabanian@edelson.com

- **Raymond M. Bennett**
  rbennett@wcsr.com

- **James Bilsborrow**
  jbilsborrow@weitzlux.com

- **James Jackson Bilsborrow**
  jbilsborrow@weitzlux.com

- **Robert W. Bishop**
  firm@bishoplegal.net

- **Howard Mitchell Bushman**
  hbushman@harkeclasby.com

- **Douglas James Campion**
  doug@djcampion.com

- **Clifford A Cantor**
  cacantor@comcast.net

- **Mario Man-Lung Choi**
  mchoi@kaplanfox.com

- **Timothy Douglas Cohelan**
  tcohelan@ckslaw.com,matlas@ckslaw.com,aworden@ckslaw.com

- **Rodger R. Cole**
  rcole@fenwick.com,vpieretti@fenwick.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Christopher Dalbey**
  cdalbey@weitzlux.com

- **Alan W. Duncan**
  aduncan@vldlitigation.com

- **Jay Edelson**
  jedelson@edelson.com

- **Matthew Kendall Edling**
  medling@cpmlegal.com,rbarghi@cpmlegal.com,obacigalupi@cpmlegal.com,jacosta@cpmlegal.com

- **Sarah Clasby Engel**
  sengel@harkeclasby.com

- **William B. Federman**
  wbf@federmanlaw.com,ngb@federmanlaw.com,law@federmanlaw.com

- **Joel A. Fleming**
  joel@blockesq.com

- **Linda M. Fong**
  lfong@kaplanfox.com

- **Frederic S. Fox**
  ffox@kaplanfox.com

- **Mark A. Friel**
  mfriel@stollberne.com,aarnold@stollberne.com

- **John S. Friend**
  louisvillelaw22@gmail.com

- **Daniel C. Girard**
  dcg@girardgibbs.com,mce@girardgibbs.com,amv@girardgibbs.com

- **Robert S. Green**
  gnecf@classcounsel.com

- **Robin L. Greenwald**
  rgreenwald@weitzlux.com

- **Robin Lynn Greenwald**
  rgreenwald@weitzlux.com

- **Philip Lawrence Gregory**
  pgregory@cpmlegal.com,anorsby@cpmlegal.com,cartigapurcell@cpmlegal.com,mbrown@cpmlegal.com

- **Carl Nils Hammarskjold**
  carl@saveri.com

- **Lance August Harke**
  lharke@harkeclasby.com

- **Jason Scott Hartley**
  hartley@stuevesiegel.com,vahle@stuevesiegel.com,glover@stuevesiegel.com,siegel@stuevesiegel.com,williams@stuevesiegel.com,perez@stue

- **James Jason Hill**
  jhill@ckslaw.com,matlas@ckslaw.com,aworden@ckslaw.com

- **Shireen Hormozdi**
  shireen@norcrosslawfirm.com

- **Mark T. Johnson**
  mjohnson@schneiderwallace.com,efilings@schneiderwallace.com

- **Abbas Kazerounian**
  ak@kazlg.com

- **Isam Charles Khoury**
  ikhoury@ckslaw.com,matlas@ckslaw.com,aworden@ckslaw.com

- **Phillip C Kim**
  pkim@rosenlegal.com

- **Vivian Injung Kim**
  vkim@dykema.com,cacossano@dykema.com

- **Laurence D. King**
  lking@kaplanfox.com,spowley@kaplanfox.com

- **Tyler Z. Korus**
  tyler@bishoplegal.net

- **Elizabeth Antonia Kramer**
  eak@girardgibbs.com,amv@girardgibbs.com

- **Ethan Michael Lange**
  lange@stuevesiegel.com,campbell@stuevesiegel.com,williams@stuevesiegel.com,perez@stuevesiegel.com

- **Betsy Cook Lanzen**
  blanzen@wcsr.com

- **James Dominick Larry**
  nlarry@edelson.com,cdore@edelson.com

- **Steve Douglas Larson**
  slarson@stollberne.com,aarnold@stollberne.com

- **Samuel Lasser**
  samlasser@hotmail.com

- **Daniel Timothy LeBel**
  danlebel@consumerlawpractice.com,danlebel@pacernotice.com

- **Seth Michael Lehrman**
  seth@pathtojustice.com,steve@pathtojustice.com,mark@pathtojustice.com,ecf@pathtojustice.com

- **Jonathan Krasne Levine**
  jkl@pritzkerlevine.com,ecp@pritzkerlevine.com,bc@pritzkerlevine.com,sy@pritzkerlevine.com

- **Jason M. Leviton**
  jleviton@cmht.com

- **Travis Luke Manfredi**
  travis@saveri.com

- **Frank Mari**
  fmari@bellroperlaw.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com,E_File_SD@rgrdlaw.com,MDearman@rgrdlaw.com

- **Amir Cheyenne Missaghi**
  amissaghi@edelson.com

- **Adam M. Moskowitz**
  AMM@kttlaw.com

- **Natasha Azadeh Naraghi**
  natashanaraghi@amslawoffice.com,joanbennett@amslawoffice.com

- **Robert J Neary**
  rn@kttlaw.com

- **Tyler Griffin Newby**
  tnewby@fenwick.com,pnichols@fenwick.com

- **John P Orellana**
  johno@krislovlaw.com

- **Elizabeth Cheryl Pritzker**
  ecp@pritzkerlevine.com,jkl@pritzkerlevine.com,bc@pritzkerlevine.com,sy@pritzkerlevine.com

- **Annasara Guzzo Purcell**
  apurcell@fenwick.com,dsheppard@fenwick.com

- **Amanda G. Ray**
  aray@wcsr.com

- **Kevin E. Rayhill**
  krayhill@saverilawfirm.com

- **Benjamin Harris Richman**
  brichman@edelson.com

- **Michael J. Roper**
  mroper@bellroperlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Stephen McDaniel Russell , Jr**
  srussell@vldlitigation.com

- **Joseph R. Saveri**
  jsaveri@saverilawfirm.com,cforthuber@saverilawfirm.com,gsaveri@saverilawfirm.com,dclevenger@saverilawfirm.com,plall@saverilawfirm.c

- **Todd M. Schneider**
  tschneider@schneiderwallace.com

- **Zachary R Scribner**
  zach@consumerlawpractice.com,zachscribner@gmail.com

- **Norman E. Siegel**
  siegel@stuevesiegel.com,marquart@stuevesiegel.com,perez@stuevesiegel.com

- **Hayden J. Silver , III**
  jsilver@wcsr.com

- **Michael David Singer**
  msinger@ckslaw.com,matlas@ckslaw.com,aworden@ckslaw.com

- **Amanda M Steiner , Esq**
  as@girardgibbs.com,amv@girardgibbs.com

- **Daniel James Stephenson**
  dan.stephenson@klgates.com,carolyn.orphey@klgates.com

- **David A. Straite**
  dstraite@kaplanfox.com,ffox@kaplanfox.com,david@straite.com

- **Joshua B. Swigart**
  josh@westcoastlitigation.com,hydeswigart@pacernotice.com,ecf@westcoastlitigation.com

- **Elizabeth Tran**
  etran@cpmlegal.com

- **Barrett Jay Vahle**
  vahle@stuevesiegel.com,campbell@stuevesiegel.com,williams@stuevesiegel.com,perez@stuevesiegel.com

- **Lesley Elizabeth Weaver**
  lweaver@blockesq.com

- **Matthew Sinclair Weiler**
  mweiler@saverilawfirm.com

- **Steven Noel Williams**
  swilliams@cpmlegal.com,rgaa@cpmlegal.com,jverducci@cpmlegal.com,jlein@cpmlegal.com,azapala@cpmlegal.com,mcaylao@cpmlegal.com

- **Marc A. Wites**
  mwites@wklawyers.com

- **Cadio R. Zirpoli**
  cadio@saveri.com,mogden@saveri.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)