UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re LENOVO ADWARE LITIGATION | Case No. 15-md-02624 |
|---|---|
| | **ORDER APPOINTING INTERIM LEAD COUNSEL** |
| | Re: Dkt. Nos. 3, 5, 6, 7 |

Pursuant to the parties' stipulation, four motions to appoint interim lead counsel have been filed. Dkt. Nos. 3, 5, 6, 7. Counsel seeking appointment as interim lead counsel counsel have also filed responses, Dkt. Nos. 18, 19, 20, 21, and replies, Dkt. Nos. 27, 31, 32, 34. Defendant Lenovo also filed a response. Dkt. No. 18. The court held a hearing on plaintiffs' motions on July 17, 2015. For the reasons explained below, the court appoints Pritzker Levine LLP, Cotchett, Pitre & McCarthy LLP, and Girard Gibbs LLP as interim lead counsel.

### I. BACKGROUND

These cases arise out of a partnership between defendants Lenovo and Superfish to install Superfish's "Visual Discovery" software on millions of Lenovo computers. According to plaintiffs, the existence and function of Superfish's software was not disclosed to consumers and resulted in the interception and monitoring of millions of consumers' online activities, and defendant's unauthorized injection of advertisements into consumers' browsing sessions.

Following media reports of the Superfish software in early 2015, a number of putative class actions were filed in nine districts throughout the country. On June 8, 2015 the Judicial Panel on Multidistrict Litigation granted plaintiffs' motion to consolidate and transfer the actions for coordinated trial proceedings before this court. On June 24, 2015 the court issued an initial case management order consolidating all 27 actions (styled as *In re Lenovo Adware Litigation*) and setting forth the governing rules and procedure. Dkt. No. 8.

Plaintiffs subsequently stipulated to a schedule for the selection of interim lead counsel in the consolidated actions. *See* Case No. 15-0807, at Dkt. Nos. 39, 40. Plaintiffs' counsel in seven of the consolidated actions moved to be appointed interim lead counsel:

1. Block & Leviton, LLP ("Block & Leviton") and Van Laningham Duncan PLLC ("Van Laningham"), counsel in the *Wood* action (Case No. 15-2789), *see* Dkt. No. 3;

2. Pritzker Levine LLP ("Pritzker Levine"), Cotchett, Pitre & McCarthy LLP ("Cotchett"), and Girard Gibbs LLP ("Girard Gibbs"), counsel in the *Sterling*, *JGX*, and *Estrella* actions (Case Nos. 15-807, 15-1113, and 15-1044, respectively), *see* Dkt. No. 5;

3. Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Edelson PC ("Edelson"), counsel in the *Pick* and *Hunter* actions (Case Nos. 15-2783 and 15-0819, respectively), *see* Dkt. No. 6; and

4. Joseph Saveri Law Firm, Inc. ("JSLF"), counsel in *Babbitt* action (Case No. 15-1712), *see* Dkt. No. 7.

Responses were filed by three of the four groups, as well as by defendant Lenovo. Dkt. Nos. 16, 18, 20, 21. Plaintiff Joel Foster filed a response in support of the selection of Robbins Geller and Edelson as interim lead counsel. Dkt. No. 19. Each of the four groups of firms filed a reply. Dkt. Nos. 27, 31, 32, 35.

## II. ANALYSIS

Federal Rule of Civil Procedure 23(g) authorizes courts to "designate interim counsel to

15-md-2624
ORDER APPOINTING INTERIM LEAD COUNSEL

2

act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3). The rules provide four factors to guide a court's selection of lead counsel:[1] (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Under Rule 23(g), courts may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class" and "order potential class counsel to provide information on any subject pertinent to the appointment." Fed. R. Civ. P. 23(g)(1)(B), (C). In its initial case management order, the court noted two additional criteria it would consider beyond the four enumerated in Rule 23(g): (1) ability to work cooperatively with others; and (2) ability to maintain reasonable fees and expenses. Dkt. No. 8, at 7. Finally, any lead counsel appointed by the court "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

On balance, consideration of these factors favors selection of Pritzker Levine, Cotchett, and Girard Gibbs (the "*Sterling* movants") as interim lead counsel.

There is no question that all candidates are capable and accomplished advocates, with extensive experience in complex litigation, including class actions and cases involving technology and privacy claims. Nor does the court doubt that all will be willing to commit sufficient resources to the representation of the class. Each firm has also competently investigated the facts and law behind the claims advanced in each respective case, even if the various complaints reached different conclusions regarding which claims to assert.

Each of the movants argued at the hearing on this motion that as interim lead counsel they would adopt a "core discovery plan" to minimize unnecessary discovery costs and move the cases toward settlement, and each made arguments that their billing would be reasonable, fair, and

---

[1] As noted in JSLF's motion, the factors in Rule 23(g)(a)(A) are those a court must consider in appointing lead counsel, rather than *interim* lead counsel. However, courts have held that these same factors apply in to the selection of interim lead counsel. *See, e.g., In re Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

15-md-2624
ORDER APPOINTING INTERIM LEAD COUNSEL
3

transparent. The court was persuaded that each movant would endeavor to maintain reasonable fees as interim lead counsel.[2] However, the court finds that weighing in favor of Pritzker Levine, Cotchett, and Girard Gibbs is the fact that each are headquartered in this district and each has proposed lead counsel who reside in this district. Although one of the *Wood* firms, Block & Leviton, has a presence in this district, they have proposed lead attorneys who reside in North Carolina and Massachusetts, which may lead to additional expenditures associated with travelling to this district. Likewise, the *Pick* and *Hunter* movants have presences in this district, but their proposed lead attorneys reside in San Diego, Boca Raton and Chicago. Finally, *Babbitt* counsel, JSLF, is situated in this district, but Babbitt's motion is unclear regarding to what extent JSLF, despite its application to be appointed sole interim lead counsel, intends to work in conjunction with attorneys from Karon LLC, Heins Mills & Olson, P.L.C., and the Howard Law Firm, and where they reside.

Finally, while appointment of interim lead counsel is not a popularity contest, the court is persuaded that the extensive support garnered by the *Sterling* movants from the other plaintiffs and firms in these actions demonstrates their ability to work cooperatively with the many plaintiffs and attorneys involved in this case, and to do so in the best interests of the class. The movants do not disagree that the *Sterling* movants have the support of 84 of the 104 plaintiffs in 19 of the 27 actions pending in eight of the nine judicial districts in which the consolidated actions were originally filed, and that this includes plaintiffs from 31 of the 33 states. Dkt. No. 5, at 15. While support from a large majority of plaintiffs and their counsel alone would not be sufficient reason to favor the *Sterling* movants, it does reflect a broad, nationwide level of support. The *Sterling* movants also took the lead in drafting a joint opposition to the motion filed before the JPML to transfer the litigation to the Eastern District of North Carolina, and argued at the MDL hearing in support of consolidation of the cases and transfer to this district. *Id*. at 5. Their memorandum filed

---

[2] Moreover, the court notes that "[i]n a class action, the district court must ensure that the amount and mode of payment of attorney fees are fair and proper . . . ." *See* Comment to Fed. R. Civ. P. 23(h). To this end, the court will ensure that any future fee award is fair, reasonable, and reflects the result actually achieved for class members, and the value conferred upon them.

15-md-2624
ORDER APPOINTING INTERIM LEAD COUNSEL
4

1 with the JPML supporting transfer to this district was joined by plaintiffs in 19 of 21 actions that
2 were pending at the time, and subsequently had the support of plaintiffs in three later-filed actions.
3 *Id*. The fact that these movants have consistently enjoyed the support of a substantial majority of
4 the plaintiffs and their counsel throughout this litigation is indicative of their ability to work
5 cooperatively on behalf of the many plaintiffs in this case, and to work in their best interests.

**III. ORDER**

While all candidates are experienced, capable firms, the court finds Pritzker Levine, Cotchett, and Girard Gibbs particularly suitable to act as interim lead counsel at this juncture. Accordingly, the court hereby appoints Jonathan K. Levine and Elizabeth C. Pritzker of Pritzker Levine, Philip L. Gregory, Steven N. Williams, and Matthew K. Edling of Cotchett, and Daniel C. Girard and Elizabeth A. Kramer of Girard Gibbs as interim lead counsel.

**IT IS SO ORDERED.**

Dated: July 24, 2015

_____
Ronald M. Whyte
United States District Judge