1  Daniel J. Stephenson (SBN 270722)
   daniel.stephenson@klgates.com
2  K&L GATES LLP
   10100 Santa Monica Boulevard
3  Eighth Floor
   Los Angeles, CA 90067
4  Telephone:  (310) 552-5000
   Facsimile:   (310) 552-5001
5
   Attorneys for Defendant
6  LENOVO (UNITED STATES), INC.

7

8                        UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12 | IN RE: LENOVO ADWARE LITIGATION, | Case No. 5:15-md-02624-RMW |
| --- | --- |
| | **LENOVO'S OBJECTIONS TO REPLY EVIDENCE FILED WITH AND RELIED UPON IN PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |
| This Document Relates To: All Actions | |
| | Date: September 23, 2016
Time: 9:00 a.m.
Judge: Hon. Ronald M. Whyte
Courtroom:  6 (4th Floor) |

19         Pursuant to Civil Local Rule 7-3(d)(1), Lenovo (United States), Inc. ("Lenovo") hereby

20 objects to the following new evidence submitted for the first time in connection with Plaintiffs'

21 Reply in Support of Motion for Class Certification (the "Reply"):  (1) the Declaration of Adi Pinhas

22 dated September 9, 2016, Dckt. No. 143-1 ("Pinhas Declaration"); (2) the Supplemental

23 Declaration of Steven P. Gaskin dated September 9, 2016, Dckt. No. 143-3 ("Second Gaskin

24 Declaration"); and (3) the Rebuttal Declaration of Bruce McFarlane dated September 6, 2016, Dckt.

25 No. 143-2 ("Second McFarlane Declaration").  This evidence should not be considered, because it

26 contains entirely new and previously undisclosed evidence in violation of well-established Ninth

27 Circuit precedent.

28

1
**LENOVO'S OBJECTIONS TO REPLY EVIDENCE FILED WITH AND RELIED UPON IN
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
5:15-MD-02624-RMW**

## I. PROCEDURAL HISTORY

On July 22, 2016, Plaintiffs filed their Motion for Class Certification (the "Motion") accompanied by the Declaration of Jonathan K. Levine ("Levine Declaration") attaching 46 exhibits, which included numerous documents produced, discovery responses, deposition transcript excerpts, and three separate declarations from Plaintiffs' experts, Dr. Aviel D. Rubin, Bruce McFarlane, and Steven P. Gaskin.  See Dckt. Nos. 131 and 131-1 to 131-10.  In response to the Motion and the evidence submitted by plaintiffs therewith, Lenovo filed its Opposition to Plaintiffs' Motion on August 19, 2016 (the "Opposition").  See Dckt. No. 136.  On September 9, 2016, Plaintiffs filed their Reply along with a second declaration from Jonathan Levine attaching the new evidence at issue here.

## II. ARGUMENT

The Ninth Circuit has repeatedly held new evidence raised for the first time in a reply brief should not be considered, because the presentation of such new evidence is unfair to the non-moving party that does not have a further opportunity to respond.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond") (citation omitted);  *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) ("To the extent that [a reply] presents new information, it is improper.").  District Courts apply this Ninth Circuit precedent to routinely strike or refuse to consider "new" evidence submitted by the moving party with a reply brief.  *See*, *e.g.*,  *Roe v. Doe*, No. C 09-0682 PJH, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) (Hamilton, J.) ("Because the facts in … defendants' reply brief constitute new evidence raised for the first time in reply, the court will not consider this evidence in ruling on" the motion); *Roth v. Loos & Co.*, No. C08-02156 VRW, 2009 WL 2525484, at *3 (N.D. Cal. Aug. 17, 2009); *Hamilton v. Willms*, No. 1:02CV6583AWISMS, 2007 WL 2558615, at *11 (E.D. Cal. Sept. 4, 2007) ("The court cannot grant a motion on a new argument or new evidence presented for the first time in a reply brief."). In short, "[p]arties are required to raise all of their arguments in their opening brief to prevent 'sandbagging' of the nonmoving party and to provide opposing counsel the chance to respond." *Roth*, 2009 WL 2525484, at *3.

2

**LENOVO'S OBJECTIONS TO REPLY EVIDENCE FILED WITH AND RELIED UPON IN PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**
**5:15-MD-02624-RMW**

1    Here, in direct contravention with Ninth Circuit precedent, the new declarations offered and
relied upon by Plaintiffs present new evidence in an attempt to cure deficiencies in Plaintiffs'
original Motion and evidence, which Lenovo relied upon when filing its Opposition. Accordingly,
Plaintiffs' new evidence should not be considered, because Lenovo has been sandbagged and
cannot respond to it.[1]

**Pinhas Declaration**:  Adi Pinhas is the former CEO of defendant Superfish, which has a pending settlement/cooperation agreement with Plaintiffs. Both Plaintiffs and Lenovo submitted Exhibits authored by Mr. Pinhas in the original Motion and Opposition. The Pinhas Declaration contains new evidence that Plaintiffs inject for the first time with their Reply. "To the extent that the declaration introduces new evidence not presented in either the motion or opposition, [the Court should] not consider the declaration in making [its] ruling." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309 (N.D. Cal. 2005) (sustaining objections and refusing to consider declaration submitted with reply that presented new evidence); *see also Cuviello v. Cal Expo*, Civ. No. S-11-2456 KJM EFB, 2013 WL 2664629, at *7 (E.D. Cal. June 12, 2013) (rejecting Plaintiffs' attempt to submit new declarations with their reply papers).

Plaintiffs have known about Mr. Pinhas and his knowledge for months—both from the hundreds of thousands of pages of ESI produced by Lenovo and Superfish and also from Plaintiffs' settlement, which gives them access to Superfish information and witnesses. Plaintiffs could have submitted a declaration from Mr. Pinhas in their original Motion. There is no reason for Plaintiffs' failure to submit the Pinhas Declaration with their Motion other than to sandbag Lenovo and prevent it from responding to these new facts. *See Lewis v. Gotham Ins. Co.*, No. CIV. 09CV252 L POR, 2009 WL 3698028, at *1 (S.D. Cal. Nov. 5, 2009) ("It is improper for a moving party to introduce new facts ... in the reply brief … when those facts could have been presented in the opening brief") (internal quotation omitted); *Roth*, 2009 WL 2525484, at *3.

---

[1] Local Rule 7.3(d)(1) expressly states that Objections to Reply Evidence "may not include further argument on the motion."

The situation with Mr. Pinhas is similar to Lenovo's Feng Lee. Lenovo submitted a narrow fact declaration from Mr. Lee ("Lee Declaration") in its Opposition papers. Plaintiffs then noticed Mr. Lee's deposition, and obtained a (stipulated) extension of their Reply deadline so that their Reply could incorporate the information Plaintiffs learned in the deposition. Lenovo cooperated in this.[2] Lenovo would have followed a similar course had Plaintiffs attached the Pinhas Declaration to their original Motion filed in July. Lenovo would have taken Mr. Pinhas's deposition, and been able to rebut his Declaration in its Opposition. Because Plaintiffs only included the Pinhas Declaration in their Reply, Lenovo was denied the same opportunity that was afforded to Plaintiffs. This is exactly the type of unfairness that the rule against new evidence in a reply was designed to prevent.

**Second Gaskin Declaration**: The Second Gaskin Declaration attempts to inject new facts with Plaintiffs' Reply in order to fix deficiencies.  Notably, Lenovo responded to Mr. Gaskin's original Declaration with a Declaration from survey expert Dr. Eugene Ericksen (the "Ericksen Declaration"), yet neither the Reply nor the Second Gaskin Declaration even mentions Dr. Ericksen. The Second Gaskin Declaration seems to be more of an attack on Lenovo's Opposition itself, even citing cases,[3] in an attempt to circumvent the Reply page limit.

Plaintiffs appear to concede that the Second Gaskin Declaration merely presents new evidence, because they style it as a "supplemental" declaration, which is in contrast to the Second McFarlane Declaration, which is styled as a "rebuttal" declaration. Compare Second Gaskin Declaration with Second McFarlane Declaration.  The Second Gaskin Declaration merely attempts to improperly add new evidence in a "belated attempt to cure the[] defects" in the Motion and Mr. Gaskin's original declaration. *See Single Touch Interactive, Inc. v. Zoove Corp.*, No. 12-CV-831 YGR, 2013 WL 3802805, at *1 n.2 (N.D. Cal. July 17, 2013) (sustaining objections and refusing to

---

[2] As it turned out, Plaintiffs did not ask Mr. Lee about his Declaration, or the subjects it covered, in his deposition. Nor does the Pinhas Declaration cite, refer to, or attempt to rebut the Lee Declaration.

[3] Mr. Gaskin cites two cases in which he provided expert testimony and classes were certified. Because he did this in connection with the Reply, Lenovo has no opportunity to brief cases in which Mr. Gaskin testified but classes were not certified.

consider reply expert declaration containing new evidence submitted as an attempt to "cure the[] defects" in plaintiffs' moving papers).

**<u>Second McFarlane Declaration</u>**:  The Second McFarlane Declaration presents an entirely new table including a supply curve and demand curve purporting to illustrate a new "equilibrium" price and quantity, and extensive testimony explaining the table.  <u>See</u> Dckt. No. 143-2, Figure 1.  The Second McFarlane Declaration thus injects new facts with Plaintiffs' Reply that should have been presented in connection with Plaintiffs' original Motion, because "[s]ince it is Plaintiffs' initial burden to demonstrate the existence of an ascertainable class, such evidence should have been proffered with Plaintiffs' moving papers in order to afford [Lenovo] a full and fair opportunity to respond."  *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010) (refusing to consider reply expert declaration in support of class certification).

## III.  CONCLUSION

For all of the reasons set forth above, Lenovo objects to the Pinhas Declaration, Second McFarlane Declaration, and Second Gaskin Declaration, and requests that the Court not consider this new evidence when deciding Plaintiffs' Motion for Class Certification.

Respectfully submitted,

K&L GATES LLP

Dated: September 16, 2016          */s/ Daniel J. Stephenson*

Daniel J. Stephenson (SBN 270722)
Counsel for Lenovo

10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
T:  +1 310 552 5000  F:  +1 310 552 5001
dan.stephenson@klgates.com

**PROOF OF SERVICE**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Eighth Floor, Los Angeles, CA 90067.

On September 16, 2016, I served the document(s) described as: LENOVO'S OBJECTIONS TO REPLY EVIDENCE FILED WITH AND RELIED UPON IN PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION on the interested parties in this action as follows:

☒ **BY ELECTRONIC SERVICE:** by transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth as stated on the attached service list.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 16, 2016, at Los Angeles, California.

/s/ *Daniel J. Stephenson*
Daniel J. Stephenson

SERVICE LIST
*In re: Lenovo Adware Litigation*
5:15-md-02624-RMW

| | |
|---|---|
| Jonathan K. Levine<br>Elizabeth C. Pritzker<br>**PRITZKER LEVINE LLP**<br>180 Grand Avenue, Suite 1390<br>Oakland, CA 94612<br>Telephone: (415) 692-0772<br>Facsimile: (415) 366-6110<br>jkl@pritzkerlevine.com<br>ecp@pritzkerlevine.com | Plaintiffs' Interim Co-Lead Counsel |
| Daniel C. Girard<br>Amanda M. Steiner<br>Elizabeth A. Kramer<br>**GIRARD GIBBS LLP**<br>601 California Street, Suite 1400<br>San Francisco, CA 94104<br>Telephone: (415) 981-4800<br>Facsimile: (415) 981-4846<br>dcg@girardgibbs.com<br>as@girardgibbs.com<br>eak@girardgibbs.com | Plaintiffs' Interim Co-Lead Counsel |
| Philip L. Gregory<br>Steven N. Williams<br>Matthew K. Edling<br>**COTCHETT, PITRE & McCARTHY, LLP**<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Telephone: (650) 697-6000<br>Facsimile: (650) 697-0577<br>pgregory@cpmlegal.com<br>swilliams@cpmlegal.com<br>medling@cpmlegal.com | Plaintiffs' Interim Co-Lead Counsel |
| Rodger R. Cole<br>Tyler G. Newby<br>Annasara G. Purcell<br>**FENWICK & WEST**<br>801 California Street<br>Mountain View, CA 94041<br>Telephone: (650) 988-8500<br>Facsimile: (650) 938-5200<br>rcole@fenwick.com<br>tnewby@fnewick.com<br>apurcell@fenwick.com | Counsel for Defendant Superfish, Inc. |