JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
BETHANY CARACUZZO (SBN 190687)
bc@pritzkerlevine.com
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

DANIEL C. GIRARD (SBN 114826)
dcg@girardgibbs.com
ELIZABETH A. KRAMER (SBN 293129)
eak@girardgibbs.com
ANDRE M. MURA (SBN 298541)
amm@classlawgroup.com
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

STEVEN N. WILLIAMS (SBN 175489)
swilliams@cpmlegal.com
ALEXANDRA P. SUMMER (SBN 266485)
asummer@cpmlegal.com
STEPHANIE D. BIEHL (SBN 306777)
sbiehl@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Plaintiffs' Interim Co-Lead Counsel*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTHERN CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: LENOVO ADWARE LITIGATION <br><br> This Document Relates to All Cases | Case No. 5:15-md-02624-RMW <br><br> **PLAINTIFFS' OPPOSITION TO LENOVO'S OBJECTIONS TO REBUTTAL EVIDENCE IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** <br><br> Date: September 23, 2016 <br> Time: 9:00 a.m. <br> Judge: Ronald M. Whyte <br> Courtroom: 6, 4th Floor |

I.  INTRODUCTION

Plaintiffs submit this opposition to Defendant Lenovo's objections (Dkt. No. 144) to certain evidence submitted with Plaintiffs' Reply in Support of their Motion for Class Certification ("the Reply").[1] Lenovo incorrectly claims Plaintiffs submitted "new evidence" with their Reply. Specifically, Lenovo objects to three declarations filed with the Reply: the Declaration of Adi Pinhas (Dkt. No. 143-1); the Rebuttal Declaration of Bruce McFarlane (Dkt. No. 143-2); and the Supplemental Declaration of Steven Gaskin (Dkt. No. 143-3). Each of these declarations responds directly to arguments Lenovo first raised in its Opposition to Class Certification. None of this is improper "new evidence," but rather is proper rebuttal evidence. Lenovo's objections are unfounded.

II.  ARGUMENT

    a.  **Lenovo Fails To Distinguish Between *New* Evidence and *Rebuttal* Evidence**

Lenovo misstates the law regarding rebuttal evidence. In contrast to wholly new argument or evidence, courts routinely allow rebuttal evidence to be submitted in response to an opposition. Indeed, the District's Civil Local Rules explicitly allow it. *See* Local Rule 7-3(c) ("Any reply to an opposition ***may include*** affidavits or declarations") (emphasis added); *see also, e.g.*, *United States v. Taibi*, No. 10-CV-2250 JLS, 2012 U.S. Dist. LEXIS 21471, at *11-12 (S.D. Cal. Feb. 21, 2012) ("because these documents respond directly to [the] allegations [in the] opposition brief, the Court finds it may properly consider this rebuttal evidence even though it was offered for the first time in Plaintiff's reply brief"); *EEOC v. Creative Networks, LLC*, No. CV-05-3032-PHX-SMM, 2008 U.S. Dist. LEXIS 103381, at *5-6 (D. Ariz. Dec. 15, 2008) (denying motion to strike because the challenged evidence was not new but rather rebutted arguments raised in opposition to the motion); *Aguilar v. Wells Fargo Bank, N.A.*, No. ED CV 15-01833-AB, 2015 U.S. Dist. LEXIS 150017, at *9 (C.D. Cal. Nov. 4, 2015) (noting that rebuttal evidence would be allowed); *Eberle v. Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (courts can consider new issues raised in a reply brief if the opposing party is not misled and the issue has been fully explored); *iRise v. Axure Software Solutions, Inc.*, No. CV 08-03601 SJO, 2009 U.S. Dist. LEXIS

---

[1] Lenovo stipulated to the filing of a response to its Objections.

1

PLAINTIFFS' OPPOSITION TO LENOVO OBJECTIONS TO REBUTTAL EVIDENCE IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; CASE NO. 5:15-md-02624-RMW

102160, at *72-73 n.6 (C.D. Cal. Sept. 11, 2009) (overruling objections to evidence because additional evidence was responsive to opposition). The cases cited in Lenovo's Objections are not the contrary — they concern wholly new evidence or argument and not rebuttal evidence that responds to another party's opposition.

### b. The Pinhas Declaration Is Rebuttal Evidence to the Feng Lee Declaration

Regarding the Pinhas Declaration, Lenovo argues that "Plaintiffs have known about Mr. Pinhas and his knowledge for months," so "Plaintiffs could have submitted a declaration from Mr. Pinhas in their original Motion." Dkt. No. 144 at 3. Lenovo ignores the fact that the Pinhas Declaration was submitted in response to the Declaration of Feng Lee that Lenovo submitted in support of its Opposition to Class Certification (Exhibit 47 to the Stephenson Declaration, Dkt. No. 136-1). The Feng Lee Declaration was cited by Lenovo in its Opposition for the proposition that the VisualDiscovery program did not exhibit problems before Lee recommended it be installed on Lenovo computers. *See* Dkt. No. 136 at p. 5 n.4. The Pinhas Declaration, in turn, rebuts the notion of Lenovo's supposed ignorance and sets forth that Pinhas "told Feng Lee at Lenovo how VisualDiscovery worked before Lenovo sold any laptop with this technology." Reply at p. 4, Dkt. No. 142. Lenovo now objects that the Pinhas Declaration should have been submitted along with Plaintiffs' Motion, but ignores the fact that Plaintiffs cite the Pinhas Declaration in response to the Feng Lee Declaration that Plaintiffs had no knowledge of before receiving Lenovo's Opposition. The Pinhas Declaration is therefore proper rebuttal evidence, and the Court should consider it in that context.

### c. The Rebuttal Expert Declarations Are Prototypical Permissible Rebuttal Evidence

Case law additionally establishes that rebuttal expert declarations are permitted to respond to arguments made by an opposing expert. *See Netlist Inc. v. Diablo Techs. Inc.*, No. 13-cv-05962-YGR, 2015 WL 153724, at *1 n.1 (N.D. Cal. Jan. 12, 2015) (overruling objection to reply evidence, including supplemental expert report); *Kirola v. City & Cnty. of S.F.*, No. C-07-3685, 2010 U.S. Dist. LEXIS 7355, at *6 (N.D. Cal. Jan. 29, 2010) ("courts have permitted additional data to be used in a rebuttal report so long as it is of the same subject matter"); *In re Genetically Modified Rice Litig.*, No. 06-md-1811, 2010 U.S. Dist. LEXIS 116135, at *160 (E.D. Mo. Nov. 1, 2010) ("[a]n expert may introduce new methods

2

PLAINTIFFS' OPPOSITION TO LENOVO OBJECTIONS TO REBUTTAL EVIDENCE IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; CASE NO. 5:15-md-02624-RMW

1  of analysis in a rebuttal report if they are offered to contradict or rebut another party's expert"); *In re*
2  *REMEC Inc. Secs. Litig.*, 702 F. Supp. 2d 1202, 1220 (S.D. Cal. 2010) (same); *Crowley v. Chait*, 322 F.
3  Supp. 2d 530, 551 (D.N.J. 2004) (holding that proper rebuttal testimony includes opinions that "explain,
4  repel, counteract or disprove the evidence of the adverse party") (internal citation omitted).

5  Lenovo objects that the rebuttal declarations of experts Bruce McFarlane and Steven Gaskin
6  include "a new table" and supposed "new facts." Objections at pp. 4-5, Dkt. No. 144. In fact, the
7  Supplemental Gaskin Declaration solely and specifically addresses two criticisms by Lenovo of Gaskin's
8  original declaration in support of the Motion. *See* Dkt. No. 143-3 at ¶¶ 3-5 (response to Lenovo's first
9  critique), 6-12 (response to Lenovo's second critique). Likewise, the Rebuttal McFarlane Declaration
10 responds to Lenovo's seven criticisms of McFarlane's original declaration in support of the Motion. *See*
11 Dkt. No. 143-2 (seven sections addressing Lenovo's Criticisms #1 through #7); *see also* Reply at p. 9
12 (responding to Lenovo's and its expert's criticisms in Opposition to McFarlane's analysis). Contrary to
13 Lenovo's characterization of these declarations, they are ***responsive*** declarations and are not asserting
14 new arguments or expert methodologies. Indeed, McFarlane and Gaskin respond to Lenovo's arguments
15 in Opposition regarding their methodologies based on their original work and findings. Dkt. Nos. 143-
16 2 and 143-3. Lenovo's objections do not explain why these declarations are supposedly "new evidence"
17 notwithstanding that on their face they contain exclusively rebuttal analysis.[2]

## III.  CONCLUSION

19 Lenovo's Objections to the Pinhas Declaration, the Rebuttal McFarlane Declaration, and the
20 Supplemental Gaskin Declaration should be overruled.

---

[2] If the Court deems any of the three declarations as raising a wholly new argument in reply, ***at most*** Lenovo should be allowed to respond substantively to whatever the Court deems the new argument to be. *See, e.g.*, *Crowder v. Blue Cross of Cal.*, No. CV 14-04747 MMM, 2014 U.S. Dist. LEXIS 183371, at *8-9 (C.D. Cal. Oct. 23, 2014).

3

PLAINTIFFS' OPPOSITION TO LENOVO OBJECTIONS TO REBUTTAL EVIDENCE IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; CASE NO. 5:15-md-02624-RMW

| | | |
|---|---|---|
| 1 | Dated: September 20, 2016 | Respectfully submitted, |
| 2 | | **PRITZKER LEVINE LLP** |
| 3 | | */s/ Jonathan K. Levine* |
| | | Jonathan K. Levine (SBN 220289) |
| 4 | | Elizabeth C. Pritzker (SBN 146267) |
| 5 | | Bethany Caracuzzo (SBN 190687) |
| | | 180 Grand Avenue, Suite 1390 |
| 6 | | Oakland, California 94612 |
| | | Telephone: (415) 692-0772 |
| 7 | | Facsimile: (415) 366-6110 |
| | | jkl@pritkzkerlevine.com |
| 8 | | ecp@pritzkerlevine.com |
| 9 | | bc@pritzkerlevine.com |
| 10 | | **GIRARD GIBBS LLP** |
| 11 | | */s/ Daniel C. Girard* |
| | | Daniel C. Girard (SBN 114826) |
| 12 | | Elizabeth A. Kramer (SBN 293129) |
| 13 | | Andre M. Mura (SBN 298541) |
| | | 601 California Street, Suite 1400 |
| 14 | | San Francisco, CA 94104 |
| | | Telephone: (415) 981-4800 |
| 15 | | Facsimile: (415) 981-4846 |
| 16 | | dcg@girardgibbs.com |
| | | eak@girardgibbs.com |
| 17 | | amm@classlawgroup.com |
| 18 | | **COTCHETT, PITRE & McCARTHY, LLP** |
| 19 | | */s/ Alexandra P. Summer* |
| | | Steven N. Williams (SBN 175489) |
| 20 | | Alexandra P. Summer (SBN 266485) |
| 21 | | Stephanie D. Biehl (SBN 306777) |
| | | San Francisco Airport Office Center |
| 22 | | 840 Malcolm Road, Suite 200 |
| | | Burlingame, CA 94010 |
| 23 | | Telephone: (650) 697-6000 |
| | | Facsimile: (650) 697-0577 |
| 24 | | swilliams@cpmlegal.com |
| 25 | | asummer@cpmlegal.com |
| | | sbiehl@cpmlegal.com |
| 26 | | |
| 27 | | *Plaintiffs' Interim Co-lead Counsel* |

4

PLAINTIFFS' OPPOSITION TO LENOVO OBJECTIONS TO REBUTTAL EVIDENCE IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; CASE NO. 5:15-md-02624-RMW