JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
BETHANY CARACUZZO (SBN 190687)
bc@pritzkerlevine.com
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

DANIEL C. GIRARD (SBN 114826)          STEVEN N. WILLIAMS (SBN 175489)
dcg@girardgibbs.com                     swilliams@cpmlegal.com
ELIZABETH A. KRAMER (SBN 293129)        ALEXANDRA P. SUMMER (SBN 266485)
eak@girardgibbs.com                     asummer@cpmlegal.com
ANDRE M. MURA (SBN 298541)              STEPHANIE D. BIEHL (SBN 306777)
amm@classlawgroup.com                   sbiehl@cpmlegal.com
GIRARD GIBBS LLP                        COTCHETT, PITRE & McCARTHY, LLP
601 California Street, Suite 1400       San Francisco Airport Office Center
San Francisco, CA 94104                 840 Malcolm Road, Suite 200
Telephone: (415) 981-4800              Burlingame, CA 94010
Facsimile: (415) 981-4846              Telephone: (650) 697-6000
                                        Facsimile: (650) 697-0577

*Class Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTHERN CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: LENOVO ADWARE LITIGATION | Case No. 5:15-md-02624-HSG |
| This Document Relates to All Cases | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH, INC.** |
| | Date: February 23, 2017 |
| | Time: 2:00 p.m. |
| | Judge: Haywood S. Gilliam, Jr. |
| | Courtroom: 10, 19th Floor |

# <u>TABLE OF CONTENTS</u>

**Page**

I. INTRODUCTION ..................................................................................................... 2

II. FACTUAL AND PROCEDURAL BACKGROUND ............................................... 3

    A. Procedural History .......................................................................................... 4

    B. Discovery ......................................................................................................... 5

    C. Class Certification (Lenovo) .......................................................................... 5

    D. Settlement with Superfish .............................................................................. 6

III. THE SETTLEMENT ............................................................................................... 6

    A. The Settlement Class ...................................................................................... 6

    B. Settlement Consideration ................................................................................ 7

    C. The Settlement Release ................................................................................... 9

    D. Class Notice, Settlement Administration, and Final Approval ...................... 10

        1. <u>Class Notice</u> ........................................................................................ 10

        2. <u>Settlement Administration</u> .................................................................. 11

        3. <u>Final Settlement Approval</u> .................................................................. 11

IV. LEGAL ARGUMENT ............................................................................................ 12

    A. Legal Standard for Preliminary Approval of Class Action Settlements ................. 12

    B. The Settlement Meets the Standard for Preliminary Approval ...................... 12

        1. <u>The Settlement Is the Result of Serious, Informed, and Non-Collusive Negotiations.</u> ....................................................................................... 12

        2. <u>There Are No Obvious Deficiencies in the Settlement.</u> ...................... 13

        3. <u>There Is No Preferential Treatment</u> .................................................... 13

        4. <u>The Proposed Settlement Falls Within the Range of Possible Approval</u> ......... 14

    C. The Proposed Settlement Class Satisfies Rule 23 ......................................... 14

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

1.   Fed R. Civ. P. 23(a)(1) – Numerosity ................................................................ 14

2.   Fed R. Civ. P. 23(a)(2) – Common Questions of Law or Fact ......................... 15

3.   Fed R. Civ. P. 23(a)(3) – Typicality ................................................................ 16

4.   Fed R. Civ. P. 23(a)(4) – Fair and Adequate Class Representation ................. 16

5.   All Requirements of Rule 23(b) Are Met In This Case .................................... 18

6.   A Class Action Is the Superior Method to Adjudicate this Controversy ......... 18

D.   This Court Should Appoint Class Counsel as Settlement Class Counsel. ............... 19

V.   CONCLUSION ............................................................................................................... 20

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abdullah v. U.S. Sec. Assocs.*
  731 F.3d 952 (9th Cir. 2013).................................................................. 18

*Bellows v. NCO Fin. Sys.,*
  2008 U.S. Dist. LEXIS 103525 (S.D. Cal. Dec. 10, 2008) ....................... 14

*Bias v. Wells Fargo & Company*
  312 F.R.D. 528 (N.D. Cal. 2015) ........................................................... 19

*Churchill Vill., L.L.C. v. Gen. Elec.,*
  361 F.3d 566 (9th Cir. 2004)................................................................... 12

*Class Plaintiffs v. City of Seattle,*
  955 F.2d 1268 (9th Cir. 1992)................................................................. 12

*Cotton v. Hinton,*
  559 F.2d 1326 (5th Cir. 1977)................................................................. 14

*Ehret v. Uber Techs., Inc.*
  148 F.Supp.3d 884 (N.D. Cal. Dec. 2, 2015) ................................... 15, 18

*Evon v. Law Offices of Sidney Mickell*
  688 F.3d 1015 (9th Cir. 2012)................................................................. 15

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. 1998)............................................... 12, 17, 18, 19

*Hodges v. Akeena Solar, Inc.*
  274 F.R.D. 259 (N.D. Cal. 2011) ........................................................... 15

*In re Auction Houses Antitrust Litig.*
  193 F.R.D. 162 (S.D.N.Y. 2000)............................................................ 16

*In re Citric Acid Antitrust Litig.*
  145 F. Supp. 2d 1152 (N.D. Cal. 2001) .................................................. 11

*In re Domestic Air Transp. Antitrust Litig.,*
  141 F.R.D. 534 (N.D. Ga. 1992)......................................................... 7, 10

*In re Initial Public Offering Sec. Litig.,*
  226 F.R.D. 186 (S.D.N.Y. 2005)........................................................ 7, 10

*In re Omnivision Techs, Inc.*
  559 F. Supp. 2d 1036 (N.D. Cal. 2008) .................................................. 11

*In re Optical Disk Drive Antitrust Litig.*
  2016 U.S. Dist. LEXIS 15899 (N.D. Cal. February 8, 2016) .................... 16

*In re Pac. Enter. Sec. Litig.,*
  47 F.3d 373 (9th Cir. 1995)..................................................................... 12

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH

*In re Tableware Antitrust Litig.*
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) .................................................................. 12

*In Re Yahoo Mail Litig.*
  308 F.R.D. 577 (N.D. Cal. 2015) ............................................................... 14, 16, 17

*In re Zynga Sec. Litig.,*
  2015 U.S. Dist. LEXIS 145728 (N.D. Cal. Oct. 27, 2015) ....................................... 7, 10

*Mazza v.  Am. Honda Motor Co.* ("*Mazza*")
  666 F.3d 581 (9th Cir. Cal. 2012) .......................................................................... 15

*Mullins v. Premier Nutrition Corporation*
  2016 WL 1535057 (N.D. Cal. Apr. 15, 2016) ........................................................ 19

*Nat'l Rural Telcoms. Coop. v. DIRECTV, Inc.,*
  221 F.R.D. 523 (C.D. Cal. 2004) ........................................................................... 14

*Officers for Justice v. Civil Serv. Com.*
  688 F.2d 615 (9th Cir. 1982) ........................................................................... 12, 14

*Rutter & Wilbanks Corp. v. Shell Oil Co.,*
  314 F.3d 1180 (10th Cir. 2002) ............................................................................. 14

*Staton v. Boeing*
  327 F.3d 938 (9th Cir. 2003) ................................................................................. 16

*Valentino v. Carter-Wallace, Inc.*
  97 F.3d 1227 (9th Cir. 1996) ................................................................................. 19

*Van Bronkhorst v. Safeco Corp.,*
  529 F.2d 943 (9th Cir. 1976) ................................................................................. 12

*Wal-Mart Stores, Inc. v. Dukes* ("*Dukes*")
  564 U.S. 338 (U.S. 2011) ....................................................................................... 15

*Wang v. Chinese Daily News, Inc.*
  737 F.3d 538 (9th Cir. 2013) ................................................................................. 15

*Wellman v. Dickinson,*
  497 F. Supp. 824 (S.D.N.Y. 1980)......................................................................... 12

*Wilkerson v. Martin Marietta Corp.,*
  171 F.R.D. 273 (D. Colo. 1997) ............................................................................ 14

*Wolin v. Jaguar Land Rover N. Am.*, LLC
  617 F.3d 1168 (9th Cir. 2010) ............................................................................... 16

*Zinser v. Accufix Research Inst., Inc.*
  253 F.3d 1180 (9th Cir. 2001) ............................................................................... 19

iv

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

1

**Rules**

2  Fed. R. Civ. Proc. 23 ..................................................................................................... 2

3  Fed R. Civ. P. 23(a) ..................................................................................................... 14

4  Fed. R. Civ. P. 23(a)(1) ............................................................................................... 14

5  Fed. R. Civ. P. 23(a)(2) ............................................................................................... 15

6  Fed. R. Civ. P. 23(a)(3) ............................................................................................... 16

7  Fed. R. Civ. P. 23(a)(4) ............................................................................................... 17

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

      **PLEASE TAKE NOTICE** that on February 23, 2017 at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Haywood S. Gilliam, Jr., plaintiffs Richard Krause, John Whittle, Jessica Bennett and Robert Ravencamp ("Plaintiffs"), on behalf of themselves and all persons who purchased a Lenovo computer in the United States on which VisualDiscovery was installed by Lenovo (the "Settlement Class"), will and hereby do move for an order granting preliminary approval of the proposed class settlement with Defendant Superfish, Inc. ("Superfish").  This is the first settlement obtained in this action, and the litigation continues against non-settling Defendant Lenovo (United States) Inc. ("Lenovo").  At this time, Plaintiffs are not seeking Court approval of a notice program, to establish a claims process, to appoint a claims administrator, for the Court to set a date for the final approval of the settlement, or for an award of attorneys' fees or costs, subject to the Court's guidance regarding these and related matters addressed below.

      This motion is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Northern District of California's Procedural Guidance for Class Action Settlements. The grounds for this motion are that the settlement with Superfish falls within the range of possible approval, contains no obvious deficiencies, and was the result of serious, informed and non-collusive negotiations.  As such, preliminary approval should be granted.

      This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Alexandra P. Summer, the argument of counsel, and the pleadings and records on file herein.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Pursuant to Fed. R. Civ. Proc. 23, Plaintiffs, on behalf of themselves and the Settlement Class, move for an order preliminarily approving the class settlement with defendant Superfish (the "Settlement"), subject to the submission of a proposed notice and plan for administration.  The Settlement is the result of an arms-length negotiation, and Class Counsel believes that the Settlement is in the best interests of the Settlement Class.  *See* Declaration of Alexandra P. Summer ("Summer Decl."), ¶ 9.

The Settlement with Superfish provides for payment to the Settlement Class of $1,000,000 and for Superfish to cooperate with Plaintiffs in the continued prosecution of their claims against Lenovo.  In exchange for this settlement consideration, which Superfish already has provided in large part, Superfish will receive releases of all class members' claims against it relating to the instant litigation.

At the preliminary approval stage, the Court is not being asked to make a final determination on whether to approve the Settlement, but instead is tasked with determining if the Settlement falls within the range of possible approval and appears to be the product of serious, informed, and non-collusive negotiations.  Plaintiffs believe that the Settlement meets these criteria.

However, in light of the procedural posture of the litigation, the size of the Settlement Class and the amount of the Settlement, Plaintiffs are not currently seeking Court approval of a notice program, to set a date for a final approval hearing, to establish a claims process, or to appoint a claims administrator.  For the reasons discussed below, Class Counsel believe it would be more efficient and economical to temporarily defer action on these matters until (i) the adequacy of the replead claim under New York law has been determined, which may result in the certification of an additional litigation class as to Lenovo, and (ii) Plaintiffs and Lenovo have completed their

2

anticipated settlement conference.[1]

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This is a nationwide consumer class action against Lenovo, the largest computer manufacturer in the world, and Superfish, a privately-held Silicon Valley company that developed, sold, and operated computer adware programs during the relevant time period. In early 2014, Lenovo and Superfish entered into a business partnership to secretly install Superfish developed and operated malware called VisualDiscovery on 28 of Lenovo's consumer laptop computer models.  Unbeknownst to Plaintiffs and Settlement Class members, VisualDiscovery operated continuously in the background of every computer on which it was installed, analyzing and injecting ads into visited webpages.  The malware intercepted both unencrypted and encrypted web traffic, allowing Superfish to obtain the content of Plaintiffs' and Settlement Class members' communications and jeopardize the security of Plaintiffs' and Settlement Class members' private and confidential information. VisualDiscovery also negatively impacted the computers' performance in material ways. Consequently, Plaintiffs and all Settlement Class members overpaid for Lenovo laptops pre-installed with the VisualDiscovery malware.

VisualDiscovery was installed on about 800,000 Lenovo laptop computers sold to consumers in the United States between August 2014 and February 2015.  The truth came to light in late February 2015, when the New York Times and a number of other prominent publications released highly critical articles condemning Superfish, for its poorly designed and intrusive VisualDiscovery product, and Lenovo, for selling out its customers by agreeing to hide VisualDiscovery deep in Lenovo computers for money and without conducting due diligence.

Lenovo has since apologized, admitted that what it had done was wrong, admitted that it had failed to conduct due diligence on VisualDiscovery before it was installed, and admitted that the program created high security risks for the 800,000 computers on which it was installed.

---

[1] If the Court is not inclined to grant preliminary approval absent a proposed notice plan and plan for administration, Plaintiffs respectfully request that a ruling on this motion be deferred until those materials are before the Court.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

Superfish has since changed its name and its business has declined materially.  Had the Settlement not been agreed to, Superfish likely would have declared bankruptcy.  Following the disclosure of the truth about VisualDiscovery and the Lenovo/Superfish relationship, 27 consumer class actions were filed in federal district courts around the United States.

**A. Procedural History**

In June 2015, the Judicial Panel on Multidistrict Litigation transferred all related actions to this district.  Dkt. Nos. 1, 2, 8.  In July 2015, Pritzker Levine LLP, Cotchett, Pitre & McCarthy, LLP, and Girard Gibbs LLP were appointed Interim Lead Class Counsel.  Dkt. No. 44.

In October 2015, Plaintiffs, Lenovo, and Superfish participated in mediation before Judge Edward A. Infante (Ret.) of JAMS.  Dkt. No. 92.  The mediation was unsuccessful as between Plaintiffs and Lenovo, but ultimately led to the Settlement proposed herein between Plaintiffs and Superfish.

Plaintiffs filed their Consolidated Class Action Complaint ("Complaint") in November 2015, alleging that Defendants pre-installed the VisualDiscovery software on Lenovo laptop computers purchased by each Plaintiff and class member, and that this software functioned uniformly and in an unlawful manner.  Dkt. No. 96.  The Complaint further alleged that VisualDiscovery surreptitiously intercepted information from consumers' web browsing activities to deliver targeted advertisements and that VisualDiscovery inhibited the performance of their computers and produced significant security risks.

In January 2016, the Court entered an Order staying all deadlines in this matter as to Superfish in light of the proposed Settlement.  Dkt. No. 102.

Lenovo filed its motion to dismiss the Complaint in February 2016 (Dkt. No. 106), and the Court took the motion under submission after hearing oral argument in April 2016.  While the motion to dismiss was pending, Plaintiffs filed their motion for class certification in July 2016 (Dkt. No. 131), and the Court heard argument on that motion in September 2016.  On October 27, 2016, the Court granted in part and denied in part both Lenovo's motion to dismiss and Plaintiffs' motion for class certification.   Dkt. No. 153. Plaintiffs filed their Consolidated Amended

4

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

Complaint ("Amended Complaint") on December 7, 2016 in accordance with that order.  Dkt. No. 162.

**B.      Discovery**

The parties have participated in extensive discovery, which remains ongoing.  Summer Decl. ¶ 3.  Plaintiffs, Superfish, and Lenovo exchanged initial disclosures early in the litigation, and Plaintiffs and Lenovo have served each other with requests for production and interrogatories as well as numerous deposition notices.  *Id*.  Documents have been produced by each party, and 11 depositions have been taken to date.  *Id*.  Fact discovery is currently scheduled to close on January 13, 2017.  *Id*.

In addition to the formal discovery described above, Plaintiffs have also received extensive informal discovery from Superfish pursuant to the terms of the Settlement, which is described in more detail in Section III (B) below.

**C.      Class Certification (Lenovo)**

As indicated above, in October 2016, the Court granted in part Plaintiffs' motion for class certification with respect to certain claims asserted against Lenovo in the Complaint.  Dkt. No. 153.  The Court certified the following classes and appointed the Plaintiffs identified below as the Class representatives:

> **Indirect Purchaser Class** (represented by Jessica Bennett, Rhonda Estrella and John Whittle): All persons who purchased one or more Lenovo computer models, on which VisualDiscovery was installed, in the United States from someone other than Lenovo.

> California Class **(represented by Jessica Bennett and Rhonda Estrella): All persons who purchased one or more Lenovo computer models, on which VisualDiscovery was installed, in California.**

The Court also appointed Pritzker Levine LLP, Cotchett, Pitre & McCarthy LLP, and Girard Gibbs LLP as Class Counsel.

Plaintiffs had also moved under New York law to certify a nationwide direct purchaser class of persons who purchased their Lenovo computers directly from Lenovo.  Because the Court dismissed the N.Y. law claims asserted in the Complaint, with leave to replead, it did not certify the direct purchaser class.  Plaintiffs have now replead their N.Y. law claims in their Amended

5

Complaint.  If those claims are answered or survive a further motion to dismiss by Lenovo, Plaintiffs intend to renew their motion for class certification of the direct purchaser class.

### D.    Settlement with Superfish

Following the disclosure of the truth about VisualDiscovery, Superfish's business prospects and financial condition declined substantially and rapidly: its insurance carrier disputed coverage, and a bankruptcy filing was being considered by the company.  In light of these facts, Plaintiffs and Superfish agreed to engage in settlement negotiations early in this litigation.  Summer Decl. ¶ 4.  These negotiations included correspondence and in-person meetings, including a mediation session before Judge Infante, the exchange of confidential information reflecting the parties' respective views of liability and damages, and detailed information concerning Superfish's poor financial condition, current and future business prospects, and insurance coverage issues.  *Id*.  The proposed settlement was only entered into after the exchange of this information, dialogue between the parties, and negotiation concerning appropriate financial consideration to be paid in exchange for a release.  *Id*.

## III.    THE SETTLEMENT

### A.    The Settlement Class

The Settlement Class defined in the Settlement Agreement includes "All persons who purchased a Lenovo computer in the United States on which VisualDiscovery was installed."[2]  *See* Settlement Agreement, Summer Decl., Ex. 1 at ¶ 1.12.  The Settlement Class definition is consistent with the claims set forth in the Complaint, which cover all purchasers of Lenovo computer models in the United States on which the VisualDiscovery software was installed.  *See* Complaint ¶¶ 128-29.  Since entering into the Settlement, however, the Court has ruled on Lenovo's motion to dismiss and Plaintiffs' motion for class certification, and certified slightly

---

[2] Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries, current and former employees, and affiliates, any co-conspirators, all federal and state governmental entities, Defendants' attorneys in this case, all judges and Court staff assigned to this case, and all jurors in this case.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

narrower classes than the Settlement Class defined in the Settlement Agreement. The difference between the Settlement Class and the classes certified by the Court is that the Settlement Class includes direct purchasers, which represent less than half of the overall class.

However, Plaintiffs have now filed their Amended Complaint (Dkt. No. 162), which Plaintiffs believe remedies the pleading deficiencies identified by the Court with respect to the N.Y. law claim that forms the basis for the direct purchaser class. If the amended N.Y. law claim is answered or survives a motion to dismiss, Plaintiffs will renew their motion to certify a direct purchaser class which, if granted, will harmonize the Settlement Class with the certified litigation classes. Even if the certified litigation classes remain as they are now, the minimal difference between those classes and the Settlement Class should not be an impediment to preliminary approval of the proposed Settlement. *See, e.g.*, *In re Zynga Sec. Litig.*, No. 12-cv-4250-JSC, 2015 U.S. Dist. LEXIS 145728 (N.D. Cal. Oct. 27, 2015); *In re Initial Public Offering Sec. Litig.*, 226 F.R.D. 186 (S.D.N.Y. 2005); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534 (N.D. Ga. 1992).

### B.      Settlement Consideration

Superfish has agreed to pay and has deposited into the Escrow Account contemplated by the Settlement Agreement the total sum of $1,000,000 to settle the claims against it (the "Settlement Fund"). *See* Summer Decl., Ex. 1 at ¶ 4.1. Superfish also agreed to provide substantial cooperation to Plaintiffs. This cooperation includes producing additional documents and discovery relevant to the litigation, providing assistance to establish the authenticity and admissibility of documents, making knowledgeable persons then-employed by Superfish available for interviews, responding to requests for assistance in understanding the facts at issue, producing at trial in person, by deposition or affidavit, representatives to testify, and assist in seeking certification of the Settlement Class. *Id*. at ¶¶ 2.5, 4.3. The cooperation agreed to by Superfish has provided and will continue to provide Plaintiffs with evidence to advance this litigation against Lenovo up to and through trial.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

If the Settlement becomes final, the Settlement Fund will be used in accordance with the Settlement Agreement to:

    (i)      pay all necessary expenses associated with the Escrow Account (*see* Summer Decl., Exh. 1 ¶¶ 5, 6.2(a));

    (ii)     pay all necessary expenses to administer the Settlement, including the cost of a settlement administrator and notice costs (Summer Decl., Exh. 1 ¶ 6(b));

    (iii)    pay any award to Class Counsel of attorneys' fees and reimbursement of litigation expenses (*Id*. at ¶ 6(c));

    (iv)    pay class members pursuant to a plan of allocation (*Id*. at ¶ 6(d));

    (v)     pay any cy pres recipients (*Id*. at ¶ 6 (e)); and

    (vi)    pay any taxes and tax expenses, which are treated as costs of administration of the Settlement Fund (*Id*. at ¶ 5.7).

Except in the event that the Settlement does not become final, no portion of the Settlement Fund shall revert to Superfish. *Id*. at ¶ 6.4.

The settlement consideration provided in the Settlement compares very favorably with any potential recovery Plaintiffs and the Settlement Class could expect to receive from Superfish if the claims against Superfish were tried and Plaintiffs prevailed. As noted above, Superfish's financial condition and business prospects are poor and its insurance carrier has disputed coverage. Superfish has no money to pay a substantial judgment and likely would declare bankruptcy well before the case even got to trial. In that situation, Plaintiffs and the Settlement Class would receive nothing from Superfish.

The Settlement not only provides Plaintiffs and the Settlement Class with a substantial monetary payment (taking into account Superfish's poor financial condition), but also with extensive cooperation to aid Plaintiffs' prosecution of the case. Lenovo vigorously contests liability, and Superfish's direct knowledge of the events giving rise to this dispute and its technological expertise are highly beneficial to Plaintiffs in the ongoing litigation. Plaintiffs

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

believe that the value of this cooperation must be included in the weighing of actual recovery versus potential recovery.

### C.     The Settlement Release

The Complaint alleged numerous claims against Superfish, all stemming from the installation and operation of VisualDiscovery on certain Lenovo computer models.  As set forth in the Settlement Agreement, the claims that will be released by Plaintiffs and the Settlement Class if the Settlement is approved and becomes final are any and all claims that "arise out of the installation and operation of Superfish VisualDiscovery software" on Lenovo computer models as alleged in this litigation.  Summer Decl., Exh. 1 ¶ 1.8.  Because all claims alleged in the Complaint arise out of the installation and operation of VisualDiscovery on certain Lenovo computer models, there is no difference between the claims that will be released as a result of the Settlement and the claims appearing in the Amended Complaint.

Plaintiffs' claims as set forth in the Complaint cover all purchasers of Lenovo computer models, on which the VisualDiscovery software was installed, who purchased their computers in the United States.  *See e.g.,* Complaint ¶¶ 128-29.  Accordingly, the Settlement Class was defined to be consistent with those claims.  *See* Summer Decl., Exh. 1 ¶ 1.12.  As such, the Settlement Class definition is broader than the classes that the Court recently certified.  The Indirect Purchaser Class, as certified by the Court, captures all persons who purchased Lenovo computer models, on which VisualDiscovery was installed, in the United States from someone other than Lenovo.  Dkt. No. 153 at 40.  The California Class, as certified by the Court, is defined as all persons who purchased Lenovo computer models, on which VisualDiscovery was installed, in California.  *Id.* Thus, the only difference between the Settlement Class and the Classes certified by the Court is that the Settlement Class is not limited to indirect purchasers and persons who purchased in California.  Again, this minimal difference is not an impediment to preliminary approval of the proposed settlement.  *See, e.g., In re Zynga Sec. Litig.,* No. 12-cv-4250-JSC, 2015 U.S. Dist. LEXIS 145728 (N.D. Cal. Oct. 27, 2015); *In re Initial Public Offering Sec. Litig.,* 226 F.R.D. 186 (S.D.N.Y. 2005); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534 (N.D. Ga. 1992).

9

**D.     Class Notice, Settlement Administration, and Final Approval**

As noted above, in light of the procedural posture of the litigation, the size of the Settlement Class and the amount of the Settlement, Plaintiffs are not currently seeking Court approval of a notice program, to establish a claims process, to appoint a claims administrator, or to set a date for a final approval hearing.  Class Counsel believe it would be more efficient and economical to defer these matters until the Court agrees it is appropriate to concurrently provide notice to the class certified as to defendant Lenovo, depending on whether the Court is inclined to hear any additional challenge by Lenovo to de-certify the Class before notice is given.

1.  Class Notice

Class Counsel solicited proposals from five well-established class action settlement administration firms to ascertain the estimated cost of providing notice of the proposed Settlement to the approximately 800,000 members of the Settlement Class.  Summer Decl. ¶ 7.  Based on the responses received to date, the average cost of a proper notice program would be approximately $300,000 to $400,000, which would consume a large portion of the $1,000,000 Settlement Fund.  *Id*.  Using such a large portion of the Settlement Fund to provide settlement notice now makes little sense because Plaintiffs will be providing notice to the class in the next several months with respect to the Lenovo claims, either in the form of a notice of class certification or, if the anticipated settlement conference is successful,[3] notice of that additional proposed settlement.  Combining the Superfish and Lenovo notices is more efficient, more practical, and will retain a greater portion of the Settlement Fund for the benefit of the Settlement Class.

When notice ultimately is provided to the Settlement Class, it will be done in a manner that comports with due process.  Plaintiffs will provide direct notice to those class members whose email or mail addresses may be reasonably obtained, print publication notice in multiple publications, and online publication on a settlement website and through internet banner

---

[3] Plaintiffs anticipate that they and Lenovo will request referral to a Magistrate Judge for a settlement conference at the December 20, 2016 case management conference, so that Plaintiffs and Lenovo can mediate the claims against Lenovo early next year.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

advertisements on a variety of websites.[4]

### 2. Settlement Administration

Prior to providing notice to the Settlement Class, Plaintiffs will propose to the Court the appointment of an experienced class action settlement administration firm to design and administer the notice program and the Settlement.  The claims administrator will be selected by Class Counsel through a competitive bidding process.  The claims administration process will be submitted to the Court for approval and will include a proposed plan of allocation of the Settlement Fund that is "fair, reasonable and adequate."  *In re Omnivision Techs, Inc.*, 559 F. Supp. 2d 1036, 1045 (N.D. Cal. 2008); I*n re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001).

### 3. Final Settlement Approval

If the Court grants preliminary approval of the Settlement, Plaintiffs will propose a date by which they will seek to ask the Court to set a date for a final approval hearing, depending on the Court's view of the related issue of the appropriate timing for notice to the Lenovo Class.   In advance of any final approval hearing, Plaintiffs will provide a schedule for objections, opt-outs, claim submissions (if any), and for the filing of any motion for an award of attorneys' fees and the reimbursement of litigation costs.[5]  If any such motion is made, it will be filed at least fourteen days before the deadline for objecting to the Settlement pursuant to the Northern District's Procedural Guidelines for Class Action Settlements.

---

[4] Lenovo should have the addresses of those class members who purchased directly from Lenovo.com, but that information has not been provided in response to discovery requests.  Class Counsel already have issued subpoenas to the approximately 15 largest resellers of the affected Lenovo computers to obtain class member contact information from those entities.

[5] The Northern District Procedural Guidelines suggest that the preliminary approval motion discuss any attorneys' fees and incentive awards to class representatives that may be requested in connection with the final approval of a settlement.  Because notice and final approval of the Settlement are not being sought at this time, Plaintiffs are not seeking attorneys' fees, costs or incentive awards at this time.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

## IV.      LEGAL ARGUMENT

### A.      Legal Standard for Preliminary Approval of Class Action Settlements

"[T]here is an overriding public interest in settling and quieting litigation . . . particularly . . . in class action suits."  *Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943, 950 (9th Cir. 1976).  *See also Churchill Vill., L.L.C. v. Gen. Elec.,* 361 F.3d 566, 576 (9th Cir. 2004); *In re Pac. Enter. Sec. Litig.,* 47 F.3d 373, 378 (9th Cir. 1995); *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992).  It is well-recognized that "[v]oluntary out of court settlement of disputes is 'highly favored in the law' and approval of class action settlements will be generally left to the sound discretion of the trial judge."  *Wellman v. Dickinson,* 497 F. Supp. 824, 830 (S.D.N.Y. 1980) (citation omitted).

In order to grant preliminary approval, this Court is tasked to determine whether the proposed Settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).  "[T]he decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he is 'exposed to the litigants, and their strategies, positions and proof.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("*Hanlon*"), *citing Officers for Justice v. Civil Serv. Com.*, 688 F.2d 615, 626 (9th Cir. 1982).

### B.      The Settlement Meets the Standard for Preliminary Approval

The Settlement meets the requisites of preliminary approval because it resulted from serious, informed, and non-collusive negotiations.  There are also no obvious deficiencies in the Settlement and it falls within the range of possible approval.  As such, preliminary approval of the Settlement is warranted.

#### 1.      Settlement Resulted From Serious, Informed, Non-Collusive Negotiations

Plaintiffs and Superfish are represented by highly experienced and skilled class action counsel who are highly knowledgeable of the law and have extensive experience in complex

---

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

litigation.  Prior to entering into settlement discussions, Plaintiffs extensively researched their claims against Superfish and obtained significant information from Superfish necessary to engage in meaningful settlement discussions.  The Settlement was only reached after a mediation before and with the active assistance of a well-respected mediator and retired federal judge, the Hon. Edward A. Infante of JAMS.  The chief executive of Superfish was personally present at the mediation and participated in the settlement discussions.  The Settlement before the Court, therefore, is the result of serious and informed negotiations.  Additionally, there has been no collusion between the settling parties.

2.  <u>There Are No Obvious Deficiencies in the Settlement.</u>

As set forth above, the Settlement was the result of analysis and consideration of the litigation and financial risks faced by both sides, and there are no obvious deficiencies in the Settlement.  For example, the size of the monetary component of the Settlement is commensurate with Superfish's financial condition and business prospects, but still represents a substantial monetary recovery.  Additionally, Superfish's insurance coverage issues and ability to pay were taken into consideration during settlement negotiations.  Plaintiffs also appropriately valued the cooperation provided by Superfish because Plaintiffs anticipate that the cooperation that has been and will be provided by Superfish will likely result in a higher valuation of this case and a better result with respect to the claims still being pursued against Lenovo.  Plaintiffs also considered the possibility that if they had not settled with Superfish and it had declared bankruptcy, no discovery would be forthcoming from Superfish while the automatic bankruptcy stay remained in place.

3.  <u>There Is No Preferential Treatment</u>

Because Plaintiffs are not presently proposing a plan of allocation setting forth how Class members will be treated, the third factor - whether there is any preferential treatment - cannot yet be determined.  Any plan of allocation that will be proposed, however, will necessarily be "fair, reasonable and adequate" to the entire Settlement Class in order for that plan to be approved by the Court.

13

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

1

4.     The Settlement Falls Within the Range of Possible Approval

2      For the reasons set forth above, Plaintiffs and Class Counsel believe that the proposed

3  Settlement falls within the range of possible approval of settlements.  Further, counsel's judgment

4  that the settlement is fair and reasonable (Summer Decl. ¶ 9) is entitled to great weight in this

5  context.  *See Nat'l Rural Telcoms. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523, 528 (C.D. Cal. 2004)

6  ("'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted

7  with the facts of the underlying litigation."); *accord Bellows v. NCO Fin. Sys.,* No. 3:07-cv-01413-

8  W-AJB, 2008 U.S. Dist. LEXIS 103525, at *17 (S.D. Cal. Dec. 10, 2008); *Rutter & Wilbanks*

9  *Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1188 (10th Cir. 2002); *Wilkerson v. Martin Marietta Corp.,*

10  171 F.R.D. 273, 288-89 (D. Colo. 1997); *Officers for Justice v. Civil Service Comm'n*, 688 F.2d

11  615, 625 (9th Cir. 1982).  Indeed, "the trial judge, absent fraud, collusion, or the like, should be

12  hesitant to substitute its own judgment for that of counsel." *Nat'l Rural Telcoms.*, 221 F.R.D. at

13  528 (quoting *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977)).

14      **C.     The Proposed Settlement Class Satisfies Rule 23**

15      Certification of a settlement class is appropriate when the proposed class and the proposed

16  class representatives meet the four prerequisites of Rule 23(a): (1) numerosity; (2) common

17  questions of law or fact; (3) typicality; and (4) fair and adequate representation of the class. *See*

18  Fed R. Civ. P. 23(a).

19      1.     Fed R. Civ. P. 23(a)(1) – Numerosity

20      The first prerequisite for certifying a class is that "the class is so numerous that joinder of

21  all members is impracticable."  Fed R. Civ. P. 23(a)(1).  Plaintiffs need not set forth a precise

22  number of class members to satisfy this element, and the Court may draw reasonable inferences

23  from the facts before it.  *In Re Yahoo Mail Litig.*, 308 F.R.D. 577, 589-90 (N.D. Cal. 2015).  There

24  is "no fixed number that satisfies the numerosity requirement," [but] "as a general matter, a class

25  greater than forty often satisfies the requirement . . . ." *Ehret v. Uber Techs., Inc.*, Case No. 14-cv-

26  00113, 148 F.Supp.3d 884, 890 (N.D. Cal. Dec. 2, 2015) (internal quotations and citation omitted).

27      For purposes of this Settlement, Plaintiffs seek to certify a class of all persons who

28

14

purchased a Lenovo computer model, on which VisualDiscovery was installed, in the United States. According to Lenovo's records, there are almost 800,000 class members, such that joinder is impracticable. "Impracticable does not mean impossible, only that it would be difficult or inconvenient to join all members of the class." *Hodges v. Akeena Solar, Inc.*, 274 F.R.D. 259, 266 (N.D. Cal. 2011). Therefore, the first prerequisite of Rule 23(a) is met.

### 2. Fed R. Civ. P. 23(a)(2) – Common Questions of Law or Fact

The second prerequisite for certifying a class is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Accordingly, Plaintiffs' claims "must depend upon a common contention" such that "determination of [their] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes* ("*Dukes*"), 564 U.S. 338, 349-50 (2011). "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* (internal citation omitted). Moreover, this burden is a "limited" one. *Mazza v. Am. Honda Motor Co.* ("*Mazza*"), 666 F.3d 581, 585 (9th Cir. 2012). Plaintiffs need not show "every question in the case, or even a preponderance of questions, is capable of class wide resolution. So long as there is 'even a single common question,' a would-be class can satisfy the commonality requirement of Rule 23(a)(2)." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013) (quoting *Dukes*, 564 U.S. at 359).

In this case, commonality exists because the "circumstances of each particular class member . . . retain a common core of factual or legal issues with the rest of the class[.]" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012) (citations and quotations omitted). Further, common questions predominate over individual issues. *See Wolin v. Jaguar Land Rover N. Am.*, LLC, 617 F.3d 1168, 1172 (9th Cir. 2010). Here, it suffices that Plaintiffs' claims, at their core, concern whether Defendants pre-installed the VisualDiscovery malware on Lenovo's computers without adequately disclosing that they had done so, and without disclosing at all that VisualDiscovery would put the security and privacy of Plaintiffs' and the Settlement Class'

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

1   data and communications at risk or materially impede their computers' operating performance.

2   These contentions raise disputed questions which are common to the Class.   Accordingly, the

3   second prerequisite of Rule 23(a) is met.

4           3.   <u>Fed R. Civ. P. 23(a)(3) – Typicality</u>

5        The third prerequisite for certifying a class is that "the claims or defenses of the

6   representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).

7   "[T]ypicality results if the representative plaintiffs' claims 'arise[ ] from the same event, practice

8   or course of conduct that gives rise to the claims of the absent class members and if their claims are

9   based on the same legal or remedial theory.'"   *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-

10  MD-2143-RS, 2016 U.S. Dist. LEXIS 15899, * 73-74 (N.D. Cal. February 8, 2016), *citing In re

11  Auction Houses Antitrust Litig.*, 193 F.R.D. 162, 164 (S.D.N.Y. 2000).   Typicality exists if the

12  plaintiffs' claims are "reasonably coextensive" with those of absent class members.  *Staton v.

13  Boeing*, 327 F.3d 938, 957 (9th Cir. 2003).  To be typical, the class representative must be part of

14  the class, possess the same interest, and must "have been injured by the same course of conduct.

15  *Wolin v. Jaguar Land Rover North Am., LLC,* 617 F.3d 1168, 1175.   This is a permissive

16  requirement that does not require Plaintiffs' claims to be substantially identical."   *In Re Yahoo

17  Mail Litig.*, 308 F.R.D. at 593.

18       Plaintiffs are typical of the Settlement Class because they have similar injuries and have

19  been harmed by the same course of conduct as the Settlement Class—Defendants' accessed the

20  Plaintiffs' and Class members' computers without authorization and failed to disclose material

21  information concerning VisualDiscovery to them. Plaintiffs, like all Settlement Class members,

22  overpaid for computers pre-installed with malware.  Further, Plaintiffs' legal and remedial theories

23  are the same as the legal and remedial theories of those they seek to represent, and there are no

24  defenses unique to the Plaintiffs which would make class certification inappropriate. For these

25  reasons, Plaintiffs claims are typical of the class.

26          4.   <u>Fed R. Civ. P. 23(a)(4) – Fair and Adequate Class Representation</u>

27       The fourth prerequisite for certifying a class is that "the representative parties will fairly

28

16

and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020; *see also In re Yahoo Mail Litig.*, 308 F.R.D. at 595 (same).

There are no conflicts among or between Plaintiffs and the Settlement Class. Plaintiffs have been harmed in the same ways as Class members—they were hoodwinked into buying computers pre-installed with malware.  The common injury suffered by Plaintiffs and the Class means that Plaintiffs have every incentive to vigorously pursue the monetary and equitable relief that they all deserve.

The vigor with which Plaintiffs and Class Counsel have prosecuted this case is well documented in the docket of this case.  For example, each of the Plaintiffs has made important contributions to the prosecution of this action, including, but not limited to, communicating with Class Counsel, participating in the drafting of the Complaint, assisting with drafting responses to written discovery, and providing deposition testimony in this matter.   Each of the Plaintiffs understands and has agreed to undertake the responsibilities of being a class representative, and each has testified that he or she will continue to act in the best interests of the class. *See generally* Dkt. No. 153.

Class Counsel are highly experienced complex-litigation attorneys who have favorably resolved numerous class actions to the benefit of consumers. Their track record in obtaining multi-million-dollar judgments in favor of aggrieved consumers shows that they possess the necessary skill and expertise to ably prosecute this action. *See Petersen v. Costco Wholesale Co.*, Inc., 312 F.R.D. 565, 578 (C.D. Cal. 2016) ("To be adequate, plaintiffs' counsel must be qualified, experienced, and generally able to conduct the proposed litigation.").  Moreover, Class Counsel have spent numerous hours investigating the facts and legal claims in this case, as is evident from the detailed nature of the Complaint and Amended Complaint and the briefing to date.  Finally, the Court found counsel adequate when it appointed them as Class Counsel for the recently certified

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

1    classes.  *See* Dkt. No. 153.

2                5.    All Requirements of Rule 23(b) Are Met In This Case

3          Once the prerequisites of Rule 23(a) are met, a class action may be maintained if one or

4    more of the factors set forth in Rule 23(b) is met as well.  Rule 23(b)(3) contains two components.

5    Plaintiffs must establish that "the questions of law or fact common to class members predominate

6    over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).  Plaintiffs must

7    also show that "a class action is superior to other available methods for fairly and efficiently

8    adjudicating the controversy." *Id.*  "[T]he predominance analysis under Rule 23(b)(3) focuses on

9    the relationship between the common and individual issues in the case, and tests whether the

10   proposed class is sufficiently cohesive to warrant adjudication by representation."  *Ehret v. Uber*

11   *Techs., Inc.*, 148 F. Supp. 3d 884, 894-95 (N.D. Cal. 2015) (quoting *Abdullah v. U.S. Sec. Assocs.*,

12   731 F.3d 952, 964 (9th Cir. 2013)).

13         The overarching common questions concerning whether Defendants knowingly and

14   without Plaintiffs' consent accessed their computers and intercepted their internet traffic, and

15   whether Defendants' failure to disclose was likely to deceive a reasonable consumer, predominate

16   over any issues affecting individual class members. In addition, given the relatively small dollar

17   value of each class member's claim, the only way to effectively vindicate class members' rights is

18   through classwide adjudication.  The Court has already found that common questions predominate

19   in its certification of the Indirect Purchaser Class and the California Class.  *See* Dkt. No. 153.

20              6.    A Class Action Is the Superior Method to Adjudicate this Controversy

21         The following four factors are relevant to determining if class treatment is superior to

22   individual suits: "(1) the interests of members of the class in individually controlling the

23   prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning

24   the controversy already commenced by or against members of the class; (3) the desirability or

25   undesirability of concentrating the litigation of the claims in the particular forum; and (4) the

26   difficulties likely to be encountered in the management of a class action."  Fed. R. Civ. P.

27   23(b)(3)(A)-(D).  "Where classwide litigation of common issues will reduce litigation costs and

28

---

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

promote greater efficiency, a class action may be superior to other methods of litigation." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1235 (9th Cir. 1996).

Here, Settlement Class members do not have a strong interest in bringing their own individual cases because the potential recovery for each class member is too small. "Cases, such as this, 'where litigation costs dwarf potential recovery' are paradigmatic examples of those well-suited for classwide prosecution." *Mullins v. Premier Nutrition Corporation*, Case No. 13-cv-1271 RS, 2016 WL 1535057, at *8 (N.D. Cal. Apr. 15, 2016) (quoting *Hanlon* 150 F.3d at 1023 (9th Cir. 1998)). Second, Plaintiffs are not aware of any other pending cases challenging Defendants' VisualDiscovery scheme. This therefore eliminates any "threat of multiplicity" and "risk of inconsistent adjudications." *Bias v. Wells Fargo & Company*, 312 F.R.D. 528, 541 (N.D. Cal. 2015) (quoting *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1190 (9th Cir. 2001)). Third, concentrating the litigation in this forum makes sense given that this Court has presided over the case for more than a year, and given the number of California claims asserted. Finally, because Plaintiffs allege that Defendants engaged in uniform conduct toward each Class member, there is no reason to think that the case will present any management difficulties.

Accordingly, a class action is the only realistic vehicle through which Class members may obtain relief and is therefore superior to individual suits.

**D.    This Court Should Appoint Class Counsel as Settlement Class Counsel**

Under Rule 23(g)(1), when certifying a class, including for settlement purposes, the Court should appoint class counsel. In deciding who to appoint as class counsel, this Court is required to evaluate: (1) the work counsel has done in identifying or investigating claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. As mentioned above, Plaintiffs' counsel was recently appointed Class Counsel by the Court. Class Counsel are highly-experienced class action litigators with extensive knowledge of the law and claims in this case. They have undertaken significant investigation and prosecution of the claims, and demonstrably have committed and will

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

continue to commit substantial resources to this action.  Accordingly, the Court should appoint Class Counsel as Settlement Class Counsel.

## V.      CONCLUSION

Plaintiffs respectfully request that this Court enter an order: (1) preliminarily approving the proposed Settlement and (2) appointing Pritzker Levine LLP, Cotchett, Pitre & McCarthy LLP, and Girard Gibbs LLP as Settlement Class Counsel.  With the Settlement, Plaintiffs have secured $1,000,000 for the benefit of the Settlement Class, with the potential for a larger recovery against Lenovo.  The cooperation from Superfish will assist Plaintiffs in obtaining a further recovery for Class members.  The Settlement is fair, reasonable, and adequate and was reached after hard-fought, arms-length negotiations.  As the Settlement falls within the range of possible approval, preliminary approval of the Settlement should be granted.

Dated:  December 9, 2016                                  Respectfully submitted,

**PRITZKER LEVINE LLP**
*/s/ Jonathan K. Levine*

Jonathan K. Levine (SBN 220289)
Elizabeth C. Pritzker (SBN 146267)
180 Grand Avenue, Suite 1390
Oakland, California 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
jkl@pritkzkerlevine.com
ecp@pritzkerlevine.com


**GIRARD GIBBS LLP**
*/s/ Daniel C. Girard*
Daniel C. Girard (SBN 114826)
Elizabeth A. Kramer (SBN 293129)
Andre M. Mura (SBN 298541)
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846
dcg@girardgibbs.com
eak@girardgibbs.com
amm@classlawgroup.com

20

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**

1

2          **COTCHETT, PITRE & McCARTHY, LLP**

3          */s/ Alexandra P. Summer*

4          Steven N. Williams (SBN 175489)
           Alexandra P. Summer (SBN 266485)
5          Stephanie D. Biehl (SBN 306777)
           San Francisco Airport Office Center
6          840 Malcolm Road, Suite 200
           Burlingame, CA 94010
7          Telephone: (650) 697-6000
           Facsimile: (650) 697-0577
8          swilliams@cpmlegal.com
           asummer@cpmlegal.com
9          sbiehl@cpmlegal.com
10
           *Class Counsel for Plaintiffs*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT WITH DEFENDANT SUPERFISH**