UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: LENOVO ADWARE LITIGATION, | Case No. 15-md-02624-HSG |
| | **ORDER GRANTING DEFENDANT LENOVO'S PARTIAL MOTION TO DISMISS** |
| This Document Relates to All Cases | Re: Dkt. No. 175 |

Pending before the Court is Defendant Lenovo, Inc.'s motion to dismiss Plaintiffs' claim under New York General Business Law § 349. For the reasons detailed below, the Court **GRANTS** the motion.

## I.  BACKGROUND

Because the facts underlying this action are discussed in detail in the order on Defendant's first motion to dismiss and Plaintiffs' motion for class certification, *see* Dkt. No. 153, the Court only briefly discusses the facts as relevant to the pending motion to dismiss. Plaintiffs bring this consumer class action against Defendants Lenovo, Inc. and Superfish, Inc., asserting claims under federal, California, and New York law. *See* Dkt. No. 162. Plaintiffs allege that Superfish's VisualDiscovery software, which Lenovo had preinstalled on its laptops, created performance, privacy, and security issues. *Id.* Plaintiffs alleged several causes of action against Superfish and Lenovo for violations of: (1) the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.*; (2) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (3) California's Consumer Legal Remedies Act, §§ 1750 *et seq.*; (4) California's Computer Crime Law, Cal. Penal Code § 502; (5) California's Invasion of Privacy Act, Cal. Penal Code §§ 630 *et seq.*; (6) trespass to chattels under California law; (7) New York's Deceptive Acts and Practices

Statute, N.Y. Gen. Bus. Law § 349; and (8) trespass to chattels under New York law. *Id.* ¶¶ 131–152, 167–235. Plaintiffs also alleged a violation of the Wiretap Act, 18 U.S.C. §§ 2510 *et seq.*, against Superfish. *Id.* ¶¶ 153–66.

On January 1, 2016, Defendant filed a motion to dismiss Plaintiffs' claims for lack of standing and failure to state a claim. *See* Dkt. No. 98. On July 22, 2016, Plaintiffs filed a motion for class certification. *See* Dkt. No. 131. On October 27, 2016, the Court[1] granted Defendant's motion to dismiss in part, holding, as relevant here, that Plaintiffs failed to state a claim for relief under New York's Deceptive Acts and Practices Statute. *See* Dkt. No. 153 at 17–18. The Court also granted Plaintiffs' motion for class certification in part, certifying an indirect purchaser class and California class. *See* Dkt. No. 153 at 24–40. The "Indirect Purchaser Class" includes:

> All persons who purchased one or more Lenovo computer models, on which VisualDiscovery was installed, in the United States from someone other than Lenovo.

*See id.* at 40. And the "California Class" includes:

> All persons who purchased one or more Lenovo computer models, on which VisualDiscovery was installed in California.

*Id.* The Court denied Plaintiffs' motion to certify a direct purchaser class because the Court had held that "[P]laintiffs have not demonstrated that class certification is appropriate for any of their claims under New York or federal law." *Id* at 39. In response, Plaintiffs filed a consolidated amended class action complaint ("ACCAC") on December 7, 2016. *See* Dkt. No. 162. Lenovo now moves to dismiss only Plaintiffs' realleged claim under New York's Deceptive Acts and Practices Statute, N.Y. Gen. Bus. Law § 349.[2] *See* Dkt. No. 175.

**II.  LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court may

---

[1] This action was reassigned on November 2, 2017, from the Honorable Ronald M. Whyte to the Honorable Haywood S. Gilliam, Jr. *See* Dkt. No. 156.
[2] Plaintiffs have reached a settlement with Superfish, and filed a motion for preliminary approval of class action settlement as to Superfish. *See* Dkt. No. 163. The parties have agreed to hold the motion for preliminary approval in abeyance until the Court rules on further motions regarding class certification. *See* Dkt. No. 199; *see also* Dkt. No. 206 at 31–33.

2

dismiss a complaint when it does not contain sufficient facts to state a plausible claim on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must accept all the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 556; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. ANALYSIS

Lenovo contends that the named Plaintiffs lack standing to assert claims under New York's Deceptive Acts and Practices Statute, New York General Business Law § 349 and, relatedly, that Plaintiffs fail to allege "actual damages" to support their § 349 claim. The Court addresses each argument in turn.

### A. Standing

In their amended complaint, Plaintiffs omit Vincent Wong from the action, the only named Plaintiff who was a resident of New York. *Compare* Dkt. No. 96 ¶¶ 11–16 to ACCAC ¶¶ 11–14. Plaintiffs Krause, Whittle, Bennett, and Ravencamp are residents of Illinois, Arizona, California, and Missouri respectively. *See* ACCAC ¶¶ 11–14. Lenovo contends that, as a result, Plaintiffs now lack standing to bring a claim under New York's Deceptive Acts and Practices Statute, N.Y. Gen. Bus. Law § 349. The Court agrees.

Section 349 does not protect consumers from out-of-state deceptive business practices. *See* N.Y. Gen. Bus. Law § 349(a) (prohibiting "[d]eceptive acts or practices . . . *in this state*") (emphasis added). The New York Court of Appeals has accordingly held that the "transaction in which the consumer is deceived must occur in New York." *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 (N.Y. 2002). The Second Circuit has clarified that the analysis under § 349 is based on "the location of the transaction, and in particular the strength of New York's connection

to the allegedly deceptive transaction, rather than on the residency of the parties." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 122 (2d Cir. 2013) (quotation omitted); *cf. Kaufman v. Sirius XM Radio, Inc.*, 751 F. Supp. 2d 681, 688 (S.D.N.Y. 2010), *aff'd*, 474 F. App'x 5 (2d Cir. 2012) (dismissing putative nationwide class claim under § 349 because plaintiffs "had not alleged sufficient facts from which [the court] could reasonably deduce that [the named Plaintiff] (or any similarly-situated non-New York residents) was deceived in New York."); *Drizin v. Sprint Corp.*, 12 A.D.3d 245, 247 (N.Y. App. Div. 2004) (affirming denial of nationwide class because "[s]ection 349 requires the deceptive transaction to have occurred in New York, leaving potential class members from outside the state, who were victimized by defendants' practices, with no viable claim under the statute").

Here, Plaintiffs do not allege that they are New York residents, nor do they allege any conduct or deceptive transaction occurred within New York. *See Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 100 (S.D.N.Y. 1997) (dismissing § 349 claim where plaintiff failed to allege any conduct by defendant within New York); *Szymczak v. Nissan N. Am., Inc.*, No. 10 CV 7493 VB, 2011 WL 7095432, at *12 (S.D.N.Y. Dec. 16, 2011) (same). Instead, Plaintiffs argue that the parties have agreed that New York substantive law applies to this case and that Lenovo has waived any argument to the contrary. *See* Dkt. No. 179 at 16–18.

Plaintiffs' argument improperly conflates choice-of-law with statutory standing. Even if the parties agree that New York law should apply to this litigation, Plaintiffs still must adequately allege a claim under that law. Plaintiffs do not cite, nor has the Court found, any case in which statutory standing under § 349 was either found or waived based solely on a choice-of-law provision. Rather, the Second Circuit in *Cruz* suggests that choice-of-law is only one factor that courts analyze to determine whether Plaintiffs have statutory standing under § 349. *See Cruz*, 720 F.3d at 122–124. In *Cruz*, the court found that the plaintiff had adequately alleged statutory standing because: (1) the defendant was allegedly paid in New York; (2) the defendant allegedly required that all customer communications be directed to a New York location; and (3) its agreement with the consumers contained choice–of–law and forum–selection clauses selecting

New York law and New York courts for litigation arising out of the agreement. *Id.*[3] The parties' stipulation to proceed initially under federal, New York, and California law also does not resolve this standing deficiency. *See* Dkt. No. 94. The parties agreed to limit claims to those arising under federal, New York, and California law, and to toll claims arising under the law of all other states or territories. *Id.* The parties did not, however, agree on the validity of those claims.

The Court finds that Plaintiffs have failed to allege any facts to support statutory standing under § 349, and finds dismissal is appropriate on this basis.

### B. Actual Damages

Even if Plaintiffs had statutory standing, Lenovo further contends that Plaintiffs still have not pled sufficient facts to sustain their § 349 claim.

To establish a prima facie case under § 349, a plaintiff must show: (1) the defendant directed deceptive acts at consumers; (2) the defendant's acts mislead in a material way; and (3) the plaintiff suffered an injury, as a result of the defendant's acts. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (N.Y. 1995). Under § 349, a plaintiff seeking to recover damages must be able to prove that "a material deceptive act or practice caused actual, although not necessarily pecuniary, harm." *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56–57 (N.Y. 1999) (quotation omitted) (emphasis omitted). A deception cannot be "both act and injury." *Id.*

In their prior complaint, Plaintiffs alleged that VisualDiscovery "significantly degraded the performance of the Lenovo computers on which it was installed," by increasing CPU usage and power consumption that decreased battery life. Dkt. No. 96 ¶ 59. It also slowed internet and

---

[3] The Court further notes that the parties' agreement that New York law applies would not, by itself, resolve the choice-of-law inquiry for a direct purchaser class. *Cf. In re Hyundai & Kia Fuel Econ. Litig.*, No. 15-56014, 2018 WL 505343, at *12–*13 (9th Cir. Jan. 23, 2018). Because the JPML transferred the instant litigation to this Court pursuant to 28 U.S.C. § 1407, the Court must apply the choice-of-law rules of each state where the individual actions were filed. *See In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1492 (9th Cir. 1985) (applying choice-of-law rules of state where individual actions originally filed); *see also* Dkt. Nos. 1–2 (transfer orders listing actions filed in California, North Carolina, Florida, Illinois, Kentucky, New York, Oregon, and Washington). Under the choice-of-law rules for this forum state, for example, the Court must analyze whether New York "has a substantial relationship to the parties or their transaction" and whether "there is any other reasonable basis for the parties' choice of law," regardless of parties' agreement. *See Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 467–70 (Cal. 1992).

5

download speeds and "caused certain webpages to fail to load correctly or not load at all." *Id.* As a result, Plaintiffs concluded that "they received computers worth less than they bargained for . . . ." *Id.* ¶ 260. The Court rejected this theory of actual damages because "the New York Court of Appeals has rejected the argument that 'consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices[,]' have necessarily suffered an injury for [§ 349] purposes." *Id.* at 17 (quoting *Small*, 94 N.Y.2d at 56).

In their amended complaint, Plaintiffs repeat their previous allegations that "[t]he operation of VisualDiscovery significantly degraded the performance of the Lenovo computers on which it was installed" and violated product specifications for some of their computers. *Compare* ACCAC ¶¶ 53, 73, *with* Dkt. No. 96 ¶¶ 59, 79. Plaintiffs also echo their prior allegations that they "reasonably believed they were bargaining (and ultimately paying) for a computer that was not installed with malware such as VisualDiscovery." Dkt. No. 162 ¶ 226. They add that "[a] computer installed with VisualDiscovery is worth less because VisualDiscovery materially degrades computer performance and impairs user's privacy and data security." *Id.* Consequently, Plaintiffs contend, they overpaid for the Lenovo computers and "did not receive the full value of their purchase, *i.e.*, a laptop free of malware." *See id.* ¶¶ 213–28.

Plaintiffs recast this as a "price premium" theory, and respond that New York law does not categorically prohibit damages theories where the plaintiffs paid more than they otherwise would have for a product absent the alleged deception. *See* Dkt. No. 179 at 13. Lenovo acknowledges the viability of a "price premium" theory under New York law, but argues that it does not apply in an omissions context. *See* Dkt. No. 183 at 8–9. The Court disagrees with Lenovo's narrow construction of New York law, but finds that Plaintiffs have failed to allege sufficient factual support for a price premium theory.

In *Small v. Lorillard Tobacco*, the New York Court of Appeals case that established the "actual injury" requirement, the plaintiffs alleged that a number of tobacco companies used deceptive commercial practices to sell their cigarettes. *See Small*, 94 N.Y.2d at 56–57. The plaintiffs argued that their injury consisted of the fact that they had bought a product they otherwise would not have purchased and had become addicted to nicotine as a result of

6

defendants' deceptive conduct. The court found this injury insufficient, but contrasted it with a hypothetical where a distributor erroneously claims that its tap water comes from a mountain stream. *Id.* at 56–57, & n.5. In that case, the court recognized that a plaintiff might "have a claim for the higher price the consumer paid for the product as a result of the misrepresentation in that circumstance." *Id.* Since *Small*, several courts have confirmed the viability of the "price premium" theory under New York law. *See, e.g.*, *Orlander v. Staples, Inc.*, 802 F.3d 289, 301 (2d Cir. 2015) (finding injury where plaintiff paid for a two-year computer protection plan that he would not have purchased had he known that the defendant would not provide him any services in the first year); *Lazaroff v. Paraco Gas Corp.*, 967 N.Y.S.2d 867 (N.Y. Sup. Ct. 2011), *aff'd*, 945 N.Y.S.2d 326 (2012) (finding injury where the plaintiffs paid a higher price per gallon of propane because they did not receive the amount of propane advertised on the tanks); *Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG), 2010 WL 2925955, at *23 (E.D.N.Y. July 21, 2010) (finding injury where plaintiffs alleged that "[d]efendants command a premium price for vitaminwater by distinguishing it from soft drinks (including their own), and by marketing and advertising it as a fortified beverage, a dietary supplement in liquid form").

Lenovo's primary authority, *In re Sling Media*, is not in tension with these cases. *See In re Sling Media Slingbox Advert. Litig.*, 202 F. Supp. 3d 352, 360–61 (S.D.N.Y. 2016). In *In re Sling Media*, the court held that the plaintiffs had failed to establish actual injury where the plaintiffs alleged that their devices — used to watch television — contained undisclosed software that required them to also view unsolicited advertising. *Id.* at 361. The court held that the plaintiffs failed to allege actual injury because they did not sufficiently allege any actual performance issues with the product: they did not, for example, "allege that they can no longer use their Slingbox units to watch television programming, or that they now face additional costs to view content." *Id.* at 360–61, & n.15; *see also Izquierdo v. Mondelez Int'l, Inc.*, No. 16-CV-04697 (CM), 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016) (dismissing § 349 claim where the "[p]laintiffs have not alleged that they paid a *higher* price for the Candy than they otherwise would have, absent deceptive acts.").

///

Nevertheless, Plaintiffs do not allege that they personally experienced any performance or security issues with their computers. Although Plaintiffs allege that the VisualDiscovery software "materially degrades computer performance," they do not allege that their laptop performance was actually degraded as a result of the software. *Id.* ¶ 226. Nor do they allege what their expectations were about the computers' performance or specifications before they purchased them. Consequently, Plaintiffs have failed to allege sufficient facts to establish that they received less than what they paid for when they purchased Lenovo computers preloaded with VisualDiscovery software.[4]

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the motion to dismiss the § 349 claim. Although Plaintiffs have had an opportunity to amend their § 349 claim, they suggested at the hearing that they could resolve these deficiencies. The Court will grant a final opportunity to do so. Plaintiffs therefore have until February 28, 2018, to file an amended complaint.

The Court further **SETS** a case management conference for March 12, 2018. The parties shall submit a joint case management statement by March 5, 2018.

**IT IS SO ORDERED.**

Dated: 1/30/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] Because Lenovo's tertiary argument that its omissions were not material under § 349 overlaps with its actual injury argument, the Court does not address those issues here. *See* Dkt. No. 175 at 15–16.