JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

DANIEL C. GIRARD (SBN 114826)
dcg@girardgibbs.com
ELIZABETH A. KRAMER (SBN 293129)
eak@girardgibbs.com
ANDRE M. MURA (SBN 298541)
amm@classlawgroup.com
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

STEPHANIE D. BIEHL (SBN 306777)
sbiehl@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: LENOVO ADWARE LITIGATION<br><br>This Document Relates to All Cases | Case No. 5:15-md-02624-HSG<br><br>**JOINT DECLARATION OF JONATHAN K. LEVINE, ELIZABETH A. KRAMER, AND STEPHANIE D. BIEHL IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS**<br><br>Judge: Haywood S. Gilliam, Jr.<br>Courtroom: 2, 4th Floor |

JOINT DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENTS, Case No. 15-md-02624-HSG

We, Jonathan K. Levine, Elizabeth A. Kramer, and Stephanie D. Biehl, hereby declare under penalty of perjury:

1. Jonathan K. Levine is a partner at the law firm Pritzker Levine LLP and one of the attorneys of record for plaintiffs Richard Krause, John Whittle, Jessica Bennett, and Robert Ravencamp ("Plaintiffs"). Pritzker Levine is one of three firms serving as Class Counsel in this litigation. Mr. Levine submits this declaration in support of Plaintiffs' motion for preliminary approval of class action settlements with Defendant Superfish Inc. (the "Superfish Settlement") and with Defendant Lenovo (United States) Inc. (the "Lenovo Settlement") (collectively, the "Settlement"). Mr. Levine makes this declaration based on his own personal knowledge, and if called to do so, could testify to the matters contained herein.

2. Elizabeth A. Kramer is an associate at the law firm Girard Gibbs LLP and one of the attorneys of record for Plaintiffs. Girard Gibbs is one of three firms serving as Class Counsel in this litigation. Ms. Kramer submits this declaration in support of Plaintiffs' motion for preliminary approval of class action settlements with defendants Superfish and Lenovo. Ms. Kramer makes this declaration based on her own personal knowledge, and if called to do so, could testify to the matters contained herein.

3. Stephanie D. Biehl is an associate at the law firm Cotchett, Pitre & McCarthy LLP and one of the attorneys of record for Plaintiffs. Cotchett, Pitre & McCarthy is one of three firms serving as Class Counsel in this litigation. Ms. Biehl submits this declaration in support of Plaintiffs' motion for preliminary approval of class action settlements with defendants Superfish and Lenovo. Ms. Biehl makes this declaration based on her own personal knowledge, and if called to do so, could testify to the matters contained herein.

**I.  THE LITIGATION AND SETTLEMENT NEGOTIATIONS**

4. This is a nationwide consumer class action against Lenovo, the largest computer manufacturer in the world, and Superfish, a privately-held Silicon Valley company that developed, sold, and operated computer adware programs during the relevant time period. In early 2014, Lenovo and Superfish entered into a business partnership to install Superfish-developed and -operated software

1

JOINT DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS, Case No. 15-md-02624-HSG

called VisualDiscovery on 28 of Lenovo's consumer laptop computer models. VisualDiscovery was not disclosed to consumers.

5. In early 2015, 27 consumer class actions were filed in federal district courts around the United States involving alleged privacy, security, and performance problems associated with the VisualDiscovery program and its operation on Lenovo laptops. In June 2015, the Judicial Panel on Multidistrict Litigation transferred all related actions to this district. Dkt. Nos. 1, 2, 8. In July 2015, the Court appointed Pritzker Levine, Girard Gibbs, and Cotchett, Pitre & McCarthy as Interim Lead Class Counsel. Dkt. No. 44.

6. In October 2015, the parties participated in an all-day mediation before Judge Edward A. Infante (Ret.) of JAMS. Dkt. No. 92. All parties were represented by seasoned counsel who pursued their clients' interests. The mediation was unsuccessful as between Plaintiffs and Lenovo, but ultimately led to a $1,000,000 settlement with Superfish, with Superfish also agreeing to cooperate with Plaintiffs in their continued litigation against Lenovo. The Superfish Settlement was reached after extensive negotiations, the exchange of confidential information reflecting the parties' views on liability and damages, and detailed information about Superfish's deteriorating financial condition, business prospects, and insurance coverage. The Superfish Settlement Agreement was executed on February 5, 2016; a copy is attached hereto as **Exhibit A**.

7. The Superfish Settlement obligated Superfish to cooperate with Plaintiffs in their continued litigation against Lenovo, even though the settlement had not yet received preliminary or final court approval. Superfish provided such cooperation by producing documents and computer data, providing technical assistance on various issues, and making Superfish executives and employees available for witness interviews.

8. In early 2015, Superfish changed its name and its business declined. Had the Superfish Settlement not been reached in 2016, Superfish likely would have declared bankruptcy before Plaintiffs could obtain a recovery from it. Superfish has since been dissolved.

9. Plaintiffs filed a Consolidated Class Action Complaint ("Complaint") in November 2015, alleging that Defendants pre-installed the VisualDiscovery software on Lenovo laptop computers

1  purchased by Plaintiffs and class members, and that this software functioned uniformly and in an
2  unlawful manner. Dkt. No. 96.

3       10.    In January 2016, the Court entered an Order staying all deadlines in this matter as to
4  Superfish in light of the proposed Superfish Settlement.  Dkt. No. 102.

5       11.    Lenovo moved to dismiss the Complaint in January 2016 (Dkt. No. 98), and the Court
6  took the motion under submission after hearing oral argument in April 2016.  While the motion to
7  dismiss was pending, Plaintiffs filed their motion for class certification (Dkt. No. 131), and the Court
8  heard argument on that motion in September 2016.

9       12.    In 2016, Plaintiffs and Lenovo conducted extensive discovery, including depositions,
10 document requests, interrogatories, and expert discovery.  Plaintiffs obtained, reviewed, and analyzed
11 over 100,000 pages of documents from Lenovo and Superfish, deposed nine Lenovo employees,
12 conducted interviews of four senior Superfish executives, and engaged three experts who each
13 submitted reports.

14      13.    On October 27, 2016, the Court granted in part and denied in part Lenovo's motion to
15 dismiss and Plaintiffs' motion for class certification. Dkt. No. 153.  In its class certification order, the
16 Court certified two classes: a nationwide indirect purchaser class and a California purchaser class.  The
17 Court also appointed Plaintiffs as Class Representatives and appointed Pritzker Levine, Girard Gibbs,
18 and Cotchett, Pitre & McCarthy as Class Counsel.  *Id.*.

19      14.    Plaintiffs filed their Consolidated Amended Complaint ("Amended Complaint") on
20 December 7, 2016.  Dkt. No. 162.

21      15.    On December 9, 2016, Plaintiffs moved for preliminary approval of the Superfish
22 Settlement (Dkt. No. 163), but a ruling on that motion was deferred at the request of the parties due to
23 then-ongoing settlement discussions between Plaintiffs and Lenovo.  In light of the passage of time
24 since that motion was filed and the proposed Lenovo Settlement, Plaintiffs withdraw their prior motion
25 for preliminary approval of the Superfish Settlement and now seek preliminary approval of both
26 settlements.

27      16.    On January 17, 2017, Lenovo moved to dismiss the claim in the Amended Complaint
28 asserted under New York General Business Law section 349. Dkt. No. 175.  On January 30, 2018, this

3

JOINT DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENTS, Case No. 15-md-02624-HSG

1  Court granted Lenovo's motion to dismiss, affording Plaintiffs leave to amend by April 16, 2016.  Dkt.
2  Nos. 210, 214.

3        17.     On March 28, 2018, Plaintiffs and Lenovo participated in a settlement conference before
4  Magistrate Judge Jacqueline Scott Corley.  This was the third settlement effort before Judge Corley.
5  Although the parties had made progress in earlier sessions in 2017, they were unable to reach a
6  mutually agreeable resolution.  Plaintiffs and Lenovo reached an agreement in principle in mid-April
7  2018 and memorialized the key terms of that agreement in a term sheet signed on April 27, 2018.
8  Plaintiffs and Lenovo reached their agreement after protracted negotiations supervised by neutral
9  mediators and based upon a careful consideration of the value of the claims and the risks to both sides
10 from continued litigation.

11       18.     Thereafter, Plaintiffs and Lenovo engaged in further negotiations regarding the terms of
12 their agreement and worked together, with Superfish as appropriate, to document the settlement. The
13 Lenovo Settlement Agreement was executed on July 11, 2018; a copy is attached hereto as **Exhibit B**.

14 **II.  THE FTC CONSENT DECREE**

15       19.     After Plaintiffs filed their complaints in this action, the Federal Trade Commission
16 commenced administrative proceedings against Lenovo arising from its installation of the
17 VisualDiscovery software. On January 2, 2018, the FTC and 32 State Attorneys General entered into a
18 final Consent Decree with Lenovo settling charges that Lenovo harmed consumers by preloading
19 software on laptops that compromised security in order to deliver ads, by failing to disclose that the
20 software would negatively affect consumers' internet browsing, and by injecting pop-up ads and
21 reducing download and upload speeds.  The FTC charges mirror Plaintiffs' consumer protection claims.
22 The FTC Settlement does not provide monetary relief to consumers exposed to Lenovo's conduct.

23       20.     The FTC's Final Decision and Order concerning that settlement issued on January 2,
24 2018.  Lenovo acknowledges that the filing and prosecution of the present action was a factor in
25 Lenovo agreeing to the injunctive relief in the FTC Consent Decree.  As part of the FTC settlement,
26 Lenovo is prohibited from misrepresenting any features of software preloaded on laptops that will
27 inject advertising into consumers' internet browsing sessions or transmit sensitive consumer
28 information to third parties.  If Lenovo preinstalls such software, it must obtain consumers' affirmative

4

JOINT DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENTS, Case No. 15-md-02624-HSG

consent before the software runs on their laptops. In addition, the FTC settlement requires Lenovo to implement a comprehensive software security program for most consumer software preloaded on its laptops for 20 years.

**III.     THE SETTLEMENT**

21.     The Settlement requires Lenovo to contribute a $7,300,000 non-reversionary payment that will be added to the $1,000,000 non-reversionary payment previously made by Superfish—these two payments will constitute the $8,300,000 Settlement Fund for the benefit of the proposed Class. Based on Plaintiffs' expert report, Class Counsel estimate a maximum, best case $35 million recovery at trial, had Plaintiffs prevailed. The recovery of $8,300,000 represents approximately 24% of Plaintiffs' estimated recoverable damages. *See* ¶¶ 29-31 below.

22.     The Settlement Class consists of all Persons who purchased one or more of the following computers, not for resale, within the United States between September 1, 2014 and February 28, 2015:  G Series: G410, G510, G710, G40-70, G50-70, G40-30, G50-30, G50-45; U Series: U430P, U430Touch, U530Touch; Y Series: Y40-70, Y50-70; Z Series: Z50-75, Z40-70, Z50-70; Flex Series: Flex2 14D, Flex2 15D, Flex2 14, Flex2 15, Flex2 15(BTM), Flex 10; MIIX Series: MIIX2-10, MIIX2-11; YOGA Series: YOGA2Pro-13, YOGA2-13, YOGA2-11BTM, YOGA2-11HSW. Excluded from the Class are Defendants, the officers, directors and affiliates of Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class are those persons who timely and validly request exclusion.

23.     A copy of the proposed Plan of Allocation is attached to the Lenovo Settlement Agreement as Exhibit 3. The Plan of Allocation gives class members two choices for making a claim from the Settlement Fund.

24.     Under the first option ("Short Form Claims"), class members can submit a claim (via U.S. mail or through the settlement website) by clicking or checking a small number of boxes to verify their contact information and the fact that they purchased one of the computers at issue. These class members will receive an estimated cash payment of $40 for each computer. The $40 estimate assumes a 15% claims rate, which is above reported averages in consumer class actions. A lower claims rate

5

JOINT DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS, Case No. 15-md-02624-HSG

will mean a higher recovery.

25. Under the second option ("Long Form Claims"), class members may instead submit an itemized claim for reasonable out-of-pocket losses—e.g., for credit monitoring or technical support services—reasonably attributable to VisualDiscovery. Claims submitted under this second option are capped at $750, and $300,000 is earmarked for such claims. Class Counsel anticipate a limited number of Long Form Claims, and believe based on prior experience that the $300,000 set-aside will be sufficient to pay all Long Form Claims.

26. Both the Short Form and Long Form Claims require claimants to affirm their membership in the Class and confirm or correct their contact information. Class Counsel believe the minimal verification required by the Plan of Allocation is necessary to ensure that the claimant is eligible to participate in the Settlement, provide accurate contact information for delivering payment, allow class members to elect whether to receive a paper or electronic check payment, and allow class members to choose which type of claim to make.

27. The contact information from Lenovo and from third-party retailers is over three years old and may no longer be valid. Direct payment without a claims process would likely result in checks sent to incorrect addresses, checks made out with incorrect payee names, and checks to people who, due to inaccurate or incomplete data, are not members of the Class. The notice program will allow the Claims Administrator to collect up-to-date information for every class member who files a claim, and the Claims Administrator will use skip tracing to improve the likelihood of reaching class members whose contact information is outdated.

28. In light of the considerations above, and in consultation with the proposed Claims Administrator, Angeion Group, Class Counsel believe that the Plan of Allocation and notice program provide the best approach to fairly and effectively inform the Class and distribute settlement funds.

29. At class certification, Plaintiffs' expert estimated that damages per computer range from $16.67 (for a consumer whose laptop contained VisualDiscovery for one month) to $100.02 (for a consumer who had an affected laptop for the entire six-month class period), assuming an average purchase price of $600 per computer. Declaration of Bruce McFarlane at pp. 7-12.

30. Plaintiffs filed a redacted version of the McFarlane Declaration in connection with their

motion for class certification. *See* Dkt. No. 130-11. On October 27, 2016, the Court ruled on Plaintiffs' administrative motion to seal portions of the McFarlane Declaration. *See* Dkt. No. 154. For the convenience of the Court, a version of the McFarlane Declaration that complies with the Court's October 27, 2016 sealing order is attached hereto as **Exhibit C**.

31. McFarlane offered this model for purposes of class certification and did not submit a final damages calculation. Drawing from the model, however, Class Counsel believe that applying reasonable assumptions, $35 million is a fair estimate of maximum, best case damages recoverable at trial. This estimate is necessarily optimistic because it assumes that the jury would both find liability (where Lenovo forcefully maintained that VisualDiscovery did not cause any material performance, security, or data privacy problems, *see* Dkt. Nos. 98, 136 at pp. 2-7) and accept Plaintiffs' damage model (rejecting Lenovo's arguments that Plaintiffs' model is flawed and incapable of justifying an award of classwide damages, *see* Dkt. No. 136 at pp. 20-23).

32. Applying this estimate, the $8.3 million represents approximately 24% of Plaintiffs' estimated recoverable damages at trial.

33. The proposed Claim Form is attached to the Lenovo Settlement Agreement as Exhibit 2.

34. As set forth in the proposed Plan of Allocation, exact payments to claimants will be calculated based upon the total number and amount of valid claims. If excess settlement funds remain after the Claims Administrator processes all valid claims, such funds will be allocated equally to all claimants, with distribution being made in a single payment. If the allocation of the excess settlement funds exceeds $500 per computer, Class Counsel will propose additional measures to reach non-participating Class members. If the Settlement is approved, no settlement funds will revert to Lenovo or Superfish.

35. The Settlement further provides that Notice and Settlement Administration Expenses and any attorneys' fees and costs and/or Service Awards to the Class Representatives will be paid out of the Settlement Fund.

36. Class Counsel anticipate applying for an award of 30% of the Settlement Fund, or $2,490,000 in attorneys' fees, reimbursement of litigation expenses (not including notice and administration expenses) not to exceed $300,000, and for Service Awards in the amount of $5,000 to

each of the four Class Representatives.

37. In exchange for the foregoing consideration, subject to Court approval, the Final Judgment will be entered upon final approval of the Settlement, and Class members will thereby release all claims which have or could have been asserted against Defendants in this litigation.

38. Plaintiffs and Class Counsel believe that there are no material deficiencies in the Settlement, and endorse it as fair, reasonable, and adequate.

39. The proposed Order Preliminarily Approving Settlement and Providing for Notice, and the proposed Final Order and Judgement, are attached to the Lenovo Settlement Agreement as Exhibits 4 and 5, respectively.

**IV.   CLASS COUNSEL**

40. In July 2015, the Court appointed Pritzker Levine, Girard Gibbs, and Cotchett, Pitre & McCarthy as Interim Co-Lead Class Counsel. Dkt. No. 44. In October 2016, the Court appointed Pritzker Levine, Girard Gibbs, and Cotchett, Pitre & McCarthy as Class Counsel. Dkt. No. 153.

41. As demonstrated in their submissions in connection with Plaintiffs' motion for class certification, Class Counsel are experienced class action litigators with substantial knowledge of the law and claims in this case. *See* Dkt. No. 131-12, Exs. A-C. They have undertaken significant investigation and prosecution of the claims and committed substantial resources on behalf of the Class. Class Counsel meet the criteria for appointment under Rule 23(g).

**V.   CLASS NOTICE AND SETTLEMENT ADMINISTRATION**

42. Plaintiffs have proposed forms of notice and a notice program that comport with due process, Fed. R. Civ. P. 23, and the Northern District's Procedural Guidance for Class Action Settlements. The Settlement provides for direct, individual notice to hundreds of thousands of class members via both U.S. mail and email. Class member contact information has been obtained through Lenovo's internal sales and computer registration records. Additionally, Plaintiffs subpoenaed U.S. retailers with high-volume sales of the Lenovo computers at issue to request and obtain class member contact information. Class Counsel, with assistance from proposed Claims Administrator Angeion, have evaluated the contact information obtained from Lenovo and the retailers and estimate that email or physical addresses (or both) exist for approximately 500,000 class members.

43. One of the retailers, Amazon, citing privacy concerns, has objected to turning over class member contact information to Class Counsel or an administrator. As a compromise, the notice program provides for direct email notice from Amazon, which will then provide the Claims Administrator with the physical addresses of individuals whose email addresses were "undeliverable" or caused a "bounceback."

44. For persons whose contact information was obtained from Lenovo or from any retailer other than Amazon, notice will be sent via U.S. mail and email, where both addresses are available. More than a third of the available contact information includes both physical and email addresses. As indicated above, persons who purchased through Amazon will receive notice via an email from Amazon. Amazon will track and record which emailed notices are "undeliverable" or caused a "bounceback" and provide those persons' physical addresses to the Claims Administrator, which will then send notice to those persons via U.S. mail. Amazon will make available to the Claims Administrator and Class Counsel the data associated with the email notices, such as the total number sent to its customers and information on those that are undeliverable or bounceback.

45. Plaintiffs' proposed long-form notice (which will be available on the settlement website), notice for U.S. mail delivery, and notice for delivery via email from the Claims Administrator are attached to the Lenovo Settlement Agreement as Exhibits 1-A, 1-B, and 1-C respectively. Amazon's proposed form of notice to be sent via email from Amazon to its customers is attached to the Lenovo Settlement Agreement as Exhibits 1-D.

46. The Claims Administrator will implement a media plan to publish notice, which will include notice of the Settlement appearing on Facebook, Twitter, and other websites. A comprehensive explanation of the media plan appears in the Declaration of Steven Weisbrot, of Angeion Group, filed contemporaneously with Plaintiffs' motion for preliminary approval of class action settlements.

47. The proposed notices advise class members of the pendency of the action, including the nature of the action and a summary of the claims; the essential terms of the Settlement; the rights of class members to share in the recovery or to request exclusion from the Class; the rights of class members to object to the Settlement and to appear before the Court at the Final Approval Hearing; and will provide the date, time, and place of the Final Approval Hearing. The notices also contain

information regarding Class Counsel's fee and expense application, Class Representatives' requested service awards, and the proposed Plan of Allocation.

48.  Plaintiffs propose the appointment of Angeion Group as Claims Administrator. Angeion was selected by Class Counsel through a competitive bidding process among five well-established class action settlement administration firms. Based on the bids and settlement administration proposals received, Class Counsel believe that Angeion Group has the requisite experience to capably handle all settlement administration tasks contemplated by the Settlement for the benefit of the Class. Angeion, on behalf of the Defendants, will also be providing notice of the Settlement to the appropriate federal and state authorities pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

49.  The estimated cost of notice and administration is $300,000, which Class Counsel believe is reasonable because the direct notice campaign contemplates mailed notice (with associated postage costs) to several hundred thousand class members, undeliverable mailings will be processed and remailed, the publication notice campaign has been designed to target 70% of the class with an estimated three impressions for each class member who sees the published notice, and claims will be processed and audited. The estimated notice and administration costs represent a relatively small percentage of the Settlement Fund.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of July, 2018 at Oakland, San Francisco, and Burlingame, California.

/s/ *Jonathan K. Levine*
Jonathan K. Levine

/s/ *Elizabeth A. Kramer*
Elizabeth A. Kramer

/s/ *Stephanie D. Biehl*
Stephanie D. Biehl

**ATTESTATION STATEMENT**

I, Elizabeth A. Kramer, am the ECF User whose identification and password are being used to file this Joint Declaration of in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement pursuant to Civil L.R. 5-1(i)(3). I attest under penalty of perjury that all counsel concurred in this filing.

DATED: July 11, 2018                                           */s/ Elizabeth A. Kramer*