EXHIBIT B

JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
**PRITZKER LEVINE LLP**
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

DANIEL C. GIRARD (SBN 114826)
dcg@girardgibbs.com
ELIZABETH A. KRAMER (SBN 293129)
eak@girardgibbs.com
ANDRE M. MURA (SBN 298541)
amm@classlawgroup.com
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

STEPHANIE D. BIEHL (SBN 306777)
sbiehl@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Class Counsel*

[Additional Counsel Appear on Signature Pages]

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NORTHERN CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: LENOVO ADWARE LITIGATION | Case No. 4:15-md-02624-HSG |
| This Document Relates to All Cases | **CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**<br><br>Courtroom: 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

This Class Action Settlement Agreement and Release dated July 9, 2018 (the "Agreement"), is made and entered into by and among: (i) Class Representative Plaintiffs Jessica Bennett, Richard Krause, John Whittle, and Robert Ravencamp, on behalf of themselves and each of the members of the Class (as defined herein), by and through their counsel of record in the instant action (as defined herein) and (ii) Defendant Lenovo (United States) Inc. ("Lenovo," the "Company," or "Defendant"), by and through its counsel of record.   The Agreement is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein) as against Defendant, subject to the approval of the Court and the terms and conditions set forth in this Agreement.

## I.   PLAINTIFFS' CLAIMS AND ALLEGATIONS

WHEREAS, in June 2015, by order of the Judicial Panel on Multidistrict Litigation, 27 consumer class actions were centralized in the United States District Court for the Northern District of California and assigned to the Hon. Ronald D. Whyte for coordinated and/or consolidate pretrial proceedings;

WHEREAS, in July 2015, the Court issued an order appointing as interim lead counsel Cotchett, Pitre & McCarthy, LLP, Girard Gibbs LLP, and Pritzker Levine LLP;

WHEREAS, on November 12, 2015, Plaintiffs filed a consolidated complaint (ECF No. 96) alleging the following claims in connection with Lenovo's agreement with Defendant Superfish, Inc. ("Superfish") to install a software program known as Visual Discovery on approximately 800,000 laptop computers sold in the United States: (i) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*.; (ii) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2512; (iii) violation of the Wiretap Act, 18 U.S.C. § 2510, *et seq*.; (iv) violation of the California Unfair Competition Law, Cal. Bus. Code §§ 17200, *et seq*.; (v) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*.; (vi) violation of California's Computer Crime Law, Cal. Penal Code § 502; (vii) violation of California's Computer Spyware Act, Cal. Bus. & Prof. Code §§ 22947, *et seq*.; (viii) violation of California's Invasion of Privacy Act, Cal. Penal Code, § 630, *et seq*.; (ix) negligence under California and New York Law; (x) trespass to chattels under California and New York law; and (xi) violation of New York's Deceptive Act and Practices statute, N.Y. Gen. Bus. Law § 349;

WHEREAS, Plaintiffs brought the above claims based on allegations that Visual Discovery adversely affected the security and performance of the computers and violated purchasers' privacy rights (ECF No. 96);

WHEREAS, in October 2015, Plaintiffs, Lenovo, and Superfish participated in a mediation before Judge Edward A. Infante (Ret.) of JAMS; the mediation was unsuccessful as between Plaintiffs and Lenovo, but led to a settlement agreement with Superfish providing for a $1,000,000 cash payment and Superfish's commitment to cooperate in connection with the ongoing litigation against Lenovo;

WHEREAS, Lenovo moved to dismiss the consolidated complaint in February 2016 (ECF No. 106);

WHEREAS, while Lenovo's motion to dismiss was pending, Plaintiffs filed their motion for class certification (ECF No. 131);

WHEREAS, on October 27, 2016, the Hon. Ronald M. Whyte issued an order granting in part and denying in part Lenovo's motion to dismiss, granting in part and denying in part Plaintiffs' motion for class certification, and appointing interim lead counsel as lead counsel for the Class (ECF No. 153);

WHEREAS, on December 7, 2016, Plaintiffs filed an amended complaint (the "complaint") (ECF No. 162);

WHEREAS, Plaintiffs have conducted extensive discovery, including through depositions, document requests, interrogatories and expert discovery; Plaintiffs obtained, reviewed, and analyzed over 100,000 pages of documents from Lenovo and Superfish, deposed nine Lenovo employees, conducted interviews of four senior Superfish executives, and engaged three experts who each submitted reports;

WHEREAS, the parties have engaged in telephonic and in-person settlement conferences before Judge Edward A. Infante (ret.) and before Magistrate Judge Jacqueline Scott Corley;

WHEREAS, Plaintiffs and Lenovo held settlement conferences before Judge Corley on March 3, 2017, May 3, 2017, and March 28, 2018, each preceded by the parties' submission of mediation statements and exhibits;

WHEREAS, the parties made substantial progress toward settlement at the March 28, 2018 conference, and shortly thereafter memorialized the principal terms of an agreement to resolve the litigation;

WHEREAS, Plaintiffs in entering into this Agreement recognize and acknowledge the expense and time it would take to prosecute this action through trial and any subsequent appeals, and the risk that this action could ultimately be unsuccessful in light of Lenovo's defenses;

WHEREAS, Lenovo has asserted and would assert numerous defenses to the claims alleged by Plaintiffs and expressly denies each of the claims and allegations asserted against Lenovo and any and all liability arising out of the conduct alleged in the complaint;

WHEREAS, Lenovo acknowledges that further litigation of this action could be protracted and expensive, and Lenovo has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this;

WHEREAS, by entering into this Agreement, Lenovo does not admit any wrongdoing and this Agreement is not and shall not constitute an admission of liability by Lenovo; and

WHEREAS, Plaintiffs and Lenovo have therefore each independently determined that it is desirable and beneficial for this action to be fully and finally resolved in the manner and upon the terms and conditions set forth in this Agreement.

## II.    TERMS OF AGREEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and the Class Members) and Lenovo, by and through its counsel, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties and their Related Parties (as defined below), upon and subject to the terms and conditions of the Agreement, as follows.

**1. Definitions**

As used in the Agreement the following terms have the meanings specified below:

1.1    "Agreement" or "Settlement Agreement" or "Settlement" means this Settlement Agreement and Release.

1.2   "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Agreement.

1.3   "Claims Administrator" means Angeion Group, or such other claims administrator as the Court shall approve.

1.4   "Claims Deadline" means the date set forth in the Notice by which Class Members must submit the Claim Form, which shall be one-hundred and twenty (120) days after entry of the Preliminary Approval Order or such other time as may be set by the Court.

1.5   "Claim Form" means a document, substantially in the form of **Exhibit 2** hereto, that a Class Member must complete and submit to receive a payment from the Net Settlement Fund.

1.6   "Class" means all Persons who purchased one or more of the Class Computers, not for resale, within the United States between September 1, 2014 and February 28, 2015.  Excluded from the Class are Lenovo and Superfish, the officers, directors and affiliates of defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which defendants have or had a controlling interest.  Also excluded from the Class are those Persons who timely and validly request exclusion, as set forth below.

1.7   "Class Computer" means any of the following Lenovo computer models:

- G Series: G410, G510, G710, G40-70, G50-70, G40-30, G50-30, G50-45
- U Series: U430P, U430Touch, U530Touch
- Y Series: Y40-70, Y50-70
- Z Series: Z50-75, Z40-70, Z50-70
- Flex Series: Flex2 14D, Flex2 15D, Flex2 14, Flex2 15, Flex2 15(BTM), Flex 10
- MIIX Series: MIIX2-10, MIIX2-11
- YOGA Series: YOGA2Pro-13, YOGA2-13, YOGA2-11BTM, YOGA2-11HSW

1.8   "Class Member" means a Person who falls within the definition of the Class as set forth above and does not exercise their right to opt out of the Class before the Opt-Out Deadline.

1.9   "Court" means the United States District Court for the Northern District of California.

1.10   "Defendant" means Lenovo (United States), Inc.

4

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**
CASE NO.: 4:15-MD-02624-HSG

1.11    "Effective Date," or the date upon which this settlement becomes "effective," means the date the Court has entered the Final Order and Judgment and the Final Order and Judgment has been upheld through the resolution of all appeals and writs of certiorari, and through the expiration of all time to appeal and file writs of certiorari, except that the Effective Date shall not be delayed by a modification of or appeal from those parts of the Final Order and Judgment that (i) pertains to either the Plan of Allocation or the Fee and Expense Award; and (ii) has no effect on this Agreement becoming binding, effective, and final in its entirety between Releasing Plaintiffs, Class Members, and Defendant.

1.12    "Escrow Account" means the segregated and separate escrow account designated and controlled by the Escrow Agent at one or more national banking institutions into which the Settlement Amount will be deposited for the benefit of Class Members.

1.13    "Escrow Agent" means Huntington Bank, or other neutral third party agreed to by the Settling Parties.

1.14    "Fee and Expense Award" means the order awarding attorneys' fees and reimbursement of actual costs and expenses incurred by Lead Counsel and other plaintiffs' counsel in the Litigation.

1.15     "Final Approval Hearing" means the hearing to be requested by the Settling Parties and conducted by the Court, following notice to the Class and an opportunity for Class Members to exclude themselves from the Class or object to the settlement, at which time Plaintiffs will request the Court to finally approve the fairness, reasonableness and adequacy of the Settlement and to enter the final approval order.

1.16    "Final Order and Judgment" means an order, substantially in the form of **Exhibit 5** hereto, to be entered by the Court in this Action granting final approval of this Settlement Agreement and dismissing the Litigation with prejudice.

1.17    "Lead Counsel" means the following law firms and their attorneys of record:  Pritzker Levine, LLP, Girard Gibbs LLP, and Cotchett, Pitre & McCarthy LLP.

1.18    "Lead Plaintiffs" or "Plaintiffs" means Jessica Bennett, Richard Krause, John Whittle, and Robert Ravencamp.

1.19    "Lenovo" means Lenovo (United States), Inc.

5

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**
CASE NO.: 4:15-MD-02624-HSG

1.20    "Litigation" means the action captioned *In re Lenovo Adware Litigation*, Case No. 4:15-md-02624-HSG**.**

1.21    "Net Settlement Fund" means the Settlement Fund less any Fee and Expense Award approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.22    "Notice" means the Notices of Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the forms attached hereto as **Exhibit 1**.

1.23    "Notice and Administration Expenses" means reasonable costs and expenses incurred by the Claims Administrator in connection with providing notice to Class Members, locating Class Members, soliciting claims, assisting with the submission of claims, processing Claim Forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.24    "Objection Date" means the date set forth in the Notice by which Class Members must object to the Settlement, which shall be seventy-five (75) days after entry of the Preliminary Approval Order or such other time as may be set by the Court.

1.25    "Opt-Out Deadline" means the date set forth in the Notice by which Class Members must request exclusion from the Class, which shall be seventy-five (75) days after entry of the Preliminary Approval Order or such other time as may be set by the Court.

1.26    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and including any of their heirs, successors, representatives, or assigns.

1.27    "Plan of Allocation" means the plan for allocating the Net Settlement Fund set forth in **Exhibit 3** hereto, or such other plan for allocating the Net Settlement Fund approved by the Court.

1.28    "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Providing for Notice, substantially in the form attached hereto as **Exhibit 4**.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**
CASE NO.: 4:15-MD-02624-HSG

1.29    "Related Parties" means, as applicable, each of a person or entity's respective present and former parents, subsidiaries, divisions, affiliates, and each of their and a person or entity's respective present and former employees, members, partners, principals, agents, officers, directors, controlling shareholders, attorneys, agents, related or affiliated entities, predecessors, successors, spouses, estates, heirs, executors, trusts, trustees, administrators, agents, representatives, and assigns, in their capacity as such, and any entity in which a person or entity has a controlling interest.

1.30    "Released Claims" means any and all claims, rights, causes of action, liabilities, actions, suits, damages, or demands of any kind whatsoever, known or unknown, matured or unmatured, at law or in equity, existing under federal or state law, that relate to the installation of VisualDiscovery on a Class Computer between September 1, 2014, and February 28, 2015 and that were or could have been alleged in the Litigation against Defendant, including Unknown Claims as defined in ¶ 1.39 herein. "Released Claims" does not include claims relating to the enforcement of the settlement.

1.31    "Released Plaintiffs" means Lead Plaintiffs and each Class Member.

1.32    "Releasing Defendant's Claims" means all claims and causes of action whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation or the Released Claims against Defendant.  Notwithstanding the foregoing, "Releasing Defendant's Claims" does not include claims relating to the enforcement of the settlement.

1.33    "Releasing Plaintiffs" means Lead Plaintiffs and each Class Member.

1.34    "Settlement Amount" means Seven Million Three Hundred Thousand Dollars ($7,300,000.00), which shall be paid to the Escrow Agent by Lenovo, as detailed in Section 2 below, in the following two installments:

1.34.1    The "First Settlement Installment Payment" means the payment of Three Hundred Thousand Dollars ($300,000.00) to be paid within fourteen (14) days after the entry of the Preliminary Approval Order; and

1.34.2    The "Second Settlement Installment Payment" means the payment of Seven Million Dollars ($7,000,000.00) to be paid within ninety (90) days after the entry of the Preliminary Approval Order.

7

1.35    "Settlement Fund" means the Settlement Amount plus settlement funds in the amount of One Million Dollars ($1,000,000) in cash previously paid into escrow by settling defendant Superfish, together with all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.36    "Settling Parties" means, collectively, Lead Plaintiffs, all other Class Members, and Defendant.

1.37    "Summary Notice" means the summary form of notice for postcard mailing, which, subject to approval of the Court, shall be substantially in the form attached hereto as **Exhibit 1-B**.

1.38    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.39    "Unknown Claims" means any Released Claims that a Releasing Plaintiff does not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, might have affected his, her or its settlement with and release of Defendant, or might have affected his, her or its decision not to object to this settlement or seek exclusion from this settlement, and (ii) any Releasing Defendant's Claims that Defendant does not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Plaintiffs.  With respect to any and all Released Claims and Releasing Defendant's Claims, the Settling Parties stipulate and agree that, upon the Effective Date, and by operation of the Judgment, Releasing Plaintiffs shall expressly waive the provisions, rights, and benefits of California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Releasing Plaintiffs may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly settle and release and each Class Member, upon the Effective Date, shall be

deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Releasing Plaintiffs acknowledge that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**2. The Settlement**

*a. The Settlement Amount*

2.1     Within fourteen (14) days after the entry of the Preliminary Approval Order, Lenovo will pay or cause to be paid the First Settlement Installment Payment in accordance with the instructions to be provided by the Escrow Agent.  Within ninety (90) days after the entry of the Preliminary Approval Order, Lenovo will pay or cause to be paid the Second Settlement Installment Payment in accordance with the instructions to be provided by the Escrow Agent.  The Settlement Amount may be paid by wire transfer, by delivering to the Escrow Agent a check or checks payable to the Settlement Fund, by any combination of those methods, or in any other manner agreed upon by Lead Plaintiffs and Lenovo.  Within seven (7) days of execution of this Agreement, the Escrow Agent will furnish to Lenovo's counsel adequate payment instructions consisting of wire transfer instructions, instructions for payment by check, and a completed IRS Form W-9 for the Settlement Fund, including an address and tax ID number.

2.2     If the First Settlement Installment Payment or Second Settlement Installment Payment are not timely paid to the Escrow Agent pursuant to ¶ 2.1, Lead Plaintiffs may terminate the settlement but only if (a) Lead Counsel has notified Defendant's counsel in writing of Lead Counsel's intention to terminate the settlement, and (b) the First Settlement Installment Payment or Second Settlement Installment Payment, whichever is applicable, is not transferred to the Escrow Agent within ten (10) days after Lead Counsel have provided such written notice.  Failure by Lead Counsel or the Escrow Agent to timely furnish adequate payment instructions to Lenovo pursuant to ¶ 2.1 shall not be a basis

1   for termination under this section and any delay in providing such instructions shall extend the period

2   in which the Settlement Amount will be paid under ¶ 2.1 by an equivalent number of days.

3        2.3    The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a

4   segregated Escrow Account maintained by the Escrow Agent.

5        2.4    Other than the obligation of Lenovo to cause the payment of the Settlement Amount

6   pursuant to ¶ 2.1, Defendant shall have no obligation to make any other payments into the Escrow

7   Account or to any Class Member or Lead Counsel pursuant to this Agreement.

8        *b.*    *The Escrow Agent*

9        2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶ 2.1 hereof

10  in United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit

11  of the United States Government or an Agency thereof, or fully insured by the United States

12  Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature

13  in similar instruments at their then-current market rates.  All risks related to the investment of the

14  Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne

15  by the Settlement Fund and Defendant shall have no responsibility for, interest in, or liability

16  whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions

17  executed by the Escrow Agent.

18       2.6    The Escrow Agent shall not disburse the Settlement Fund except as provided in the

19  Agreement, by an order of the Court, or with the written agreement of counsel for Lenovo.

20       2.7    Subject to further order(s) and/or directions as may be made by the Court, or as provided

21  in the Agreement, the Escrow Agent is authorized to execute such transactions as are consistent with

22  the terms of the Agreement.  Defendant shall have no responsibility for, interest in, or liability

23  whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow

24  Agent in its capacity as such.

25       2.8    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia*

26  *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

27  funds shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

28

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**
CASE NO.: 4:15-MD-02624-HSG

2.9     Upon the occurrence of the Effective Date, neither Defendant nor any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including, without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), except as set forth in ¶ 7.5 below.

2.10     Prior to the Effective Date and without further order of the Court, up to Three Hundred Fifty Thousand Dollars ($350,000.00) of the Settlement Fund may be used by Lead Counsel to pay reasonable Notice and Administration Expenses actually incurred.   After the Effective Date, Lead Counsel may pay all further reasonable Notice and Administration Expenses from the Settlement Fund, regardless of amount, without further order of the Court.

2.11     Dissemination of the Notice and Summary Notice to Class Members in accordance with this Agreement and as ordered by the Court shall be solely Lead Counsel's responsibility.   Class Members shall have no recourse as to Defendant with respect to any claims they may have that arise from any failure of the notice process.

*c.     Tax Provisions*

2.12     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.   In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.12, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.   Such elections shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.13     For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.   The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-

2(k)).  Such returns (as well as the election described in ¶ 2.12 hereof) shall be consistent with ¶ 2.12 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

2.14     All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendant or its counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of these Tax provisions (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶ 2.12) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events Defendant and its counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of Defendant and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)); neither Defendant nor its counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out these Tax provisions.

d.     *Termination of Settlement*

2.15     In the event that the Agreement is not approved, or fails to become effective for any reason, the Settlement Fund, including accrued interest and less Notice and Administration Expenses or

Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement as provided for herein, shall be refunded to Defendant pursuant to written instructions from counsel for Defendant.

2.16    Defendant acknowledges that it has no right to reversion of any portion of the Settlement Fund unless the Agreement is not approved or fails to become effective for any reason.  Under no circumstances shall Defendant have any right to reversion of any funds expended for Notice and Administration Expenses already incurred.

**3.    Preliminary Approval Order and Final Approval Hearing**

3.1    Promptly after execution of the Agreement, Lead Plaintiffs shall submit the Agreement together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Agreement; setting of dates for the mailing of the Notice, Claims Deadline, Opt-Out Deadline, Objection Date, and Final Approval Hearing; approval of the Claims Administrator; approval of the Notice; approval of the Claim Form; and approval of the publication of the Summary Notice.  The Notice shall include general information regarding the terms of the settlement set forth in the Agreement and the proposed Plan of Allocation and the date of the Final Approval Hearing.

3.2    Any Class Member who wishes to opt out of the Class must submit a timely written request for exclusion on or before the Opt-Out Deadline, in the manner specified in the Court's Preliminary Approval Order and Notice.  Group opt outs, including "mass" or "class" opt outs, are prohibited.  Any Class Member who does not submit a timely written request for exclusion will be bound by all proceedings, orders and judgments in the Litigation, whether or not he, she, or it timely submits a Claim Form.

3.3    Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or the application of Lead Counsel for a Fee and Expense Award and/or for service awards for Lead Plaintiffs, must timely do so in the manner specified in the Court's Preliminary Approval Order.

3.4    Lead Plaintiffs will request that after notice to Class Members is given, the Court hold the Final Approval Hearing and approve the settlement of the Litigation as set forth herein.  At the

Final Approval Hearing, Lead Counsel will also request that the Court approve the proposed Plan of Allocation and the Fee and Expense Award.

3.5     For purposes of this Agreement and Lead Plaintiffs' motions for preliminary approval and final approval of the Settlement, and in light of a choice-of-law provision in an agreement related to the claims, Lead Plaintiffs and Lenovo agree, for purposes of this Settlement, that California law applies to all Class Members' claims.  Nothing in this provision precludes Lenovo from taking a contrary position regarding applicable law outside the context of this Settlement should this Agreement not become effective.

**4.     Releases**

4.1     Upon the Effective Date, all Releasing Plaintiffs and anyone claiming through or on behalf of any of them, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against Defendant.  Upon the Effective Date, the Releasing Plaintiffs will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any Released Claim against any of the Defendants.  Releasing Plaintiffs are aware of California Civil Code §1542 and expressly waive and relinquish any rights or benefits available to them under this statute.

4.2     Upon the Effective Date, Defendant shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Defendant's Claims (including Unknown Claims) against Released Plaintiffs, and Lead Counsel, whether arising under federal, state, common or foreign law.  Upon the Effective Date, the Defendant will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Releasing Defendant's Claims against any of the Released Plaintiffs and Lead Counsel.  Defendant is aware of California Civil Code §1542 and expressly waives and relinquishes any rights or benefits available to it under this statute.

4.3     In exchange for the releases and other consideration set forth herein, including full payment of the Settlement Amount, Lead Plaintiffs will dismiss Defendant with prejudice from the Litigation as set forth herein.

4.4     The Settling Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Settling Parties and the Class Members to interpret and enforce the terms, conditions, and obligations under this Agreement.

**5.      Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Court shall have and retain exclusive jurisdiction over the Settlement Fund, which shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses described in the Tax Provisions herein;

(c)     after entry of the Final Order and Judgment, to pay the Fee and Expense Award, and any service award to Lead Plaintiffs; and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Agreement, the Plan of Allocation, or the Court.

5.3     After the Effective Date, and in accordance with the terms of the Agreement, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4     Within one hundred twenty (120) days after the entry of the Preliminary Approval Order or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Claim Form, supported by such documents as are specified in the Claim Form.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Claim Form within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Agreement and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of

15

the Agreement, the releases contained herein, and the Final Order and Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  Lead Counsel shall also have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Claim Form submitted.

5.6     Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a claim in whole or in part, the Claims Administrator shall communicate with the claimant to give him, her, or it the opportunity to remedy any curable deficiencies in the claim submitted.  The Claims Administrator shall notify all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶ 5.7 below.

5.7     If any claimant whose timely claim has been rejected in whole or in part for curable deficiency wishes to contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the notice required in ¶ 5.6 above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.

5.8     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation attached hereto, summarized in the Notice, and approved by the Court.

5.9     Defendant and its Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, or calculation of claims to be paid to Authorized Claimants from the Settlement Fund; or (v) the payment or withholding of Taxes or Tax Expenses, or any expenses or losses incurred in connection therewith.  No Person shall

have any claim of any kind against Defendant or its Related Parties with respect to the matters set forth in ¶¶ 5.1–5.9 hereof; and the Class Members, Lead Plaintiffs, and Lead Counsel release Defendant and its Related Parties from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.10    No Person shall have any claim against Lead Plaintiffs, Lead Counsel or the Claims Administrator, or any other Person designated by Lead Counsel, based on determinations or distributions made substantially in accordance with this Agreement and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.11    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in this Agreement, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Agreement or affect the finality of the Court's Final Order and Judgment approving the Agreement and the settlement set forth herein.

## 6.    Lead Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit a Fee and Expense Application to the Court for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges incurred in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

6.2    Any fees and expenses awarded by the Court shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Final Order and Judgment and an order awarding such fees and expenses.

6.3    In the event that the Effective Date does not occur, or the Final Order and Judgment or the order making the Fee and Expense Award is reversed or modified, or this Agreement is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has been paid to any

extent, then  Lead Counsel, including its partners and/or shareholders who have received any portion of the Fee and Expense Award shall, within twenty (20) days after receiving notice from Lenovo's counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any plaintiff's counsel for attorneys' fees and expenses, or any Lead Plaintiff for a service award to be paid out of the Settlement Fund, are not part of the settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in this Agreement, and any order or proceeding relating to the Fee and Expense Application, or application for service award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Agreement, or affect or delay the finality of the Final Order and Judgment approving the Agreement and the settlement of the Litigation set forth herein.

6.5     Any fees and/or expenses and/or service awards, including the Fee and Expense Award, awarded by the Court shall be paid solely from the Settlement Fund.  Defendant and its Related Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Lead Counsel, or any other plaintiff's counsel, or service award to any Lead Plaintiff(s).

6.6     Defendant and its Related Parties are not entitled to any award of fees or expenses from the Settlement Fund.

6.7     Defendant and its Related Parties shall have no responsibility for the allocation among Lead Counsel, or any other plaintiff's counsel, and or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     This Agreement shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order;

(b)     the Court has entered the Final Order and Judgment; and

(c)     the Settlement Amount has been deposited into the Escrow Account.

---

18

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**
CASE NO.: 4:15-MD-02624-HSG

7.2     Upon the Effective Date, any and all remaining interest or right of Defendant in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

7.3     In the event that the Agreement or the settlement set forth in the Agreement is not approved by the Court or otherwise fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of April 26, 2018.  In such event, the terms and provisions of the Agreement, except ¶¶ 2.12–2.16, 6.3, and 7.3–7.4, shall be null and void, have no further force and effect, and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Agreement shall be treated as vacated, *nunc pro tunc*, and shall not be used in the Litigation or in any other proceeding for any purpose.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any service award, or any attorneys' fees, costs, expenses, and interest awarded by the Court to Lead Counsel or any other plaintiff's counsel shall operate to terminate or cancel this Agreement or constitute grounds for cancellation or termination of the Agreement.

7.4     If the Effective Date does not occur, or if the Agreement is terminated pursuant to its terms, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any Notice and Administration Expenses already incurred hereof at the time of such termination or cancellation, but which have not been paid, and such expenses shall be paid by the Escrow Agent in accordance with the terms of the Agreement prior to the balance being refunded to Lenovo in accordance with the terms of the Agreement.

7.5     Lenovo warrants and represents that it is not "insolvent" within the meaning of 11 U.S.C. § 101(32) as of the time the Agreement is executed and as of the time payment of the Settlement Amount is actually transferred or made as provided in the Agreement.  This representation is made by Lenovo and not by Lenovo's counsel.  In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Amount to the Settlement Fund, or any portion thereof, by Lenovo to be a voidable preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code (Bankruptcy), or applicable state law, and any portion thereof is required to be refunded, then the Settling Parties shall

19

jointly move the Court to vacate and set aside the release given and the Final Order and Judgment entered in favor of Defendant, the Settling Parties shall be restored to their litigation positions as of April 26, 2018.

### 8.    Miscellaneous Provisions

8.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

8.2     The Settling Parties and their respective counsel agree that they will act in good faith and will not engage in any conduct that could frustrate the purposes of this Agreement.

8.3     The Settling Parties and their respective counsel will not make any public statement that disparages the settlement.

8.4     The determination of the terms and conditions contained herein and the drafting of the provisions of this Agreement have been by mutual understanding after negotiation, with consideration by, and participation of, the Settling Parties and their counsel.  This Agreement shall not be construed against any Settling Party on the basis that it was the drafter or participated in the drafting.  Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Agreement and the Settling Parties agree that the drafting of this Agreement has been a mutual undertaking.

8.5     The Settling Parties intend this Agreement to effect a final and complete resolution of all disputes and claims between Releasing Plaintiffs, on the one hand, and Defendant, on the other hand, with respect to the Litigation.  The settlement resolves claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and California Code of Civil Procedure § 128.7.  The Settling Parties agree that the Settlement Amount and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

20

8.6     Neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Litigation of any wrongdoing, fault, or liability of Defendant or its Related Parties, or that Lead Plaintiffs or any Class Members have suffered any damages, harm, or loss; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission on the part of Defendant or its Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

8.7     Defendant may file this Agreement and/or the Final Order and Judgment in any other action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim or issue preclusion or similar defense or counterclaim.

8.8     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Agreement.

8.9     All of the Exhibits to the Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

8.10    The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.11    The Agreement and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.12    Lead Counsel, on behalf of the Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Class Members they represent pursuant to the Agreement to effectuate its terms.

8.13    Each counsel or other Person executing the Agreement or any of its Exhibits on behalf of any party hereto warrants that such Person has the full authority to do so.

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**
CASE NO.: 4:15-MD-02624-HSG

8.14    The Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or sent in PDF form via e-mail shall be deemed originals.

8.15    The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.16    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Agreement, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Agreement and matters related to this settlement.

8.17    Pending approval of the Court of the Agreement and its Exhibits, all proceedings in the Litigation shall be stayed and all Class Members shall be barred and enjoined from prosecuting any of the Released Claims against Defendant.

8.18    This Agreement and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Agreement shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of California.

IN WITNESS WHEREOF, each of the parties hereto have caused the Agreement to be executed, by their duly authorized attorneys, dated July 11, 2018.

PRITZKER LEVINE LLP

Jonathan K. Levine (SBN 220289)
Elizabeth C. Pritzker (SBN 146267)
180 Grand Avenue, Suite 1390
Oakland, California 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
jkl@pritkzkerlevine.com
ecp@pritzkerlevine.com

COTCHETT, PITRE & McCARTHY, LLP

Stephanie D. Biehl (SBN 306777)
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
sbiehl@cpmlegal.com

22

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE
CASE NO.: 4:15-MD-02624-HSG

1

**GIRARD GIBBS LLP**

2

Daniel C. Girard (SBN 114826)
Elizabeth A. Kramer (SBN 293129)
Andre M. Mura (SBN 298541)
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846
dcg@girardgibbs.com
eak@girardgibbs.com
amm@classlawgroup.com

*Class Counsel*

3

4

5

6

7

8

9

10

11

12

**LENOVO (UNITED STATES), INC.**

**K&L GATES LLP**

13

14

Rachel Adams
VP, Deputy General Counsel

Daniel J. Stephenson (SBN 270722)
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
Telephone:  (310) 552-5000
Facsimile:  (310) 552-5001
Dan.stephenson@klgates.com

Matthew N. Lowe (*pro hac vice*)
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Telephone:  (617) 261-3100
Facsimile:  (617) 261-3175
matthew.lowe@klgates.com

*Counsel for Defendant Lenovo*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**
CASE NO.: 4:15-MD-02624-HSG

EXHIBIT 1-A

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*A court authorized this notice. This is not a solicitation from a lawyer.*

# If You Bought a Lenovo Laptop in 2014 or 2015, You Could Be Eligible for a Payment from a Class Action Settlement

- You could receive an estimated $40 payment from an $8.3 million class action Settlement.

- The lawsuit is about software created by Superfish called Visual Discovery that was placed on certain Lenovo computers. Plaintiffs allege that this software created problems with performance, privacy, and security.

- Visit [Website URL] to make a claim. You can also opt out of, comment on, or object to the Settlement.

- Please read this notice carefully. Your legal rights will be affected, and you have a choice to make now.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| SUBMIT A CLAIM FORM | The only way to get a payment. | [Deadline] |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to keep your right to bring any other lawsuit against Lenovo and Superfish for claims related to this case. | [Deadline] |
| OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING | You can write the Court about why you like or do not like the Settlement. You can't ask the Court to order a larger settlement. You can also ask to speak to the Court at the hearing on [Hearing Date] about the fairness of the Settlement, with or without your own attorney. | [Deadline] |
| DO NOTHING | Get no payment. Give up rights. | No Deadline |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved.

1

| **WHAT THIS NOTICE CONTAINS** |
|---|

BASIC INFORMATION .................................................................................................................. 3

WHO IS IN THE SETTLEMENT ...................................................................................................... 3

THE SETTLEMENT BENEFITS ....................................................................................................... 4

HOW TO GET A PAYMENT—MAKING A CLAIM ......................................................................... 4

THE LAWYERS REPRESENTING YOU ........................................................................................... 5

EXCLUDING YOURSELF FROM THE SETTLEMENT ....................................................................... 6

OBJECTING TO THE SETTLEMENT ............................................................................................... 7

THE COURT'S FAIRNESS HEARING .............................................................................................. 8

IF I DO NOTHING ........................................................................................................................ 8

GETTING MORE INFORMATION ................................................................................................... 9

# BASIC INFORMATION

## 1. Why did I get this notice?

A Court authorized this notice because people described in paragraph 5 of this notice have the right to know about an $8.3 million settlement. If you qualify, you could be eligible to receive a payment.

**To know if you qualify, see the answer to Question 5.**

The people who sued are called the Plaintiffs. The companies they sued, Lenovo (United States), Inc. ("Lenovo") and Superfish, Inc. ("Superfish"), are called Defendants.

## 2. What is this lawsuit about?

Lenovo and Superfish agreed to install software called VisualDiscovery on some Lenovo laptop computers. Plaintiffs say the software slowed down the computers, invaded user privacy, and exposed users to security risks. Defendants deny these claims.

## 3. What is a class action?

In a class action the Plaintiffs act as "class representatives" and sue on behalf of themselves and other people who have similar claims. This group of people is called the "class," and the people in the class are called "class members." One court resolves the issues for all class members, except for people who exclude themselves from the class. Judge Haywood S. Gilliam of the United States District Court for the Northern District of California is in charge of this case. The case is *In re Lenovo Adware Litigation*, No. 4:15-md-02624-HSG (N.D. Cal.).

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and class members get compensation. The class representatives and their attorneys think the settlement is best for everyone affected.

# WHO IS IN THE SETTLEMENT

## 5. Who is in the Settlement?

To get money from the settlement, you have to be a class member. You are a class member if you bought one or more of the following Non-Think-branded Lenovo computer models, not for resale, within the United States between September 1, 2014 and February 28, 2015 ("Class Computers"):

- G Series: G410, G510, G710, G40-70, G50-70, G40-30, G50-30, G50-45
- U Series: U430P, U430Touch, U530Touch
- Y Series: Y40-70, Y50-70
- Z Series: Z50-75, Z40-70, Z50-70
- Flex Series: Flex2 14D, Flex2 15D, Flex2 14, Flex2 15, Flex2 15(BTM), Flex 10

- MIIX Series: MIIX2-10, MIIX2-11
- YOGA Series: YOGA2Pro-13, YOGA2-13, YOGA2-11BTM, YOGA2-11HSW

You can tell what model you bought by looking at the bar code on the sticker on the bottom of your computer, or in the Systems Information application on the computer interface. More information on how to determine your computer model is available at: https://support.lenovo.com/us/en/solutions/find-product-name.

| **6. What should I do if I am still not sure whether I am included?** |
| --- |

If you are not sure whether you are included in the class, you can ask for free help by calling the Claims Administrator at 8XX-XXX-XXXX for more information.

## THE SETTLEMENT BENEFITS

| **7. What does the Settlement provide?** |
| --- |

Defendants will pay $8,300,000 into a Settlement Fund. After deductions for attorneys' fees, litigation costs, and other expenses (*see* Question 15), the Fund will be distributed to class members who submit valid claims.

| **8. How much money can I get from the Settlement?** |
| --- |

Class members who make a claim without supporting documents will get an estimated $40. Class members who make a properly documented claim could get more than the estimated $40. The amount you actually get will depend on how many computers you purchased, how many claims are submitted, and how much the Court awards in fees, costs, and expenses. For information on how to make claim, see Question 10 and [Website URL]. For information on the Plan of Allocation, see [Website URL].

| **9. What am I giving up if I stay in the class?** |
| --- |

Unless you exclude yourself with an opt-out request (*see* Question 16), you <u>cannot</u> sue, continue to sue, or be part of any other lawsuit against Lenovo or Superfish about the issues in this case. The "Release of Claims" in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement. The Settlement Agreement can be viewed at [Website URL].

## HOW TO GET A PAYMENT—MAKING A CLAIM

| **10. How can I get a payment?** |
| --- |

If you bought a Class Computer, you can make a claim at [Website URL]. You can also contact the Claims Administrator to request a paper claim form by telephone 8XX-XXX-XXXX, email [email address] or U.S. mail [insert address], and submit the claim form to the same email or U.S. mail address.

There are two ways to make a claim to receive money from the Settlement.

**Option 1:** Short Form Claim (No Proof of Loss) – estimated at $40 per Class Computer. If you submit a claim for one Class Computer, you only need to confirm your contact information and computer purchase to receive this payment. If you wish to submit a claim for more than one Class Computer, you need to confirm your contact information and show proof of payment for each computer.

**Option 2:** Long Form Claim (Documented Proof of Loss) up to $750 per Class Computer. You may be eligible for a larger payment if you incurred an expense or loss in response to a computer-related performance, privacy, or security problem or concern, and that expense or loss is reasonably attributable to VisualDiscovery software being installed on your computer. You must submit proof of the expense or loss that you incurred—for example, receipts or other proof of payment for credit monitoring or technical service assistance—along with a short statement explaining how the expense or loss was incurred in response to a performance, privacy, or security problem or concern reasonably attributable to VisualDiscovery. The Claims Administrator will review your submission, request additional information if necessary, and determine your payment. The most you can claim is $750 per Class Computer.

| 11. What is the deadline for submitting a claim form? |
|---|

To be eligible for payment, claim forms must be submitted electronically or postmarked no later than [DATE].

| 12. When will I get my payment? |
|---|

The Court will hold a hearing on [HEARING DATE], to decide whether to approve the Settlement. If the Court approves the Settlement, there still may be appeals of that decision. It is hard to estimate how long it might take for any appeals to be resolved. If the Settlement is approved and no appeals are filed, the Claims Administrator anticipates that payments will be sent out within 3 months.

Updates regarding the Settlement and when payments will be made will be posted on the Settlement website, [Website URL].

## THE LAWYERS REPRESENTING YOU

| 13. Do I have a lawyer in the case? |
|---|

Yes. The Court appointed the law firms of Cotchett, Pitre & McCarthy LLP, Girard Gibbs LLP, and Pritzker Levine LLP to represent you and the other class members. These firms are called Class Counsel. You will not be charged for their services.

| 14. Should I get my own lawyer? |
|---|

You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

| **15. How will the lawyers be paid?** |
| --- |

You do not have to pay Class Counsel. Class Counsel, who have not been paid for their services since this case began, will seek an award of attorneys' fees out of the Settlement Fund, as well as reimbursement for litigation costs they advanced in pursuing the claims. The fees will compensate Class Counsel for investigating the facts, litigating the case, and negotiating and administering the Settlement. Class Counsel's attorneys' fee request will not exceed 30% of the Settlement Fund, which is substantially less than the value of the time Class Counsel have devoted to this case. Additionally, Class Counsel will seek reimbursement of their out-of-pocket litigation expenses, not to exceed $300,000, to be paid out of the Settlement Fund.

Class Counsel will also ask the Court to approve service award payments of $5,000 to each of the individual class representatives, who are Jessica Bennett, Richard Krause, John Whittle, and Robert Ravencamp.

The costs of providing this notice and administering the Settlement are being paid from the Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want benefits from the Settlement, and you want to keep your right, if any, to sue Lenovo or Superfish on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself—or "opting out" of—the class.

| **16. How do I get out of the Settlement?** |
| --- |

You may opt out of the Settlement online by [DATE], at [Website URL]. Click on the "Opt Out" tab and provide the requested information.

You may also opt out of the Settlement by sending a letter that includes the following to the address below:

- Your name and address;
- A statement that you want to be excluded from the Settlement; and
- Your signature.

Class Action Opt Out
Lenovo-Superfish Settlement
P.O. Box 30456
Philadelphia, PA 19103

Mailed opt-out requests must be postmarked no later than **[DATE].**

| **17. If I don't opt out, can I sue Defendants for the same thing later?** |
| --- |

No. Unless you opt out, you give up the right to sue Defendants for the claims the Settlement resolves. You must exclude yourself from the class if you want to try to pursue your own lawsuit.

**18. What happens if I opt out?**

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class under the Settlement; you will not receive any payment as part of the Settlement; you will not be bound by any further orders or judgments in this case; and you will keep the right, if any, to sue on the claims alleged in the case at your own expense.

## OBJECTING TO THE SETTLEMENT

**19. How do I tell the Court if I don't like the Settlement?**

If you're a class member and do not opt out of the Settlement, you can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed Settlement in writing. You may also appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

To object, you must file a document with the Court saying that you object to the proposed Settlement in *In re Lenovo Adware Litigation*, Case No. 4:15-md-02624-HSG. Be sure to include:

- Your name, address, and signature; and
- A detailed statement of your objection, including the grounds for the objection together with any evidence you think supports it.

You can mail the objection by First Class U.S. Mail, postmarked no later than **[DATE]**, to the following address:

> Clerk of the Court
> U.S. District Court for the Northern
> District of California
> 1301 Clay Street, Oakland, CA 94612
> Case No. 4:15-md-02624-HSG

If you do not mail the objection, you must either deliver it in person to this address or file it electronically at https://www.cand.uscourts.gov/cm-ecf, no later than **[DATE]**.

**20. What's the difference between objecting and excluding?**

Objecting is telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and telling the Court that you don't want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it no longer affects you. You cannot both opt out and object to the Settlement.

# THE COURT'S FAIRNESS HEARING

**21. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at XX:XX p.m. on [HEARING DATE], in Courtroom 2 of the Oakland federal courthouse, located at 1301 Clay Street, Oakland, CA 94612.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing.

The Court may also decide how much to pay to Class Counsel in fees and expense reimbursements. After the hearing, the Court will decide whether to approve the Settlement.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this notice. The date of the Fairness Hearing may change without further notice to the class members. Be sure to check the website, [Website URL], for news of any such changes. You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov.

**22. Do I have to come to the Fairness Hearing?**

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**23. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include a statement in your written objection (discussed above at Question 19) that you intend to appear at the hearing. Be sure to include your name, address, and signature as well.

You cannot speak at the hearing if you exclude yourself from the class.

# IF I DO NOTHING

**24. What happens if I do nothing at all?**

If you do nothing, you'll be a member of the Settlement Class, you'll get no money from this Settlement, and you won't be able to sue Defendants for the conduct alleged in this case.

## GETTING MORE INFORMATION

| **25. Are more details about the Settlement available?** |
|---|

Yes. This notice summarizes the proposed Settlement—more details are in the Settlement Agreement, the Plan of Allocation, and other important case documents. You can get a copy of these and other documents at [Website URL], by contacting Class Counsel at jkl@pritzkerlevine.com, by accessing the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| **26. How do I get more information?** |
|---|

The website [Website URL] has the claim form, answers to questions about the Settlement and other information to help you determine whether you are eligible for a payment.

You can also call or write to the Claims Administrator at:

Lenovo-Superfish Settlement
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
8XX-XXX-XXXX

Class Counsel can be reached by calling Jonathan Levine at (415) 692-0772 or emailing jkl@pritzkerlevine.com.

Dated: _____, 2018          By Order of the Court

_____

The Honorable Haywood S. Gilliam
United States District Judge

EXHIBIT 1-B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*In re Lenovo Adware Litigation,* No. 4:15-md-02624-HSG (N.D. Cal.)
United States District Court for the Northern District of California

*A court authorized this notice. This is not a solicitation from a lawyer.*

An $8.3 million settlement has been reached with Lenovo and Superfish in a class action lawsuit involving certain Lenovo laptop computers. Lenovo and Superfish agreed to install software called VisualDiscovery on some Lenovo laptop computers. Plaintiffs say the software slowed down the computers, invaded user privacy, and exposed users to security risks. Defendants deny these claims.

### WHO IS INCLUDED?

You are a member of the class and eligible for payment if you bought one or more of the following Non-Think branded Lenovo computer models, not for resale, within the United States between September 1, 2014 and February 28, 2015 ("Class Computers"):

-       G Series: G410, G510, G710, G40-70, G50-70, G40-30, G50-30, G50-45
-       U Series: U430P, U430Touch, U530Touch
-       Y Series: Y40-70, Y50-70
-       Z Series: Z50-75, Z40-70, Z50-70
-       Flex Series: Flex2 14D, Flex2 15D, Flex2 14, Flex2 15, Flex2 15(BTM), Flex 10
-       MIIX Series: MIIX2-10, MIIX2-11
-       YOGA Series: YOGA2Pro-13, YOGA2-13, YOGA2-11BTM, YOGA2-11HSW

### WHAT CAN I GET?

There are two ways to make a claim to receive money from the Settlement:

**Option 1**: Short Form Claim (No Proof of Loss) – estimated at $40 per Class Computer.  If you submit a claim for one Class Computer, you only need to confirm your contact information and your computer purchase to get this payment.  If you wish to submit a claim for more than one Class Computer, you need to confirm your contact information and show proof of payment for each computer.

**Option 2**: Long Form Claim (Documented Proof of Loss) – up to $750 per Class Computer. You may be eligible for a larger payment if you incurred an expense or loss in response to a computer-related performance, privacy, or security concern and that expense or loss is reasonably attributable to VisualDiscovery being installed on your computer. You must attach proof (for example, receipts or other proof of payment for credit monitoring or technical services) of your expenses or losses, and a short statement explaining how they were incurred in response to a performance, privacy, or security concern reasonably attributable to VisualDiscovery. The most you can claim is $750 per Class Computer.

### DO I HAVE TO SUBMIT A CLAIM?

In order to receive money from this Settlement, you must submit a completed Claim Form postmarked by [date].  If you bought a Class Computer, you can submit a claim form at [website URL].  You may also contact the Claims Administrator to request a paper claim form by telephone at 1-XXX-XXX-XXXX, by email at [email address] or U.S. mail at Lenovo-Superfish Settlement, [insert address].  You may submit your claim form online, by email or by mail.

### YOUR OTHER OPTIONS

If you wish to be excluded from the Settlement class, you must submit your exclusion request online or mail your written exclusion request postmarked by [date].  If you submit a Claim Form or do nothing, you will be bound by the Settlement terms and the orders issued by the Court concerning the Settlement.  If you do not exclude yourself from the Settlement class, you may object to the Settlement by submitting a written objection by [date].  For specific information on how to submit a written exclusion request or objection, and the requirements for each, please visit [website URL].

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing on [hearing date] to consider whether to approve the Settlement, and to consider requests by Class Counsel for attorneys' fees and expenses and for service awards for the representative class plaintiffs.  The date and/or time of the hearing may change.  Please check [website URL] for updates.

### FOR ADDITIONAL INFORMATION ABOUT THE SETTLEMENT

**THIS IS ONLY A SUMMARY**. For more information regarding your rights and options, visit the Settlement website: [website URL].  You may also call toll-free 1-XXX-XXX-XXXX, or write to: Lenovo-Superfish Settlement, [insert address].

**For a copy of the Settlement Agreement or Claim Form, visit [website URL] or
call toll-free 1-XXX-XXX-XXXX.**

EXHIBIT 1-C

Subject: Lenovo Laptop Settlement

You are receiving this email because records show that you may have purchased a Lenovo Laptop in 2014 or 2015.  If so, you may be eligible to receive money from a class action settlement.  You can file a claim for an estimated $40 payment in just a few minutes.

To file a claim click here [HYPERLINK].

A federal court approved this notice to inform you that a proposed settlement has been reached in a class action lawsuit brought against Lenovo and Superfish.  The case name is *In re Lenovo Adware Litigation,* No. 4:15-md-02624-HSG (N.D. Cal.).   The case involves certain Lenovo laptop computers on which software called VisualDiscovery was installed.  Plaintiffs say the software slowed down the computers, invaded user privacy, and exposed users to security risks. Defendants deny these claims.

Visit the settlement website [URL] or call [1-800] for information about determining whether you are a member of the class, to learn more about your rights and to learn more about this lawsuit.  If you are a member of the class and you wish to get money from this settlement, you must file a valid claim by [DATE].

**For a copy of the Settlement Agreement or Claim Form, visit [website URL] or
call toll-free 1-XXX-XXX-XXXX.**

EXHIBIT 1-D

**Subject: Lenovo Laptop Settlement**

Amazon is sending you this email because our records indicate that you purchased a Lenovo Laptop in 2014 or 2015. You may be eligible to receive money from a class action settlement.

A federal court approved this notice to inform you that a proposed settlement has been reached in a class action lawsuit brought against Lenovo and Superfish. The case involves certain Lenovo laptop computers on which software called VisualDiscovery was installed. Under the settlement, owners of certain non-Think branded Lenovo computers may get an estimated $40 payment (by confirming purchase of computer) or up to $750 (by proving additional expenses). If you are a member of the class and you wish to receive money from this settlement, you must file a valid claim by [DATE].

Amazon is sending this email on behalf of the parties to the lawsuit, and as required by the court. Because Amazon is not involved in the lawsuit, however, we cannot assist you directly. You must file a claim through the Claims Administrator.

To get more information please go to www._____.com. To file a claim click [HYPERLINK].

**EXHIBIT 2**

<table>
<tr><td>

**Your claim must be uploaded or postmarked by:**

</td><td>

*In re Lenovo Adware Litigation*
c/o Claims Administrator
[Street]
[City State Zip]
[email address]
[website URL]

</td><td>

**LEN**

**INSTR**

</td></tr>
</table>

## CLAIM FORM INSTRUCTIONS

### IMPORTANT: PLEASE READ BEFORE COMPLETING THIS CLAIM FORM

You are a member of the class and eligible for a Settlement payment if you bought one or more of the following Lenovo computer models, not for resale, within the United States between September 1, 2014 and February 28, 2015 ("Class Computers"):

- G Series: G410, G510, G710, G40-70, G50-70, G40-30, G50-30, G50-45
- U Series: U430P, U430Touch, U530Touch
- Y Series: Y40-70, Y50-70
- Z Series: Z50-75, Z40-70, Z50-70
- Flex Series: Flex2 14D, Flex2 15D, Flex2 14, Flex2 15, Flex2 15(BTM), Flex 10
- MIIX Series: MIIX2-10, MIIX2-11
- YOGA Series: YOGA2Pro-13, YOGA2-13, YOGA2-11BTM, YOGA2-11HSW

You can tell what model you bought by looking at the bar code on the sticker on the bottom of your computer, or in the Systems Information application on the computer interface. More information on how to determine your computer model is available at: https://support.lenovo.com/us/en/solutions/find-product-name.

**If you are a member of the class based on the above definition, you may submit a Claim Form. Please complete Sections A, B and C, and return the completed Claim Form to the Claims Administrator by mail at the address above. You may also submit your claim online at [insert website URL].**

### PAYMENT OPTIONS AND DOCUMENTATION

There are two ways to make a claim. If you purchased multiple affected computers, you may make both Short Form and Long Form Claims.  Each affected computer, however, may be the subject of only one Short Form Claim or one Long Form Claim.

*Option 1: Short Form Claim (No Proof of Loss) – estimated at $40 per Class Computer*

First, you are eligible for an estimated payment of $40 per Class Computer. If you make a claim for one computer, you only need to confirm your contact information and computer purchase to get this payment. No other information is required. If you wish to submit a claim for more than one Class Computer, you need to confirm your contact information and show proof of payment for each computer.

*Option 2: Long Form Claim (Documented Proof of Loss) – up to $750 Class Computer*

Second, you may be eligible for a larger payment if you incurred an expense or loss in response to a computer-related performance, privacy, or security concern and that expense or loss is reasonably attributable to VisualDiscovery software being installed on your computer. You must attach proof (for example, receipts or other proof of payment for credit monitoring or technical service assistance) showing your expenses or losses. The Claims Administrator will review your submission and determine your payment. The most you can claim is $750 per Class Computer.  Only submit a claim under Option 2 if your proof of loss is over $40.

**If you have any questions about the Claim Form, the payment options, or the documentation requirements, please read the full Notice available at [insert website URL]. You may also contact the Claims Administrator with any questions at [insert address] or by email at [insert email address].**

<table>
<tr><td>

**Your claim must be postmarked by:**

</td><td>

*In re Lenovo Adware Litigation*
c/o Claims Administrator
[Street]
[City State Zip]
[email address]
[website URL]

</td><td>

**LEN**

**CF1**

</td></tr>
</table>

## CLAIM FORM

---

**SECTION A:  NAME AND CONTACT INFORMATION**

---

Provide your name and contact information below. If your name or contact information changes after you submit this Claim Form, please notify the Claims Administrator of the new information.

**FIRST NAME**                         **LAST NAME**

**STREET ADDRESS**

**CITY**                    **STATE**                    **ZIP CODE**

**EMAIL ADDRESS**

**CONTINUE TO THE NEXT PAGE**

**YOU MUST COMPLETE AND RETURN THIS PAGE OF THE CLAIM FORM**

<table>
<tr>
<td>

**Your claim must be postmarked or uploaded by:**

</td>
<td align="center">

*In re Lenovo Adware Litigation*
c/o Claims Administrator
[Street]
[City State Zip]
[email address]
[website URL]

</td>
<td align="center">

**LEN**
CF2

</td>
</tr>
</table>

---

## SECTION B: PAYMENT OPTION

---

There are two possible payment options. Please read the **Claim Form Instructions** for more information about these options.

### OPTION 1 – <u>SHORT FORM CLAIM (NO PROOF OF LOSS) – ESTIMATED $40 PER COMPUTER</u>

☐  I am submitting a short form claim for <u>ONE</u> Class Computer.
You do not need to provide proof of purchase.

☐  I am submitting a short form claim for <u>MORE THAN ONE</u> Class Computer.
Enter the number of Class Computers you are claiming:  _____
You must provide proof of purchase for **each** Class Computer.

### OPTION 2 – <u>LONG FORM CLAIM (DOCUMENTED PROOF OF LOSS) – UP TO $750 PER COMPUTER</u>

☐  I am submitting a long form claim for one or more Class Computers with documented proof of loss. You must provide proof of the costs incurred (for example, without limitation, receipts, payment card statements, or photographs) and a short statement explaining how those costs were incurred in response to security, privacy, and/or performance concerns or problems reasonably attributable to Visual Discovery. Eligible costs may include, without limitation, payments for technical support or credit monitoring services. You may be asked to submit additional information or documentation to support your claim.
Enter the total number of Class Computers you are claiming:  _____

Enter the total amount of documented losses you are claiming:  $_____

### PAYMENT ELECTION:

Please indicate below whether you would like to receive your payment in the form of a check mailed to the address provided in Section A, or if you would like your payment emailed to you to digitally deposit. Please choose only one. If you do not complete this section, payment will be sent via mail.

☐  I would like to receive a check via mail. I understand it is my responsibility to inform the Claims Administrator of any changes to my contact information provided in Section A of this Claim Form.

☐  I would like my payment emailed to me to digitally deposit. Please issue my payment to the following email address:  [_____]

**YOU MUST COMPLETE AND RETURN THIS PAGE OF THE CLAIM FORM**

**SECTION C:  VERIFICATION**

By signing below and submitting this Claim Form, I hereby affirm that: (1) I am the person identified above and the information provided in this Claim Form is true and accurate; and (2) I purchased one or more of the following Lenovo computer models, not for resale, within the United States between September 1, 2014 and February 28, 2015:

- G Series: G410, G510, G710, G40-70, G50-70, G40-30, G50-30, G50-45
- U Series: U430P, U430Touch, U530Touch
- Y Series: Y40-70, Y50-70
- Z Series: Z50-75, Z40-70, Z50-70
- Flex Series: Flex2 14D, Flex2 15D, Flex2 14, Flex2 15, Flex2 15(BTM), Flex 10
- MIIX Series: MIIX2-10, MIIX2-11
- YOGA Series: YOGA2Pro-13, YOGA2-13, YOGA2-11BTM, YOGA2-11HSW

|  |  |
|---|---|
|  |  |

**SIGNATURE**                                                   **DATE**

**PRINTED NAME**


**YOU MUST COMPLETE AND RETURN THIS PAGE OF THE CLAIM FORM**

**CLAIM FORM REMINDER CHECKLIST:**

1. Complete sections A, B and C of the Claim Form.

2. Remember to attach only **copies** of supporting documents, as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and supporting documents for your records.

5. If your name or contact information changes after you submit this Claim Form, please notify the Claims Administrator of the new information.

6. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, or by emailing [insert email address].

THIS CLAIM FORM MUST BE UPLOADED ON THE SETTLEMENT WEBSITE NO LATER THAN _____, **2018,** OR MAILED TO THE CLAIMS ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL POSTMARKED NO LATER THAN _____, **2018** to:

*In re Lenovo Adware Litigation*
c/o Claims Administrator
[Street]
[City State Zip]

EXHIBIT 3

**PLAN OF ALLOCATION FOR NET SETTLEMENT FUND**

*In re Lenovo Adware Litigation*, Case No. 4:15-md-02624-HSG

After payment of attorneys' fees and litigation expenses, including the cost of Settlement notice and administration, the Net Settlement Fund will be distributed according to the following plan, subject to approval by the Court.  All capitalized terms contained and not otherwise defined herein have the meanings ascribed to them in the Settlement Agreement dated July 11, 2018.

**I.      Submission of Claims**

A.      A Claim Form may be completed and submitted by mail or through the Settlement Website.

B.      To be eligible for payment, claims must be submitted or postmarked by no later than 120 days after the date of Notice.

C.      The Claim Administrator will establish and maintain a settlement website, which will be accessible through commonly used internet service providers and will, among other things, be used for the electronic submission of Claim Forms.  The Claim Administrator will be solely responsible for receiving and processing requests for Claim Forms, for promptly delivering Claim Forms to Class members who request them, for establishing appropriate claim auditing and verification protocols and procedures, and for determining the eligibility of claims for payment.  The Claim Administrator may implement further procedures as appropriate to effect this plan, including through communications with Class members and with Class Counsel.

**II.     Short Form Claims and Long Form Claims**

A.      There will be one Claim Form.  All Class members are eligible to make one or more Short Form Claims and/or Long Form Claims using this form.

B.      Class members who purchased multiple Class Computers may make both Short Form and Long Form Claims.  Each Class Computer, however, may be the subject of only one Short Form Claim or one Long Form Claim.

C.      For Short Form Claims, eligible Class members must return the Short Form Claim Form, and attest to the purchase of a Class Computer not for resale.  Each Class member may submit one Short Form Claim without documentary proof of purchase for one Class Computer only.

D.      To be eligible for payment, any Class member who submits claims for multiple Class Computers must submit documentary proof of purchase for each Class Computer and must attest that the Class Computers were not purchased for resale.  Upon such proof, a Class member may be eligible for payment of multiple Short Form and/or Long Form Claims.

E.      For Long Form Claims, eligible Class members must confirm their contact information, attest that the Class Computers were not purchased for resale, and provide documentation of reasonable out-of-pocket losses attributable to security, privacy, and/or performance concerns or problems with a Class Computer.  Valid Long Form Claims will be paid up to $750 per Class Computer for documented losses.  With respect to each Class Computer that is the subject of an Long Form Claim, Class members must provide proof of the costs incurred (for example, without limitation, receipts, payment card statements, or photographs), and a short statement explaining how those costs were incurred in response to security, privacy, and/or performance concerns or problems reasonably attributable to Visual Discovery. Eligible costs may include, without limitation, payments for technical support or credit monitoring services.

III.    **Determination of Class Member Payments**

A.      The Net Settlement Fund will be divided into a Long Form Claim Fund of $300,000 and a Short Form Claim Fund containing the remainder.

B.      After determining which claims are eligible for payment and identifying the total set of eligible claims, the Claims Administrator will allocate the Long Form Claim Fund and the Short Form Claim Fund and pay claimants as follows:

1.      Each eligible Long Form Claim will be paid in its actual amount out of the Long Form Claim Fund, subject to the limitations listed in ¶ II.E; provided, however, that if the total dollar value of eligible Long Form Claims exceeds the Long Form Claim Fund, the eligible Long Form

Claims will be reduced in proportion to their actual amounts and paid out of the Long Form Claim Fund, subject to its enhancement under step 3.

2.     Each eligible Short Form Claim will be paid in the amount of $40 out of the Short Form Claim Fund; provided, however, that if the quotient of the Short Form Claim Fund to the number of eligible Short Form Claims is less than $40, each eligible Short Form Claim will be reduced *pro rata* on a per-Computer basis, subject to enhancement of the Short Form Claim Fund under step 3.

3.     If, after performance of the calculations in steps 1 and 2, either the Long Form Claim Fund or the Short Form Claim Fund is exhausted (triggering the exception under that step), but the other fund is not exhausted, the sum remaining in the non-exhausted fund post-calculation will be added to the exhausted fund for purposes of completing the calculations in step 1 or 2.

4.     If, after steps 1, 2, and, if necessary, 3, any sums remain in the Long Form Claim Fund and/or the Short Form Claim Fund, those sums will be combined into a single Residual Claim Fund.  In that event, the Residual Claim Fund will be allocated *pro rata* to all eligible claimants on a per-Computer basis, and those supplemental sums will be in addition to the amounts due to claimants under steps 1 and 2.

5.     Subject to paragraph 6 below, after the Claims Administrator has completed all necessary calculations under steps 1, 2, 3, and 4, it will pay eligible claimants by check or electronic payment in a single installment.

6.     If the *pro rata* allocation of the Residual Claim Fund in step 4 would result in a supplemental allocation exceeding $500 per Computer, Class Counsel will notify the Court and propose additional means of distributing the Residual Claim Fund and/or of providing notice of the Settlement to non-participating Class members, with the Net Settlement Fund to bear the cost of any such additional measures.

7.     If further distributions to Class Members are no longer practicable, the Court may hear and approve additional proposals for reasonable distribution of remaining funds.

EXHIBIT 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14                      **UNITED STATES DISTRICT COURT**

15              **FOR THE DISTRICT OF NORTHERN CALIFORNIA**
                              **OAKLAND DIVISION**

16

17   IN RE: LENOVO ADWARE LITIGATION          Case No. 5:15-md-02624-HSG

18   This Document Relates to All Cases       **[PROPOSED] ORDER**
                                              **PRELIMINARILY APPROVING**
19                                            **CLASS ACTION SETTLEMENT AND**
                                              **PROVIDING FOR NOTICE**
20

21

22

23

24

25

26

27

28   **[PROPOSED] ORDER PRELIMINARILY**
     **APPROVING SETTLEMENT AND PROVIDING**
     **FOR NOTICE**                                      **5:15-md-02624-HSG**

     302076908 v2

1    WHEREAS, an action is pending before this Court entitled *In re Lenovo Adware Litigation*,

2    Case No. 5:15-md-02624-HSG (the "Action");

3    WHEREAS, the Parties to the Action have appeared before this Court and participated in

4    settlement negotiations before Magistrate Judge Jacqueline Scott Corley;

5    WHEREAS, Plaintiffs Jessica Bennett, Richard Krause, Robert Ravencamp, and John

6    Whittle ("Plaintiffs") and Defendant Lenovo (United States) Inc. ("Lenovo") entered into a Class

7    Action Settlement Agreement and Release on July 11, 2018 ("Settlement Agreement"), which,

8    together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed

9    global settlement of this Litigation and for its dismissal with prejudice upon the terms and

10   conditions set forth therein;

11   WHEREAS, Plaintiffs previously entered into a Class Action Settlement Agreement and

12   Release with Defendant Superfish Inc. ("Superfish"), referred to herein as the "Superfish

13   Agreement";

14   WHEREAS, Plaintiffs' separate class action settlement agreements with Lenovo and

15   Superfish are collectively referred to herein as the "Settlement";

16   WHEREAS, Plaintiffs, Lenovo, and Superfish are collectively referred to herein as the

17   "Parties";

18   WHEREAS, Plaintiffs have moved the Court for an order preliminarily approving the

19   Settlement under Federal Rule of Civil Procedure 23, certifying a Settlement Class for purposes of

20   settlement, and approving notice to the Settlement Class as described herein;

21   WHEREAS, Defendants do not oppose this request;

22   WHEREAS, the Court is familiar with and has reviewed the record, the Settlement

23   Agreement and its exhibits, the Superfish Agreement, Plaintiffs' Memorandum of Points and

24   Authorities in Support of Motion for Preliminary Approval of Class Action Settlements, and the

25   supporting Joint Declaration, and has found good cause for entering the following Order.

26   WHEREAS, unless otherwise specified, all capitalized terms used herein have the same

27

28

1

**[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE**                                         **5:15-md-02624-HSG**

meanings as set forth in the Settlement Agreement.

NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:

### Settlement Class Certification

1.     The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been met.

2.     The Court preliminarily certifies the following class for purposes of the Settlement only: All Persons who purchased one or more of the following computers, not for resale, within the United States between September 1, 2014 and February 28, 2015:

- G Series: G410, G510, G710, G40-70, G50-70, G40-30, G50-30, G50-45
- U Series: U430P, U430Touch, U530Touch
- Y Series: Y40-70, Y50-70
- Z Series: Z50-75, Z40-70, Z50-70
- Flex Series: Flex2 14D, Flex2 15D, Flex2 14, Flex2 15, Flex2 15(BTM), Flex 10
- MIIX Series: MIIX2-10, MIIX2-11
- YOGA Series: YOGA2Pro-13, YOGA2-13, YOGA2-11BTM, YOGA2-11HSW

Excluded from the Class are Defendants, the officers, directors, and affiliates of Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion.

3.     The Court preliminarily finds, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied for the Settlement Class. The Court hereby enters the following findings:

a.     The number of Settlement Class Members is so numerous that joinder of all members is impracticable—thousands of persons purchased the computers in question;

b.     Questions of law and fact common to the Settlement Class predominate over individualized questions. The common questions include whether Defendants pre-installed materially identical VisualDiscovery software on the computers in question without adequately disclosing that software's existence or alleged negative effects; the existence and extent of those alleged effects; and whether Defendants are liable for that alleged conduct under California law, which applies to all Class Members' claims for settlement purposes by operation of the California

2

choice-of-law clause in the Lenovo-Superfish partnership agreement;

c.    Plaintiffs' claims are typical of the claims of the Settlement Class, in that each of the claims arises from the undisclosed installation of VisualDiscovery and asserts the same theories of liability;

d.    Plaintiffs are adequate class representatives, and the Court hereby appoints them to serve as representatives for the Settlement Class. Additionally, the law firms of Cotchett, Pitre & McCarthy LLP, Girard Gibbs LLP, and Pritzker Levine LLP have significant expertise in prosecuting consumer class actions and have committed the necessary resources to represent the Settlement Class. For purposes of the Settlement, the Court hereby appoints Cotchett, Pitre & McCarthy LLP, Girard Gibbs LLP, and Pritzker Levine LLP as Class Counsel for the Settlement Class under Federal Rule of Civil Procedure 23(g).

### Preliminary Approval of the Settlement

4.    The Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the Action, including through discovery and motion practice, and whose negotiations were supervised by experienced mediators. The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The Settlement is within the range of possible recovery, compares favorably with the potential recovery as balanced against the risks of continued litigation, does not grant preferential treatment to Plaintiffs or their counsel, and has no obvious deficiencies.

5.    The Court hereby preliminarily approves the Settlement, including as memorialized in the Settlement Agreement and the incorporated Plan of Allocation and Claim Form, and the Superfish Agreement, as fair, reasonable, and adequate, and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

6.    The Settlement Amount shall be deposited into an escrow account and shall be managed by the Escrow Agent as detailed in the Settlement Agreement. All funds held by the

3

Escrow Agent shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court, until such time as such funds may be distributed pursuant to the Settlement Agreement, the Superfish Agreement, and further Order of the Court.

### **Manner and Form of Notice**

7.　　The Court approves the Notice substantially in the forms attached as Exhibits 1-A through 1-D to the Settlement Agreement. The proposed notice plan, which includes direct notice via first-class mail and email, as well as publication notice, will provide the best notice practicable under the circumstances. This plan, and the Notice and Summary Notice, are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the effect of the proposed Settlement (including the Released Claims contained therein), the anticipated motion for attorneys' fees, costs, and expenses and for service awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to Settlement Class Members; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before their dissemination and posting.

8.　　The Court hereby appoints Angeion Group to serve as the Claims Administrator to supervise and administer the notice procedures, establish and operate a settlement website (the "Website") and a toll-free number, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement and the incorporated Plan of Allocation, and perform any other duties of the Claims Administrator that are reasonably necessary and/or provided for in the Settlement Agreement.

9.　　All reasonable expenses incurred in identifying and notifying Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement and the Superfish Agreement. In the event the Settlement is not approved by the Court or otherwise fails to become effective, Class Counsel shall not be obligated to repay amounts

4

**[PROPOSED] ORDER PRELIMINARILY**
**APPROVING SETTLEMENT AND PROVIDING**
**FOR NOTICE**　　　　　　　　　　　　　　　　　　　　**5:15-md-02624-HSG**

302076908 v2

incurred and properly disbursed as Notice and Administration Expenses under the Settlement Agreement and Superfish Agreement.

10.    The Court approves, as to form and content, the Notice, the Summary Notice, and the Claim Form, annexed to the Settlement Agreement at Exhibits 1 and 2, respectively, and finds that the mailing, distribution, and publication of the Notice and Summary Notice, substantially in the manner and form set forth in this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, constitute the best notice practicable under the circumstances, and will provide due and sufficient notice to all Persons entitled thereto.

11.    Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or submitted electronically within 120 days after entry of this Order. Any Class Member who does not submit a Claim Form within this time shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court or agreed upon between the Parties.

12.    As soon as practicable, and no later than 30 days after entry of this Order, the Claims Administrator shall establish the Website and post the Notice and Claim Form thereon.

13.    Within 30 days after entry of this Order, the Claims Administrator shall send the Notice, substantially in the form annexed to the Settlement Agreement, via first-class mail and email to all Class Members who have been and can be identified with reasonable effort; and shall cause publication of the Summary Notice to occur, as detailed in Plaintiffs' Motion for Preliminary Approval of Class Action Settlements.

14.    Within 30 days after entry of this Order, Amazon.com shall send the Notice, substantially in the form annexed to the Settlement Agreement, via email to all Persons who purchased a Class Computer from it, within the United States, between September 1, 2014 and February 28, 2015.  Amazon.com thereafter shall provide the Claims Administrator with a list of the names and physical addresses of any Class Members to whom Amazon.com sent email notices

**[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE**                                        **5:15-md-02624-HSG**

302076908 v2

that bounced back.  Within 60 days after entry of this Order, the Claims Administrator shall provide supplemental notice to those Class Members via first-class mailing.

15.     Within 105 days after entry of this Order, the Claims Administrator shall provide Plaintiffs with one or more affidavits detailing the processes and status of the notice and claims process. Class Counsel shall file such affidavit(s).

16.     The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

<u>**The Final Approval Hearing**</u>

17.     The Court will hold a Final Approval Hearing on _____, 2018 [no sooner than 120 days after entry of this Order], at the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, for the following purposes: (i) to finally determine whether the Settlement Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (iii) to rule upon Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards to the representative Plaintiffs; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

18.     Class Counsel's application for an award of attorneys' fees, expenses, and costs and for service awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for service awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of the judgment approving the Settlement.

19.     Papers in support of final approval of the Settlement and Class Counsel's application for attorneys' fees, expenses and costs and for service awards shall be filed no later than 61 days after entry of this Order. Any papers in opposition shall be filed within 75 days after

**[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE**                                                                  **5:15-md-02624-HSG**

302076908 v2

1   entry of this Order in accordance with paragraph 20 below. Reply papers shall be filed no later

2   than 14 days before the Final Approval Hearing.

3                  **Objections and Appearances at the Final Approval Hearing**

4          20.    Any member of the Settlement Class may appear at the Final Approval Hearing and

5   show cause why the proposed Settlement should or should not be approved as fair, reasonable,

6   and adequate, or why judgment should or should not be entered, or to present opposition to Class

7   Counsel's application for attorneys' fees, costs, and expenses, or to Class Counsel's application

8   for service awards. No person shall be heard or entitled to contest the approval of the Settlement,

9   or if approved, the judgment to be entered approving the Settlement, or of Class Counsel's

10  application for an award of attorneys' fees, costs, and expenses and for service awards, unless that

11  person filed an objection with the Clerk of the United States District Court for the Northern

12  District of California, electronically, in person, or by first-class mail, within 75 days after entry of

13  this Order (the "Objection Deadline"). Any Class Member who does not make his, her, or its

14  objection in the time and manner provided for herein shall be deemed to have waived such

15  objection and shall forever be barred from making any objection to the fairness, reasonableness,

16  or adequacy of the proposed Settlement, or to Class Counsel's application for an award of

17  attorneys' fees, costs, and expenses and for service awards. By objecting, or otherwise requesting

18  to be heard at the Final Approval Hearing, a person shall be deemed to have submitted to the

19  jurisdiction of the Court with respect to the objection or request to be heard and the subject matter

20  of the Settlement, including but not limited to enforcement of the terms of the Settlement.

21         21.    Attendance at the Final Approval Hearing is not necessary, but persons wishing to

22  be heard orally in opposition to approval of the Settlement, the Plan of Allocation, and/or the

23  application for an award of attorneys' fees, costs, and expenses and for service awards must

24  indicate in their written objection their intention to appear at the hearing. Persons who intend to

25  object to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees, costs,

26  and expenses and for service awards, and who wish to present evidence at the Final Approval

27

28

                                              7

**[PROPOSED] ORDER PRELIMINARILY**
**APPROVING SETTLEMENT AND PROVIDING**
**FOR NOTICE**                                          **5:15-md-02624-HSG**

302076908 v2

Hearing, must include in their written objection(s) the identity of any witness(es) they may call to testify and copies of any exhibit(s) they intend to offer at the hearing. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection, the attorney must file a notice of appearance with the Court by the Objection Deadline.

## Exclusion from the Settlement Class

22.     Any requests for exclusion are due no later than 75 days after entry of this Order ("Opt-Out Deadline"). Any person who would otherwise be a member of the Settlement Class who wishes to be excluded from the Settlement Class must notify the Claims Administrator in writing of that intent either (i) by first-class mail postmarked no later than the Opt-Out Deadline or (ii) by submission on the Settlement Website no later than the Opt-Out Deadline. The written notification must include the person's name, address, and signature and a statement that the person wishes to be excluded from the Settlement in this Action. All persons who submit valid and timely notifications of exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement and Superfish Agreement, shall not share in the relief provided by the Settlement, and shall not be bound by the Settlement Agreement, the Superfish Agreement, or any Orders or final judgment of the Court.

23.     Any member of the Settlement Class who does not notify the Claims Administrator of his, her, or its intent to be excluded from the Settlement Class in the manner stated herein shall be deemed to have waived his or her right to be excluded from the Settlement Class. If the Court approves the Settlement, any such person shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the release of the Released Claims against the Defendants provided for in the Settlement Agreement, the Superfish Agreement, and the Final Order and Judgment.

## Termination of the Settlement

24.     If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be

**[PROPOSED] ORDER PRELIMINARILY**
**APPROVING SETTLEMENT AND PROVIDING**
**FOR NOTICE**                                    **5:15-md-02624-HSG**

302076908 v2

1   null and void, the Settlement Agreement and the Superfish Agreement shall be deemed

2   terminated, and the Parties shall return to their positions without any prejudice, as provided for in

3   the Settlement Agreement and the Superfish Agreement.

4                                    **<u>Limited Use of This Order</u>**

5          25.     The fact and terms of this Order and the Settlement, all negotiations, discussions,

6   drafts and proceedings in connection with this Order and the Settlement, and any act performed or

7   document signed in connection with this Order and the Settlement, shall not, in this or any other

8   Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or

9   evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of

10  wrongdoing, (ii) of any liability on the part of Defendants to Plaintiffs, the Settlement Class, or

11  anyone else, (iii) of any deficiency of any claim or defense that has been or could have been

12  asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the

13  Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under

14  the Settlement represent the amount that could or would have been recovered from Defendants in

15  this Action if it were not settled at this time. The fact and terms of this Order and the Settlement,

16  and all negotiations, discussions, drafts, and proceedings associated with this Order and the

17  Settlement, including the judgment and the release of the Released Claims provided for in the

18  Settlement Agreement and the Superfish Agreement, shall not be offered or received in evidence

19  or used for any other purpose in this or any other proceeding in any court, administrative agency,

20  arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the

21  Final Order and Judgment, and/or the Settlement.

22                                  **<u>Reservation of Jurisdiction</u>**

23         26.     The Court retains exclusive jurisdiction over the Action to consider all further

24  matters arising out of or connected with the Settlement.

25         27.     Pending further order of the Court, all Litigation activity and events, except those

26  contemplated by this Order or in the Settlement Agreement, the Superfish Agreement, or the Plan

27

28                                                   9

**[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE**                                         **5:15-md-02624-HSG**

1    of Allocation are hereby STAYED, and all hearings, deadlines, and other proceedings in the

2    Litigation, except the Final Approval Hearing and the matters set forth in this Order, are

3    VACATED.

4         **IT IS SO ORDERED.**

5    DATED: _____    _____

6                                      THE HONORABLE HAYWOOD S. GILLIAM, JR.

7                                      UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTHERN CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: LENOVO ADWARE LITIGATION | Case No. 5:15-md-02624-HSG |
| This Document Relates to All Cases | **[PROPOSED] FINAL ORDER AND JUDGMENT** |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Class Action Settlement and Providing for Notice, dated _____, 2018 ("Preliminary Approval Order"), on the motion of Plaintiffs for approval of proposed class action settlements (collectively, the "Settlement") with Defendants Lenovo (United States) Inc. ("Lenovo") and Superfish Inc. ("Superfish").  Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.      This Final Order and Judgment incorporates by reference the definitions in the Settlement Agreement with Lenovo dated July 11, 2018 (the "Agreement"), and all defined terms used herein have the same meanings ascribed to them in the Agreement.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all Parties thereto.

3.      The Court reaffirms its findings, rendered in the Preliminary Approval Order, that for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied.  The Court hereby makes final its appointments of Class Counsel and Class Representatives and its preliminary certification of the Settlement Class, defined as: All Persons who purchased one or more of the following computers, not for resale, within the United States between September 1, 2014 and February 28, 2015:

- G Series: G410, G510, G710, G40-70, G50-70, G40-30, G50-30, G50-45
- U Series: U430P, U430Touch, U530Touch
- Y Series: Y40-70, Y50-70
- Z Series: Z50-75, Z40-70, Z50-70
- Flex Series: Flex2 14D, Flex2 15D, Flex2 14, Flex2 15, Flex2 15(BTM), Flex 10
- MIIX Series: MIIX2-10, MIIX2-11
- YOGA Series: YOGA2Pro-13, YOGA2-13, YOGA2-11BTM, YOGA2-11HSW

Excluded from this Class are Defendants, the officers, directors, and affiliates of Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

4.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

5.      The Court finds that notice of this Settlement was given to Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

6.      The Court directs the Parties and the Claims Administrator to implement the Settlement according to its terms and conditions, including the Plan of Allocation.

7.      Upon the Effective Date, Plaintiffs and all Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties from all Released Claims.

8.      The Persons identified in Exhibit 1 hereto requested exclusion from the Settlement Class as of the Opt-Out Deadline.  These Persons shall not share in the benefits of the Settlement, and this Final Order and Judgment does not affect their legal rights to pursue any claims they may have against Lenovo or Superfish.  All other members of the Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against Lenovo or Superfish in any court, administrative agency, arbitral forum, or other tribunal.

9.      Neither Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs, nor any order entered by this Court thereon, shall in any way disturb or affect this Judgment, and all such matters shall be considered separate from this Judgment.

10.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement or its associated agreements, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Lenovo or Superfish, or (c) any fault or omission of Lenovo or Superfish in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

11.     Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to administration, consummation, enforcement, and interpretation of the Settlement, its associated agreements, and this Final Order, including (a) distribution or disposition of the Settlement Fund; (b) further proceedings, if necessary, on the application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs; and (c) the Settling Parties for the purpose of construing, enforcing, and administering the Settlement and its associated agreements. If Lenovo and/or Superfish fail(s) to fulfill its or their obligations under the Settlement and its associated agreement(s), the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, and discharging, and barring and enjoining the prosecution of, the Released Claims against the Released Parties, and to reinstate the Released Claims against the Released Parties.

12.     If the Settlement does not become effective under the terms of the Agreements, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreements and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreements.

13.     The Action is hereby dismissed, with prejudice.

**IT IS SO ORDERED.**

DATED: _____                    _____

HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL ORDER AND JUDGMENT
Case No. 5:15-md-02624-HSG