# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTHERN CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| IN RE: LENOVO ADWARE LITIGATION | CASE NO. 4:15-md-02624-HSG |
| This Document Relates to All Cases | [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION AUTHORIZING SECOND DISTRIBUTION OF CLASS SETTLEMENT FUND |

| | |
|---|---|
| 1 | This matter comes before the Court upon consideration of Plaintiffs' motion for an order authorizing Angeion Group, the Court-appointed Claims Administrator, to make a second *pro rata* distribution of all remaining funds in the Settlement Fund (less administrative costs to complete the distribution) to the eligible claimants who cashed their first settlement payment. The Court has considered the papers submitted, the relevant legal authority, the record in this case, and the lack of any opposition to the relief requested.  For the reasons set forth herein, the Court GRANTS the motion and authorizes Angeion Group to make a second *pro rata* distribution of all remaining funds in the Settlement Fund (less administrative costs) to the eligible claimants who cashed their first settlement payment. |

On April 24, 2019, the Court granted final approval of the settlement in this action.  *See* Dkt. No. 258.  After deducting attorneys' fees, litigation expenses, and administrative costs, approximately $5,056,131 remained in the Settlement Fund to distribute to eligible claimants.  *See* Declaration of Steven Weisbrot, Esq. of Angeion Group, ¶ 5. On May 6, 2019, the Court entered the Final Judgment, which directed "the Parties and the Claims Administrator to implement the Settlement according to its terms and conditions, including the Plan of Allocation."  Dkt. No. 260 at ¶ 6.  The Court retained "exclusive jurisdiction over all matters related to administration, consummation, enforcement, and interpretation of the Settlement, its associated agreements, and this Final Judgment, including (a) distribution or disposition of the Settlement Fund . . . ." *Id*. at ¶ 11.

Thereafter, Angeion Group undertook to process and approve claims from class members and then distribute the balance of the Settlement Fund to eligible claimants.  *See* Weisbrot Decl., ¶ 4. Angeion Group ultimately sent payments from the Settlement Fund to 112,135 eligible claimants.  *Id*. at ¶ 6.  Had all eligible claimants deposited their settlement payments, the Settlement Fund would have been exhausted. *Id*. at ¶ 8. About 8.8% (9,985) of the eligible claimants who received a payment, however, did not deposit their settlement payments. *Id*. at ¶ 7. As a result, there is $447,172.20 remaining in the Settlement Fund. *Id*. at ¶ 8.

Angeion Group estimates that it will cost approximately $92,000, in administrative expenses and expenses from postage and check preparation and processing, to complete a second distribution to the 102,150 eligible claimants who received and deposited their first settlement distribution

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION AUTHORIZING SECOND DISTRIBUTION OF CLASS SETTLEMENT FUND
CASE NO. 4:15-md-02624-HSG

1

payment. See Weisbrot Decl., ¶ 8.  Deduction of these administrative costs will leave approximately $355,172 remaining to distribute to eligible claimants.  If this amount is distributed on a *pro rata* basis to the 102,150 eligible claimants, it will result in a second payment of $3.47 to each claimant, and the total amount each eligible claimant will ultimately have received from the settlement will increase, on average, from about $45.12 to $48.59. Id. at ¶ 9.

Given the substantial amount of funds remaining in the Settlement Fund, the Court exercises its authority under Rule 23 and the Final Judgment to direct Angeion Group to make a second pro rata distribution of all remaining funds (after allowing for administrative costs for the distribution) to those eligible claimants who received and deposited their first settlement distribution payment. Paying this residual sum to the members of the class who made a claim and then deposited their first settlement distribution payment is feasible and represents the most appropriate use of the remaining money.  *See, e.g., Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 474-75 & n.16 (5th Cir. 2011) (holding that, "[w]here it is still logistically feasible and economically viable to make additional pro rata distributions to class members, the district court should do so" because "[t]he settlement-fund proceeds, having been generated by the value of the class members' claims," are "the property of the class"); *Hester v. Vision Airlines, Inc.*, No. 2:09-CV-00117-RLH, 2017 WL 4227928, at *2 (D. Nev. 2017) (ordering *pro rata* redistribution of approximately $11,985.09 in unclaimed funds from a judgment and settlement exceeding $6 million: "Redistribution of the residual settlement proceeds to the Class is appropriate in this case. . . . [T]he proceeds 'belong solely to the class members' and a second *pro rata* distribution to the Class properly ensures that 100% of the settlement funds remain in the hands of class members.") (quoting *Klier*, 658 F.3d at 474); *see also* 4 William B. Rubenstein, Newberg on Class Actions § 12:28 (5th ed. 2017) (noting "the trend has been toward redistributing funds *pro rata* among claiming class members").

IT IS SO ORDERED.

DATED:   10/26/2020

HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION AUTHORIZING SECOND DISTRIBUTION OF CLASS SETTLEMENT FUND
CASE NO. 4:15-md-02624-HSG

2