1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTHERN CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: LENOVO ADWARE LITIGATION | CASE NO. 4:15-md-02624-HSG |
| This Document Relates to All Cases | **ORDER GRANTING PLAINTIFFS' MOTION AUTHORIZING FINAL DISTRIBUTION OF CLASS SETTLEMENT FUND** |

This matter comes before the Court upon consideration of Plaintiffs' motion for an order authorizing Angeion Group, the Court-appointed Claims Administrator, to make a final distribution of all remaining funds in the Net Settlement Fund to the Electronic Privacy Information Center ("EPIC") on a *cy pres* basis. The Court has considered the papers submitted, the relevant legal authority, the record in this case, and the lack of any opposition to the relief requested. For the reasons set forth herein, the Court GRANTS the motion and authorizes Angeion Group to make distribute all remaining funds in the Net Settlement Fund to EPIC on a *cy pres* basis within seven days of the entry of this Order.

On April 24, 2019, the Court granted final approval of the settlement in this action. *See* Dkt. No. 258. After deducting attorneys' fees, litigation expenses, and administrative costs, approximately $5,056,131 remained in the Settlement Fund to distribute to eligible claimants. *See* Declaration of Steven Weisbrot, Esq. of Angeion Group, ¶ 5. On May 6, 2019, the Court entered the Final Judgment, which directed "the Parties and the Claims Administrator to implement the Settlement according to its terms and conditions, including the Plan of Allocation." Dkt. No. 260 at ¶ 6. The Court retained "exclusive jurisdiction over all matters related to administration, consummation, enforcement, and interpretation of the Settlement, its associated agreements, and this Final Judgment, including (a) distribution or disposition of the Settlement Fund . . . ." *Id*. at ¶ 11.

Angeion Group has implemented the Settlement, supervised the claims process, and distributed the Net Settlement Fund to Class members in two Court-approved distributions in accordance with the Plan of Allocation under the Settlement (Dkt. No. 267-2). *See* Weisbrot Decl., ¶¶ 6-10. Class members made 132,620 claims, of which 112,135 were deemed valid and paid. *Id*., ¶ 4. Class members deposited or cashed a total of $4,877,956.96 in settlement checks *Id*., ¶¶ 5-10. Settlement checks totaling $84,927.07 were not deposited or cashed by Class members within the designated time period for doing so, and a residual sum of $85,627.15 remains in the Net Settlement Fund. *Id*., ¶ 11. It is not commercially reasonable to issue a third round of distribution payments to all Class members who filed eligible claims because the administrative expenses to do so would exhaust the Net Settlement Fund. *Id*., ¶ 12.

**ORDER GRANTING PLAINTIFFS' MOTION AUTHORIZING FINAL DISTRIBUTION OF CLASS SETTLEMENT FUND**
**CASE NO. 4:15-md-02624-HSG**

1

EPIC is a leading non-profit consumer privacy organization and a suitable *cy pres* recipient for the residual funds based on the close connection between EPIC's activities to protect consumers' electronic privacy rights and Plaintiffs' objectives in bringing this litigation asserting electronic privacy intrusions. Several courts in this District have approved distribution of residual class action settlement funds to EPIC in similar settlements of consumer cases, including *Perkins v. LinkedIn Corp.*, No. 13-cv-04303-LHK (N.D. Cal.); *In re Netflix Privacy Litigation*, No. 11-cv-00379-EJD (N.D. Cal.); *In re Google Buzz Privacy Litigation*, No. 10-cv-00672-JW (N.D. Cal.); and *In re Ipod Nano Products Liability Litigation*, No. 06-md-01754-RMW (N.D. Cal.). Neither Lenovo, Superfish, nor any other party or counsel for a party would derive a direct or indirect benefit from EPIC receiving a charitable contribution in the form of a distribution of the remaining settlement funds in this action.

In light of the two prior distributions to eligible claimants and the amount of funds now remaining in the Net Settlement Fund, the Court exercises its authority under Rule 23 and the Final Judgment to authorize Angeion Group to make a final distribution of all remaining funds to EPIC on a *cy pres* basis. While residual settlement funds generally should be redistributed to class members when feasible, *see, e.g.*, *Hester v. Vision Airlines, Inc.*, No. 2:09-CV-00117-RLH, 2017 WL 4227928, at *2 (D. Nev. Sept. 22, 2017) (citing *Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 474-75 & n.16 (5th Cir. 2011)), here, with two distributions of the Net Settlement Fund to all claimants having now been completed, a third distribution is not economically feasible as the cost of a further distribution to 112,135 claimants would exceed the amount remaining in the Net Settlement Fund. *See* Weisbrot Decl., ¶ 12.

Withing 21 days after final distribution of the Net Settlement Fund, Plaintiffs shall file the Post-Distribution Accounting called for under the Northern District's Procedural Guidance for Class Action Settlements.

**IT IS SO ORDERED.**

DATED: 2/2/2023

HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE